```
                                            Defendants' July 31
                                            Submission to the Court
To be docketed in:                          Regarding Document Retention

-----------------------------------------X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                Plaintiff,                :
                    -v-                   :    11 Civ. 5201 (DLC)
                                          :
UBS AMERICAS, INC., et al.,               :
                Defendants.               :
                                          :
-----------------------------------------X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                Plaintiff,                :
                    -v-                   :    11 Civ. 6188 (DLC)
                                          :
JPMORGAN CHASE & CO., et al.,             :
                Defendants.               :
                                          :
-----------------------------------------X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                Plaintiff,                :
                    -v-                   :    11 Civ. 6189 (DLC)
                                          :
HSBC NORTH AMERICA HOLDINGS, INC., et     :
al.,                                      :
                Defendants.               :
                                          X
----------------------------------------  :
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                Plaintiff,                :
                    -v-                   :    11 Civ. 6190 (DLC)
                                          :
BARCLAYS BANK PLC, et al.,                :
                Defendants.               :
                                          :
----------------------------------------  X
```

```
----------------------------------------- X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                    Plaintiff,            :
            -v-                           :     11 Civ. 6192 (DLC)
                                          :
DEUTSCHE BANK AG, et al.,                 :
                    Defendants.           :
                                          :
----------------------------------------- X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                    Plaintiff,            :
            -v-                           :     11 Civ. 6193 (DLC)
                                          :
FIRST HORIZON NATIONAL CORP., et al.,     :
                    Defendants.           :
                                          :
----------------------------------------- X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                    Plaintiff,            :
            -v-                           :     11 Civ. 6195 (DLC)
                                          :
BANK OF AMERICA CORP., et al.,            :
                    Defendants.           :
                                          :
----------------------------------------- X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                    Plaintiff,            :
            -v-                           :     11 Civ. 6196 (DLC)
                                          :
CITIGROUP INC., et al.,                   :
                    Defendants.           :
                                          :
----------------------------------------- X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                    Plaintiff,            :
            -v-                           :     11 Civ. 6198 (DLC)
                                          :
GOLDMAN, SACHS & CO., et al.,             :
                    Defendants.           :
                                          :
-----------------------------------------X
```

```
-------------------------------------- X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                  Plaintiff,           :
             -v-                       :     11 Civ. 6200 (DLC)
                                       :
CREDIT SUISSE HOLDINGS (USA), INC., et :
al.,                                   :
                  Defendants.          :
                                       :
-------------------------------------- X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                  Plaintiff,           :
             -v-                       :     11 Civ. 6201 (DLC)
                                       :
NOMURA HOLDING AMERICA, INC., et al.,  :
                  Defendants.          :
                                       :
-------------------------------------- X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                  Plaintiff,           :
             -v-                       :     11 Civ. 6202 (DLC)
                                       :
MERRILL LYNCH & CO., INC., et al.,     :
                  Defendants.          :
                                       :
-------------------------------------- X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                  Plaintiff,           :
             -v-                       :     11 Civ. 6203 (DLC)
                                       :
SG AMERICAS, INC., et al.,             :
                  Defendants.          :
                                       :
---------------------------------------X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                  Plaintiff,           :
             -v-                       :     11 Civ. 6739 (DLC)
                                       :
MORGAN STANLEY, et al.,                :
                  Defendants.          :
                                       :
---------------------------------------X
```

```
------------------------------------------X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                Plaintiff,                :
                -v-                       :      11 Civ. 7010 (DLC)
                                          :
ALLY FINANCIAL INC., et al.,              :
                Defendants.               :
                                          :
------------------------------------------X
                                          :
FEDERAL HOUSING FINANCE AGENCY, etc.,     :
                Plaintiff,                :
                -v-                       :      11 Civ. 7048 (DLC)
                                          :
GENERAL ELECTRIC COMPANY, et al.,         :
                Defendants.               :
                                          :
------------------------------------------X
```

SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

---

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3136

E-MAIL ADDRESS
dwoll@stblaw.com

BY EMAIL

July 31, 2012

Re:   FHFA Actions, No. 11 Civ. 05201, et al.

Hon. Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

Dear Judge Cote:

      Defendants respectfully submit this response to Plaintiff's July 30 letter concerning the Rule 30(b)(6) testimony on document retention issues provided by Plaintiff to date. That letter fails to answer the fundamental question whether Freddie Mac still possesses relevant emails for some or all of its document custodians or, instead, whether they have been permanently deleted as a result of a 30-day automatic deletion protocol (the "Protocol"). Plaintiff first disclosed the Protocol to Defendants the week of June 25, stating that (i) the Protocol was in place from 2004 to September 2008, (ii) pursuant to the Protocol all emails that employees did not affirmatively save were "overwritten" after 30 days, and (iii) any emails affirmatively saved by an employee would have been discarded if that employee left Freddie Mac prior to September 2008.

