# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 10, 2012

Via E-mail

Hon. Denise L. Cote,
    United States District Judge,
        500 Pearl Street, Room 1610,
            New York, New York 10007-1312.

Per DLC Chambers, docket in:
| | |
|---|---|
| 11-cv-5201 | 11-cv-6188 |
| 11-cv-6189 | 11-cv-6190 |
| 11-cv-6192 | 11-cv-6193 |
| 11-cv-6195 | 11-cv-6196 |
| 11-cv-6198 | 11-cv-6200 |
| 11-cv-6201 | 11-cv-6202 |
| 11-cv-6203 | 11-cv-6739 |
| 11-cv-7010 | 11-cv-7048 |

Re:   FHFA Actions, No. 11 Civ. 05201, et al.

Dear Judge Cote:

      We write on behalf of Defendants to address the three-page letter to the Court Plaintiff filed at 11:58 pm on August 9, concerning the effort to collect loan files from third parties. Because Plaintiff's midnight letter disregards this Court's two-page limit and the parties' practice of submitting to the Court simultaneously, and because it invites the Court to rule based on numerous inaccuracies, Defendants respectfully request that the Court consider the following facts.

      Plaintiff's August 9 letter says that Plaintiff first learned at an August 8 "meet and confer" that loan files mainly reside in third parties' hands. Third parties' possession of loan files has been common knowledge at least since the earliest days of discovery planning, as reflected in conference transcripts and countless meet and confers. (*See, e.g.*, Transcript of December 2, 2011 Conference at 34-35; Transcript of May 14, 2012 Conference at 31.) Despite clear notice and multiple invitations to join Defendants in issuing Rule 45 subpoenas for loan files, Plaintiff issued none and joined none.[1]

---

[1]    Contrary to Plaintiff's critique, of the roughly 150 subpoenas Defendants served, as early as June 12, 2012, the first wave went to trustees and servicers because those entities are the most likely source of loan files. Defendants issued more recent subpoenas to originators, aimed at loan files that trustees or servicers might not have. Plaintiff now seeks to enforce subpoenas it did not bother to issue, while criticizing the priorities it did not bother to set, all while using only toward its own ends its superior access to information.

Hon. Denise L. Cote                                                                                    -2-

        At the parties' August 8 meet and confer discussion that Plaintiff selectively describes, there were only three developments of note: (i) Plaintiff's announcement that it has been sitting on 106,000 loan files relevant to this case; (ii) Plaintiff's announcement that it would provide a list of those previously acquired loan files later that day, having long refused to do so; and (iii) Plaintiff's request that Defendants immediately list all loan files *already* produced to Plaintiff (roughly 170,000) as well as all those Defendants *expect to* produce. Just before midnight on August 8, Plaintiff produced the list described in (ii).

        Not surprisingly, Defendants with loan files required slightly more time to prepare and provide the more extensive lists Plaintiff had just requested.[2] All those Defendants had accomplished that by today. These lists necessarily remain subject to supplementation, especially as to anticipated productions. The parties have thus had no opportunity to develop a third-party loan file discovery plan that takes those lists' contents into account, and Plaintiff still refuses to work with Defendants to do so.

        Plaintiff has yet to provide or agree to provide a list of loan files not yet collected, but subject to outstanding administrative subpoenas or other requests. Plaintiff does not dispute that, without this information, the Court, Defendants and third parties are doomed to potentially unnecessary and duplicative discovery efforts. Plaintiff merely asserts a right to maintain a discovery imbalance arising out of Plaintiff's administrative subpoena power or "contractual rights." That stance threatens not only Defendants' strong interest in full and fair adjudication of Plaintiff's claims, but also third parties' paramount interest in responding to demands narrowed by the parties.

        Defendants respectfully request that Your Honor enter the order proposed by Defendants on August 9. Defendants' order provides an appropriate framework for immediate, practical cooperation by all parties toward the collection of loan files from third parties, in advance of a prompt conference with the Court to advance that effort.

---

[2]    Contrary to Plaintiff's letter, at the July 31 conference Defendants did not "represent[]" that Defendants would provide the lists described in (iii). Instead, Defendants "suggest[ed] . . . that the parties exchange" information about which loan files were in their possession prior to the Court's proposed August 30 conference. (Tr. at 121.) Later, Defendants suggested that Plaintiff provide a list of the loans in its possession prior to the August 9 submission. Plaintiff never made clear that it was requesting reciprocal information from Defendants in advance of the August 9 submission.

Hon. Denise L. Cote -3-

Respectfully submitted,

Penny Shane

cc: All Counsel of Record