UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION, | Case No. 11 CIV. 5201 (DLC) |
| Plaintiff, | **DEFENDANTS' COORDINATED REPORT ON LOAN FILE PRODUCTION** |
| -v- | |
| UBS AMERICAS, INC., *et al*. | |
| Defendants. | |

Other Cases Brought By This Plaintiff:

11 Civ. 6188 (DLC)
11 Civ. 6189 (DLC)
11 Civ. 6190 (DLC)
11 Civ. 6192 (DLC)
11 Civ. 6193 (DLC)
11 Civ. 6195 (DLC)
11 Civ. 6196 (DLC)
11 Civ. 6198 (DLC)
11 Civ. 6200 (DLC)
11 Civ. 6201 (DLC)
11 Civ. 6202 (DLC)
11 Civ. 6203 (DLC)
11 Civ. 6739 (DLC)
11 Civ. 7010 (DLC)
11 Civ. 7048 (DLC)

In response to this Court's August 10, 2012 Order in the above-captioned actions (the "Actions"), Defendants submit this Coordinated Report on Loan File Production. Since discovery began, Defendants have made significant progress in both (a) producing the loan files for each of the supporting loan groups for each of the securitizations at issue in each case (the "Loan Files") to the extent that those Loan Files were in the possession of Defendants in the case, and (b) seeking other relevant Loan Files from nonparties. Described below is the status of Loan File productions by the parties to the Actions; the status of Loan File productions by nonparties; and certain proposals for the fair and efficient completion of Loan File collection efforts. Defendants also submit detailed summaries of the subpoenas issued to date, including each of the fields called for in the August 10 Order. Certain Defendants are also filing individual reports with the Court today addressing particular issues associated with the status of production of Loan Files held by those Defendants or their affiliates.

## I.      Status of Party Loan File Productions

Defendants began producing Loan Files to Plaintiff Federal Housing Finance Agency ("FHFA") on June 28, 2012, eight days after FHFA sent Defendants a Document Request seeking the production of all Loan Files.[1] Since then, Defendants collectively have produced 432,247 Loan Files to FHFA in response to FHFA's document requests, totaling at least 181 million pages.[2] As reflected in Exhibit A, some

---

[1]    FHFA first served a document request for Loan Files on June 4, but that request was limited to the Loan Files "that are to be sampled, either pursuant to agreement of the parties or Court Order." No sample has been agreed to or ordered by the Court.

[2]    As Defendants have made clear to FHFA, where they have produced Loan Files, they have produced the version of the Loan File in their possession, custody or

*(footnote continued)*

1

Defendants already have substantially completed their party Loan File productions, if any. The rest expect to substantially complete Loan File productions in the Actions in which that Defendant is a party on or before September 30.[3]

According to FHFA's recent disclosures, it has been collecting Loan Files through pre-litigation administrative subpoenas or other methods since at least 2010, and has in its possession approximately 106,000 Loan Files that it is able to link to the securitizations at issue in the Actions. FHFA made its first production of Loan Files on July 18, but that production was limited to certain Loan Files at issue in the action against UBS. Not until after the Court issued its July 31 and August 10 orders did FHFA begin to produce other Loan Files, and to identify which Loan Files it already possesses or sought from nonparties. To date, FHFA has produced 44,227 Loan Files. Plaintiff has not identified which Loan Files it has sought but not received from nonparties.

## II.    Status of Nonparty Loan File Productions

The Actions involve more than one million Loan Files, a substantial number of which are not in the possession, custody or control of any Defendant in the action to which they relate. In fact, in many instances, even where Defendants served as sponsor for a securitization, Defendants transferred all ownership, control and custody of Loan Files as soon as the associated loans were deposited into the trust that issued the

---

(*continued*)
control. Defendants cannot make representations that any loan file they have produced is complete.

[3]    Certain Defendants are also producing documents in response to Rule 45 subpoenas from other Defendants. The status of these productions is discussed in Section II.

2

certificates for that securitization.  FHFA, as a federal regulator, has asserted and

exercised unique authority to issue administrative subpoenas for the Loan Files.

