SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
—
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
Robert.fumerton@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG

October 11, 2012

**BY EMAIL**
Hon. Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

| Per DLC Chambers, docket in: | |
| --- | --- |
| 11-cv-5201 | 11-cv-6188 |
| 11-cv-6189 | 11-cv-6190 |
| 11-cv-6192 | 11-cv-6193 |
| 11-cv-6195 | 11-cv-6196 |
| 11-cv-6198 | 11-cv-6200 |
| 11-cv-6201 | 11-cv-6202 |
| 11-cv-6203 | 11-cv-6739 |
| 11-cv-7010 | 11-cv-7048 |

RE:   FHFA Actions, 11-cv-5201 (DLC) et al.

Dear Judge Cote:

On behalf of defendants in the above-referenced actions ("Defendants"), we write in response to FHFA's letter dated October 9, 2012, regarding "Loan File Production."

First, in the dozens of meet-and-confers that have occurred over the past several months, FHFA has not once requested that Defendants provide "loan numbers for the loans that Defendants or their vendors reviewed as part of the due diligence they conducted when structuring the Securitizations . . . by October 15, 2012." If FHFA had made that request at a meet and confer, it would have learned that Defendants have already produced materials sufficient to identify loans included in due diligence samples. The UBS Defendants, for example, have already produced spreadsheets identifying those loans that were reviewed as part of UBS's pre-securitization due diligence for certain deals, and will be providing the remaining spreadsheets imminently. Other Defendants will produce these materials in the form kept in the ordinary course of business, permitting FHFA to extract the loan numbers it desires. That FHFA chose to raise this issue with the Court before raising it with Defendants at a meet and confer is emblematic of its approach to discovery disputes throughout these proceedings and is a violation of the Federal Rules of Civil Procedure, Rule 2(c) of Your Honor's Individual Practices in Civil Cases, and this Court's Order requiring the parties to meet and confer to attempt to resolve disputes relating to loan files.

Second, FHFA requests that the Court order Defendants to instruct subpoenaed third parties to "prioritize the production of the loan files and underwriting guidelines relating to" both FHFA's proposed sample and the sample of loans upon which Defendants performed due diligence. From the start of discovery, Defendants have actively sought the production of loan files and other relevant materials from at least 480 third parties. Defendants' counsel have actively coordinated with each other and have regularly engaged in discussions with counsel for the subpoenaed servicers, originators and trustees to facilitate the quick and efficient production of such files. FHFA, on the other hand, has consistently declined to join Defendants in issuing nonparty subpoenas or to engage in cost-sharing that might expedite the production of loan files.

FHFA, the party that actually bears the burden of proof in these actions, is in a better position to secure the loan files at issue than Defendants. Indeed, FHFA has broad administrative and contractual subpoena powers, which it has been using since at least 2010,

Hon. Denise L. Cote
October 11, 2012
Page 2

when it began obtaining loan files and other materials for various pre-litigation purposes, including the purported forensic review upon which FHFA relied in bringing the UBS Action.[1] FHFA has also had the same opportunity as Defendants to issue subpoenas to third parties for loan files and has indicated that it has done so (albeit belatedly). Accordingly, it should not fall on Defendants to instruct third parties whom Defendants have subpoenaed to prioritize their productions in a fashion convenient to FHFA.[2]

In any event, there is no basis to prioritize the production of loan files in the manner that FHFA urges. While the loan files diligenced by Defendants may be relevant to certain affirmative defenses, they are not more probative of the threshold issue of whether FHFA can establish any material misstatement or omission. Moreover, FHFA has not made any showing that asking third parties to prioritize the production of specific loan files would be more efficient and less burdensome than asking them to produce all loan files in their possession, custody or control. Nevertheless, as Defendants have repeatedly told FHFA, Defendants will work with subpoenaed third parties to see if it is possible to expedite the production of loan files included within FHFA's proposed samples, which it just received for all actions last evening.

Third, FHFA requests that this Court order Defendants to Bates-stamp all third party loan file productions. Bates-stamping hundreds of millions of pages will delay the production of loan files and will be enormously costly. To date, FHFA has refused to bear any portion of these costs.

Finally, FHFA misleadingly writes that "Defendants' refusal to agree to a reasonable sampling protocol . . . has necessitated production of all 1,128,462 loan files" across these actions. As this Court has previously noted, however, FHFA specifically reserved the right to use all loan files in future proceedings. See Transcript of June 13 Status Conference, at 15-16 (attached as Exhibit A) ("Ordinarily it is a defendant who is resisting production of voluminous files, but these defendants are not, and the plaintiff in this case wants the flexibility to draw on all the files potentially and to revise its sampling protocols and that's entirely sensible . . . ) (emphasis added).

