LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BETH A. STEWART
(202) 434-5075
bstewart@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 11, 2012

Per DLC Chambers, docket in:
| | |
|---|---|
| 11-cv-5201 | 11-cv-6188 |
| 11-cv-6189 | 11-cv-6190 |
| 11-cv-6192 | 11-cv-6193 |
| 11-cv-6195 | 11-cv-6196 |
| 11-cv-6198 | 11-cv-6200 |
| 11-cv-6201 | 11-cv-6202 |
| 11-cv-6203 | 11-cv-6739 |
| 11-cv-7010 | 11-cv-7048 |

Via E-mail
The Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:   *FHFA Actions*

Dear Judge Cote:

    We write on behalf of all Defendants in response to FHFA's October 9, 2012 letter ("FHFA Ltr.") seeking a Rule 26(c) protective order precluding, and a Rule 45 order modifying, subpoenas served by Defendants on third-parties. FHFA's request is meritless and should be denied, but in all events should not be considered absent full briefing and an appropriate record.

    **First**, FHFA lacks standing. "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). *See also Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004).

    **Second**, FHFA has not come close to showing that a protective order is warranted. Under Rule 26(c), the party seeking a protective order limiting discovery must establish "good cause," which requires a non-speculative evidentiary basis. *See Burgess v. Town of Wallingford*, 2012 WL 4344194, at *6 (D. Conn. Sept. 21, 2012) ("To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact. . . . Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy" Rule 26(c)). Here, FHFA has provided no evidence for its claim that requests for materials beyond loan files will unduly burden or impede the production of loan files by third-parties. Indeed, no third-party is asking the Court to modify any subpoena. "The failure of the third-parties to mount their own attack on the subpoenas indicates . . . that [the complaining party's] claims of burden and overbreadth are unsubstantiated." *Funai Elec. Co. v. Orion Elec. Co.*, 2002 WL 31413681, at *1 (S.D.N.Y. Oct. 25, 2002).

    FHFA's asserted fear that it will not obtain documents it wants from subpoena recipients on a priority basis is undercut by FHFA's own conduct. Despite having the burden of proof in these cases, FHFA has made virtually no efforts to gather loan files from third-parties. FHFA did not issue the subpoenas at issue. It did not cross-subpoena the vast majority of the subpoena recipients. It has declined Defendants' invitations to coordinate third-party production of loan files. And it has refused to share in the costs of the third-parties' productions despite asserting an

"urgent need" for them. FHFA even claims that the Court "directed Defendants . . . to obtain all other [loan] files from third parties" when the Court said no such thing and issued an Order placing that responsibility on the "parties." 8/10/12 Order (11-cv-5201, D.E. 154). FHFA's objection to Defendants' requests for documents other than loan files also is hypocritical given that, in the limited subpoenas FHFA issued to Originators, it too requested documents beyond loan files. Apparently when FHFA seeks such documents it is legitimate, but when Defendants do so, it is an act of "sabotage" of the discovery schedule. FHFA Ltr. at 2. By requesting an order that Defendants "withdraw their demands" for "irrelevant documents," FHFA exposes the true purpose of its request: to suppress the production of documents that will damage its case.

**Third**, FHFA's sense that its priorities have been disregarded is based on stale information. In discussions with many subpoenaed Originators, for example, Defendants have effectively narrowed the subpoenas (and would be willing to so narrow them with respect to any Originators with whom such discussions have not been had) to three simple categories of documents: (1) loan files; (2) underwriting guidelines; and (3) communications with or about Fannie or Freddie. Given those limited categories, the issue boils down to whether the Originators should be ordered affirmatively to review and sort their documents into those that pertain to the PLS side of the GSEs' business and those that pertain solely to the whole loan side of their business. Even assuming third-parties could make such judgments, common sense dictates that it will be *less* burdensome for them to search their emails for, *e.g.*, documents to and from "@Fanniemae.com" or "@Freddiemac.com" addresses, or containing similar search terms. FHFA's suggestion that third-parties should wade through emails one-at-a-time and determine which GSE department is involved, and that doing so will *decrease* the burden on any third-party, is nonsense.

**Fourth**, FHFA incorrectly treats the Court's prior rulings declining to order FHFA to provide additional discovery from the "'whole loan' side of the GSEs' businesses," 8/28/12 Order at 1, as a shield against production of all such materials in all circumstances. The Court has never held that all such documents (for example, communications between subpoenaed Originators and the whole loan side of the GSEs) are irrelevant or "not discoverable," FHFA Ltr. at 1. Nor has the Court held that Defendants may not seek such discovery from third-parties. Instead, the Court's rulings declining to order FHFA to provide additional discovery at that time took account of the otherwise "massive production" FHFA said it was undertaking, and which FHFA promised would include significant quantities of material concerning "information sharing" or "tying together" of functions across the GSEs' single family and PLS businesses. 7/31/12 Tr. at 100–01(11-cv-5201, D.E. 152).[1] Productions by third-parties pose no burden to FHFA, and no third-party has asked this or any other court to modify the subpoenas.

FHFA's letter request for a protective order should be denied. Alternatively, we respectfully request that any further consideration of the relief FHFA seeks, including any evaluation of FHFA's claim of burden, be done on the basis of full briefing and a complete record, particularly in light of the importance of this discovery to the issues in this case and the significance of the controversies.

---

[1] Because FHFA's productions to date have fallen far short of its promises, and in the interest of presenting any dispute on a more fully-developed factual record, Defendants anticipate moving to compel more complete discovery, on or about the date document discovery is scheduled to be substantially complete, regarding, among other things, the GSEs' dealings with Originators at issue.

Respectfully submitted,

/s/ Beth A. Stewart

WILLIAMS & CONNOLLY LLP

*Counsel for the Bank of America and Merrill Lynch Corporate Defendants*