October 12, 2012

**VIA ELECTRONIC MAIL**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

> Per DLC Chambers, docket in:
> 11-cv-5201   11-cv-6188
> 11-cv-6189   11-cv-6190
> 11-cv-6192   11-cv-6193
> 11-cv-6195   11-cv-6196
> 11-cv-6198   11-cv-6200
> 11-cv-6201   11-cv-6202
> 11-cv-6203   11-cv-6739
> 11-cv-7010   11-cv-7048

    Re:   **FHFA Actions**

Dear Judge Cote:

    We write on behalf of Plaintiff the Federal Housing Finance Agency ("FHFA") in response to Defendants' letter of yesterday, in which they ask this Court to apply its October 11 Order to FHFA.

    FHFA will be pleased to provide by 10:00 a.m. on October 15, 2012, a report relating to the approximately 500 subpoenas that it has issued that include requests for loan files. If not in exactly the same format, that report will contain the same information conveyed in Exhibit B to the Declaration of Penny Shane dated August 29, 2012. For the reasons that follow, however, FHFA opposes Defendants' full request.

    First, as far as party productions of loan files are concerned, there is no need for FHFA to report separately on Monday because FHFA has produced the approximately 106,000 loan files that it previously identified as being in its possession in its August 29 status report to the Court. (*See* Docket Entry ("D.E.") 182 at 1.)[1]

    FHFA's loan file production, moreover, has been stamped and organized so as to enable the parties to access and use the files easily. FHFA Bates-stamped the loan files it produced, either on every page or for each electronic file, and the productions were accompanied by manifests identifying the Bates numbers for each loan and the Securitization to which each loan belongs. By contrast: (1) at least one defendant, JPMorgan, has insisted that FHFA inspect hard copies of 100,000 loans in a warehouse in Louisiana, rather than producing the files in an electronic format; (2) Defendants have refused to provide page- or electronic file-level Bates-stamps for all of the loan files they are producing; (3) at least one defendant, Nomura, has produced loan files mixed in with non-loan file documents, making it difficult to identify where loan files begin or end; and (4) several Defendants have failed to produce manifests that clearly identify the Securitization to which the loans belong, a failure that not only complicates FHFA's evaluation of the loan files produced but may also mask whether Defendants have produced large amounts of irrelevant loans. Indeed, Defendants' methods of loan file production appear to be designed for the express purpose of thwarting FHFA's review of those loan files once they are produced.

    Second, despite the suggestion to the contrary, Defendants are on a very different footing than FHFA in pursuing production of loan files by third parties.

---

[1]   As FHFA comes into possession of additional loan files that it can identify as relating to the Securitizations at issue, FHFA produces them promptly.

1

It was immediately after the July 31 conference at which the Defendants first reported that large numbers of loan files were in the hands of third parties, and after the Court made clear that it expected the parties to collect loan files from third parties, that Defendants began issuing subpoenas on third-party trustees, servicers, and originators (among others). Defendants issued 436 such subpoenas in the four-week period following the conference, asking for loan files and underwriting guidelines (in addition to other irrelevant materials that are the subject of FHFA's October 9 letter). Further, while Defendants have continued to subpoena third parties, with the total issued by them now reaching approximately 601, all of the return dates on their subpoenas issued during that four-week period have passed. As far as FHFA is aware, despite this circumstance (and despite Defendants' unsubstantiated suggestion that their broad subpoenas are less burdensome than properly tailored subpoenas would be), scarcely any of the third parties have produced loan files, guidelines, or any other material.

By contrast to Defendants, FHFA served subpoenas primarily seeking documents other than loan files on the rating agencies, defendants' due diligence firms, and originators. Although the subpoenas to originators included a request for loan files, that request served to backstop the earlier requests for loan files made by Defendants in their subpoenas. The other 15 requests in FHFA's subpoenas to originators sought documents that could show departures from underwriting guidelines (such as internal audits and repurchase requests). The vast majority of FHFA's subpoenas to originators were served over the past several days on entities that originated a relatively small number of loans in FHFA's loan samples (some as few as one to five loans) and that Defendants had not subpoenaed. As Defendants acknowledge, the return dates for most of FHFA's subpoenas have not yet passed. For the majority of the remaining loan files subpoenaed, FHFA is only just beginning to receive responses and objections and to commence meet-and-confer discussions. To date, only one third party—an affiliate of Goldman Sachs—has made a production of loan files in the Goldman Sachs action. If FHFA cannot successfully negotiate production from third parties, it intends to move to enforce its subpoenas.

Defendants also are mistaken in arguing that FHFA should report on loan file production sought by means of "subpoenas issued pursuant to FHFA's purported administrative or contractual powers" and "any formal or informal requests" made by FHFA. Loan files received via administrative or contractual requests *are the same files* that FHFA is producing in party discovery, including the approximately 106,000 loan files that FHFA has already produced. Contrary to Defendants' assertions, FHFA has notified Defendants of other loan files that it might receive pursuant to these requests; the only additional loan files received by FHFA are 5,900 loan files produced pursuant to requests to Wells Fargo, Deutsche Bank, and U.S. Bank; FHFA expects to produce these files on or before October 22, 2012.[2]

For the foregoing reasons, FHFA respectfully submits that there is no need for the Court's October 11 Order to be applied to FHFA.

---

[2] In saying that "return dates" for administrative requests "began to run as late as September," Defendants are apparently confusing the Conservator subpoenas that FHFA served on certain entities in 2010 with separate Rule 45 subpoenas that FHFA served on those same entities in 2012, in which FHFA asked that materials already produced pursuant to the Conservator subpoenas be deemed produced in this litigation. While these Rule 45 subpoenas will help to ensure that such materials are produced for both Conservator and litigation purposes (which, for example, allows the producing party to take advantage of the Agreed Protective Order in this case), they are not expected to result in the production of any loan files in addition to the files that FHFA or Defendants are producing in party discovery. If they do, Defendants will be promptly advised.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.*

 /s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc.
and FHFA v. Nomura Holding America, Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*