# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FEDERAL HOUSING FINANCE AGENCY,

                Plaintiff,

      -against-

HSBC NORTH AMERICA HOLDINGS INC.,
HSBC USA INC., HSBC MARKETS (USA)
INC., HSBC BANK USA, N.A., HSI ASSET
SECURITIZATION CORPORATION, HSBC
SECURITIES (USA) INC., NEAL LEONARD,
GERARD MATTIA, TODD WHITE, NORMAN
CHALEFF and JON VOIGTMAN,

                Defendants.

Civil Action No.

11-cv-6189 (DLC)

## NOTICE OF NON-PARTY DISCOVERY

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 45 of the Federal Rules

of Civil Procedure, the undersigned will serve the attached subpoena upon WMC Mortgage

Corp.

Dated:  New York, New York
       August 6, 2012

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

 /s/ Damien Marshall
Damien Marshall
575 Lexington Avenue, 7th Floor
New York, NY 10022
Phone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Defendants HSBC North
America Holdings, Inc., HSBC USA Inc.,
HSBC Markets (USA) Inc., HSBC Bank
USA, N.A., HSI Asset Securitization
Corporation, HSBC Securities (USA) Inc.,
Neal Leonard, Gerard Mattia, Todd White,
Norman Chaleff, and Jon Voigtman*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

```
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY AS                            :
CONSERVATOR FOR THE FEDERAL NATIONAL                         :        Civil Action No: 11 Civ.
MORTGAGE ASSOCIATION AND THE FEDERAL                         :        6189 (DLC)
HOME LOAN MORTGAGE CORPORATION,                              :
                                                             :
                                     Plaintiff,              :
                                                             :        (Action pending in Southern
                                                             :        District of New York)
v.                                                           :
                                                             :
HSBC NORTH AMERICA HOLDINGS, INC., et al.,                   :
                                                             :
                                     Defendants.             :
------------------------------------------------------------ x
```

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    WMC Mortgage Corp.
c/o Megan B. Poetzel
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

### SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Mayer Brown LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606 | 8/27/2012        9:00 am |

[  ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

1

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/6/12

CLERK OF COURT

OR

_____        _____
   Signature of Clerk or Deputy Clerk                Attorney's Signature

The name, address, e-mail, and telephone number of the attorney representing HSBC NORTH AMERICA HOLDINGS, INC., HSBC USA INC., HSBC MARKETS (USA) INC., HSBC BANK USA, N.A., HSI ASSET SECURITIZATION CORPORATION, HSBC SECURITIES (USA) INC., NEAL LEONARD, GERARD MATTIA, TODD WHITE, NORMAN CHALEFF, and JON VOIGTMAN, who issues or requests this subpoena, are:

Damien Marshall
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
dmarshall@bsfllp.com
Phone: (212) 446-2300
Fax: (212) 446-2350

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11 Civ. 6189 (DLC)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### Definitions

1.      The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules") are hereby incorporated by reference and apply to this request for the production of documents, except to the extent that the local rules of the forum in which this subpoena is issued provide otherwise.   Specifically, the terms "communication," "document," "identify," "person," and "concerning" have the meanings ascribed to them therein. This request for production of documents is without prejudice to any later subpoenas for testimony in this action.

2.      The term "You" and "Your" shall refer to WMC Mortgage Corp. and any other person or entity acting under its direction or control or on its behalf.

3.      The term "Loan Files" shall refer to all files and related documents concerning the application for, analysis, origination, underwriting, processing, closing, sale, servicing, performance or default of, or foreclosure on any of the mortgage loans underlying or collateralizing the Securitizations which support the certificates identified, and were included in the loan groups listed, in the chart set forth in Definition 4 below.

4.      The term "Securitization" shall refer to the following securitizations for which You were the originator of certain of the underlying mortgage loans:

| Securitization | Certificate | Supporting Loan Group(s) | Closing Date |
|---|---|---|---|
| FHFA v. HSBC North America Holdings Inc, et al. (Case No. 11-cv-6189) | | | |
| HASC 2006-HE1 | IA | I | 11/3/2006 |
| HASC 2006-HE2 | IA | I | 12/5/2006 |

