# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FIRST HORIZON NATIONAL CORPORATION, FIRST TENNESSEE BANK NATIONAL ASSOCIATION, FTN FINANCIAL SECURITIES CORPORATION, FIRST HORIZON ASSET SECURITIES, INC., UBS SECURITIES LLC, J.P. MORGAN SECURITIES  LLC, CREDIT SUISSE SECURITIES (USA) LLC (f/k/a CREDIT SUISSE FIRST BOSTON LLC), MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., GERALD L. BAKER, PETER F. MAKOWIECKI, CHARLES G. BURKETT, and THOMAS J. WAGEMAN,<br><br>Defendants. | No. 11-cv-6193 (DLC) |

## NOTICE OF NON-PARTY DISCOVERY

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, the undersigned will serve the attached subpoena upon MetLife Bank, National Association.

Dated:  August 23, 2012
       New York, New York

Respectfully submitted,

/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  212-558-4000
Facsimile:  212-558-3588

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:  202-956-7500
Facsimile:  202-956-6993

*Attorneys for Defendants First Horizon National Corporation, First Tennessee Bank National Association, FTN Financial Securities Corporation, First Horizon Asset Securities, Inc., Gerald L. Baker, Peter F. Makowiecki, Charles G. Burkett, and Thomas J. Wageman*

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| Federal Housing Finance Agency, etc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-cv-6193 (DLC) |
| First Horizon National Corporation, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) |                                                         ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   MetLife Bank, National Association
      1095 Avenue of the Americas, New York, NY 10036

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Sullivan & Cromwell LLP 125 Broad Street New York, NY 10004 | Date and Time: 09/24/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ____08/23/2012____

|  CLERK OF COURT | | |
|---|---|---|
| | OR | *B___ E. Clark* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
First Horizon National Corporation, et al. _____ , who issues or requests this subpoena, are:

Bruce E. Clark, Sullivan & Cromwell LLP
125 Broad Street, New York, NY 10004
(212) 558-4000; clarkb@sullcrom.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  11-cv-6193 (DLC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

Documents Requested

1.      All documents requested in the FHFA Subpoena.

2.      All communications between You or FHHLC and FHFA, OFHEO, Fannie Mae or Freddie Mac during the period June 30, 2005 through September 2, 2007 concerning any of the following:  (a) the Securitizations, (b) the mortgage loans underlying or collateralizing the Securitizations, or (c) Your loan origination guidelines or practices generally.

3.      All documents and communications concerning any OFHEO, FHFA, Fannie Mae or Freddie Mac audit, inquiry, review, scorecard, "q.c.", operational review, origination/underwriting review, on-site visit, re-underwriting, testing, survey, or examination during the period June 30, 2005 through September 2, 2007, relating to FHHLC's loan origination guidelines or practices generally including documents sufficient to identify each individual who conducted the audit, inquiry or review.

4.      Documents sufficient to identify the number and value of all mortgage loans sold by FHHLC to Fannie Mae or Freddie Mac with respect to any Fannie Mae or Freddie Mac securitization or whole loan purchase during the period June 30, 2005 through September 2, 2007.

5.      All documents concerning the performance of any mortgage loans sold by FHHLC to Fannie Mae or Freddie Mac with respect to any Fannie Mae or Freddie Mac securitization or whole loan purchase during the period June 30, 2005 through September 2, 2007, including but not limited to any communications between You and Fannie Mae or Freddie Mac concerning such performance.

6.      Documents sufficient to identify the number and value of all mortgage loans sold by FHHLC to Fannie Mae or Freddie Mac with respect to any Fannie Mae or Freddie Mac securitization or whole loan purchase for which Fannie Mae or Freddie Mac or, in the case of a securitization, the securitization trustee, requested that FHHLC repurchase and/or putback the mortgage loan.

7.      Documents concerning each occasion when any OFHEO, Fannie Mae, or Freddie Mac employee or agent was physically present in any of FHHLC's facilities at any time from June 30, 2005 through September 2, 2007, including the dates of each such visit by each such person.

**Definitions**

1.      The following definitions will apply to this Subpoena.  Notwithstanding any definition stated below, each word, term, or phrase used in this document is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2.      The term "FHHLC" shall refer to the entity formerly known as First Horizon Home Loan Corporation, including assets formerly owned by FHHLC and/or First Tennessee Bank National Association that were purchased by You pursuant to an asset purchase agreement between MetLife Bank, National Association and First Tennessee Bank National Association.

