## quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7243**

WRITER'S INTERNET ADDRESS
christinechung@quinnemanuel.com

October 28, 2012

**VIA ELECTRONIC MAIL**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. Bank of America Corp., et al.*, 11 Civ. 6195 (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write on behalf of Plaintiff FHFA, as Conservator for Fannie Mae and Freddie Mac (together, the "GSEs"), to request permission to file a motion for protective order compelling the Bank of America Defendants ("BAC") to withdraw the subpoenas it served on the SEC and Zuckerman Spaeder, LLP, counsel for Patricia Cook, Freddie Mac's former Chief Business Officer. (Tabs 1, 2). Frustrated with the Court's limit on discovery from FHFA, BAC subpoenaed from the SEC all documents—over 100 million pages—that the GSEs produced to the SEC (and that the SEC reproduced to the defendants, including Cook, in *SEC v. Syron et al.*, No. 11 CIV 9201 (S.D.N.Y. Dec. 16, 2011) and *SEC v. Mudd et al.*, No. 11 CIV 9202 (S.D.N.Y. Dec. 16, 2011). BAC has refused to withdraw or narrow those subpoenas. We are informed that the SEC and Zuckerman Spaeder will be serving objections to the subpoenas on October 29, 2012.

**The Subpoenas Seek Privileged Documents.** The issuance of a protective order is warranted because a significant number of documents sought by BAC are privileged. *See Nicholls v. Philips Semiconductor Mfg.*, 2009 WL 2277869, at *1 (S.D.N.Y. July 27, 2009) (party may seek protective order before presiding court to protect privileged information sought by subpoena served in a different district). Responsive documents include 51,000 documents related to regulatory examinations of the GSEs which are protected by the bank examination privilege. *See Bank of China v. St. Paul Mercury Ins. Co.*, 2004 WL 2624673, at *4 (S.D.N.Y. Nov. 18, 2004) (bank examination privilege "is intended to protect the integrity of the regulatory process by privileging" communications regarding agency opinions and recommendations).

**BOA Subpoenaed FHFA Documents That The Court Ruled Were Not Discoverable.** Under Rule 26(c), for good cause shown, a Court may forbid or limit discovery sought, including

discovery sought by Rule 45 subpoenas issued in other districts. Fed. R. Civ. P. 26(c); *Devlin v. Transp. Comm. Int'l Union*, Nos., 2000 WL 249286, at *1-2 (S.D.N.Y. Mar. 6, 2000) (Francis, M.J.) (issuing protective order limiting scope of Rule 45 subpoena issued in the District of Columbia); *see also Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 162 F.R.D. 25, 28 (S.D.N.Y. 1995) (ruling on relevance of discovery requested in non-party subpoena issued in another district). A "party's discovery rights [in other districts] can rise no higher than their level in the district of the trial." *Static Control Comp., Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434-35 (M.D.N.C. 2001). When, as here, the subpoenas seek documents that the presiding court has determined are not discoverable, good cause exists for entry of a protective order.

BAC's subpoena circumvents the Court's order limiting discovery from one government agency, FHFA, by seeking the same documents from another agency, SEC. At the July 31 conference, BAC's counsel argued that documents from the GSEs' single family line of business should be discoverable. *E.g.*, July 31, 2012 Tr. at 102:4-11 ("Mr. Bennett: I wasn't clear. We certainly are arguing that documents that never went, if there are any, never went from the home loan side to the PLS side are relevant, for a number of reasons.") (Tab 3). The Court rejected that argument: "We have finished argument on the issue. It's late. Thank you so much, but those documents I will not order produced for all the reasons I have just described." *Id.*; *see id.* at 98:7-102:11. The Court found FHFA's single family documents discoverable only if shared with the PLS businesses; which documents FHFA is producing. *Id.* at 100:20-101:1. Weeks later, BAC subpoenaed from SEC and Zuckerman Spaeder all documents *produced by FHFA, OFHEO, and the GSEs* in the *Syron* and *Mudd* cases and in the investigations that led to them.[1] *Syron* and *Mudd,* however, are not related to the claims or defenses in this case. The claims brought against former GSE executives relate to the adequacy of the GSEs' disclosures *concerning certain single family loans*. *Mudd* Compl. ¶¶ 4, 9 and *passim* (Tab 4); *Syron* Compl. ¶¶ 28-30 and *passim* (Tab 5). This end run around the Court's discovery limits constitutes good cause to compel withdrawal of the subpoenas. *Rajala v. McGuire Woods, LLP*, 2010 WL 4683979, *7 (D. Kan. Nov. 12, 2010) (holding, in the context of a subpoena issued from another district, that "[t]his Court has the obligation to insure that another district does not broaden the scope of discovery beyond what would be allowed in this Court").

