LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD J. BENNETT
(202) 434-5083
ebennett@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 5, 2012

Via E-mail

The Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:   *FHFA Litigation Actions*

Dear Judge Cote:

I write on behalf of the Bank of America and Merrill Lynch entity defendants to request that this Court decline FHFA's invitation to intervene in the subpoenas that Bank of America served on Patricia Cook, Freddie Mac's former Chief Business Officer, and the Securities and Exchange Commission. This Court should decline FHFA's request to intervene for three reasons.

First, Bank of America is working constructively with counsel for Ms. Cook and the SEC to reach a reasonable response to the subpoenas. Neither Ms. Cook nor the SEC has sought a protective order in the District of Columbia, where the subpoenas were issued. Instead, Bank of America and counsel for Ms. Cook and the SEC are pursuing a cooperative resolution to the subpoenas. This Court need not intervene because a reasonable response to the subpoenas—without undue burden to the third-parties—can be reached.

Second, the documents Bank of America seeks are relevant. Last year the SEC sued top executives at Fannie Mae and Freddie Mac, including Ms. Cook (after settling with the GSEs as part of an investigation that FHFA admits is relevant to these matters). The SEC alleged that the GSEs were aware of the risks inherent in subprime mortgages in which the GSEs invested, but failed to disclose these risks to investors. Bank of America's subpoenas seek documents produced by the GSEs to the SEC in the relevant litigations, *SEC* v. *Syron*, No. 11 Civ. 9201 (S.D.N.Y. Dec. 16, 2011) and *SEC* v. *Mudd*, No. 11 Civ. 9202 (S.D.N.Y. Dec. 16, 2011).

Third, the documents sought are not privileged. FHFA argues that the subpoenas seek documents protected by the bank examination privilege and documents "that the Court ruled were not discoverable". (10/28/12 Letter from Christine Chung to the Court.) FHFA overreaches. With respect to the bank examination privilege, the subpoenas seek documents that were produced in other litigations, including to private parties. Furthermore, no statute,

regulation or case creates an FHFA examination privilege.[1] FHFA is not a regulator of federally insured banks and, unlike banking regulators, is required to issue public reports regarding "the financial safety and soundness of [Fannie Mae and Freddie Mac], including the results and conclusions of the annual examinations" of those entities, 12 U.S.C. § 4521(a)(2). In other words, FHFA is required by federal law to make public the very kind information protected from disclosure—for those agencies to which the privilege applies—by the bank examination privilege (i.e. "agency opinions and recommendations").[2] Similarly, as addressed by the Court at the October 15, 2012 hearing, FHFA overreaches when it mischaracterizes this Court's earlier guidance on inter-party discovery as precluding discovery from third-parties that touches on "single-family" issues.

Because a reasonable resolution to the subpoenas can likely be reached, the documents at stake are relevant, and privilege should not be an issue, the Court should decline FHFA's invitation to intervene in Bank of America's subpoena. Third parties, not FHFA, should determine how to respond to these subpoenas.

Very respectfully,

*/s/ Edward Bennett*

Edward Bennett

---

[1] The bank examination privilege is traditionally invoked by federal financial regulators to protect from disclosure agency opinions and recommendations concerning the banks they oversee. *See, e.g., Bank of China v. St. Paul Mercury Ins. Co.*, No. 03-Civ-9797, 2004 WL 2624673, at *4 (S.D.N.Y. Nov. 18, 2004) (recognizing OCC bank examination privilege); *In re Bankers Trust Co.*, 61 F.3d 465,471-72 (6th Cir. 1995) (recognizing Federal Reserve bank examination privilege); *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-cv-1696, 2012 WL 1357502, at *8 (recognizing FDIC bank examination privilege).

[2] Notably, FHFA asserted the bank examination privilege in one of the cases related to the subpoena at issue, *SEC v. Syron, et al.*, No. 11 Civ. 9201 (RJS) (S.D.N.Y.). The *Syron* court found that FHFA—which conceded that it had not reviewed the documents to which it claimed the privilege applied—had "not made the showing necessary to establish that the documents in question are subject to the bank examination privilege." *Syron*, No. 11 Civ. 9201 (RJS), Order at *3 (S.D.N.Y. July 17, 2012) (denying FHFA's motion for a protective order but indicating it would enter a narrower order prohibiting disclosure of certain documents to third parties).