**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7243**

WRITER'S INTERNET ADDRESS
**christinechung@quinnemanuel.com**

November 8, 2012

VIA ELECTRONIC MAIL

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. Bank of America Corp.*, *et al.*, 11 Civ. 6195 (DLC) (S.D.N.Y.)

Dear Judge Cote:

   We write on behalf of Plaintiff, the Federal Housing Finance Agency ("FHFA"), as Conservator for Fannie Mae and Freddie Mac (together, the "GSEs"), pursuant to the Court's invitation, to provide authority supporting two related propositions that address the Court's question regarding its standing to issue a Protective Order, at FHFA's request, directing Defendant Bank of America to withdraw the subpoenas it issued to the Securities and Exchange Commission ("SEC") and Patricia Cook.

   Irrespective of the requirement of Fed. R. Civ. P. 45(c)(3) that a motion to quash be brought in the district from which a subpoena issues, the presiding trial court retains "the authority and responsibility to control the broad outline and scope of discovery in the case" under Fed. R. Civ. P. 26(c).  *Rajala v. McGuire Woods, LLP*, 2010 WL 4683979, at *7 (D. Kan. Nov. 12, 2010); *see also Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434-35 (M.D.N.C. 2001) (holding that Rule 45(c) "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery"); *Straily v. UBS Fin. Servs., Inc.*, 2008 WL 5378148, at *2 (D. Colo. Dec. 23, 2008) (same); *Platinum Air Charters, Inc. v. Aviation Ventures, Inc.*, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007) (same); Fed. R. Civ. P. 26(c)(1) (a court may issue an order, at the

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543  | TEL (213) 443-3000  FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788  | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139  | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400  | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom  | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan  | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany  | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia  | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany  | TEL +49 40 89728 7000  FAX +49 40 89728 7100

request of a party or person, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

   Pursuant to Rule 26(c), a party has standing to move for a protective order seeking to quash or modify a third-party subpoena.  *See, e.g.*, *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (construing a party's motion to quash as a Rule 26(c) motion for a protective order, and granting, in part, Defendant's request to narrow the subpoenas based on overbreadth), *on reconsid.*, 232 F.R.D. 6 (D.D.C. 2005); *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007) (holding that notwithstanding a party's lack of standing to move to quash a subpoena, it may seek a Rule 26(c) protective order where its own interests are jeopardized or subpoena seeks irrelevant material); *In re REMEC, Inc. Sec. Litig.*, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) (recognizing as a "sound principle of law" that a party has standing under Rule 26(c) to seek a protective order regarding subpoenas that seek irrelevant information or jeopardize the party's own interests).

   If the Court would find it helpful, we are available for a conference or would be pleased to provide further briefing on the issues raised above.

Respectfully submitted,

 /s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Bank of America Corp.*

cc:  All Counsel of Record (via email)