LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

STEVEN M. CADY
(202) 434-5321
scady@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 8, 2012

Via E-mail

The Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

    Re:    *FHFA Litigation Actions*

Dear Judge Cote:

    I write on behalf of the Bank of America and Merrill Lynch entities regarding subpoenas that Bank of America served on Patricia Cook, Freddie Mac's former Chief Business Officer, and the Securities and Exchange Commission. Both subpoenas were issued out of and served within the District of Columbia. The Court is correct that FHFA does not have standing to quash Bank of America's subpoenas to these third-parties. As the Court noted at the November 6, 2012 hearing:

> [T]o cut to the chase on this one, I think I need a motion to quash. I may never get a motion to quash. If I don't get a motion to quash, I think then FHFA's only standing with respect to a challenge here is with respect to privilege.

11/6/2012 Tr. at 55. The Court specifically rejected FHFA's contention that it should be permitted to quash the out-of-jurisdiction non-party subpoenas because the documents may have at one time come from Fannie Mae and Freddie Mac:

> No, I don't want a motion on that point. Your documents had ended up in the hands of third parties and they are now subject to a subpoena.

Id. at 56. The Court should decline to make an exception for FHFA where none exists in the law.

    First, Rule 45(c)(3) makes clear that only the "issuing court" may quash or modify a subpoena. See, e.g., Westernbank Puerto Rico v. Kachkar, No. 07-1606, 2009 WL 856392, at *2 (S.D.N.Y. Mar. 27, 2009); 9A Wright & Miller, Fed. Practice & Procedure § 2463.1 (3d ed.).

    Second, it is black letter law that "a party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004); see also 9A Wright & Miller § 2457 (3d ed.); cf. United States v. Chen De Yian, No. 94 Cr. 719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. October 19, 1995) (Cote, J.) (explaining, in criminal context, that a party may have "standing to quash a subpoena issued against a third party if it can show it has a legitimate interest"); In re Rhodes Companies, LLC, 475 B.R. 733, 738 (D. Nev. 2012) ("[T]he 'legitimate interest' rule applies to criminal subpoenas, and does not apply to a motion to quash brought under Rule 45.").

FHFA has not established a valid claim of personal privilege. A party seeking to challenge a third-party subpoena on the basis of personal privilege "bears the burden of establishing its applicability, and that burden is a heavy one, because privileges are neither lightly created nor expansively construed." Samad Bros., Inc. v. Bokara Rug Co. Inc., No. 09 Civ. 5843, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010). Blanket assertions are insufficient. Instead, the party seeking to challenge the third-party subpoena must "show that the privilege applies to each communication for which it is asserted." Id. (internal quotation marks omitted); see Amobi v. District of Columbia Dept. of Corrections, 257 F.R.D. 8, 10 (D.D.C. 2009) (holding that mere assertion of privilege did not confer standing to challenge third-party subpoena where party clearly had no right to privilege asserted). In this case, FHFA's claim of a personal bank examination privilege is an overreach. The bank examination privilege is a statutory privilege that was created for bank regulatory entities. See 12 C.F.R. § 4.15. FHFA is not a regulator of federally insured banks and the GSEs are not federally insured financial institutions.

FHFA has no valid claim of personal right. A party seeking to challenge a third-party subpoena on the basis of a personal right can do so only to vindicate privacy interests. See Church v. Dana Kepner Co., Inc., No. No. 11-cv-02632, 2012 WL 5381561, at *1 (D. Colo. Nov. 1, 2012) (stating rule that "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege or upon a showing that there is a privacy interest applicable"); Sunlust Pictures, LLC v. Does 1–75, No. 12 C 1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) (noting two exceptions to rule that party has no standing to quash non-party subpoena are privilege and "instances where, as here, the subpoena implicates a party's privacy interests"). For example, courts allow parties to challenge third-party subpoenas that would result in the production of employment records, Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010); medical and psychiatric records, Jacobs v. Connecticut Comty. Tech. Coll., 258 F.R.D. 192, 195 (D. Conn. 2009); and financial records, Khouj v. Darui, 248 F.R.D. 729, 732 n. 6 (D.D.C. 2008) (citing Griffith v. United States, No. M8-85, 2007 WL 1222586, at *1 (S.D.N.Y. April 25, 2007)). No such privacy interests apply here.

Third, there is no exception for documents that may be burdensome for a non-party to produce. Samad Bros., 2010 WL 5094344, at *4 ("[T]he plaintiff cannot do indirectly what it cannot do directly, namely, challenge the subpoena served on non-party witness Kapoor based on Kapoor's interest in being free from undue burden."). At any rate, the non-parties have not sought judicial relief from Bank of America's subpoenas. Similarly, there is no exception for documents that create additional burden for a party to review. If there were, it would completely reverse the ordinary rule regarding standing to challenge third-party subpoenas. Moreover, the production will have no effect on the progress of these actions, and it creates no burden on FHFA. FHFA produced the documents; it knows what is in them. And FHFA retains the right to challenge relevancy of evidence at summary judgment or trial.

Fourth, Rule 26(c) does not confer standing where there is none. By its terms, Rule 26(c) is limited to "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." No such causes are implicated here.

FHFA has no standing to quash Bank of America's subpoena to non-parties. The Court is correct to decline FHFA's invitation to do so.

Respectfully submitted,

  /s/ Steven M. Cady
Steven M. Cady