MAYER·BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

October 29, 2012

**Reginald R. Goeke**
Direct Tel +1 202 263 3241
Direct Fax +1 202 263 5241
rgoeke@mayerbrown.com

Honorable Denise L. Cote
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1610
New York, NY  10007-1312

Re:     *FHFA v. Ally Financial, Inc., et al.*, No. 11-CV-7010 (DLC)

Dear Judge Cote:

       We write on behalf of Ally Financial Inc. ("AFI") and GMAC Mortgage Group Inc.
("GMACM Group") in response to the October 26, 2012 letter from FHFA.  In that letter, FHFA
complains that AFI – a company with no involvement in any of the Securitizations at issue – has
few relevant custodians, and is unable to produce documents held by the ResCap Debtors.
Neither of these issues is new or meritorious.  Nor is there any merit to FHFA's suggestion that
AFI has "stonewalled" FHFA's discovery.  AFI is producing a substantial volume of documents,
and has continued to work with FHFA to identify potential sources of additional information.

       AFI did not issue, underwrite or originate any of the Securitizations at issue, and was not
in the typical parent-subsidiary oversight position of the ResCap Debtors due to an Operating
Agreement that restricted AFI's role with respect to ResCap.  As a result, very few AFI
employees had any meaningful interaction with the ResCap Debtors.   Further, given that FHFA
delayed bringing its case for years, most of the individuals who FHFA has requested have long
since left the company.  Thus, AFI has little available data regarding the acts alleged by FHFA.
After having named James Young in its initial disclosures, AFI agreed in July to add three
additional custodians requested by FHFA.  Further investigation, however, disclosed that for two
of those individuals AFI had no data.  Although AFI had no obligation to inform FHFA about the
available volume of data, AFI nonetheless voluntarily notified FHFA that for certain of the
custodians FHFA identified, it appeared there would be little or no data available.

       AFI has continued to work with FHFA to identify additional potential custodians.  AFI
agreed this past week to add six current employees as custodians (though AFI believes they will
have little relevant information), and to conduct a further investigation about the potential
existence of data for five former employees.  AFI also agreed to FHFA's request (made on
October 22) to search the files of Bill Muir, current president of AFI's auto finance business,
even though there is no reason to believe he ever played any role in ResCap's mortgage business.

       Although FHFA now complains about the paucity of custodians, it has known of that fact
since June.  And AFI is going to great lengths to make available additional custodians, despite
the fact that the burden of doing so likely far outweighs any benefits.  While FHFA complains

Hon. Denise L. Cote
October 29, 2012
Page 2

about the modest volume of documents produced, AFI told FHFA on Thursday that a significant production would be forthcoming. Indeed, before FHFA submitted its letter on Friday AFI produced 3500 pages, and today AFI is producing another 76,212 pages, bringing its total production to 81,284 pages.

FHFA's principal complaint is that AFI is not producing emails from custodians at the Debtors – a fact known to FHFA since June. FHFA complains, for example, that AFI did not agree to search the 38 ResCap custodians identified in AFI's initial disclosures served in June, and did not add Debtor custodians requested in August. FHFA has known since June that AFI does not have control of documents in the possession of the Debtor. Despite being directed twice to seek Debtor documents from the Bankruptcy Court, FHFA never requested these email files from the Debtor. In any event, FHFA makes no attempt to show, let alone provide evidence, that AFI has possession, custody or control over any of the Debtors' email. Those emails are in the Debtor's possession, and the Bankruptcy Court already indicated its reluctance (during the September 11, 2012 hearing) to even address the production of such emails. Nonetheless, AFI has offered, prior to FHFA's letter to this Court on Friday, to join with FHFA in requesting such emails in the event the Bankruptcy Court permits production of such documents.

FHFA's remaining complaints are similarly unfounded. FHFA complains that AFI had not agreed to produce information for some additional custodians it identified. But FHFA first identified those custodians on October 22. Within three days of that request, AFI had agreed to produce documents from two of those custodians (where AFI had data), and to look for data from two others. But AFI informed FHFA that many of the proposed custodians could not be found on AFI's servers, and some of those custodians had been employees of third parties including General Motors and Cerberus, and were not AFI employees.

Similarly, FHFA complains that AFI is limiting the production of documents from the files of Mr. Young. Not so. AFI is producing all of the documents of Mr. Young over which AFI has possession and control, and has reviewed over 42,000 of his documents. FHFA further complains about the "destruction" of ESI for two identified custodians. Those custodians departed AFI in 2008. Per policy, their emails were backed up for 35 days. This is consistent with Freddie Mac's own policies.

Finally, FHFA contends that AFI only recently began its collection of documents. This is groundless. The large volume of documents produced today demonstrates otherwise. That AFI is *continuing* to collect documents based on FHFA's ever-growing list of document requests and custodians should be no surprise. FHFA waited until the end of August to serve two sets of document requests significantly increasing the scope of requested information. Further, FHFA made a new request only two weeks ago to expand the date range for certain AFI custodians. And AFI agreed this past week to expand its list of custodians based on further discussions with FHFA. AFI's willingness to cooperate on each of FHFA's increasing demands demonstrates that AFI is not in any way "stonewalling" FHFA, and is in fact bending over backwards to prove a negative: AFI had no involvement in any of the Securitizations at issue in this case.

Hon. Denise L. Cote
October 29, 2012
Page 3


Respectfully Submitted,


  //Reginald Goeke
Reginald R. Goeke
rgoeke@mayerbrown.com
MAYER BROWN LLP
1999 K Street NW
Washington DC 20006
(202) 263-3241

*Counsel for Ally Financial Inc. and GMAC Mortgage Group Inc.*