**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL: (202) 538-8000 FAX: (202) 538-8100

November 6, 2012

**VIA ELECTRONIC MAIL**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

    Re:    FHFA Actions

Dear Judge Cote:

For the convenience of the Court, Plaintiff FHFA respectfully submits a written response to the Defendants' request for an order overruling FHFA's claim of privilege as to witness interview memoranda prepared by counsel for a Special Litigation Committee of the Board of Directors of Freddie Mac and compelling their production. FHFA had no notice that Defendants were going to present this issue for decision, so it did not address this issue in its submission.

**Any Record of Witness Interviews Conducted by Counsel for Freddie Mac's Special Litigation Committee Is Privileged.**

The Court should deny Defendants' request because witness interview memoranda at issue were prepared by counsel for Freddie Mac's Special Litigation Committee ("SLC") during the course of an internal investigation. Communications to counsel in connection with an investigation and records of those communications are protected from disclosure in discovery by the work product doctrine and the attorney-client privilege. *Upjohn Co. v. U.S.*, 449 U.S. 383, 394, 397, 399 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes.") (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)); *Gruss v. Zwirn*, 276 F.R.D. 115, 129-30 (S.D.N.Y. 2011).

Freddie Mac's Board of Directors formed a Special Litigation Committee to conduct an internal investigation into alleged wrongdoing at Freddie Mac ("FRE") in response to shareholders' demand letters. FHFA assumed the responsibilities of the SLC when it became Conservator of FRE and by law succeeded to the powers and responsibilities of FRE's Board. That investigation included interviews with various witnesses by counsel. Though no Defendant appears to challenge the privileged status of these documents, relying instead on waiver arguments, FHFA would be happy to provide the Court with declarations supporting the underlying privilege.

**Because The Witness Statements Were Never Publicly Disclosed, No Waiver Occurred.**

Defendants' suggestion that FHFA waived privilege over these interview memoranda through public disclosure is simply wrong. No public disclosure of the memoranda, or of the privileged communications underlying the memoranda, has ever occurred. In February 2011, the SLC completed a report supporting its decision not to pursue the shareholders' demands. (Ex. JJ to

Defendants' Nov. 5, 2012 Submission Regarding Pending and New Applications ("Defendant's Submission").) While that report was filed publicly in support of a motion to dismiss, *see In re Federal Home Loan Mortgage Corp. Deriv. Litig.*, No. 08 Civ. 773 (E.D. Va.) (Docket No. 138), no witness interview memoranda were publicly filed with that motion.  *See* Shane Dec. Ex. JJ.  Because no public disclosure of privileged communications occurred, no waiver occurred.

That the SLC's report was based, in part, on facts learned through the privileged interviews, is irrelevant.  The public filing of a report based, in part, on witness interviews, and which contains facts obtained from witness interviews, does not waive the privilege as to counsel's memoranda of those interviews.  *Gruss*, 276 F.R.D. at 139 (where a party "may have originally learned of some of these alleged facts through the internal investigations, their later reference to those facts does not waive the privilege in the communications whereby they gained that knowledge, any more than an assertion of privilege in a particular attorney-client communication protects against disclosure of the underlying facts by those who communicated with the attorney.") (citations omitted); *id*. at 140.  Even if facts learned through privileged interviews were disclosed in the publicly filed SLC report, that would not waive the privilege as to the underlying communications with investigating counsel that took place during those interviews.  *Id.*

The authority cited by Defendants is inapposite.  In *Immigration Project of the National Lawyers Guild v. United States Dep't of Homeland Security*, 842 F. Supp. 2d 720 (S.D.N.Y. 2012), the court found that the Office of the Solicitor General waived privilege for FOIA purposes when it represented to the Supreme Court the existence of a U.S. Government immigration policy that appeared solely in a 4-page e-mail and nowhere else.  Here, Defendants have made no showing that information about the GSEs' PLS practices are exclusively in the witness interview memoranda.  To the contrary, this broad issue is the subject of massive document discovery (and future deposition discovery) that is ongoing.  Further there has been no public disclosure of the privileged communications at issue. In *Curto v. Med. World Communications*, 783 F. Supp. 2d 373 (E.D.N.Y. 2011), the court found a waiver of privilege when a party publicly filed and disclosed to its adversary the privileged communications at issue.  No such public disclosure *of privileged communications* occurred here.  In *Tardiff v. Knox County*, No. 07-10-P-H (DMC), 2007 U.S. Dist. LEXIS 62176, at *6-7 (D. Me. Aug. 21, 2007), the parties agreed that public disclosure *of the privileged communication* was a waiver.  The SLC report contained no such public disclosure of any privileged communication.

The mere disclosure of the results of an internal investigation simply cannot waive privilege over the underlying privileged communications and materials that supported the internal investigation.  If there has been a waiver in these circumstances, then every filing of a complaint, an answer or a brief would constitute a waiver of any privileged communication that supported its drafting.  FHFA respectfully requests that the Court sustain its claim of privilege over the Special Litigation Committee's witness interview memoranda and deny Defendants' motion for an order compelling their production.

Respectfully submitted,

/s/ Jon Corey

Jon Corey