USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :  11 Civ. 5201 (DLC)
                                           :  11 Civ. 6188 (DLC)
                                           :  11 Civ. 6189 (DLC)
FEDERAL HOUSING FINANCE AGENCY,            :  11 Civ. 6190 (DLC)
                                           :  11 Civ. 6192 (DLC)
                    Plaintiff,             :  11 Civ. 6193 (DLC)
                                           :  11 Civ. 6195 (DLC)
          -v-                              :  11 Civ. 6196 (DLC)
                                           :  11 Civ. 6198 (DLC)
                                           :  11 Civ. 6200 (DLC)
UBS AMERICAS INC., et al.,                 :  11 Civ. 6201 (DLC)
                    Defendants;            :  11 Civ. 6202 (DLC)
                                           :  11 Civ. 6203 (DLC)
                                           :  11 Civ. 6739 (DLC)
And other FHFA cases.                      :  11 Civ. 7010 (DLC)
                                           :  11 Civ. 7048 (DLC)
                                           :
------------------------------------------X      MEMORANDUM OPINION
                                                    & ORDER

DENISE COTE, District Judge:

     Through their Joint Submission of November 5, 2012, defendants seek the witness statements for the 46 interviews of present and former Freddie Mac directors, officers, and employees described in a Special Litigation Committee Report ("Report").  The Report was filed in support of a motion to dismiss derivative claims against Freddie Mac in In re Federal Home Loan Mort. Corp. Derivative Litig., No. 08 Civ. 773 (LMB/TCB) (E.D. Va.).  The witness statements are privileged, but in letters of November 6 and 8 from FHFA, and of November 8 from the defendants, the parties dispute whether the FHFA waived its right to protect the privileged witness statements by filing the Report in the Virginia action.

The defendants contend that the filing of the Report waived the privilege with respect to the witness statements because the filing of the Report was voluntary and made with the intent to benefit the FHFA in the Virginia action. The defendants point out that the FHFA succeeded in its effort to obtain dismissal of the Virginia action.

The defendants' application fails for two reasons. First, the witness statements are privileged, and remain so despite the voluntary filing of the Report. Upjohn Co. v. United States, 449 U.S. 383, 399 (1981). In Upjohn, a company voluntarily submitted a report to the SEC disclosing questionable payments. The company declined to produce the written questionnaires it had sent to its managers of foreign affiliates and the memoranda and notes of interviews it conducted with its officers and employees, all of which the company had used to prepare the report, on the ground that the documents were privileged. Id. at 387-88. The Supreme Court agreed that the documents remained protected by the attorney client privilege, and to the extent they were not, by the work product privilege. Id. at 397, 399. That reasoning applies with equal force here.

Secondly, FHFA has not impliedly waived the privilege. It has not relied in this case on the witness statements or the privileged communications captured in those statements to

support its claims.  Rules which result in the waiver of privileged communications must be "formulated with caution."  In re County of Erie, 546 F.3d 222, 228 (2d Cir. 2008)(attorney client privilege).  A party impliedly waives the privilege when it "relies on the privileged communication as a claim or defense or as an element of a claim or defense.  Id.  A party must place the "matter at issue so as to cause forfeiture of privilege by reason of unfairness" to its adversary.  Id. at 229.  This the FHFA has not done.


Dated:    New York, New York
          November 9, 2012

                              _____
                                      DENISE COTE
                              United States District Judge