**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

By Hand

Hon. Denise L. Cote,
   United States District Judge,
     Daniel Patrick Moynihan,
       United States Courthouse,
         500 Pearl St.,
           New York, New York 10007-1312.

        Re:    FHFA Litigation

Your Honor:

       I write on behalf of defendants in the above-referenced actions (the "Defendants") to request a conference pursuant to Your Honor's Individual Rule 2(C) and leave to file the attached Motion to Compel (the "Proposed Motion"), Memorandum of Law in Support ("Mem."), and October 26, 2012 Declaration of Penny Shane in support of the Proposed Motion ("Shane Decl.") along with its accompanying exhibits, concerning documents that FHFA has withheld based on the objection that the activities of the GSEs' Single Family business divisions are largely irrelevant to claims arising out of investments made by the GSEs' PLS or Capital Markets business divisions.

       At a July 31, 2012 hearing ("July 31 Hearing") before Your Honor, FHFA pledged production of extensive information about "tying together" or "information sharing" among these divisions. (July 31, 2012 Tr. at 83:6-84:13, 87:5-88:18.) The Court accepted FHFA's pledge, expressed the expectation that, because of this interrelationship, relevant Single Family documents would be "captured in [FHFA's] document production," and invited Defendants to "come on back to me" if they were not.

       FHFA's production to date confirms not only that there was "a tying together of the single family and PLS function" at the GSEs but also that Single Family helped to *choose loans* for the Securitizations; conducted audits and reviews of the Originators at issue; received third-party due diligence reports on the Securitizations; and generally carried out all activities associated with the GSEs' position as the "dominant force" in the mortgage industry. *See Town of Babylon* v. *FHFA*, 790 F. Supp. 2d 47, 49-50 (E.D.N.Y. 2011), *aff'd*, 2012 U.S. App. LEXIS 22140 (2d Cir. Oct. 24, 2012). Notwithstanding this, FHFA has refused to look among Single Family's files for evidence of Single Family's work. As a result, and as more fully detailed in the Motion, critical documents are being withheld completely, or produced selectively.

-2-

In recent weeks, FHFA persuaded the Court that Defendants should have to search for documents from up to dozens of additional custodians, for a newly expanded period of years. The further discovery sought by Defendants' Motion may be accomplished in parallel and at least as quickly, so long as FHFA searches for documents where they are most likely to be found. Having unsuccessfully met and conferred with FHFA about its stance regarding Single Family sources many times in many contexts, Defendants request leave to file the attached Motion to Compel and accompanying papers, and an order either setting a schedule for further briefing, or requiring immediate production.

Respectfully,

*Penny Shane /yB*

Penny Shane

(Enclosures)

cc:   All counsel