November 5, 2012

<u>**VIA ELECTRONIC MAIL**</u>

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

      Re:    <u>FHFA Actions</u>

Dear Judge Cote:

      We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA"), as Conservator for Fannie Mae and Freddie Mac (collectively, the "GSEs"), to oppose what we believe is Defendants' request that the Court reconsider its two prior rulings precluding discovery of the whole loan businesses of the GSEs.

      In Defendants' November 2, 2012 list of "impasse issues," authored by counsel for the BoA/Merrill Defendants, they indicated their intention to raise with the Court the opaquely phrased issue of "FHFA's business segment limitation." (Ex. A).  FHFA immediately sought clarification, and was told the following day by counsel for BoA/Merrill that Defendants intended to "ask the Court to compel production of relevant documents FHFA has refused to produce on the basis of whether they reside within the 'PLS' or 'whole loan' businesses." (*Id*.).  Because the Court already has ruled on this precise issue, FHFA requested additional clarification, but received no response from Defendants. (Ex. B).  Consequently, as of the deadline for this submission, FHFA can only speculate as to the exact contours of this purported dispute.  To the extent Defendants seek to reiterate arguments previously submitted to, and decided by, the Court, their request should be denied.

      On July 31, 2012, after reviewing the parties' submissions and hearing argument, the Court limited discovery of the GSEs' single family businesses to documents that were considered in connection with the purchase of the Securitizations; documents in the possession of custodians who were required to give such information to PLS traders; and documents that were circulated to risk management committees with supervisory responsibility for PLS. (7/31/12 Hrg. Tr. at 99:1-102:11).  The Court did not suggest that its decision was based on the information barrier policies that had been filed with the Court in advance of the hearing.  Rather, the Court acknowledged that there were "layers of reasons" supporting its ruling. (*Id.* at 101:25-102:1).  The Court's decision is reasonable in light of the burden of producing these documents, which are not relevant to the proceedings.

      Notwithstanding the Court's unequivocal July 31 ruling, two weeks later, the Merrill Lynch Defendants submitted a letter and proposed brief seeking leave to file a motion for reconsideration.  The other Defendants in these Actions submitted their own letter to the Court declining to join Merrill Lynch's request for reconsideration because the Court's ruling was not final.  On August 28, after reviewing both submissions, the Court denied Merrill Lynch's request.

---

IN THE EVENT THE COURT DETERMINES THAT THIS SUBMISSION SHOULD BE DOCKETED, **FHFA** RESPECTFULLY REQUESTS THAT IT BE FILED UNDER SEAL TO MAINTAIN THE CONFIDENTIALITY OF THE ATTACHED DOCUMENTS.

FHFA is producing the documents that it was ordered to produce at the July 31 status conference. FHFA has designated 112 custodians and is searching more than 100 document repositories. FHFA has collected and is producing documents from several senior GSE employees, including several Chief Risk Officers, who may have received materials concerning the single family businesses and who were operationally involved in the PLS business. For the Court's benefit, attached to this letter are several examples of documents regarding the subject Originators emanating from the Single Family side of the GSEs' businesses that were produced because they were shared with either the PLS traders, their supervisors, or senior risk employees with supervisory responsibility for PLS. (Exs. C, D, E, F, G).

Nothing has changed since the Court made its rulings. Defendants have not demonstrated that they are entitled to purely single family documents that were not shared with the PLS businesses nor have Defendants shown that FHFA's production, which complies with the Court's orders, will be insufficient. Permitting discovery of documents pertaining solely to the single family businesses of the GSEs is unwarranted and would cause burden that "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).

To the extent Defendants seek to obtain discovery of the GSEs' bulk transactions, such requests similarly should be rejected as these documents are not germane to the issues in these lawsuits. The GSEs' bulk transactions businesses involve the purchasing and packaging of a counterparty's single-family whole loans into a GSE-issued security. The counterparty has the option of retaining the resulting security in its portfolio. Bulk traders belong to a separate group from PLS traders and, as purchasers of whole loans, have access to loan-level information that, due to information barrier policies, PLS traders could not view. As stated above, FHFA has been ordered to produce and is producing documents concerning Originators if those documents were provided to senior risk officers or individuals who were operationally involved in PLS purchase decisions; this includes documents about Originators' involvement in bulk transactions.

There is no reason to revisit the July 31 and August 28 rulings excluding from discovery those documents that were not transmitted from the GSEs' single family businesses to their PLS businesses. By seeking to revisit this issue, Defendants are consuming resources and distracting from the real discovery issues that remain in dispute and upon which a ruling is needed. Accordingly, we respectfully request that Defendants' request for further consideration of this issue be denied.

---

IN THE EVENT THE COURT DETERMINES THAT THIS SUBMISSION SHOULD BE DOCKETED, **FHFA** RESPECTFULLY REQUESTS THAT IT BE FILED UNDER SEAL TO MAINTAIN THE CONFIDENTIALITY OF THE ATTACHED DOCUMENTS.

Respectfully submitted,

| | |
|---|---|
| /s/  Philippe Z. Selendy<br>Philippe Z. Selendy<br>(philippeselendy@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br> SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.* | /s/  Richard A. Schirtzer<br>Richard A. Schirtzer<br>(richardschirtzer@quinnemanuel.com)<br>Adam Abensohn<br>(adamabensohn@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br> SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.* |
| /s/ Christine H. Chung<br>Christine H. Chung<br>(christinechung@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br> SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.* | /s/  Manisha M. Sheth<br>Manisha M. Sheth<br>(manishasheth@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br> SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.* |
| | /s/  Kanchana Wangkeo Leung<br>Kanchana Wangkeo Leung<br>(kleung@kasowitz.com)<br>KASOWITZ, BENSON, TORRES &<br> FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.* |

cc: All Defense Counsel of Record

---

**IN THE EVENT THE COURT DETERMINES THAT THIS SUBMISSION SHOULD BE DOCKETED, FHFA RESPECTFULLY REQUESTS THAT IT BE FILED UNDER SEAL TO MAINTAIN THE CONFIDENTIALITY OF THE ATTACHED DOCUMENTS.**