November 5, 2012

**VIA ELECTRONIC MAIL**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. JPMorgan Chase & Co., et al.*, 11 Civ. 6188 (DLC) (S.D.N.Y.)
      *FHFA v. HSBC North America Holdings, Inc., et al.*, 11 Civ. 6189 (DLC) (S.D.N.Y.)
      *FHFA v. Barclays Bank PLC*, 11 Civ. 6190 (DLC) (S.D.N.Y.)
      *FHFA v. Deutsche Bank AG, et al.*, 11 Civ. 6192 (DLC) (S.D.N.Y.)
      *FHFA v. First Horizon National Corp., et al.*, 11 Civ. 6193 (DLC) (S.D.N.Y.)
      *FHFA v. Bank of America Corp., et al.*, 11 Civ. 6195 (DLC) (S.D.N.Y.)
      *FHFA v. Citigroup Inc., et al.*, 11 Civ. 6196 (DLC) (S.D.N.Y.)
      *FHFA v. Goldman, Sachs & Co., et al.*, 11 Civ. 6198 (DLC) (S.D.N.Y.)
      *FHFA v. Credit Suisse Holdings (USA), Inc., et al.*, 11 Civ. 6200 (DLC) (S.D.N.Y.)
      *FHFA v. Nomura Holding America, Inc., et al.*, 11 Civ. 6201 (DLC) (S.D.N.Y.)
      *FHFA v. Merrill Lynch & Co., Inc., et al.*, 11 Civ. 6202 (DLC) (S.D.N.Y.)
      *FHFA v. SG Americas, Inc., et al.*, 11 Civ. 6203 (DLC) (S.D.N.Y.)
      *FHFA v. Morgan Stanley, et al.*, 11 Civ. 6739 (DLC) (S.D.N.Y.)
      *FHFA v. Ally Financial Inc., et al.*, 11 Civ. 7010 (DLC) (S.D.N.Y.)
      *FHFA v. General Electric Company, et al.*, 11 Civ. 7048 (DLC) (S.D.N.Y.)

Dear Judge Cote:

   We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") to request that the Court enter FHFA's proposed scheduling order (Ex. 1) in the non-*UBS* actions referenced above concerning reunderwriting expert discovery. FHFA's proposal conforms with this Court's guidance. In contrast, the dilatory approach of the non-UBS Defendants, like that of the UBS Defendants, seeks to substantially delay resolution of these actions.

   As the Court has recognized, it is in the public interest to resolve these actions expeditiously. FHFA has, accordingly, committed itself at considerable taxpayer costs to litigating these actions to their conclusion in the time periods established by the Court. Defendants now, however, seek to delay resolution of these actions by refusing to analyze FHFA's sample, identify their own reunderwriting sample, and reunderwrite this loan population, until after FHFA issues its reunderwriting report. Defendants' explanation—that they cannot undertake any analysis of loan files until they receive FHFA's reunderwriting report—rests on a patently false premise. In the more than six to ten months between now and the issuance of FHFA's reunderwriting report in a given case, each of the Defendants both can (and no doubt will) carefully analyze both FHFA's sample and any other subpopulation of loans on which they intend to rely.

   *First*, Defendants already have FHFA's loan sample and know the nature of the deficiencies alleged by FHFA. FHFA provided each Defendant with its loan sample by September 30, 2012. Further, FHFA's allegations concerning the manner in which these loans deviated from the guidelines are set forth in its Complaints. Defendants' reunderwriting of

FHFA's sample loans will necessarily seek to establish compliance with the applicable underwriting guidelines. This does not, however, require Defendants to review specific underwriting defects in FHFA's random sample. There is simply no reason why Defendants cannot analyze the loans in FHFA's sample in the *seven*, *nine*, or *eleven* months they would, respectively, have under FHFA's proposed schedule.[1]

*Second*, there is no reason why Defendants cannot identify any loan sample or loan population that they intend to rely on at trial by December 17, 2012. Defendants already know each and every loan in FHFA's sample and their own due diligence population. Defendants' insistence that they be able to put off disclosure almost indefinitely suggests that Defendants are either seeking to prejudice FHFA's ability to rebut Defendants' reunderwriting analysis or are seeking to "cherry-pick" a non-random and biased selection of loans to use in rebuttal. Regardless, this delay is unnecessary and will prevent FHFA from litigating these cases on the schedule established by the Court.

*Third*, there is no reason why between now and May, July, or September of next year Defendants cannot reunderwrite their own samples or subpopulations and issue expert reports to FHFA at the same time that FHFA issues its own reports. Any belated issuance of Defendants' reunderwriting reports would severely prejudice FHFA. Unlike Defendants—who will each have to analyze and respond to only a single reunderwriting expert report issued by FHFA—FHFA will have to simultaneously address numerous Defendant reports. Further, having been involved in the origination and acquisition of the loans in their securitizations, Defendants will be far more familiar with the relevant underwriting guidelines and loan files at issue in these reports.

*Finally*, Defendants' positions are all the more unreasonable because FHFA has premised its proposed expert schedule on a five-week extension to the overall discovery schedule that Defendants proposed, and which FHFA is not opposing, in light of the delayed availability of loan files and underwriting guidelines.[2]

---

[1] Moreover, FHFA's proposed schedule gives Defendants approximately 60 days to prepare rebuttal reports specifically rebutting FHFA's methodology and reunderwriting results. Defendants will have many additional months to challenge FHFA's expert reunderwriting results and testimony at deposition, and then again at trial.

[2] While FHFA has proposed that given the large number of expected experts in these actions, the expert deposition discovery period be extended an additional month more than Defendants are requesting (from January 10, 2014 to February 7, 2014), this would still leave three weeks between the end of expert discovery and the date Defendants are requesting for the submission of summary judgment motions.

Respectfully submitted,

/s/  Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.*

 /s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
Sascha N. Rand
(sascharand@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/  Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc., and FHFA v. Nomura Holding America, Inc.*

/s/  Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

/s/  Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*