Case 1:11-cv-06198-DLC   Document 163   Filed 11/16/12   Page 1 of 3

November 5, 2012

<u>**VIA ELECTRONIC MAIL**</u>

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

    Re:    FHFA Actions

Dear Judge Cote:

    We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA"), as Conservator for Fannie Mae and Freddie Mac (together, the "GSEs"), to oppose Defendants' request that FHFA add 10 Fannie Mae custodians—one of whom they are requesting for the first time—to the 28 custodians it has already designated from Fannie Mae, and search the documents of David Andrukonis, former Freddie Mac Chief Risk Officer, from January 1, 2004, nearly two years before Freddie Mac purchased any of the Securitizations. Defendants' concerns about the alleged inadequacy of FHFA's Fannie Mae custodians and the time period it is searching for Mr. Andrukonis' documents are an attempt to deflect attention from the deficiencies in their own custodian lists, which have been the subject of letters and status conferences over the past month.

    On July 31, 2012, this Court acknowledged that the 81 custodians FHFA had designated at that time were adequate and did not require FHFA to add the dozens of other custodians proposed by Defendants, including several from Fannie Mae. (*See* July 31 Hrg. Tr. at 53:13-16). The Court further held that it would not order FHFA to produce materials that relate solely to the non-PLS side of the GSEs' businesses. (*See id.* at 102: 4-11). Since the July 31 conference, FHFA has gone far beyond what the Court deemed sufficient, adding 31 new custodians (5 from Fannie Mae), for a total of 112 custodians. FHFA has designated custodians from the GSEs' non-PLS businesses, as part of its efforts to ensure that non-PLS documents that were shared with the PLS businesses are produced. In expanding its custodian list, FHFA has carefully considered and responded to Defendants' concerns, adding 24 custodians requested by Defendants. FHFA also has provided detailed information about its custodians, both in custodian lists produced on July 31 and August 28 and in extensive written answers to Rule 30(b)(6) deposition topics. (*See id.* at 101:12-13)).

    Defendants' new criticisms of FHFA's considered and substantial Fannie Mae custodian list are without merit for several reasons. *First*, FHFA is not obliged to add custodians who are not likely to have discoverable documents. (*See* Fed. R. Civ. P. 26(b)). Yet the majority of the Fannie Mae custodians that Defendants have asked FHFA to add had no PLS responsibilities whatsoever, either as traders, supervisors of traders, analysts, or senior risk managers. For example, while Defendants ask FHFA to add Thomas Lund and Merritt Connell, FHFA has investigated and confirmed that neither was involved with PLS during the relevant time period, either at a direct or supervisory level. To the contrary, each was involved solely in Fannie Mae's Single Family business. Clinton Lively also is not a proper custodian because his role as Senior Vice President of Market Risk was predominantly focused on the interest rate risk of Fannie Mae's entire portfolio.[1]

---

[1] PLS are primarily floating rate instruments and have significant less interest rate risk than Fixed Rate Agency mortgage backed securities.

Similarly, as FHFA has explained to Defendants many times, during the relevant time period, Andrew Bon Salle managed Fannie Mae's Single Family Product Group and subsequently was responsible for customer-targeted Agency MBS trading services. FHFA has confirmed that he had no PLS responsibilities in either position. Likewise, David Benson, who now heads Fannie Mae's Capital Markets Division, served as Treasurer of Capital Markets during the relevant time period. He had no involvement in PLS purchase decisions or the management of enterprise risk in either capacity. Rick Sorkin, Director and then Vice President of Fannie Mae's Structured Transactions Department during the relevant time period, was not involved in the pricing, evaluation, or purchase of PLS and did not make credit decisions for the company. Although Robert Ives worked in Fannie Mae's Capital Markets Division during the relevant time period, he was involved in commercial mortgage-backed securities products, not in the purchase of the private label residential mortgage-backed securities at issue here. Additionally, Timothy Judge, who Defendants are requesting for the very first time, was a Director of Single Family Risk during the relevant time period and was not involved in PLS purchase decisions. Defendants' demands for these custodians thus lack any basis.

*Second*, FHFA is not obligated to add custodians who are likely to have documents that are duplicative of those that FHFA is producing from other sources. *See Avillan v. Digital Equip. Corp.*, 1994 WL 198771, at *6 (S.D.N.Y. May 17, 1994). Not surprisingly, Defendants have refused to add certain custodians who would be duplicative.[2] Given the comprehensiveness of FHFA's Fannie Mae custodians list—which includes more than a dozen senior risk custodians, every member of the Private Label Advisory Team ("PLAT") who was involved in PLS purchase decisions, and key individuals who managed and performed PLS counterparty reviews—and given that FHFA is also searching over 30 Fannie Mae document repositories—it is highly unlikely that unique, responsive documents would be found in the files of Bhanu Frueh or Jessica Lam, each of whom reported to a designated Fannie Mae document custodian.

*Third*, Defendants' demand that FHFA expand its search of Mr. Andrukonis' files to begin on January 1, 2004 is not reasonably calculated to lead to the discovery of admissible evidence. FHFA expanded its search of his files to May 1, 2005, months before Freddie Mac first purchased any of the Securitizations at issue and earlier than any other custodian. Because Freddie Mac considered its PLS purchases mere weeks before making purchase decisions, this accommodation is more than sufficient. By demanding earlier documents, Defendants appear to seek generic information concerning Freddie Mac's business well before it purchased or considered purchasing the Securitizations. Such information does not bear on actual knowledge, which must be specific to misstatements or omissions in the Prospectus Supplements, *FHFA v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 320 (S.D.N.Y. 2012), nor on knowledge of the fraud alleged: that the ratings were not accurate because Defendants were misrepresenting the loan pools being rated.

In sum, FHFA has designated ample Fannie Mae custodians and is performing a reasonable search of Mr. Andrukonis' documents for the relevant time period. Defendants' requests should, therefore, be denied.

---

[2] *See, e.g.*, 10/25/12 Ltr. from Conlon to Abensohn at 2 (Ex. A) (refusing to add custodians because "any relevant, nonprivileged documents in their possession would be cumulative or duplicative of the documents already captured [by] other HSBC custodians."); 8/21/12 Ltr. from Razza to Ray at 4 (Ex. B) (refusing to add custodians who possess "duplicative" documents).

Respectfully submitted,

| | |
|---|---|
| /s/  Philippe Z. Selendy | /s/  Richard A. Schirtzer |
| Philippe Z. Selendy | Richard A. Schirtzer |
| (philippeselendy@quinnemanuel.com) | (richardschirtzer@quinnemanuel.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Adam Abensohn |
| 51 Madison Avenue, 22nd Floor | (adamabensohn@quinnemanuel.com) |
| New York, New York 10010 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| (212) 849-7000 | 51 Madison Avenue, 22nd Floor |
| | New York, New York 10010 |

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.*

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

 /s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

/s/  Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

/s/  Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*

cc: All Defense Counsel of Record