UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

FEDERAL HOUSING FINANCE AGENCY, etc.,

                Plaintiff,

        v.

JPMORGAN CHASE & CO., et al.,

               Defendants.

11 Civ. 6188 (DLC)

------------------------------------------------------------------ x

FEDERAL HOUSING FINANCE AGENCY, etc.,

                Plaintiff,

        v.

HSBC NORTH AMERICA HOLDINGS, INC., et al.,

               Defendants.

11 Civ. 6189 (DLC)

------------------------------------------------------------------ x

FEDERAL HOUSING FINANCE AGENCY, etc.,

                Plaintiff,

        v.

BARCLAYS BANK PLC, et al.,

               Defendants.

11 Civ. 6190 (DLC)

------------------------------------------------------------------ x

FEDERAL HOUSING FINANCE AGENCY, etc.,

                Plaintiff,

        v.

DEUTSCHE BANK AG, et al.,

               Defendants.

11 Civ. 6192 (DLC)

------------------------------------------------------------------ x

```
-----------------------------------------------------x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :   11 Civ. 6193 (DLC)
                  Plaintiff,                         :
            v.                                        :
                                                     :
FIRST HORIZON NATIONAL CORP., et al.,                :
                                                     :
                  Defendants.                        :
                                                     :
-----------------------------------------------------x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :   11 Civ. 6195 (DLC)
                  Plaintiff,                         :
            v.                                        :
                                                     :
BANK OF AMERICA CORP., et al.,                       :
                                                     :
                  Defendants.                        :
                                                     :
-----------------------------------------------------x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :   11 Civ. 6196 (DLC)
                  Plaintiff,                         :
            v.                                        :
                                                     :
CITIGROUP INC., et al.,                              :
                                                     :
                  Defendants.                        :
                                                     :
-----------------------------------------------------x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :   11 Civ. 6198 (DLC)
                  Plaintiff,                         :
            v.                                        :
                                                     :
GOLDMAN, SACHS & CO., et al.,                        :
                                                     :
                  Defendants.                        :
                                                     :
-----------------------------------------------------x
```

```
------------------------------------------------------------- x
                                                              :
                                                              :
FEDERAL HOUSING FINANCE AGENCY, etc.,                         :
                                                              :   11 Civ. 6200 (DLC)
                    Plaintiff,                                :
            v.                                                :
                                                              :
CREDIT SUISSE HOLDINGS (USA), INC., et al.,                   :
                                                              :
                    Defendants.                               :
                                                              :
------------------------------------------------------------- x
                                                              :
                                                              :
FEDERAL HOUSING FINANCE AGENCY, etc.,                         :
                                                              :   11 Civ. 6201 (DLC)
                    Plaintiff,                                :
            v.                                                :
                                                              :
NOMURA HOLDING AMERICA, INC., et al.,                         :
                                                              :
                    Defendants.                               :
                                                              :
------------------------------------------------------------- x
                                                              :
                                                              :
FEDERAL HOUSING FINANCE AGENCY, etc.,                         :
                                                              :   11 Civ. 6202 (DLC)
                    Plaintiff,                                :
            v.                                                :
                                                              :
MERRILL LYNCH & CO., INC., et al.,                            :
                                                              :
                    Defendants.                               :
                                                              :
------------------------------------------------------------- x
                                                              :
                                                              :
FEDERAL HOUSING FINANCE AGENCY, etc.,                         :
                                                              :   11 Civ. 6203 (DLC)
                    Plaintiff,                                :
            v.                                                :
                                                              :
SG AMERICAS, INC., et al.,                                    :
                                                              :
                    Defendants.                               :
                                                              :
------------------------------------------------------------- x
```

```
------------------------------------------------------------ x
                                                             :
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
                                                             :   11 Civ. 6739 (DLC)
                             Plaintiff,                       :
                    v.                                        :
                                                             :
MORGAN STANLEY, et al.,                                       :
                                                             :
                             Defendants.                      :
                                                             :
------------------------------------------------------------ x
                                                             :
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
                                                             :   11 Civ. 7010 (DLC)
                             Plaintiff,                       :
                    v.                                        :
                                                             :
ALLY FINANCIAL INC., et al.,                                  :
                                                             :
                             Defendants.                      :
                                                             :
------------------------------------------------------------ x
                                                             :
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
                                                             :   11 Civ. 7048 (DLC)
                             Plaintiff,                       :
                    v.                                        :
                                                             :
GENERAL ELECTRIC COMPANY, et al.,                            :
                                                             :
                             Defendants.                      :
                                                             :
------------------------------------------------------------ x
```

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' PRELIMINARY *DAUBERT*
MOTION TO EXCLUDE THE OCTOBER 10, 2012 EXPERT REPORT OF
CHARLES D. COWAN, Ph.D.**

**Table of Contents**

Table of Authorities ..................................................................................................... ii

Citation Conventions .................................................................................................. iii

Preliminary Statement................................................................................................. 1

Argument ..................................................................................................................... 1

I.      Dr. Cowan Does Not Support His Opinions with Scientific Data. ...................... 1

II.     Dr. Cowan Fails to Sample from the Relevant Populations. ............................... 3

III.    Dr. Cowan's Report Is Statistically Flawed.......................................................... 5

        A.      FHFA Fails to Show that the Relevant Inquiries Necessarily Are
                Binary......................................................................................................... 5