      Given the obvious impact of this potential wholesale loss of email files on the selection of document custodians and the discovery schedule, Defendants promptly brought this matter to the Court's attention.[1] Plaintiff responded that it had informed Defendants of "the possibility that documents may have been lost" as a result of this protocol, "so that the parties could take those policies into account in their discussions [of custodians]."[2] Nonetheless, Plaintiff ignored requests for information concerning the extent of emails available for relevant custodians.[3] Plaintiff then produced Mr. Kehoe to testify concerning Freddie Mac's document retention policies and practices, including "as they applied to *the*

---

[1] See Document Retention Tab 1 to Defense Binder (July 2, 2012 Letter to Court from Jay Kasner).

[2] See Document Retention Tab 2 to Defense Binder (July 3, 2012 Letter to Court from Christine Chung).

[3] See Document Retention Tab 3 (July 5, 2012 Letter from David Woll), Tab 4 (July 12, 2012 Letter from Penny Shane), Tab 7 (July 24, 2012 Letter from David Woll), and Tab 9 (July 27, 2012 Letter from David Woll) to Defense Binder.

SIMPSON THACHER & BARTLETT LLP

Hon. Denise L. Cote -2- July 31, 2012

*groups and individuals* responsible for the Securitizations."[4] Despite this designation,[5] Mr. Kehoe did not know whether Freddie Mac had any emails or other electronic documents for any of the relevant individuals.[6] Mr. Kehoe testified that Freddie Mac ceased recycling backup tapes in October 2007, contrary to Plaintiff's prior statement that the Protocol was in place until September 2008. Mr. Kehoe also testified that Freddie Mac has backup tapes with emails pre-dating October 2007.[7] That testimony contrasts with a sworn statement by Mr. Kehoe in another federal action: "In sum, unless e-mails were 'e-stored,' e-mails were saved on back-up tapes for a period of approximately thirty (30) days. After that approximately thirty (30) day period, the back-up tapes were recycled and the e-mails previously saved to the tape were overwritten and could not be retrieved."[8]

Particularly given these inconsistencies, Defendants take little comfort from Plaintiff's statement made for the first time yesterday that it "has significant amounts of electronic information, including e-mail, for the relevant time period" for 38 of the 51 Freddie Mac custodians it proposes. Plaintiff still has not informed Defendants whether large portions of potentially relevant emails have been destroyed or for which custodians and over what time periods such gaps may exist. Plaintiff claims that the recent addition of 43 custodians should "ameliorate any concern about missing electronic information," but that is hardly the case, since many of these are Fannie Mae custodians and Defendants do not know what, if any, electronic information exists for the additional Freddie Mac custodians. If Plaintiff needs more time to answer the question, then a timetable should be established. But Plaintiff should not be permitted to ignore repeated requests and narrowly parse deposition topics to avoid answering the question until the document discovery deadline has passed.

---

[4] See 30(b)(6) Notice Tab 2 to Defense Binder (Plaintiff's Second Amended Objections and Responses to Defendants' Notice of Rule 30(b)(6) Deposition dated July 27, 2012) (Emphasis added).

[5] Plaintiff's designees were also inadequately prepared to address the systems used to maintain files relevant "to each Securitization and to private label RMBS investments." Plaintiff argues that the designees were adequate because they identified the software programs used by the GSEs (Windows, Novell, iManage, etc.).

[6] Plaintiff notes that it provided lists of litigation holds issued by both Fannie Mae and Freddie Mac, but no information was provided from the witnesses or counsel concerning the nature or scope of documents preserved by any of these litigation holds. Document Retention Tab 5 to Defense Binder (Kehoe Dep. Tr.) at 232:5-10; Ex. 9 (Armstrong Dep. Tr.) to Plaintiff's July 30, 2012 Letter to Court from J. Corey & K. Leung at 109:9-110:1, 176:3-18.

[7] Plaintiff boasts that it provided lists of people consulted in connection with the Rule 30(b)(6) depositions. Mr. Kehoe, however, only spoke to 2 of the 28 people on the Freddie Mac list and testified that he could not speak to someone knowledgeable about the retention practices in the Non-Agency group because that person was on vacation. Document Retention Tab 5 (Kehoe Dep. Tr.) at 249:7-11, 18-24, 252:10-22. Ms. Armstrong spoke to 15 of the 24 people on the Fannie Mae list. Ex. 9 (Armstrong Dep. Tr.) to Plaintiff's July 30, 2012 Letter to Court from J. Corey & K. Leung at 25:17-26:15.

[8] See Document Retention Tab 9 to Defense Binder (July 27, 2012 Letter to Jon Corey and Kanchana Leung from David Woll, quoting November 22, 2011 Declaration of Rick Kehoe in *Adeptech* case).

SIMPSON THACHER & BARTLETT LLP

Hon. Denise L. Cote                              -3-                              July 31, 2012

Respectfully submitted,

David J. Woll

cc: All Counsel of Record (by e-mail)