On June 12, Defendants started serving nonparty subpoenas for those

Loan Files not in Defendants' possession and have continued serving such subpoenas as

additional entities with custody of Loan Files have been identified.  As reflected in

Exhibit B, as of August 29, 2012, Defendants have issued 480 nonparty subpoenas in an

attempt to collect all relevant Loan Files.  Defendants' counsel have actively coordinated

with each other, and have been actively involved in discussions with counsel for the

servicers, originators and trustees, to help facilitate the quick and efficient production of

Loan Files.  A chart listing all nonparties to which Defendants have issued subpoenas for

Loan Files, and certain related information, is enclosed.

Despite Defendants' considerable efforts to subpoena Loan Files,

Defendants do not anticipate that nonparties' Loan File productions will be complete or

substantially complete by September 30, 2012.  The Actions involve mortgage loans

issued between early 2005 and mid-2007.  During the more than six years that elapsed

between the start of that period and FHFA's commencement of these Actions, several

events have made the process of securing production of Loan Files from third parties

difficult, time consuming, and uncertain.  For example, the mortgage origination industry

was severely disrupted by the global economic decline that began during the relevant

period.  The Loan Files at issue in the Actions were originated and/or serviced by

hundreds of companies – some very large, some very small – across the country.  They

were sold and are serviced pursuant to thousands of agreements containing differing

provisions concerning which entities (master servicer, subservicer, custodian, trustee)

3

may have access to those Loan Files.  Many of these loan originators and servicers went out of business, sold off their relevant business units, or were consolidated into other entities.[4]  Even where a Loan File may be located in the possession of a nonparty, there may remain additional documents related to that loan in the possession of another entity in the securitization process.  This has made it difficult to determine where and how to collect Loan Files, especially those once held by now defunct entities.

Where necessary, to identify the current servicers or subservicers of the loans underlying the Securitizations, Defendants have manually researched information obtained through trustees.  Defendants believe that by this method they have issued subpoenas to current master servicers and/or subservicers for virtually all of the loans underlying the Securitizations.[5]

The process of identifying and subpoenaing the hundreds of distinct *originators* of loans in each relevant supporting loan group has been more difficult. Where necessary, to identify originators Defendants have reviewed the securitization offering documents as well as securitization loan tapes, neither of which is necessarily comprehensive or precise with respect to originators of relatively small numbers of loans.

---

[4]     The numerous entities involved in the loan origination and securitization process—including, but not limited to, mortgage brokers, correspondent lenders, other originators, interim servicers, securitization sponsors and depositors, sub-servicers, trustees and custodians—passed Loan Files (or parts of Loan Files) from one to the next and frequently assigned unique loan numbers to the same mortgage loan.

At the same time, the industry has been undergoing a transition from paper-based systems to electronic media.  Loan files can therefore be maintained either electronically, in paper form only, or in varied combinations of each.

[5]     Defendants in some cases have not issued subpoenas to subservicers such as GMAC Mortgage, LLC that are subject to the bankruptcy automatic stay.

In some instances, further investigation would be needed in order to identify and subpoena these relatively small originators, and it may not be feasible to obtain loan files from every such originator.  Once subpoenas have been served on nonparties, further time and effort may be required to assist these nonparties in various ways.  For example, Defendants have had to identify the origination loan number (used by the originator) or the servicing loan number (used by the present servicer) for each Loan File, because subpoena recipients do not necessarily know which Loan Files correspond with a certain securitization.  Defendants understand that because a significant volume of Loan Files is maintained as paper files, rather than electronically, identifying certain Loan Files requires a search through thousands of boxes in various warehouses across the country.

The process of collecting Loan Files from nonparties is time consuming and expensive.  To date, nonparties have been cooperative.  Defendants do not believe that this Court's intervention is necessary at this time.  As of the parties' discussions on August 28, 2012, FHFA stated that it had no basis for belief that the Court's assistance is needed with respect to any nonparty subpoena Defendants have issued.  FHFA acknowledged that Defendants would be best positioned to know when or whether assistance should be sought.