Accordingly, FHFA's requests should be denied and it should be ordered to bear its equitable share of all costs associated with obtaining loan files from third parties.

---

[1] FHFA has refused to produce any documents relating to its forensic review, much less identify a single allegedly defective loan or the manner in which it was defective. Contrary to FHFA's claim that the UBS Defendants asserted that "any underwriting defects in the entire sample 'are already known to FHFA,'" the UBS Defendants have only requested that FHFA immediately identify alleged defects "which are already known to FHFA at this time" (Ex. 3 to FHFA's Letter), which include loans that were in both the forensic review and FHFA's proposed sample.

[2] FHFA's request that this Court order the UBS Defendants to inform third parties to produce loan files and underwriting guidelines relevant to the UBS Action by October 23, 2012, is moot because, as has been the case since the start of discovery, the UBS Defendants are actively working to ensure that third parties produce all loan files and underwriting guidelines as soon as possible.

Hon. Denise L. Cote
October 11, 2012
Page 3

Respectfully submitted,

Robert A. Fumerton

cc: All counsel of record (by email)

# Exhibit A

```
                                                                    1
        C6DFFED1
 1      UNITED STATES DISTRICT COURT
 1      SOUTHERN DISTRICT OF NEW YORK
 2      ------------------------------x
 2                                   11 CV 05201 (DLC)
 3      FEDERAL HOUSING
 3      FINANCING AGENCY             11 CV 06188 (DLC)
 4                                   11 CV 06189 (DLC)
 4                                   11 CV 06190 (DLC)
 5            v.                     11 CV 06192 (DLC)
 5                                   11 CV 06193 (DLC)
 6      UBS AMERICAS INC.            11 CV 06195 (DLC)
 6      and others and its          11 CV 06196 (DLC)
 7      related cases               11 CV 06198 (DLC)
 7                                   11 CV 06200 (DLC)
 8                                   11 CV 06201 (DLC)
 8                                   11 CV 06202 (DLC)
 9                                   11 CV 06203 (DLC)
 9                                   11 CV 06739 (DLC)
10                                   11 CV 06805 (DLC)
10                                   11 CV 07010 (DLC)
11                                   11 CV 07048 (DLC)
11      ------------------------------x
12                                            June 13, 2012
12                                            3:00 p.m.
13      Before:
13                           HON. DENISE COTE,
14
14                                            District Judge
15
15                           APPEARANCES
16
16      QUINN EMANUEL URQUHART & SULLIVAN, LLP
17           Attorneys for Plaintiff Federal Housing Finance Agency
17      PHILIPPE SELENDY, ESQ.
18      ADAM ABENSOHN, ESQ.
18      MANISHA SHETH, ESQ.
19      CHRISTINE CHUNG, ESQ.
19      LEAH RAY, ESQ.
20      JORDAN GOLDSTEIN, ESQ.
20
21      KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
21           Attorneys for Plaintiff Federal Housing Finance Agency
22      HECTOR TORRES, ESQ.
22      KANCHANA LEUNG, ESQ.
23      ANDREW GLENN, ESQ.
23
24      STEPHEN HART, ESQ.
24           Attorney for Federal Housing Finance Agency
25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

15

C6DFFED1
```
 1   restrict discovery of loan files based on a determination at
 2   this phase of the case that some kind of sampling is
 3   appropriate.
 4           Now, everyone is well aware of, I expect, the Court's
 5   obligation under Rule 26(b)(2)(c) to control discovery.  I have
 6   an independent duty to limit discovery, the frequency and
 7   extent of it, where I find it would be unreasonably cumulative
 8   or duplicative, overly burdensome, too expensive, where
 9   principles of proportionality suggest that I do so, and the
10   manual for complex litigation suggests that Courts consider,
11   particularly, as I say, in complex cases, using sampling
12   techniques in discovery to limit the burden on the parties.
13   But at this point I have no desire to opine on Daubert issues,
14   and I think I shouldn't for many good reasons.  Ordinarily it
15   is a defendant who is resisting production of voluminous files,
16   but these defendants are not, and the plaintiff in this case
17   wants the flexibility to draw on all the files potentially and
18   to revise its sampling protocols and that's entirely sensible,