| HASC 2007-HE1 | IA | I | 3/8/2007 |
|---|---|---|---|
| HASC 2007-HE2 | IA | I | 5/4/2007 |
| **FHFA v. UBS Americas, Inc., et al. (Case No. 11-cv-5201)** | | | |
| MABS 2006-WMC2 | A1 | 1 | 6/29/2006 |
| MABS 2006-WMC3 | A1 | 1 | 9/28/2006 |
| MABS 2006-WMC4 | A1<br>A2 | 1<br>1 | 11/30/2006 |
| MABS 2007-WMC1 | A1 | 1 | 2/27/2007 |
| **FHFA v. JPMorgan Chase & Co., et al. (Case No. 11-cv-6188)** | | | |
| JPMAC 2005-WMC1 | A1 | Loan Group I | 10/27/2005 |
| JPMAC 2006-WMC1 | A1 | Loan Group I | 3/30/2006 |
| JPMAC 2006-WMC2 | A1 | Loan Group I | 6/28/2006 |
| JPMAC 2006-WMC3 | A1MZ, A1SS | Loan Group I | 9/14/2006 |
| JPMAC 2006-WMC4 | A1B, A1A | Loan Group I | 12/20/2006 |
| WMABS 2007-HE2 | IA | Loan Group I | N/A |
| **FHFA v. Deutsche Bank AG., et al. (Case No. 11-cv-6192)** | | | |
| ACE 2005-HE7 | A1A | IA | 11/28/2005 |
| ACE 2007-WM1 | A1 | I | 1/29/2007 |
| ACE 2007-WM2 | A1 | I | 3/30/2007 |
| ACE 2007-SL1 | A1 | I | 3/02/2007 |
| ACE 2006-HE1 | A1A, A1B1, A1B2 | IA, IB, IB | 2/28/2006 |
| ACE 2007-HE2 | A1 | I | 3/8/2007 |
| **FHFA v. Bank of America Corp., et al. (Case No. 11-cv-6195)** | | | |
| ABFC 2006-HE1 | A1 | Group 1 | 12/14/2006 |
| ABFC 2007-WMC1 | A1A | Group 1 | 11/5/2007 |
| ABFC 2005-WMC1 | A1 | Group 1 | 9/30/2005 |
| **FHFA v. Citigroup Inc., et al. (Case No. 11-cv-6196)** | | | |
| CMLTI 2005-HE3 | A1 | Group 1 | 9/13/2005 |
| **FHFA v. Goldman, Sachs & Co., et al. (Case No. 11-cv-6198)** | | | |
| GSAMP 2005-WMC2 | A1A | I | 11/22/2005 |
| GSAMP 2005-WMC3 | A1A | I | 12/28/2005 |
| **FHFA v. Credit Suisse Holdings (USA), Inc., et al. (Case No. 11-cv-6200)** | | | |

| HEAT 2006-6 | 1A1 | 1 | 8/01/2006 |
|---|---|---|---|
| **FHFA v. Nomura Holding America, Inc., et al. (Case No. 11-cv-6201)** | | | |
| NHELI 2007-3 | IA1 | I | 4/30/2007 |
| **FHFA v. Merrill Lynch & Co., Inc., et al. (Case No. 11-cv-6202)** | | | |
| MLMI 2006-WMC1 | A1A | Group One | 2/14/2006 |
| MLMI 2006-WMC2 | A1 | Group One | 3/30/2006 |
| **FHFA v. Morgan Stanley, et al. (Case No. 11-cv-6739)** | | | |
| MSAC 2005-HE5 | A1 | I | 10/28/2005 |
| MSAC 2005-HE6 | A1 | I | 11/29/2005 |
| MSAC 2006-HE3 | A1 | I | 5/25/2006 |
| MSAC 2006-HE5 | A1 | I | 6/30/2006 |
| MSAC 2006-HE6 | A1 | I | 9/27/2006 |
| MSAC 2006-HE8 | A1 | I | 11/29/2006 |
| MSAC 2006-WMC2 | A1 | I | 6/28/2006 |
| MSAC 2007-HE5 | A1 | I | 4/26/2007 |
| MSAC 2007-HE7 | A1 | I | 9/28/2007 |
| MSC 2006-HE2 | A1 | I | 4/28/2006 |
| MSHEL 2005-4 | A1 | I | 11/29/2005 |
| **FHFA v. General Electric Company, et al. (Case No. 11-cv-7048)** | | | |
| GE-WMC 2005-1 | A1 | 1 | 9/28/2005 |
| GE-WMC 2005-2 | A1 | 1 | 12/19/2005 |

5.      The term "Subpoena" shall refer to this request for production of documents and the subpoena duces tecum served pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6.      The term "FHFA" shall refer to the Federal Housing Finance Agency and any director, officer, employee, representative, or agent thereof.

7.      The term "OFHEO" shall refer to the Office of Federal Housing Enterprise Oversight and any director, officer, employee, representative, or agent thereof.

8.     The term "Fannie Mae" shall refer to the Federal National Mortgage Association and any director, officer, employee, representative, or agent thereof.

9.     The term "Freddie Mac" shall refer to the Federal Home Loan Mortgage Corporation and any director, officer, employee, representative, or agent thereof.

## **Instructions**

1.     In construing the requests in this Subpoena (the "Requests"):  (i) the singular shall include the plural and the plural shall include the singular; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Subpoena all information that might otherwise be construed to be outside of its scope; (iii) the word "any" shall include, without limitation, "each and every"; and (iv) the terms "all" and "each" shall be construed as "all and each."