3.      The term "FHFA" shall refer to the Federal Housing Finance Agency and any director, officer, employee, representative, or agent thereof.

4.      The term "OFHEO" shall refer to the Office of Federal Housing Enterprise Oversight and any director, officer, employee, representative, or agent thereof.

5.      The term "Fannie Mae" shall refer to the Federal National Mortgage Association and any director, officer, employee, representative, or agent thereof.

6.      The term "Freddie Mac" shall refer to the Federal Home Loan Mortgage Corporation and any director, officer, employee, representative, or agent thereof.

7.      The term "FHFA Subpoena" shall refer to the subpoena served on MetLife Bank, National Association by FHFA on August 20, 2012.

8.      The term "Certificates" shall refer to certificates purchased by Fannie Mae or Freddie Mac in the following tranches of the following securitizations:  First Horizon Alternative Mortgage Securities Trust ("FHAMS") 2005-AA9, tranche II-A-1, FHAMS 2005-

AA10, tranche I-A-1, FHAMS 2005-AA11, tranche I-A-1, FHAMS 2005-AA12, tranche II-A-1 and FHAMS 2006-AA1, tranche I-A-1.

     9.     The term "Mortgage Loans" shall refer to the loans that may collateralize the Certificates, loan numbers for which have been provided in electronic form with this Subpoena.

     10.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

     11.     The term "concerning" shall mean, directly or indirectly, mentioning, discussing, describing, referring to, relating to, commenting on, evidencing, constituting, touching upon or being connected with, in any way, the stated subject matter.

     12.     The term "document" is defined as it is in Federal Rule of Civil Procedure 34(a) ("including writings, drawings, graphs, charts, photographs, sound recording, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form").

     13.     The terms "You" and "Your" shall refer to Metlife Bank, National Association and any other person or entity acting under its direction or control on its behalf.

     14.     The term "Subpoena" shall refer to this request for production of documents and the *subpoena duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure by which it was served on You.

## Instructions

1.      In construing the request in this Subpoena ("Request"):  (i) the singular shall include the plural and the plural shall include the singular; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Subpoena all information that might otherwise be construed to be outside of its scope; (iii) the word "any" shall include, without limitation, "each and every"; and (iv) the terms "all" and "each" shall be construed as "all and each."

2.      In responding to the Request, You shall produce all responsive documents that are in Your possession, custody or control or in the possession, custody, or control of Your agents, employees, or other representatives, including to the extent you received such documents as a result of an asset purchase agreement between MetLife Bank, National Association and First Tennessee Bank National Association.  A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3.      The Request is continuing in nature, and You should promptly provide by supplemental production any documents discovered subsequent to the service of Your production that would have been included in the production had they been previously identified whenever You find, locate, acquire, create, or become aware of such documents.

4.      Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto.  If a document cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

5.     If there are no documents responsive to the Request, or no documents for one or more of the Securitizations referenced in the Request, please provide a written response so stating.

6.     If any document currently is not available and is in the possession of another party, identify the Person or Persons from whom the document may be obtained.

7.     You must produce responsive documents as they have been kept in the usual course of business or shall organize or label them to correspond to the enumerated requests of this demand. If there are no documents responsive to the Request, you must so state in writing.

8.     If you withhold any document, or any portion of any document, under a claim of privilege, immunity or protection, including the attorney-client privilege or work product doctrine, you shall provide a written privilege log that sets forth the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Civil Rules of the United States District Court for the Southern District of New York.

9.     If, in responding to the Request, You claim any ambiguity in interpreting a Request or a definition or instruction applicable thereto, You should not rely on such claim as a basis for refusing to respond, but You shall set forth as part of Your response to such Request, the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

10.     In the event that You claim that a Request is overly broad or unduly burdensome, You are requested to respond to that portion of the Request that is unobjectionable and specifically identify the respect in which You consider the Request to be overly broad or

unduly burdensome.  If Your objection relates only to part of the Request, produce all documents or other information that does not fall within the scope of Your objection.

11.     For purposes of the Request, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

12.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the Subpoena all documents or other information that might otherwise be construed outside of their scope.

13.     The following specifications should be used:

(a)     Documents should be produced in native format.

(b)     Documents may be delivered to Amanda Davidoff at Sullivan & Cromwell LLP, 1701 Pennsylvania Avenue, NW, Washington, D.C. 20006, on CDs, DVDs or external USB hard drives.  Each media volume should have its own unique name and a consistent naming convention (e.g. ZZZ001 or SMITH001).