BAC's subpoenas also circumvent the long-settled custodian lists and search terms that were extensively negotiated. FHFA agreed, at Defendants' urging, to apply search terms to millions of pages of documents collected from over 110 custodians, 40 of whom were also custodians whose documents were collected for the SEC investigations, including Patricia Cook, Don Bisenius, and Enrico Dellavecchia (each a named-defendant in *Syron* or *Mudd*). [Appendix 1 identifies those common custodians.] FHFA's search for responsive documents *in these Actions includes* a search of documents collected from these common custodians in connection with the SEC investigation. By seeking from third parties a production of FHFA documents far beyond that to which BAC (and the other defendants) agreed, the subpoenas render the parties' prior agreements a nullity. Where, as here, the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," the Court "must limit the frequency or extent of discovery." Fed. R. Civ. P. 26(b)(2)(C)(i).

---

[1] BAC seeks "[a]ll documents provided to [SEC] by FHFA [OFHEO, Freddie Mac, Fannie Mae] pursuant to any subpoena, or formal or informal request of any kind, issued in the *Syron* [*Mudd*] Litigation or during the course of any investigation relating to or leading to the *Syron* [*Mudd*] Litigation." Tab 1 at 7-8 (Request Nos. 5-12). BAC also seeks "[a]ll documents provided to [Zuckerman Spaeder] or Your client [Cook] by the SEC [FHFA, OFHEO, Fannie Mae or Freddie Mac] or any other plaintiff in the *Syron* litigation." Tab 2 at 6 (Request Nos. 1-5); *see* Tab 1 at 7 (Request No. 1-2) (seeking the same documents).

If the Court would find it helpful, we are available for a conference and to provide further briefing on the issues raised above to assist the Court.

Respectfully submitted,


/s/ Christine H. Chung

Christine H. Chung (christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Bank of America Corp.*

 cc:  All Counsel of Record (via Email)

**Appendix 1**

| **Freddie Mac** | **Fannie Mae** |
|---|---|
| David Andrukonis | Kin Chung |
| Mike Aneiro | Enrico Dellavecchia |
| Don Bisenius | Ramon de Castro |
| Patty Cook | David Gussmann |
| Bob Cope | John Ingram |
| Peter Federico | Pam Johnson |
| Jim Feenick | Adolfo Marzol |
| Ron Feigles | Peter Niculescu |
| Doc Ghose | William Quinn |
| Scott Haymore | Pie-Chung Shen |
| Adama Kah | Mark Winer |
| Gary Kain | |
| Dave Kellerman | |
| Lenore Stanton Kelly | |
| Chris Kuehl | |
| Jan Luytjes | |
| Michael Lynch | |
| Jack Myers | |
| Masato Nakagawa | |
| Aaron Pas | |
| Ron Ratcliffe | |
| Ray Romano | |
| Anurag Saksena | |
| Manoj Singh | |
| Bob Tsien | |
| Doug White | |
| Paige Wisdom | |
| Bruce Wood | |
| Xiang Xie | |

04250.61937/5031241.8