        B.      The Sampling Protocol Unjustifiably Expands the Margin of Error. ..................... 6

        C.      Dr. Cowan Fails to Show that Stratification Will Reduce the Margin of
                Error. ......................................................................................................... 7

        D.      Dr. Cowan's Supplementation Approach May Introduce Bias. ............................. 7

        E.      The Report Fails to Specify an Extrapolation Methodology. .................. 8

IV.     Defendants Reserve Their Rights to Challenge Any Future Opinions or Uses
        of Dr. Cowan's Sampling Protocol....................................................................... 9

Conclusion ................................................................................................................. 10

## Table of Authorities

**Page(s)**

**Cases**

*Certified Eng'g Sys., Inc. v. Nat'l City Commercial Capital Co. LLC*,
   No. 2:07-CV-293 (TS), 2009 WL 1324047 (D. Utah May 11, 2009) ......................................8

*Daubert v. Merrill Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ...........................................................................................................1, 9

*Fialkowski v. Perry*,
   No. 11 Civ. 5193, 2012 WL 2527020 (E.D. Pa. June 29, 2012) ..........................................2, 3

*Gen. Electric Co. v. Joiner*,
   522 U.S. 136 (1997) ..................................................................................................................2

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
   860 F. Supp. 2d 1062 (C.D. Cal. 2012) ....................................................................................3

*N.J. Carpenters Health Fund v. NovaStar Mortg., Inc.*,
   No. 08 Civ. 5310 (DAB), 2011 WL 1338195 (S.D.N.Y. Mar. 31, 2011) ................................3

*Republic Bank & Trust Co. v. Bear Stearns & Co.*,
   683 F.3d 239 (6th Cir. 2012) ....................................................................................................3

*United States v. Williams*,
   506 F.3d 151 (2d Cir. 2007) ......................................................................................................7

**Statutes & Rules**

Fed. R. Evid. 702 ..................................................................................................................1, 2, 6

Fed. R. Civ. P. Rule 26(a)(2)(B) .........................................................................................2, 10

## Citation Conventions

### Entities

"Defendants":  Defendants in the 15 above-captioned actions.

"FHFA":  Federal Housing Finance Agency

"GSEs":  Federal National Mortgage Association (Fannie Mae) and Federal Home Loan Mortgage Corporation (Freddie Mac)

### Actions and Pleadings

"Credit Suisse Action": *Fed. Hous. Fin. Agency v. Credit Suisse Holdings (USA), Inc., et al.*, No. 11 Civ. 6200 (S.D.N.Y.)

"Credit Suisse Am. Compl.":  Amended Complaint in the Credit Suisse Action, Docket No. 61

"JPMorgan Am. Compl.":  Amended Complaint in *Fed. Hous. Fin. Agency v. JPMorgan Chase & Co., et al.*, No. 11 Civ. 6188 (S.D.N.Y.), Docket No. 99

### Court Submissions

"2/29/12 Pl.'s Proposal":  Plaintiff FHFA's Proposed Sampling Protocol, dated February 29, 2012, Docket No. 34 in the Credit Suisse Action

"6/6/12 Pl.'s Supp. Submission":  Plaintiff FHFA's Supplemental Submission in Support of Its Proposed Sampling Protocol, dated June 6, 2012, Docket No. 51 in the Credit Suisse Action

"6/6/12 Barnett Decl.":  Declaration of Arnold Barnett, Ph.D., dated June 6, 2012, Docket No. 54 in the Credit Suisse Action

"6/6/12 James Decl.":  Declaration of Christopher M. James, Ph.D., dated June 6, 2012, Docket No. 55 in the Credit Suisse Action

"Report":  Expert Report of Charles D. Cowan, Ph.D. Regarding the Selection of Statistically Valid Random Samples of Mortgage Loans for Fifteen FHFA Actions, dated October 10, 2012, Docket No. 92 in the Credit Suisse Action

"10/26/12 Barnett Decl.":  Declaration of Arnold Barnett, Ph.D., dated October 26, 2012, Docket No. 119 in the Credit Suisse Action

"Mem.":  Memorandum in Support of Defendants' Preliminary *Daubert* Motion to Exclude the October 10, 2012 Expert Report of Charles D. Cowan, Ph.D., dated October 26, 2012, Docket No. 117 in the Credit Suisse Action

"Opp.":  Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Exclude the October 10, 2012 Expert Report of Charles D. Cowan, Ph.D. Regarding Sampling Methodology, dated November 9, 2012, Docket No. 132 in the Credit Suisse Action

"11/9/12 Cowan Decl.":  Declaration of Charles D. Cowan, Ph.D In Response to Declaration of Arnold Barnett, Ph.D., dated November 9, 2012, Docket No. 133 in the Credit Suisse Action

"11/16/12 Barnett Decl.":  Supplemental Declaration of Arnold Barnett, Ph.D., dated November 16, 2012

"Reply Ex.":  Exhibit to the Declaration of Lauren A. Moskowitz in Further Support of Defendants' Preliminary *Daubert* Motion to Exclude the October 10, 2012 Expert Report of Charles D. Cowan, Ph.D., dated November 16, 2012

**Hearing Transcripts**

"7/31/12 Hr'g Tr.":  Transcript of proceedings held before the Hon. Denise L. Cote, July 31, 2012

"10/15/12 Hr'g Tr.":  Transcript of proceedings held before the Hon. Denise L. Cote, October 15, 2012