Defendants note that certain nonparties have raised the issue of cost sharing to help offset some of the burdens to nonparties associated with the collection and production of these documents.  Because the collection and production efforts benefit both Defendants and FHFA, Defendants expect that all parties, including FHFA, will participate in any cost-sharing arrangements made with nonparties.  Defendants likewise believe that FHFA should bear some of the further burden of issuing any subpoenas still

5

needed, and of working with Defendants and the nonparties to bring about prompt, reasonably efficient loan file productions. During the parties' meet and confer discussions, however, FHFA has consistently declined to join in issuing nonparty subpoenas or in related efforts, and has refused to bear any share of costs associated with nonparty loan file production.[6] FHFA has declined to work with Defendants to identify the remaining gaps in Loan File collection or production, or to prioritize the work that remains. Defendants will continue to use their best efforts, continue to invite FHFA to join in those efforts, and continue to advise the Court of progress or impediments to it.

The Court's August 10, 2012 order requires Defendants to "identify in their reports any loans or range of loans for which efforts to secure the Loan Files have not yet been made." Defendants have made efforts to secure Loan Files for all loans in the supporting loan groups collateralizing the certificates purchased by the GSEs. Additional efforts will be made as necessary, in particular as Defendants obtain new information about which entities have possession of particular Loan Files. Certain Defendants address additional efforts they intend to pursue in separate submissions filed today.

---

[6]   FHFA served its first Rule 45 subpoena for Loan Files in the Actions on August 13. Many of FHFA's subpoenas went to entities that had already received a subpoena from Defendants.

/s/ Penny Shane
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Defendants JPMorgan Chase &
Co., JPMorgan Chase Bank, N.A., J.P. Morgan
Mortgage Acquisition Corporation, J.P.
Morgan Securities LLC, J.P. Morgan
Acceptance Corporation I, Bear Stearns & Co.,
Inc., EMC Mortgage LLC, Structured Asset
Mortgage Investments II Inc., Bear Stearns
Asset Backed Securities I LLC, WaMu Asset
Acceptance Corporation, WaMu Capital
Corporation, Washington Mutual Mortgage
Securities Corporation, Long Beach Securities
Corporation and certain of the Individual
Defendants*

/s/ David H. Braff
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Barclays Capital Inc., Barclays
Bank PLC, Securitized Asset Backed
Receivables LLC, Paul Menefee, John Carroll,
and Michael Wade*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG,
Taunus Corporation, Deutsche Bank Securities
Inc , DB Structured Products, Inc., Ace
Securities Corp., Mortgage IT Securities Corp.*

/s/ Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Attorneys for Credit Suisse Securities (USA)
LLC, Credit Suisse Holdings (USA), Inc., Credit
Suisse (USA), Inc., DLJ Mortgage Capital, Inc.,
Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities
Corporation, Credit Suisse First Boston
Mortgage Acceptance Corporation, Andrew A.
Kimura, Jeffrey A. Altabef, Eveleyn Echevarria,
Michael A. Marriott, Zev Kindler, John P.
Graham, Thomas E. Siegler, Thomas Zingalli,
Carlos Onis, Steven L. Kantor, Joseph M.
Donovan, Juliana Johnson, and Greg Richter*

/s/ Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr.
(tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Goldman, Sachs & Co, GS
Mortgage Securities Corp., Goldman Sachs
Mortgage Company, The Goldman Sachs
Group, Inc., Goldman Sachs Real Estate
Funding Corp., Peter C. Aberg, Howard S.
Altarescu, Robert J. Christie, Kevin Gasvoda,
Michelle Gill, David J. Rosenblum, Jonathan S.
Sobel, Daniel L. Sparks, Mark Weiss*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Defendants HSBC North America
Holdings Inc., HSBC USA Inc., HSBC Markets
(USA) Inc., HSBC Bank USA, NA., HSI Asset
Securitization Corporation*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Thomas J. Nolan (thomas.nolan@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY 10036

*Attorneys for Defendants UBS Americas Inc.,
UBS Real Estate Securities Inc., UBS Securities
LLC, Mortgage Asset Securitization
Transactions, Inc., David Martin, Per Dyrvik,
Hugh Corcoran and Peter Slagowitz*

/s/ James P. Rouhandeh
James P. Rouhandeh
Brian S. Weinstein
Daniel L. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants Morgan Stanley,
Morgan Stanley & Co. Incorporated (n/k/a
Morgan Stanley & Co. LLC), Morgan Stanley
Mortgage Capital Holdings LLC (successor-in-
interest to Morgan Stanley Mortgage Capital
Inc.), Morgan Stanley ABS Capital I Inc.,
Morgan Stanley Capital I Inc., Saxon Capital,
Inc., Saxon Funding Management LLC, Saxon
Asset Securities Company, Gail P. McDonnell,
Howard Hubler, Craig S. Phillips, Alexander C.
Frank, David R. Warren, John E. Westerfield,
and Steven S. Stern*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017