19   and I think the only way that sampling could work to reduce the
20   burden and expense of litigation here would be if we took a
21   percentage of the loan files and basically agreed that they
22   were entirely unavailable to both sides for all purposes;
23   whether it's 50 percent or 75 percent or even 25 percent,
24   they'd have to be considered unavailable for argument at trial,
25   unavailable for proof at trial for all parties for all purposes
```

16

C6DFFED1
1   for all time, and nobody is asking me to do that.  So I'm not
2   going to do it unilaterally.  But I hope this discussion has
3   suggested that if you work together to come up with a system
4   for early disclosure of expert reports and the results of the
5   analyses principally of the tapes and the information on the
6   tapes that the burden of going into the individual files might
7   be substantially reduced.
8          Let's talk a little bit about some of the other
9   discovery issues that you've agreed upon or are disputing in
10  your submissions to me.  With respect to our September 30th
11  date for substantial completion of discovery, yes, that should
12  include third party discovery and so that discovery should be
13  ongoing now in terms of document discovery.  Serve your
14  demands, give them a chance to produce their documents.  That
15  would include rating agencies and due diligence firms and
16  originators.
17         In terms of interrogatories, the defendants want the
18  right to serve 50 interrogatories, each corporate family of
19  companies wants the right to serve its own 50 interrogatories
20  on the plaintiff.  The plaintiff argues for 50 interrogatories
21  in total to be served upon it, with it having the corresponding
22  right to serve 50 interrogatories on each corporate family.
23  Well, let me just say a little bit about interrogatories.  It
24  is rare in my experience that they produce anything that is
25  useful for trial.  They are extraordinarily burdensome to
                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

Exhibit A

| | |
|---|---|
| **From:** | Richard Schirtzer [richardschirtzer@quinnemanuel.com] |
| **Sent:** | Monday, October 08, 2012 8:57 PM |
| **To:** | Stewart, Beth |
| **Subject:** | Re: Meet-and-confer |

I will also check, but my week is a bit full and I need others on the call on my end to discuss search terms and some other discrete issues. I think Thursday before 5 eastern is our best bet.

----- Original Message -----
From: Stewart, Beth [mailto:BStewart@wc.com]
Sent: Monday, October 08, 2012 05:44 PM
To: Richard Schirtzer
Subject: Re: Meet-and-confer

I will check that, but can you send me blackouts for the three days?  It is very difficult to get a quorum of defendants so flexibility is appreciated.


----- Original Message -----
From: Richard Schirtzer [mailto:richardschirtzer@quinnemanuel.com]
Sent: Monday, October 08, 2012 08:38 PM
To: Stewart, Beth
Subject: Re: Meet-and-confer

Thanks. How about Thursday at 2 eastern?

----- Original Message -----
From: Stewart, Beth [mailto:BStewart@wc.com]
Sent: Monday, October 08, 2012 08:40 AM
To: Richard Schirtzer
Subject: Meet-and-confer

Just a reminder to send me blackout times for Tues-Thursday for our meet-and confer.

You previously asked about topics.  There is at least one pending letter FHFA has yet to respond to, i.e. the August 31, 2012 Ltr from Bennett re search terms.  In addition, we have some follow-up questions on your August 29, 2012  letter responding to our August 22 letter.  I had also raised some questions for you during the BofaA/ML meet-and-confers you joined for which we still await a response (including repurchases and HR files).

Other defendants (who I will invite) may have other topics but I believe the past correspondence is the best guide for the discussion.



-----Original Message-----
From: Richard Schirtzer [mailto:richardschirtzer@quinnemanuel.com]
Sent: Wednesday, October 03, 2012 10:24 AM
To: Stewart, Beth
Subject: Re: Discovery

I will have someone get back to you re the missing pages. I am out this week but can talk mid-week next week.

----- Original Message -----
From: Stewart, Beth [mailto:BStewart@wc.com]
Sent: Wednesday, October 03, 2012 07:20 AM
To: Richard Schirtzer
Subject: Discovery

Richard,

**From:**      Richard Schirtzer [richardschirtzer@quinnemanuel.com]
**Sent:**      Friday, October 05, 2012 10:10 AM
**To:**        Stewart, Beth
**Subject:**   Re: Discovery

I'm abroad, but can do that on Monday.  I need to check a few things when I return to my office.  Have a nice weekend.