2.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the Subpoena all documents or other information that might otherwise be construed outside of its scope.

3.     In responding to the Requests, You shall produce all responsive documents in Your possession, custody, or control or in the possession, custody, or control of Your agents, employees, or other representatives.  A document shall be deemed to be within Your possession, custody, or control if You have the right to secure the document or a copy of the document from another person having possession, custody, or control of the document.

4.     The Requests are continuing in nature and You should promptly provide by supplemental production any document(s) discovered subsequent to the service of Your production that are responsive to the Requests.

5.      Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto.  If a document responsive to any of the Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.  If You withhold any document, or any portion of any document, under a claim of privilege, immunity or protection, including the attorney-client or work product doctrine, You shall provide a privilege log at the time of Your response to the Subpoena that sets forth the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and, to the extent applicable, Rule 26.2 of the Local Rules.

6.      If there are no documents responsive to any of the Requests, or no documents for one or more of the Securitizations referenced herein, please provide a written response so stating.

7.      Defendants are willing to meet and confer to discuss any additional information that You may need in order to identify documents, including Loan Files, that are responsive to the Requests.

8.      You must produce responsive documents as they have been kept in the usual course of business or shall organize or label them to correspond to the enumerated Requests.

9.      If, in responding to the Requests, You claim any ambiguity in interpreting a Request or a definition or instruction applicable thereto, You should not rely on such claim as a basis for refusing to respond, but You shall set forth the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

10.     In the event that You claim that any of the Requests is overly broad or unduly burdensome, You are requested to respond and produce documents responsive to any portion of the

5

Request that is unobjectionable.  Further, You are requested to specifically identify the respect in which You consider the Request to be overly broad or unduly burdensome.

11.    For purposes of the Requests, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

12.    In producing documents the following specifications should be used:

(a)    Documents should be produced in native format.

(b)    Documents may be delivered via FTP, or on CDs, DVDs or external USB hard drives to Michael Favretto at Boies, Schiller & Flexner LLP, 575 Lexington Avenue, 7th Floor, New York, New York 10022, mfavretto@bsfllp.com, or the address listed above for production.  Each media volume should have its own unique name and a consistent naming convention (e.g. ZZZ001 or SMITH001).

**Production Request**

1.      All Loan Files, as defined in Definition 3 above.

2.      All documents and communications relating to the loan origination guidelines or practices pursuant to which You originated any of the mortgage loans underlying or collateralizing the Securitizations that were included in the loan groups listed in the chart set forth in Definition 4, including but not limited to all documents relating to the circumstances applicable to whether exceptions to such guidelines or practices might be made.

3.      All communications between You and FHFA, OFHEO, Fannie Mae, or Freddie Mac during the period January 1, 2005 through December 31, 2008 concerning any of the following: (a) the Securitizations, (b) the mortgage loans underlying or collateralizing the Securitizations that were included in the loan groups listed in the chart set forth in Definition 4, or (c) Your loan origination guidelines or practices generally.

4.      All documents and communications concerning any OFHEO, FHFA, Fannie Mae, or Freddie Mac audit, inquiry, review, scorecard, "q.c.", operational review, origination/underwriting review, on-site visit, re-underwriting, testing, survey, or examination during the period January 1, 2005 through December 31, 2008, relating to Your loan origination guidelines or practices generally including documents sufficient to identify each individual who conducted the audit, inquiry or review.

5.      All documents concerning subpoenas or other demands or requests for documents or information made by FHFA, OFHEO, Fannie Mae, or Freddie Mac for Loan Files or other information related to the Securitizations or to the mortgage loans underlying or collateralizing the Securitizations, including but not limited to all responses thereto. These materials should be produced without regard to the certificates or supporting loan groups listed in the chart set forth in

7

Definition 4.

6.     Documents sufficient to identify the number and value of all mortgage loans sold by You to Fannie Mae or Freddie Mac with respect to any Fannie Mae or Freddie Mac securitization or whole loan purchase during the period January 1, 2005 through December 31, 2008.

7.     Documents sufficient to show the performance of any mortgage loans sold by You to Fannie Mae or Freddie Mac with respect to any Fannie Mae or Freddie Mac securitization or whole loan purchase during the period January 1, 2005 through December 31, 2008, including but not limited to any communications between You and Fannie Mae or Freddie Mac concerning such performance.

8.     Documents sufficient to identify the number and value of all mortgage loans previously sold by You to Fannie Mae or Freddie Mac with respect to any Fannie Mae or Freddie Mac securitization or whole loan purchase for which Fannie Mae or Freddie Mac or, in the case of a securitization, the securitization trustee, requested that You repurchase and/or putback the mortgage loan.

9.     Documents sufficient to identify each OFHEO, Fannie Mae, and Freddie Mac employee or agent who was physically present in any of Your facilities at any time from January 1, 2005 through December 31, 2008, including the dates of each such visit by each such person.