**Preliminary Statement**

FHFA fails to justify the numerous flaws in Dr. Cowan's sampling methodology that Defendants raise in their *Daubert* motion, including (1) his failure to draw a separate sample for each security at issue, (2) his failure to provide a fully replicable methodology, and (3) his flawed plan to address missing loan files. FHFA erroneously argues that Defendants' motion and request for data is limited to the sampling protocol "design" and that the "implementation" of that protocol—*i.e.*, the actual selection of the samples—cannot be challenged. (Opp. 5-6.) Defendants may challenge both the design and the implementation, but FHFA continues to refuse to provide much of the information underlying Dr. Cowan's opinions that Defendants need to determine for themselves—rather than rely on FHFA's say-so—whether the samples are valid and appropriate. FHFA's mischaracterization of the scope of this motion and its withholding of information necessary to allow Defendants to assess the samples should be rejected, and the Court should exclude Dr. Cowan's Report for FHFA's failure to meet its burden to establish admissibility under Rule 702.

**Argument**

## I.   DR. COWAN DOES NOT SUPPORT HIS OPINIONS WITH SCIENTIFIC DATA.

Contrary to its assertion, FHFA has not produced information sufficient for Defendants to evaluate Dr. Cowan's proposed sampling protocol. (Opp. 4-7.) As Dr. Barnett's inability to replicate all of Dr. Cowan's samples or representativeness results shows, FHFA's productions are insufficient to allow a full analysis of Dr. Cowan's methodology. Defendants did not ask for "every shred of [Dr. Cowan's] work product". (*Id.* at 10.) Rather, Defendants requested precisely what FHFA acknowledges it is obligated to produce, namely, "what is required effectively to replicate the results and methods". (*Id.*) Without that, Defendants are left to accept Dr. Cowan's word that the samples were chosen in a random and unbiased manner. That is

insufficient under Rule 702.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (excluding "opinion evidence that is connected to existing data only by the *ipse dixit* of the expert").

FHFA has not produced the representativeness calculations Dr. Cowan performed or the actual tests he used.  (11/16/12 Barnett Decl. ¶ 31.)  Without this data, Dr. Barnett has been unable to replicate many of Dr. Cowan's test results, and was able to match certain results only by using *different tests*.  (*Id.*; 10/26/12 Barnett Decl. ¶¶ 28-33.)  Similarly, using the program files FHFA asserts were used to generate the random numbers for sample selection, Dr. Barnett was not able to replicate all of FHFA's samples.  (11/16/12 Barnett Decl. ¶ 30 & Ex. 1.)  FHFA's only response is that this must be Dr. Barnett's fault.  (Opp. 9.)  If running Dr. Cowan's program is straightforward, however, then either Defendants were not provided with information sufficient to replicate the samples, or the samples were drawn incorrectly.  The fact that Dr. Cowan himself erroneously included loans from outside the relevant supporting loan groups in 25 samples (*id.* at 1, 7-8)[1] evidences that the samples were constructed hastily and with insufficient quality control, further supporting the requirement that Dr. Cowan show his work.

Significantly, FHFA continues to refuse to disclose whether multiple samples were drawn and tested for each Securitization.  (Opp. 7.)  Defendants are entitled to know whether Dr. Cowan ran multiple samples before settling on a "final" sample in order to understand his "results and methods" (*id.* at 10) and to ensure that no bias was introduced into the samples.  Rule 26(a)(2)(B)(ii) requires the disclosure of "the facts or data considered by the witness", which plainly includes this material.  *Cf. Fialkowski v. Perry*, No. 11 Civ. 5139, 2012 WL 2527020, at *3 (E.D. Pa. June 29, 2012) (Rule 26(a)(2)(B) requires production of any information that the "expert *generates,* reviews, reflects upon, reads, and/or uses in connection

---

[1] The redrawn samples produced just before Defendants filed their motion appear to have corrected this error. Defendants are now able to identify the four loans described in the motion as having been incorrectly included in the redrawn ACE 2006-OP2 sample, and have determined that those loans were drawn from the correct supporting loan group. (*See* 11/16/12 Barnett Decl. ¶ 2 n.1.)

with the formulation of his opinions, even if such information is ultimately rejected" (emphasis added)). FHFA's withholding of materials considered or generated in the course of Dr. Cowan's work alone necessitates rejection of Dr. Cowan's methodology at this time.

## II.   DR. COWAN FAILS TO SAMPLE FROM THE RELEVANT POPULATIONS.

Dr. Cowan failed to sample according to the relevant loan populations:  (1) the supporting loan groups for each security, and (2) within each supporting loan group, the loans originated by the originators whose underwriting guidelines FHFA alleges were breached.