*Attorneys for Defendant RBS Securities Inc.*

/s/ Vernon Broderick
Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick
(vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY  10153

*Attorneys for General Electric Company,
General Electric Capital Services, Inc., GE
Mortgage Holding, LLC, GE-WMC Securities,
LLC*

/s/ Brad S. Karp
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup
Mortgage Loan Trust Inc., Citigroup Global
Markets Realty Corp., Citigroup Global
Markets Inc., Susan Mills, Randall Costa, Scott
Freidenrich, Richard A. Isenberg, Mark I.
Tsesarsky, Peter Patricola, Jeffrey Perlowitz
and Evelyn Echevarria*

/s/ Bruce Clark
Bruce Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants Nomura Securities
International, Inc., Nomura Holding America
Inc., Nomura Asset Acceptance Corporation,
Nomura Home Equity Loan, Inc., Nomura
Credit & Capital, Inc., David Findlay, John
McCarthy, John P. Graham, Nathan Gorin, and
N. Dante LaRocca*

/s/ Bruce Clark
Bruce Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Attorneys for Defendants First Horizon
National Corporation, First Tennessee Bank
National Association, FTN Financial Securities
Corporation, First Horizon Asset Securities,
Inc., Gerald L. Baker, Peter F. Makowiecki,
Charles G. Burkett, and Thomas J. Wageman*


/s/ Robert F. Serio
Robert F. Serio (RSerio@gibsondunn.com)
Aric H. Wu (AWu@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Citigroup Inc., Citigroup
Mortgage Loan Trust Inc., Citigroup Global
Markets Realty Corp., Citigroup Global
Markets Inc., Susan Mills, Randall Costa, Scott
Freidenrich, Richard A. Isenberg, Mark I.
Tsesarsky, Peter Patricola, Jeffrey Perlowitz
and Evelyn Echevarria*


/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman
(george.zimmerman@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY 10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Americas
Securities, LLC, SG Mortgage Finance Corp.,
and SG Mortgage Securities, LLC, Arnaud
Denis, Abner Figueroa, Tony Tusi, and Orlando
Figueroa*


/s/ Matthew Solum .
Matthew Solum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Robert J. Kopecky
Devon M. Largio
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Jeffrey S. Powell
Patrick M. Bryan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
(202) 879-5000

*Attorneys for Ally Securities, LLC*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Ally Financial Inc. and GMAC Mortgage Group, Inc.*

/s/ David Blatt
David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

*Attorneys for Bank of America Corporation; Bank of America, N.A.; Asset Backed Funding Corp.; Banc of America Funding Corp.; Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Capital Inc., First Franklin Financial Corp., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Government Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Inc.*

/s/ Sandra D. Hauser
Sandra D. Hauser
(sandra.hauser@ snrdenton.com)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins*

/s/ Daniel C. Zinman
Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281

*Attorneys for George C. Carp, Robert Caruso, George E. Ellison, Adam D. Glassner, Daniel B. Goodwin, Juliana Johnson, Michael J. Kula, William L. Maxwell, Mark I. Ryan, and Antoine Schetritt; Matthew Whalen; Brian Sullivan; Michael McGovern; Donald Puglisi; Paul Park, and Donald Han*

/s/ Joel C. Haims
Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael Nierenberg*

/s/ Dani R. James
Dani R. James (djames@kramerlevin.com)
Jade A. Burns (jburns@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jeffrey L. Verschleiser*

/s/ Ronald D. Lefton
Richard A. Edlin (edlinr@gtlaw.com)
Ronald D. Lefton (leftonr@gtlaw.com)
Candace Camarata (camaratac@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue,
New York, NY 10166
Phone: 212-801-9200

*Attorneys for Defendant Jeffrey Mayer*

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Josephine A. Cheatham
(allie.cheatham@allenovery.com)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

*Attorneys for Samuel L. Molinaro, Jr.*