----- Original Message -----
From: Stewart, Beth [mailto:BStewart@wc.com]
Sent: Friday, October 05, 2012 07:06 AM
To: Richard Schirtzer
Subject: Re: Discovery

Can you send me blackout times for Tuesday and Wednesday when you get a moment?  Thank you.


----- Original Message -----
From: Richard Schirtzer [mailto:richardschirtzer@quinnemanuel.com]
Sent: Wednesday, October 03, 2012 10:24 AM
To: Stewart, Beth
Subject: Re: Discovery

I will have someone get back to you re the missing pages. I am out this week but can talk mid-week next week.

----- Original Message -----
From: Stewart, Beth [mailto:BStewart@wc.com]
Sent: Wednesday, October 03, 2012 07:20 AM
To: Richard Schirtzer
Subject: Discovery

Richard,
I wanted to circle back with you on your supplemental org chart production and our meet-and-confer.  The production you made just prior to the stay included pages designated for Fannie that were entirely blacked out.  Was that intentional? If so, what was the reason? Despite repeated requests, we still don't have departmental org charts for Fannie corresponding to your 30(b)(6) narrative.  Can you please provide them?  We'd also like to re-schedule the meet-and-confer once these issues are addressed.  Can we please do so this week or early next?
Best,
Beth

NOTICE:

This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately delete this message and all its attachments.


NOTICE:

This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the

Exhibit B

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

July 12, 2012

<u>VIA ELECTRONIC MAIL & U.S. MAIL</u>

Robert A. Fumerton, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Beth A. Stewart, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 2005

Re:    *FHFA v. UBS Americas Inc.*, 11 Civ. 5201 (DLC)
       *FHFA v. JPMorgan Chase & Co.*, 11 Civ. 6188 (DLC)
       *FHFA v. HSBC North America Holdings Inc.*, 11 Civ. 6189 (DLC)
       *FHFA v. Barclays Bank Plc*, 11 Civ. 6190 (DLC)
       *FHFA v. Deutsche Bank AG Plc*, 11 Civ. 6192 (DLC)
       *FHFA v. First Horizon National Corporation*, 11 Civ. 6193 (DLC)
       *FHFA v. Bank of America Corporation*, 11 Civ. 6195 (DLC)
       *FHFA v. Citigroup Inc.*, 11 Civ. 6196 (DLC)
       *FHFA v. Goldman, Sachs and Co.*, 11 Civ. 6198 (DLC)
       *FHFA v. Credit Suisse Holdings (USA), Inc.*, 11 Civ. 6200 (DLC)
       *FHFA v. Nomura Holding America, Inc.*, 11 Civ. 6201 (DLC)
       *FHFA v. Merrill Lynch & Co., Inc.*, 11 Civ. 6202 (DLC)
       *FHFA v. SG Americas, Inc*, 11 Civ. 6203 (DLC)
       *FHFA v. Morgan Stanley*, 11 Civ. 6739 (DLC)
       *FHFA v. Ally Financial*, 11 Civ. 7010 (DLC)
       *FHFA v. General Electric Co.*, 11 Civ. 7048 (DLC)

Dear Mr. Fumerton and Ms. Stewart,

        We write in response to Mr. Fumerton's June 27, 2012 letter on behalf of all Defendants
to the above-captioned actions (the "Actions") regarding search terms, and to Ms. Stewart's
July 6, 2012 letter regarding various discovery issues.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
CHICAGO | 500 West Madison Street, Suite 2450, Chicago, Illinois 60661 | TEL 312-705-7400 FAX 312-705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 (0) 20 7653-2000 FAX +44 (0) 20 7653-2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7 Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 (0) 3 5510-1711 FAX +81 (0) 3 5510-1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49 (0) 621 43298-6000 FAX +49 (0) 621 43298-6100

Robert A. Fumerton, Esq.                                                    July 12, 2012
Beth A. Stewart, Esq.

At the outset, we note that only one Defendant has responded to the additional search terms proposed by FHFA on June 21. And several Defendants have not yet confirmed that their custodian lists cover the functions proposed by FHFA on June 21. As it has now been nearly three weeks since Defendants received those requests; please advise us when all Defendants will respond.

We disagree with the factual assertions and characterizations in Ms. Stewart's July 6, 2012 letter regarding statements made and positions taken by FHFA during the parties' various meet and confer discussions. For example, the description of FHFA's position on Interrogatory No. 3 grossly mischaracterizes the parties discussions on this subject to date. As we have previously stated, as drafted, Interrogatory No. 3 is overly broad and unduly burdensome, but FHFA is willing to respond to an appropriately narrowed Interrogatory. As Defendants have yet to serve such a narrowed Interrogatory, FHFA is standing on its objection.