*Failure to Sample by Supporting Loan Group.*  FHFA admits that, as to the 37 Securitizations from which the GSEs purchased multiple Certificates, each backed by its own distinct supporting loan group, Dr. Cowan did not draw a full sample from each relevant supporting loan group.  (Opp. 12; 11/9/12 Cowan Decl. ¶ 11.)  FHFA argues that there is no material distinction between sampling by securitization or by supporting loan group (Opp. 12-13), but that is legally wrong.  Each Certificate the GSEs bought "is a separate security with its own CUSIP, credit rating, interest rate, rights of distribution, credit-enhancement rights, and backing loans".  *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 860 F. Supp. 2d 1062, 1068-69 (C.D. Cal. 2012).  FHFA pleaded its claims on a certificate-by-certificate basis (*see, e.g.*, Credit Suisse Am. Compl. ¶ 191 & Tbl. 10 (alleging delinquency rates in each supporting loan group at issue)), and it must prove them in the same way.  *See N.J. Carpenters Health Fund v. NovaStar Mortg., Inc.*, No. 08 Civ. 5310 (DAB), 2011 WL 1338195, at *11 (S.D.N.Y. Mar. 31, 2011).[2]  FHFA implicitly concedes this point when it argues (incorrectly) that it does not

---

[2] FHFA's argument that *NovaStar* is distinguishable because the certificate at issue there included loans originated according to unique underwriting guidelines (Opp. 14) fails. Here as well, different supporting loan groups contained loans originated by different originators pursuant to different underwriting guidelines. (Mem. 13; *infra* n.4); *cf. Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 257 (6th Cir. 2012) (affirming dismissal where plaintiff did not "connect the underwriters' alleged failure to follow their underwriting standards to the loans and securities involved in this case"). Moreover, this Court's holding that certain of FHFA's allegations adequately were pleaded on a motion to dismiss (*see* Opp. 14-15) is irrelevant to whether Dr. Cowan is sampling from the relevant populations for FHFA's use in attempting to establish liability in each Action.

have to sample by originator because it does not "assert claims against originators". (Opp. 15.)
FHFA indisputably does "assert claims" as to each security it purchased. The relevant loan
populations, at a minimum, must be Certificate-specific.

      FHFA improperly attempts to shift the burden to Defendants to show that
individual supporting loan groups within the affected Securitizations are substantively different.
If FHFA intends to cluster supporting loan groups, however, it bears the burden of showing
sufficient homogeneity among the groups.[3] FHFA's conclusory assertions of homogeneity are
incorrect; "the same representations and omissions" (*id.* at 13 (emphasis removed)) were *not*
made within each Securitization.[4] FHFA's assumption that it can collapse multiple supporting
loan groups into a single sample ignores substantive differences between supporting loan groups.
Additionally, clustering multiple supporting loan groups means that Dr. Cowan cannot ensure
that he can make conclusions about each individual supporting loan group within his maximum
margin of error for all potential breach rates. (*See* 10/26/12 Barnett Decl. ¶ 16 & Ex. 1.)

      *Failure to Sample by Originator within Each Supporting Loan Group.* FHFA's
argument that it need not say anything on an originator-by-originator basis within each
Securitization (Opp. 15) also is legally wrong. In each action, FHFA alleges that the
misstatements Defendants made were about *originators'* compliance with their underwriting
guidelines. (*See, e.g.*, Credit Suisse Am. Compl. ¶ 88.) Thus, whether Defendants
misrepresented the level of originators' adherence to their underwriting guidelines depends on

---

[3] Dr. Cowan's semantic disagreement over the term "clustering" (11/9/12 Cowan Decl. ¶ 12) is meritless. (11/16/12 Barnett Decl. ¶ 12.) In its February 2012 submission, FHFA used the following definition: "Clustering places homogenous subpopulations into a single group, or cluster". (2/29/12 Pl.'s Proposal 9.) That is exactly what Dr. Cowan purports to do here, but without providing any foundation for the assumption of homogeneity. (11/16/12 Barnett Decl. ¶¶ 12-13; *see* 6/6/12 Barnett Decl. ¶¶ 14(b), 31.)

[4] For example, in BALTA 2006-4, in which the loans backing Group III-1 were originated by Countrywide and 92.8% of the loans backing Group I-2 were originated by EMC, FHFA alleges that the Offering Documents included representations unique to both originators. (JPMorgan Am. Compl. App. A 27-32; *see* BALTA 2006-4 Pros. Supp. at 11, 45-48, Reply Ex. 1.) The Offering Documents also disclosed widely varying owner-occupancy rates and LTV ratios between the two loans groups. (JPMorgan Am. Compl. ¶¶ 325 Tbl. 5, 331 Tbl. 6.)

the practices of each originator for the loans in the specific loan group at issue. FHFA's entire

re-underwriting exercise is aimed at determining whether each sampled loan was originated

pursuant to the originator-specific underwriting guidelines in place at the relevant time.

FHFA already told this Court that it needs to sample a sufficient number of loans

from each originator "in order to make reliable estimates about compliance with underwriting

guidelines", which it acknowledged "may vary by originator". (6/6/12 Pl.'s Supp. Submission

7.) FHFA has not disclaimed the necessity of making such "reliable estimates"—nor could it,

given its allegations and the Offering Document representations at issue. For multiple-originator

supporting loan groups, however, FHFA's current proposal would not allow it to estimate breach

rates even within its expanded margin of error for all potential breach rates. (*See* Mem. 14.)[5]

## III.   DR. COWAN'S REPORT IS STATISTICALLY FLAWED.

### A.   FHFA Fails to Show that the Relevant Inquiries Necessarily Are Binary.

FHFA does not challenge Dr. Barnett's statement that the samples will not allow

an expert to answer non-binary questions, including questions about damages and loss causation,

within Dr. Cowan's proposed margin of error.[6]  (10/26/12 Barnett Decl. ¶¶ 2(h), 11.)  Instead,

FHFA argues that its samples are sufficient for testing purported underwriting defects because

those questions can be answered yes or no. (Opp. 16.)  However, FHFA has neither explained

how it will re-underwrite sampled loans nor shown that re-underwriting always will permit a

yes/no conclusion given the diverse guidelines and range of exceptions permitted.  FHFA also has

---

[5] FHFA's new assertion that Dr. Cowan's sample design would permit FHFA to make "significant statements" about individual originators by "collapsing multiple offerings" across a given Action into a single analysis (Opp. 15; 11/9/12 Cowan Decl. ¶ 27) violates FHFA's own (now abandoned) clustering methodology. (2/29/12 Pl.'s Proposal 10.) Dr. Cowan has not even attempted to demonstrate homogeneity, and thus, "collapsing" multiple offerings improperly may pool heterogeneous loans. (11/16/12 Barnett Decl. ¶ 27.)