FHFA responds as follows to the specific requests raised in the letter, as well as Mr. Fumerton's June 27, 2012 letter:

First, over the past several weeks, Defendants have proposed that FHFA designate over a hundred additional individuals as production custodians. As to most of these individuals, Defendants failed to provide meaningful information about the reasons such person should be appropriate for inclusion. We have nonetheless reviewed the listed individuals (with the sole exception of those named in requests that have been received only in the last few days), and FHFA agrees to designate the following additional individuals as custodians: Patricia Cook (Freddie Mac), John Dimitri (Freddie Mac), Thomas Flynn (Freddie Mac), Lori Geftic (Freddie Mac), Perri Rall Henderson (Freddie Mac), John Ingram (Fannie Mae), Chad Levrini (Freddie Mac), and Masato Nakagawa (Freddie Mac). We will be updating FHFA's interrogatory responses to reflect these names, and continue to reserve our right to supplement FHFA's custodian list and interrogatory responses based on new information.

Second, Defendants asked that FHFA explain in more detail its proposal that the parties agree upon time periods for document production based on the functions of the custodians' whose files are being searched. In general, FHFA proposes that, for all parties: (i) the time period for custodians who were involved in the purchase or sale of RMBS and/or pre-purchase analysis of RMBS extend to approximately 30 days after the date of purchase of the GSE Certificates, and (ii) the time period for custodians who were involved in post-purchase monitoring or analysis of RMBS extend to the date on which the initial complaints in the Actions were filed (i.e., September 2, 2011). Attached as Exhibit A is a list of the time periods that FHFA proposes to apply to each of its custodians (conditioned on Defendants' willingness to apply similar time periods to their own searches). This list reflects FHFA's use of a starting time period of 60 days from the date on which the first GSE Certificate at issue in the Actions was purchased (i.e., July 1, 2005). Attached as Exhibit B is a list of the time periods that FHFA proposes that Defendants apply with respect to the various custodian functions that FHFA previously requested that Defendants include for their custodians. Please let us know if Defendants agree to FHFA's proposed time periods for all parties, and, if so, please provide a list of the time periods Defendants propose to apply to each of their custodians.

2

Robert A. Fumerton, Esq.                                                    July 12, 2012
Beth A. Stewart, Esq.

     <u>Third</u>, Defendants asked FHFA to confirm its position regarding the production of loan files. FHFA will produce loan files relating to the Securitizations and within its possession, custody, or control, and subject to any obligations FHFA has to notify parties from whom the GSEs obtained loan files. As Defendants have requested, FHFA will prioritize production of loan files for loans referenced in the forensic reunderwriting reviews alleged in its Amended Complaints. FHFA has completed the notification process as to the parties from whom it obtained those files and, barring objection, expects to begin production of loan files shortly, beginning with loan files for loans referenced in the forensic underwriting reviews alleged in the UBS complaint. FHFA intends to produce these files in the format in which they were received from third parties.

     <u>Fourth</u>, in their June 27 letter, Defendants proposed that FHFA add over 250 terms to the broad sets of search terms that FHFA proposed on June 11 and June 20. While reserving all rights, FHFA is willing to add the overwhelming majority of those terms, subject to the following:

          FHFA will modify its Group 1 search terms to account for your proposed additional variations in formulating securitization names (<em>e.g.</em>, 05-WMC1).

          FHFA will not modify its Group 2 search terms to add the additional shelf names that Defendants proposed. FHFA is removing from its search terms all terms that consist solely of shelf names.