[6] Contrary to Dr. Cowan's assertion, Dr. Barnett did not state that a sample designed for a binary outcome "cannot address outcomes for continuous variables". (11/9/12 Cowan Decl. ¶ 32.) Rather, he correctly noted that attempting to use a sample drawn for the purposes of a binary inquiry may not allow for conclusions about continuous variables within the specified confidence level and margin of error. (10/26/12 Barnett Decl. ¶ 11.)

not explained how it will square the results of its re-underwriting with the Offering Documents, which disclosed compliance with underwriting guidelines in different ways. For example, Offering Documents at issue in the Credit Suisse Action disclosed that a loan was "considered to be originated in accordance with a given set of underwriting standards if, based on an *overall qualitative evaluation*, the loan is in *substantial* compliance with the underwriting standards".[7] (*E.g.*, HEMT 2006-6 Pros. at 31 (emphases added), Reply Ex. 2.) The Court cannot determine the reliability of Dr. Cowan's sampling proposal when a fundamental underlying assumption, like the binary outcome assumption here, is unexplained and unjustified.

**B.      The Sampling Protocol Unjustifiably Expands the Margin of Error.**

FHFA's suggestion that Defendants cannot contest the adequacy of Dr. Cowan's proposed margin of error (Opp. 17 n.6) ignores that this Court invited briefing on this issue: "with margin of error plus or minus 10 percent, someone could say that that is insufficient in and of itself". (7/31/12 Hr'g Tr. 37.) FHFA's proposed margin of error inexplicably has doubled since its June 6 Submission and as compared to Dr. Cowan's methodology in other litigations, and dwarfs the ±2 and ±3.1 percentage point margins of error the GSEs used in their own housing sampling and quality control guidelines. (Mem. 17-19.) A ±10 percentage point margin of error can lead to alleged breach rates with wide ranges of uncertainty,[8] and thus, will not "help the trier of fact to understand the evidence or to determine a fact in issue". Fed. R. Evid. 702; (10/26/12 Barnett Decl. ¶ 25 (for a 30 percent breach rate in a 100-loan sample, the resulting range would be approximately 21 percent to 39 percent, nearly a factor of two uncertainty)).

---

[7] *See also, e.g.*, FHAMS 2006-AA1 Pros. Supp. at S-30, Reply Ex. 3 ("All of the mortgage loans have been originated *generally* in accordance with the following underwriting guidelines" (emphasis added)).

[8] FHFA's argument that Dr. Barnett used the wrong margin of error calculation is incorrect. (Opp. 13-14; 11/9/12 Cowan Decl. ¶¶ 3-10.) Dr. Cowan misreads Dr. Barnett's description of his calculation (10/26/12 Barnett Decl. ¶ 18 & Ex. 2), which renders the margin of error charts in Dr. Cowan's Declaration misleading. (11/16/12 Barnett Decl. ¶¶ 3-6.) It is Dr. Cowan's margin of error calculations that are wrong (Mem. 19; 10/26/12 Barnett Decl. ¶¶ 26-27), and they remain uncorrected. (11/16/12 Barnett Decl. ¶¶ 7-8.)

C.    **Dr. Cowan Fails to Show that Stratification Will Reduce the Margin of Error.**

FHFA does not contest that Dr. Cowan's stratification variable will decrease the margin of error only if there is a positive correlation between the stratification variable chosen—here, FICO score—and breach, but Dr. Cowan did not demonstrate that FICO scores are "correlated to [FHFA's] outcomes of interest". (Report ¶ 58.) FHFA's only support for correlation is a string of hypotheticals (Opp. 19) and Dr. Cowan's new Declaration, which conclusorily asserts that "FICO is likely to be correlated with underwriting breaches" based on the assumption that originators regularly breached their underwriting guidelines—one of the central fact questions at issue—and speculation about why and when they would do so (11/9/12 Cowan Decl. ¶ 17). Likewise, he asserts that "FICO score is correlated with other variables on the loan tapes" (*id.*) without stating with which loan tape variables FICO score is allegedly correlated, the degree of the purported correlation, or how that correlation affects the usefulness of the FICO score as a stratification variable. Thus, Dr. Cowan still has not demonstrated the efficacy of his stratification variable.[9] (11/16/12 Barnett Decl. ¶ 15.)

D.    **Dr. Cowan's Supplementation Approach May Introduce Bias.**

Dr. Cowan makes no effort to correct or even acknowledge the basic flaw pervading his approach to supplementing samples for missing or incomplete loan files. (Mem. 22-23; 10/26/12 Barnett Decl. ¶ 39.) Dr. Cowan asserts that "supplementation of the samples can occur by sampling *in exactly the same way* the first batch was sampled to provide enough loans for review" and that the new "sample will still have been randomly selected and will therefore be representative of the population". (11/9/12 Cowan Decl. ¶ 23 (emphasis added).)