          FHFA will modify its Groups 4 and 5 search terms to include the additional terms that Defendants propose other than those listed in the attached Exhibit C, as those terms are either ambiguous or irrelevant on their face, or so broad as to be ineffective. Attached as Exhibit D are FHFA's proposed modifications to certain terms proposed by Defendants in Groups 4 and 5.

          FHFA will not combine all of the terms in Group 4B with all of the terms in Group 5C, as doing so would result in an unduly burdensome number of documents, including many irrelevant documents. FHFA is willing to entertain proposals that specific terms from Group 4B be added to Group 5C, or vice versa.

          FHFA is willing to abandon the proximity restriction for its Group 4 terms (that a term in Group 4A be within 10 words of a term in Category 4B), and to adopt an "and" connector for Group 4 (such that a document containing a term in Group 4A and a term in Group 4B will produce a hit), but only if all Defendants first agree in writing that they will adopt an "and" connector for all search terms that FHFA proposed that Defendants use in searching their own documents (including any such terms that currently include proximity restrictions). Please let us know promptly if all Defendants agree. FHFA reserves its rights to use proximity connectors in the future; if it does, it will inform Defendants.

          FHFA will combine Groups 5A and 5B, such that the terms "PLS" or "Private Label" would <u>not</u> be required to produce a search term hit. However, FHFA will

3

Robert A. Fumerton, Esq.                                              July 12, 2012
Beth A. Stewart, Esq.

also remove from the terms in Group 5A mortgag* and hous*, as testing of those
terms indicates that they will produce an unduly burdensome volume of search
term hits.

Fifth, Defendants asked FHFA to reconsider its position regarding the identification of
confidential witnesses referred to in its Amended Complaints.  As reflected in FHFA's
Responses and Objections to Defendants' Joint Second Requests for Production, served on
July 9, 2012, FHFA will identify confidential witnesses, subject to a full reservation of rights,
including without limitation its rights to (1) designate the names of these witnesses, and
information sufficient to identify them, as "Highly Confidential" under Section 2.7(ii) of the
Protective Order; and (2) make a particularized showing why additional safeguards from
disclosure are warranted with respect to specific witnesses.

Finally, Defendants asked FHFA to confirm that it will not apply search terms to certain
shared drives that relate exclusively to specific securitization deals.  FHFA is willing to review
certain files, folders, or shared drives that relate exclusively to specific securitization deals
without the use of search terms, provided that Defendants agree in writing to do the same.

Very truly yours,

4

Robert A. Fumerton, Esq.                                          July 12, 2012
Beth A. Stewart, Esq.

/s/ Philippe Z. Selendy                              /s/ Richard A. Schirtzer
Philippe Z. Selendy                                  Richard A. Schirtzer
(philippeselendy@quinnemanuel.com)                   (richardschirtzer@quinnemanuel.com)
QUINN EMANUEL URQUHART &                             Adam Abensohn
    SULLIVAN, LLP                                    (adamabensohn@quinnemanuel.com)
51 Madison Avenue, 22nd Floor                        QUINN EMANUEL URQUHART &
New York, New York 10010                                 SULLIVAN, LLP
(212) 849-7000                                       51 Madison Avenue, 22nd Floor
                                                     New York, New York 10010
*Attorney for Plaintiff Federal Housing Finance*
*Agency in FHFA v. UBS Americas, Inc., FHFA*         *Attorney for Plaintiff Federal Housing Finance*
*v. JPMorgan Chase & Co., FHFA v. Deutsche*          *Agency in FHFA v. HSBC North America*
*Bank AG, FHFA v. Citigroup Inc., and FHFA v.*       *Holdings, Inc.*
*Goldman, Sachs & Co.*                               *and FHFA v. Nomura Holding America, Inc.*


 /s/ Christine H. Chung                              /s/ Manisha M. Sheth
Christine H. Chung                                   Manisha M. Sheth
(christinechung@quinnemanuel.com)                    (manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &                             QUINN EMANUEL URQUHART &
    SULLIVAN, LLP                                        SULLIVAN, LLP
51 Madison Avenue, 22nd Floor                        51 Madison Avenue, 22nd Floor