---

[9] FHFA's argument that Defendants somehow are to be faulted for failing to put forward "an alternative stratification variable that they believe is more correlated" (Opp. 2, 18) is baseless. FHFA has the burden of establishing the admissibility of its proposed expert testimony. *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). FHFA is also incorrect in its assertion that the inclusion of missing FICO scores had no effect on the stratification or Dr. Cowan's representativeness tests. (11/16/12 Barnett Decl. ¶¶ 16-18.)

That is simply incorrect. If the supplementation method does not take into account, and correct for, the likelihood that missing loan files are correlated—*e.g.*, if loan files are more likely to be missing for paid-off loans, older loans or loans from particular originators—then supplementing by "sampling in exactly the same way" will *introduce* bias into the final sample, and that sample will *not* be "representative of the population" (*id.*). (11/16/12 Barnett Decl. ¶ 23; Mem. 22-23.) Both Dr. Cowan and FHFA ignore this problem. As a result, FHFA cannot meet its burden to establish the admissibility of his methodology. *See Certified Eng'g Copier Sys., Inc. v. Nat'l City Commercial Capital Co. LLC*, No. 2:07-CV-293 (TS), 2009 WL 1324047, at *5 (D. Utah May 11, 2009) (excluding expert testimony where sample was not statistically random).

FHFA concedes that Defendants may raise a subsequent challenge to the implementation of the supplementation methodology. (Opp. 21-22.) Its argument that Defendants cannot also challenge the supplementation *method* when it is implemented (*id.*) cannot be correct. FHFA cannot bulletproof a sampling "design" or method by presenting it before any party has the facts necessary to demonstrate its invalidity and then cry waiver when it turns out that the methodology in fact introduces bias into the sample.

**E.     The Report Fails to Specify an Extrapolation Methodology.**

FHFA acknowledges that Dr. Cowan did not choose an extrapolation method and concedes that he will not do so "until the results of the re-underwriting are available". (Opp. 20; *see* Report ¶ 63.) While FHFA notes that Dr. Cowan "described two standard extrapolation formulas" (Opp. 21; *see* Report ¶¶ 69-72), Dr. Cowan did not limit himself to choosing one of these two formulas. (*See* Report ¶ 63.) Thus, FHFA's argument that Defendants' right to challenge the extrapolation method ultimately chosen "must be narrow" because Dr. Cowan "explained how he will choose the extrapolation formula" (Opp. 21) is factually incorrect. Dr. Cowan's only description is that he intends to choose from among a "multitude of ways that the

8

results from the sample can be extrapolated" to minimize the margin of error. (Report ¶¶ 63, 68.) That amorphous statement of future intent is not a testable scientific opinion.

Dr. Cowan and Dr. Barnett both agree that extrapolation "is an integral part of the planning for and acceptance of sampling as a viable scientific method". (Report ¶ 64; *see* 10/26/12 Barnett Decl. ¶ 43; 11/16/12 Barnett Decl. ¶ 22.) And FHFA does not challenge Dr. Barnett's testimony that "using an inappropriate extrapolation methodology could undermine any potential benefits gained by sampling". (10/26/12 Barnett Decl. ¶ 43.) Contrary to FHFA's assertion (Opp. 20-21), the Court has not "implicitly rejected" Defendants' argument that the methodology described in the Report is incomplete. (*See* 10/15/12 Hr'g Tr. 87-88.) By his own admission, Dr. Cowan's opinions remain incomplete without the "integral" step of choosing a "process of extrapolation". (Report ¶ 64.) The Court has not ruled on this issue, and Defendants retain their right to challenge any extrapolation method ultimately chosen (and its application).[10]

## IV.    DEFENDANTS RESERVE THEIR RIGHTS TO CHALLENGE ANY FUTURE OPINIONS OR USES OF DR. COWAN'S SAMPLING PROTOCOL.

FHFA does not contest that Defendants may challenge the application of Dr. Cowan's sampling methodology at a later date. (Opp. 21-22.) But as to extrapolation and supplementation, FHFA improperly seeks to limit Defendants' ability to raise future challenges the Court expressly contemplated in setting this preliminary round of *Daubert* briefing. As the Court recognized, "you can't make a *Daubert* motion with respect to something you don't have". (10/15/12 Hr'g Tr. 88.) Dr. Cowan's inclusion of vague statements of future intent about

---

[10] Dr. Cowan's new suggestion that he may be able to use an undescribed post-stratification technique to reduce the margin of error (11/9/12 Cowan Decl. ¶¶ 20-21)—a method he did not mention in the Report—further undermines his analysis. *First*, Dr. Cowan is incorrect that, in his example, a finding of no breaches in the sampled loans under $100,000 allows the inference that there were no breaches in the full population of loans under $100,000; it is not possible to eliminate the sampling margin of error entirely. (11/16/12 Barnett Decl. ¶ 9.) *Second*, Dr. Cowan's supposition that he may discover a new variable that yields immense statistical power after his analysis is complete conflicts with his prior argument that additional variables will yield diminishing returns. (*Id.* ¶ 21.) Dr. Cowan's new plan to use previously undescribed post-stratification analyses to fix his overly expansive margin of error highlights the incomplete and indeterminate nature of his approach.