New York, New York 10010                             New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance*     *Attorney for Plaintiff Federal Housing Finance*
*Agency in FHFA v. First Horizon National*           *Agency in FHFA v. UBS Americas, Inc., FHFA*
*Corp., FHFA v. Bank of America Corp., and*          *v. JPMorgan Chase & Co., FHFA v. Barclays*
*FHFA v. Credit Suisse Holdings (USA), Inc.*         *Bank PLC, FHFA v. Citigroup Inc., and FHFA*
                                                     *v. Merrill Lynch & Co., Inc.*


                                                     /s/ Kanchana Wangkeo Leung
                                                     Kanchana Wangkeo Leung
                                                     (kleung@kasowitz.com)
                                                     KAZOWITZ, BENSON, TORRES &
                                                         FRIEDMAN, LLP
                                                     1633 Broadway
                                                     New York, NY 10019

                                                     *Attorney for Plaintiff Federal Housing Finance*
                                                     *Agency in FHFA v. Ally Financial Inc., FHFA*
                                                     *v. General Electric Company., FHFA v. Morgan*
                                                     *Stanley, and FHFA v. SG Americas, Inc.*


cc:    All Defense Counsel of Record (via email)

EXHIBIT A

## FHFA'S PROPOSED TIME PERIODS FOR PRODUCTION FOR ITS CUSTODIANS[1]

| Custodian Functions | Time Frame for Document Searches |
|---|---|
| Aneiro, Mike | July 1, 2005 - December 31, 2007 |
| Blackley, Scott | July 1, 2005 - September 2, 2011 |
| Cao, Lin | July 1, 2005 - September 2, 2011 |
| Chung, Kin | July 1, 2005 - September 2, 2011 |
| Cook, Patricia | July 1, 2005 - September 2, 2011 |
| Cope, Robert | July 1, 2005 - December 31, 2007 |
| Corley, Donna | July 1, 2005 - September 2, 2011 |
| Crabtree, Melissa | July 1, 2005 - December 31, 2007 |
| DeCastro, Ramon | July 1, 2005 - December 31, 2007 |
| Dellavecchia, Enrico | July 1, 2005 - September 2, 2011 |
| Dimitri, John | July 1, 2005 - November 30, 2007 |
| Dyson, Ashley | July 1, 2005 - December 31, 2007 |
| Ernest, Susan | July 1, 2005 - December 31, 2007 |
| Federico, Peter | July 1, 2005 - December 31, 2007 |
| Feigles, Ronald | July 1, 2005 - December 31, 2007 |
| Flynn, Thomas | July 1, 2005 - December 31, 2007 |
| Geftic, Lori | July 1, 2005 - December 31, 2007 |
| Ghose, Doc | July 1, 2005 - September 2, 2011 |
| Gifford, Kieran | July 1, 2005 - September 2, 2011 |
| Gonzales-Rey, Francisco | July 1, 2005 - September 2, 2011 |
| Gussman, David | July 1, 2005 - September 2, 2011 |
| Hackney, David | July 1, 2005 - December 31, 2007 |
| Haspel, Chris | July 1, 2005 - December 31, 2007 |
| Hendersen, Perri Rall | July 1, 2005 - December 31, 2007 |
| Hill, Walter | July 1, 2005 - December 31, 2007 |
| Jeffrey, James Douglas | July 1, 2005 - September 2, 2011 |
| Johnson, Greg | July 1, 2005 - December 31, 2007 |
| Kah, Adama | July 1, 2005 - September 2, 2011 |
| Kain, Gary | July 1, 2005 - December 31, 2008 |
| Kenneweg, Stacey | July 1, 2005 - December 31, 2007 |
| Kuehl, Chris | July 1, 2005 - September 2, 2011 |
| Kvartunis, Deirdre | July 1, 2005 - September 2, 2011 |
| Levrini, Chad | July 1, 2005 - December 31, 2007 |
| Mehta, Vikas | July 1, 2005 - September 2, 2011 |
| Mercer, Mathew | July 1, 2005 - December 31, 2007 |
| Millman, Phillip | July 1, 2005 - September 2, 2011 |
| Moss, Lesia Bates | July 1, 2005 - December 31, 2007 |

---

[1]   If a custodian had no substantive involvement with relevant subjects after a certain date, FHFA may adjust the custodian's time period to end as of that date.

EXHIBIT A

| | |
|---|---|
| Myers, Jack | July 1, 2005 - September 2, 2011 |
| Nakagawa, Masato | July 1, 2005 - December 31, 2007 |
| Niculescu, Peter | July 1, 2005 - September 2, 2011 |
| Norris, Joseph Paul | July 1, 2005 - December 31, 2007 |
| Olek, Richard | July 1, 2005 - December 31, 2007 |
| Palmer, Kevin | July 1, 2005 - September 2, 2011 |
| Pas, Aaron | July 1, 2005 - December 31, 2007 |
| Perlman, Ben | July 1, 2005 - September 2, 2011 |
| Pionke, Steve | July 1, 2005 - December 31, 2007 |
| Quinn, Bill | July 1, 2005 - September 2, 2011 |
| Raby, Tom | July 1, 2005 - December 31, 2007 |
| Ratcliffe, Ron | July 1, 2005 - December 31, 2007 |
| Romano, Ray | July 1, 2005 - September 2, 2011 |