extrapolation and loan file supplementation are objectionable now because they render his methodology incomplete; they may be further objectionable when applied. Defendants reserve their right to assert all such challenges, including to challenge the use of Dr. Cowan's samples for anything other than their stated purpose, as described in the Report, of answering the three questions regarding breach, to which this motion is directed.[11]

Defendants must be afforded a full opportunity to challenge all of Dr. Cowan's opinions once FHFA has provided: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them" as required by Fed. R. Civ. P. 26(a)(2)(B)(i), including a report that discloses and applies the extrapolation methodology selected by Dr. Cowan; (2) support, if any, for Dr. Cowan's unproven assumptions, including the assumption that re-underwriting will produce binary results; (3) support, if any, for how Dr. Cowan will avoid introducing bias through his supplementation methodology; (4) the data necessary to replicate Dr. Cowan's results and methods, including the representativeness calculations performed by Dr. Cowan and the actual tests he used; and (5) discovery as to whether Dr. Cowan in fact ran multiple "random" samples, how he erroneously included loans from outside the relevant loan groups and whether he generated other data in connection with his Report.

## Conclusion

Defendants respectfully request that the Court exclude the October 10, 2012 Expert Report of Dr. Charles D. Cowan.

---

[11] Contrary to Dr. Cowan's assertion that it "will be possible for the fact finder to determine liability for any one Securitization with a known level of accuracy" (Report ¶ 73), FHFA concedes that extrapolation from Dr. Cowan's samples will not, on its own, suffice to determine liability (Opp. 22). Dr. Cowan now claims that he can use the samples to "assess the impact of breaches on loan performance and thus . . . for damages calculations" and that he can posit a situation in which the samples could show that "breached loans defaulted more frequently". (11/9/12 Cowan Decl. ¶¶ 24-25.) As Dr. Barnett shows, however, the small sample size Dr. Cowan has chosen means that his rudimentary test may not yield statistically significant results in many instances. (11/16/12 Barnett Decl. ¶ 25.) Dr. Cowan is incorrect that he can use breach rate results to demonstrate loss causation or damages, both of which require a more sophisticated analysis. (6/6/12 James Decl. ¶¶ 13, 24-26, 35.)

Dated:  November 16, 2012
      New York, New York

Respectfully submitted,


_____
Richard W. Clary (rclary@cravath.com)
Richard J. Stark (rstark@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Attorneys for Credit Suisse Securities (USA)*
*LLC, Credit Suisse Holdings (USA), Inc., Credit*
*Suisse (USA), Inc., DLJ Mortgage Capital, Inc.,*
*Credit Suisse First Boston Mortgage Securities*
*Corporation, Asset Backed Securities*
*Corporation, Credit Suisse First Boston*
*Mortgage Acceptance Corporation, Andrew A.*
*Kimura, Jeffrey A. Altabef, Evelyn Echevarria,*
*Michael A. Marriott, Zev Kindler, John P.*
*Graham, Thomas E. Siegler, Thomas Zingalli,*
*Carlos Onis, Steven L. Kantor, Joseph M.*
*Donovan, Juliana Johnson, and Greg Richter*


_____
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendant UBS Securities LLC*


_____
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG,*
*Taunus Corporation, Deutsche Bank Securities*
*Inc , DB Structured Products, Inc., Ace*
*Securities Corp., Mortgage IT Securities Corp.*


_____
Brad S. Karp (bkarp@paulweiss.com)
Bruce Birenboim (bbirenboim@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup*
*Mortgage Loan Trust Inc., Citigroup Global*
*Markets Realty Corp., Citigroup Global*
*Markets Inc., Susan Mills, Randall Costa, Scott*
*Freidenrich, Richard A. Isenberg, Mark I.*
*Tsesarsky, Peter Patricola, Jeffrey Perlowitz*
*and Evelyn Echevarria*

*James P. Rouhandeh /AcB*

James P. Rouhandeh (rouhandeh@davispolk.com)
Brian S. Weinstein (brian.weinstein@davispolk.com)
Daniel J. Schwartz (daniel.schwartz@davispolk.com)
Nicholas N. George
(nicholas.george@davispolk.com)
Jane M. Morril (jane.morril@davispolk.com)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants Morgan Stanley,
Morgan Stanley & Co. Incorporated (n/k/a
Morgan Stanley & Co. LLC), Morgan Stanley
Mortgage Capital Holdings LLC (successor-in-
interest to Morgan Stanley Mortgage Capital
Inc.), Morgan Stanley ABS Capital I Inc.,
Morgan Stanley Capital I Inc., Saxon Capital,
Inc., Saxon Funding Management LLC, Saxon
Asset Securities Company, Gail P. McDonnell,
Howard Hubler, David R. Warren, and Steven
S. Stern*

*Penny Shane / AcB*

Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Defendants JPMorgan Chase &
Co., JPMorgan Chase Bank, N.A., J.P. Morgan
Mortgage Acquisition Corporation, J.P. Morgan
Securities LLC, J.P. Morgan Acceptance
Corporation I, Bear Stearns & Co., Inc., EMC
Mortgage LLC, Structured Asset Mortgage
Investments II Inc., Bear Stearns Asset Backed
Securities I LLC, WaMu Asset Acceptance
Corporation, WaMu Capital Corporation,
Washington Mutual Mortgage Securities
Corporation, Long Beach Securities
Corporation and certain of the Individual
Defendants*