| Salahuddin, Shayan | July 1, 2005 - December 31, 2007 |
| Sapp, Courtney | July 1, 2005 - September 2, 2011 |
| Shaw, Mike | July 1, 2005 - September 2, 2011 |
| Shen, Pei-Chung Steve | July 1, 2005 - December 31, 2007 |
| Torres, Noel | July 1, 2005 - December 31, 2007 |
| Tsien, Robert | July 1, 2005 - December 31, 2007 |
| Vivian, Terin | July 1, 2005 - September 2, 2011 |
| Willard, Kent | July 1, 2005 - December 31, 2007 |
| Wood, Bruce | July 1, 2005 - September 2, 2011 |
| Xie, Sean/Xiang | July 1, 2005 - December 31, 2007 |
| Zhao, CJ | July 1, 2005 - September 2, 2011 |

EXHIBIT B

## FHFA'S PROPOSED TIME PERIODS FOR PRODUCTION FOR DEFENDANTS' CUSTODIANS BY FUNCTION

| Critical Business Function/Job Type | Timeframe for Document Collection |
|---|---|
| **(1)** Individuals who communicated or liaised with the GSEs about the Securitizations or potential purchase. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(2)** Individuals who managed Defendants' dealings with GSEs related to potential investments in private label securities. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(3)** Individuals who marketed the Securitizations. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(4)** Individuals who priced the pooled loans and Securitizations. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(5)** Individuals who analyzed or reviewed the loan collateral or loan characteristics and aggregated the pool. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(6)** Individuals who were responsible for developing risk mitigation or hedging strategies in connection with the Securitizations (applicable to fraud complaints only). | **Start:** 3 months before closing<br>**End:** Date of complaint filing (September 2, 2011) |
| **(7)** Individuals who reviewed and revised representations in the transaction documents. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(8)** Individuals who procured the third-party due diligence and received the due diligence results. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(9)** Individuals who performed any due diligence in connection with the Securitizations. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(10)** Individuals who procured the credit ratings from rating agencies. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(11)** Individuals who approved the Securitizations. | **Start:** 3 months before closing<br>**End:** 1 month after closing |
| **(12)** Individuals who monitored or surveilled the Securitizations post-closing. | **Start:** 3 months before closing<br>**End:** Date of complaint filing (September 2, 2011) |
| **(13)** Individuals who analyzed repurchase requests made by Defendant to sellers or to repurchase requests made by investors. | **Start:** 3 months before closing<br>**End:** Date of complaint filing (September 2, 2011) |
| **(14)** Individuals who are most knowledgeable about servicing of the pool loans. | **Start:** 3 months before closing<br>**End:** Date of complaint filing (September 2, 2011) |

**EXHIBIT C**

**SEARCH TERMS PROPOSED BY DEFENDANTS REJECTED BY FHFA**

406
adjustable rate  OR  adjustable-rate
over w/2 collateral*
@fhh1c.com
@fhhl.com
@fib.com
@fin.financial.com
@ftcm.com
@ftn.com
@ftnfinancial.com
@gcm.com
@here4you.com
accura*
adjustable rate  OR  adjustable-rate
Alt A  OR  Alt-A
AlterNet
Believe
BPO
certif*
compet*
CoreLogic
CRA
defect*
delinquen*
depart*
dili* OR dd
disclos*
DMC
downgrade*
exclud*
exclus*
FHHL
FICO
Fiserv
forecast*
foreclos!
FTB
FTN
GCM
grade 1  OR  grade 2  OR  grade 3
History Pro
HistoryPro
Home Loan*

**EXHIBIT C**

Home Solution  OR Home Loan*
HUD
hybrid ARMS
inaccura*
level 1  OR  level 2  OR  level 3
loan group
loan pool
market share
meet*
Mission 1
NC
NCC
NCEN
NSI
originat*
pro supp  OR  prospectus  OR  prosupp
project phineas
qualit*
questionable
reasonable
recerti* OR re-certif*
reject*
reliance
rely
repo*
repurchas*
securitiz*
subprime OR sub-prime OR  sub prime
troubl*
true
trustee
truth*
varianc*
verif*
violat*
Wall Street
waterfall
watterson
wors*

**EXHIBIT D**

## MODIFICATIONS TO ADDITIONAL SEARCH TERMS PROPOSED BY DEFENDANTS

| Defendants' Proposed Term | FHFA's Proposed Modification |
|---|---|
| cure | "notice and cure" |
| Dominion | @dbrs.com |
| downgrade* | downgrade* w/10 rating* |
| exception* | exception* w/10 underwr* |
| inflat* | inflate* |
| Standard  2 Poor* | @standardandpoors.com |
| S&P | @standardandpoors.com |
| Moody* | @moodys.com |
| Fitch | @fitchratings.com |