*Bruce E. Clark / AcB*

Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Attorneys for Defendants First Horizon
National Corporation, First Tennessee Bank
National Association, FTN Financial Securities
Corporation, First Horizon Asset Securities,
Inc., Gerald L. Baker, Peter F. Makowiecki,
Charles G. Burkett, and Thomas Wageman*

*David H. Braff /AcB*

David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Barclays Capital Inc., Barclays
Bank PLC, Securitized Asset Backed
Receivables LLC, Paul Menefee, John Carroll,
and Michael Wade*

*David Blatt / ACB*

David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

*Attorneys for Bank of America Corporation;*
*Bank of America, N.A.; Asset Backed Funding*
*Corp.; Banc of America Funding Corp.; Merrill*
*Lynch & Co., Inc., Merrill Lynch Mortgage*
*Lending, Inc., Merrill Lynch Mortgage Capital*
*Inc., First Franklin Financial Corp., Merrill*
*Lynch Mortgage Investors, Inc., Merrill Lynch*
*Government Securities, Inc., Merrill Lynch,*
*Pierce, Fenner & Smith Inc.*

*John M. Conlon / ACB*

Mark S. Hanchet (mhanchet@mayerbrown.com)
John M. Conlon (jconlon@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Defendants HSBC North America*
*Holdings Inc., HSBC USA Inc., HSBC Markets*
*(USA) Inc., HSBC Bank USA, NA., HSI Asset*
*Securitization Corporation, HSBC Securities*
*(USA) Inc., Neal Leonard, Gerard Mattia, Todd*
*White, Norman Chaleff, and Jon Voigtman*

*Richard H. Klapper / ACB*

Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Tracy Richelle High (hight@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Goldman, Sachs & Co, GS*
*Mortgage Securities Corp., Goldman Sachs*
*Mortgage Company, The Goldman Sachs*
*Group, Inc., Goldman Sachs Real Estate*
*Funding Corp., Peter C. Aberg, Howard S.*
*Altarescu, Robert J. Christie, Kevin Gasvoda,*
*Michelle Gill, David J. Rosenblum, Jonathan S.*
*Sobel, Daniel L. Sparks, Mark Weiss*

*Bruce E. Clark / ACB*

Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Attorneys for Defendants Nomura Securities*
*International, Inc., Nomura Holding America*
*Inc., Nomura Asset Acceptance Corporation,*
*Nomura Home Equity Loan, Inc., Nomura*
*Credit & Capital, Inc., David Findlay, John*
*McCarthy, John P. Graham, Nathan Gorin, and*
*N. Dante LaRocca*

13

*Scott Musoff / ACB*

Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman
(george.zimmerman@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY 10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Americas
Securities, LLC, SG Mortgage Finance Corp.,
and SG Mortgage Securities, LLC, Arnaud
Denis, Abner Figueroa, Tony Tusi, and Orlando
Figueroa*

*Vernon Broderick / ACB*

Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick
(vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY 10153

*Attorneys for General Electric Company,
General Electric Capital Services, Inc., GE
Mortgage Holding, LLC, GE-WMC Securities,
LLC*

*Matthew Solum / ACB*

Matthew Solum (matthew.solum@kirkland.com)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022

Robert J. Kopecky
(robert.kopecky@kirkland.com)
Devon M. Largio (devon.largio@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

Jeffrey S. Powell (jeff.powell@kirkland.com)
Patrick M. Bryan (patrick.bryan@kirkland.com)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005

*Attorneys for Ally Securities, LLC*

*Sandra D. Hauser / ACB*

Sandra D. Hauser
(sandra.hauser@snrdenton.com)
Patrick Fitzmaurice
(patrick.fitzmaurice@snrdenton.com)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins*

14

_Reginald R. Goeke / AcB_

Reginald R. Goeke (rgoeke@mayerbrown.com)
Catherine M. Bernard (cbernard@mayerbrown.com)
MAYER BROWN LLP
1999 K St., N.W.
Washington, D.C. 20006

Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Ally Financial Inc. and GMAC
Mortgage Group, Inc.*


_Thomas C. Rice / AcB_

Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

*Attorneys for Defendant RBS Securities Inc.*


_Joel C. Haims / AcB_

Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael
Nierenberg*


_Dani R. James / AcB_

Dani R. James (djames@kramerlevin.com)
Jade A. Burns (jburns@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL
LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jeffrey L. Verschleiser*


_Daniel C. Zinman / AcB_

Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, New York 10281

*Attorneys for Defendants George C. Carp,
Robert J. Caruso, George E. Ellison, Adam D.
Glassner, Daniel B. Goodwin, Juliana Johnson,
Michael J. Kula, William L. Maxwell, Mark I.
Ryan, Antoine Schetritt, Donald Han, Michael
M. McGovern, Paul Park, Donald J. Puglisi,
Brian T. Sullivan, and Matthew Whalen*


_Pamela Rogers Chepiga / AcB_

Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Josephine A. Cheatham
(allie.cheatham@allenovery.com)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

*Attorneys for Defendant Samuel L. Molinaro, Jr.*

_Richard A. Edlin / ACB_

Richard A. Edlin (edlinr@gtlaw.com)
Ronald D. Lefton (leftonr@gtlaw.com)
Candace Camarata (camaratac@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166

*Attorneys for Defendant Jeffrey Mayer*