UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------  x
                                                                     :  **DEFENDANTS' SUBMISSION**
                                                                     :  **ON EXPERT DISCOVERY AND**
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :  **DEPOSITION PROTOCOL**
                                                                     :
                          Plaintiff,                                 :
                    v.                                               :  11 Civ. 5201 (DLC)
                                                                     :
UBS AMERICAS, INC., et al.,                                          :
                                                                     :
                          Defendants.                                :
-------------------------------------------------------------------  x
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :  11 Civ. 6188 (DLC)
                          Plaintiff,                                 :
                    v.                                               :
                                                                     :
JPMORGAN CHASE & CO., et al.,                                        :
                                                                     :
                          Defendants.                                :
-------------------------------------------------------------------  x
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :  11 Civ. 6189 (DLC)
                          Plaintiff,                                 :
                    v.                                               :
                                                                     :
HSBC NORTH AMERICA HOLDINGS, INC., et al.,                           :
                                                                     :
                          Defendants.                                :
-------------------------------------------------------------------  x
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :  11 Civ. 6190 (DLC)
                          Plaintiff,                                 :
                    v.                                               :
                                                                     :
BARCLAYS BANK PLC, et al.,                                           :
                                                                     :
                          Defendants.                                :
-------------------------------------------------------------------  x

```
-------------------------------------------------------------------   x
                                                                      :
                                                                      :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                 :
                                                                      :   11 Civ. 6192 (DLC)
                              Plaintiff,                              :
                    v.                                                :
                                                                      :
DEUTSCHE BANK AG, et al.,                                             :
                                                                      :
                              Defendants.                             :
-------------------------------------------------------------------   x
                                                                      :
                                                                      :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                 :
                                                                      :   11 Civ. 6193 (DLC)
                              Plaintiff,                              :
                    v.                                                :
                                                                      :
FIRST HORIZON NATIONAL CORP., et al.,                                 :
                                                                      :
                              Defendants.                             :
-------------------------------------------------------------------   x
                                                                      :
                                                                      :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                 :
                                                                      :   11 Civ. 6195 (DLC)
                              Plaintiff,                              :
                    v.                                                :
                                                                      :
BANK OF AMERICA CORP., et al.,                                        :
                                                                      :
                              Defendants.                             :
-------------------------------------------------------------------   x
                                                                      :
                                                                      :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                 :
                                                                      :   11 Civ. 6196 (DLC)
                              Plaintiff,                              :
                    v.                                                :
                                                                      :
CITIGROUP INC., et al.,                                               :
                                                                      :
                              Defendants.                             :
-------------------------------------------------------------------   x
```

```
------------------------------------------------------------------   X
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :   11 Civ. 6198 (DLC)
                          Plaintiff,                                 :
              v.                                                     :
                                                                     :
GOLDMAN, SACHS & CO., et al.,                                        :
                                                                     :
                          Defendants.                                :
------------------------------------------------------------------   X
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :   11 Civ. 6200 (DLC)
                          Plaintiff,                                 :
              v.                                                     :
                                                                     :
CREDIT SUISSE HOLDINGS (USA), INC., et al.,                          :
                                                                     :
                          Defendants.                                :
------------------------------------------------------------------   X
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :   11 Civ. 6201 (DLC)
                          Plaintiff,                                 :
              v.                                                     :
                                                                     :
NOMURA HOLDING AMERICA, INC., et al.,                                :
                                                                     :
                          Defendants.                                :
------------------------------------------------------------------   X
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :   11 Civ. 6202(DLC)
                          Plaintiff,                                 :
              v.                                                     :
                                                                     :
MERRILL LYNCH & CO., INC., et al.,                                   :
                                                                     :
                          Defendants.                                :
------------------------------------------------------------------   X
```

```
------------------------------------------------------------------  X
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :  11 Civ. 6203 (DLC)
                              Plaintiff,                            :
              v.                                                    :
                                                                    :
SG AMERICAS, INC., et al.,                                          :
                                                                    :
                              Defendants.                           :
------------------------------------------------------------------  X
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :  11 Civ. 6739 (DLC)
                              Plaintiff,                            :
              v.                                                    :
                                                                    :
MORGAN STANLEY, et al.,                                             :
                                                                    :
                              Defendants.                           :
------------------------------------------------------------------  X
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :  11 Civ. 7010 (DLC)
                              Plaintiff,                            :
              v.                                                    :
                                                                    :
ALLY FINANCIAL INC., et al.,                                        :
                                                                    :
                              Defendants.                           :
------------------------------------------------------------------  X
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :  11 Civ. 7048 (DLC)
                              Plaintiff,                            :
              v.                                                    :
                                                                    :
GENERAL ELECTRIC COMPANY, et al.,                                   :
                                                                    :
                              Defendants.                           :
------------------------------------------------------------------  X
```

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-----------------------------------------------------------------------    x
     :
     :
     :
FEDERAL HOUSING FINANCE AGENCY, etc.,      :
     :   3:11 CV-01383 (AWT)
           Plaintiff,      :
       v.      :
     :
THE ROYAL BANK OF SCOTLAND GROUP PLC, et      :
al.,

           Defendants.
-----------------------------------------------------------------------    x

Pursuant to this Court's Pretrial Scheduling Order of June 14, 2012, Defendants in these Actions hereby submit their position on the schedule for re-underwriting and expert discovery in Tranches 1 (the UBS Action) and Tranches 2 (the JPM and BOA Actions), limitations on depositions of third parties, and protocols for noticing and scheduling discovery depositions.[1]

## I.    Proposal for Reunderwriting & Expert Discovery in Tranches 1 & 2.

At the November 6, 2012 conference, the Court stated "it would be helpful to one and all" for FHFA to "identify factually" whether "each individual loan file represents potential evidence of a misrepresentation." (Tr. 16:15-21.)   Since that conference, the parties in Tranches 1 & 2 have worked diligently to develop a process for Plaintiff to make such rolling disclosures ("FHFA's Assertions") and for Defendants to respond promptly ("Defendants' Rebuttals").[2]

The parties now agree on a number of important principles and provisions, including that (1) Plaintiff will disclose its Assertions on a rolling basis; (2) Defendants will promptly respond to FHFA's Assertions with their own Rebuttals; (3) Defendants will promptly advise Plaintiff whether, based on those Assertions, Defendants intend to re-underwrite an alternative set of loans (an "Alternative Set"); and (4) these exchanges will be subject to modification and supplementation up through the parties' exchanges of expert reports at the close of the re-underwriting process.  However, certain areas of disagreement remain.

*First*, if the parties' cooperative effort to collect and identify the complete loan files and underwriting guidelines applicable to the loans in Plaintiff's samples fails to answer all anticipated questions about the completeness of files or availability of guidelines, the parties disagree as to whether further inquiry into those questions or missing documents should be cut off at the outset of fact discovery and before any fact-finding. The parties' agreement to cooperate to collect and organize these materials, with exchanges about files and guidelines in their respective possession, and pursuit of files and guidelines in non-parties' possession,

---

[1] The proposal concerning expert discovery is not being submitted in and does not apply to the RBS Action in Connecticut.

[2]  As a threshold matter, the parties agree that the reunderwriting and expert schedule for cases in Tranches 3 and 4 should be discussed and determined at a later date early next year, in light of the parties' experience with the UBS and Tranche 2 schedules.  Accordingly, the discussion below pertains only to UBS and Tranche 2 cases.

reflects mutual recognition that this is a shared goal, and challenge, rather than Defendants' burden.  (See Ex. 1 ¶ 2; Ex. 2 ¶ 2.)   Defendants will continue to work diligently to collect loan files and underwriting guidelines; however, all parties recognize that due to the passage of time and dispersal of files among many entities (some of which no longer exist), some loan files or underwriting guidelines for loans in the Plaintiff's samples may take some time to find, or may never be found, while questions about completeness or applicability may arise.[3]

To fairly address this difficulty, Defendants propose that the parties work together to identify the most complete files and agree upon applicable guidelines to the extent possible, and reserve their respective rights with respect to the rest.  Any disputes would be determined by the Court or fact-finder, as appropriate. Plaintiff proposes instead that the parties be required to resolve all such issues at the outset, and that this resolution be binding for all purposes thereafter.

Defendants' proposal is far more appropriate.  Unlike Plaintiff's Proposal, it permits the parties to use fact discovery to gather evidence bearing on disputed issues. For example, if a loan file appears incomplete, further non-party production may yield a more complete version. If no underwriting guidelines known to have applied are located initially, testimony or further non-party production may yield missing information. Under Plaintiff's approach, the parties would be "bound" to an agreed version of the facts that further discovery may reveal to be false. The fact-finder may be deprived of proper evidence, or asked to consider flawed information or assumptions. This is particularly problematic where, as here, the question of liability may turn on whether a document actually was missing from a loan file (as FHFA may seek to prove), or whether a loan did not conform to a particular set of underwriting guidelines, as FHFA bears the burden of proving.

*Second*, the parties disagree about when Plaintiff's duty to make rolling disclosures should begin. Defendants propose that Plaintiff begin its rolling disclosures in the UBS action on the earlier of December

---

[3] Indeed, Plaintiff's sampling expert Dr. Cowan expressly contemplates substituting loans as necessary.  Expert Report Of Charles D. Cowan, Ph.D. Regarding The Selection Of Statistically Valid Random Samples Of Mortgage Loans for Fifteen FHFA Actions at 19 n.8, *FHFA* v. *JPMorgan Chase & Co.*, 11 Civ. 6188 (S.D.N.Y.), Oct. 11, 2012.  In current scheduling talks and in its draft proposals, however, Plaintiff does not address the prospect of substitutions, including when those substitutions would be made and how they would impact the schedule for re-underwriting.

17, 2012 or one month after the Court enters Defendants' Proposal, and in the JPMorgan and Merrill Lynch actions on the earlier of January 31, 2013 or one month after entry of an order by this Court addressing Plaintiff's proposed sampling methodology as to the Tranche 2 cases. Plaintiff proposes commencing its disclosures one month after "all of the applicable guidelines and substantially all (95 percent or greater) of the applicable loan file documents have been produced and determined as to the population of loans in each such securitization sample." (Ex. 2 ¶ 3.) For the reasons discussed above, under this proposal, Plaintiff might be long delayed in making its rolling disclosures. In contrast, Defendants' proposal gives Plaintiff time to prepare to begin to re-underwrite the loans, while also setting a date certain by which the rolling disclosure process will get underway.

*Third*, the parties disagree about certain matters relating to changes in their respective factual Assertions or Rebuttals. Defendants recognize that the parties should have flexibility to change their Assertions or Rebuttals based on new information, or based on mistakes that are made in the press of time, which otherwise would have been rectified if the parties had been submitting expert reports without interim disclosures. However, in order for the rolling disclosure process to be useful, and to facilitate the expert disclosure process rather than hinder it, the interim disclosures must at least have some meaning. If the parties remain free to make dramatic changes to their interim disclosures without any consequence, it will prevent the other side from being able to move forward in reliance on the interim disclosures, because they will be shooting at a moving target.

Accordingly, Defendants' Proposal allows any party to withdraw or otherwise modify its Assertions without prejudice or adverse consequence, so long as the modification is made "reasonably promptly" and "for good cause." (Ex. 1 ¶ 3.) Defendants propose to define "good cause" as circumstances where (1) additional evidence bearing on the Assertion or Rebuttal is discovered, or (2) the modification is necessary to resolve an inadvertent computational or factual error that affected a relatively small number of loans. (Ex. 1 ¶ 3.) If modification was not for good cause, the opposing party would be permitted to point to the change as potentially relevant evidence. By contrast, Plaintiff proposes that Assertions and Rebuttals will "have no preclusive effect," and may be withdrawn or modified for no reason at all. (Ex. 2 ¶ 4.) Plaintiff declined to

engage with Defendants about any limits on modifications, or any other method to promote due care and deliberateness in the Assertion and Rebuttal process.

*Fourth*, the parties disagree about the timing of Defendants' obligation to provide Rebuttals and the timing and scope to identify Alternative Sets of loans for potential reunderwriting.  As to the timing of Rebuttals, Defendants respectfully submit that 14 or 21 days is an inadequate period to provide meaningful detailed responses to Plaintiff's Assertions.  Defendants instead propose to serve their Rebuttals within 30 days of timely receipt of FHFA's Assertions as to each set of loan files. To allow Defendants to provide their Rebuttals in the most timely fashion, Defendants proposed that FHFA provide its Assertions in weekly installments, which Defendants, in turn, would respond to on a weekly basis.  FHFA initially advised that it would consider such a protocol but ultimately refused.

As to the timing and scope of the obligation to provide Alternative Sets, Defendants initially proposed to identify Alternative Sets, if any, within 30 days of timely receipt of FHFA's last set of Assertions for the entire set of loan files in a given case.  (Ex. 1 ¶ 4.)  Defendants then offered to identify Alternative Sets, if any, at the half-way point of Plaintiff's re-underwriting. Plaintiff proposed that Defendants identify Alternative Sets on the same schedule as the Rebuttals, and further proposed that (unlike the Plaintiff's Assertions) these Alternative Sets should be *binding* on Defendants and usable *in all contexts*. Defendants cannot select Alternative Sets until they have received substantial disclosure of Plaintiff's cumulative Assertions.  Alternative Sets of loans bearing on loss causation, for example, may depend on the proportion of loans for which Plaintiff identifies a particular defect.  In all events, if, as Plaintiff proposes, its Assertions are to remain subject to modification for any reason or no reason at all, then Defendants' Alternative Sets, if any, must be subject to modification in response to Plaintiff's modifications, at least. Most importantly, early identification of Alternative Sets should be limited to Sets proposed for reunderwriting, through review of loan files for defects or their absence. The proper purpose of early identification of Alternative Sets is to give Plaintiff time in which to reunderwrite loans that Defendants may decide to reunderwrite. Early identification need not and should not operate to require Defendants to foretell

-4-

all possible references to loans, before Defendants know much of anything about what Plaintiff will seek to

prove.[4]

## II.      Proposed Modifications to the Schedules in Tranches 1 and 2.

The UBS Defendants respectfully request that the Court enter the attached proposed scheduling order

("UBS' Proposed Scheduling Order"), which modifies certain interim deadlines.   (*See* Ex. 3Likewise,

Defendants in the Tranche 2 cases respectfully request that the Court enter the attached proposed scheduling

order in those actions to allow the parties to complete expert discovery with sufficient time before the

deadline for summary judgment motions.  (See Tranche 2 Proposed Scheduling Order, Ex. 4.)

Pursuant to the Scheduling Order entered by this Court on October 5, 2012 (the "Scheduling Order"),

document production in all 16 coordinated actions was to be "substantially complete" by October 22, 2012.

Depositions, in turn, are currently scheduled to begin in all actions on January 22, 2013.  As the UBS

Defendants informed the Court at the November 6, 2012 conference, however, FHFA has represented that it

will not be substantially complete with document production until the end of November, at the earliest,

thereby jeopardizing Defendants' ability to adequately prepare for depositions and ensure that deponents

need not be called back to testify more than once.  Indeed, based on FHFA's representations, FHFA has

produced to date only a fraction of the relevant documents it intends to produce.  Specifically, as of

November 5, 2012, FHFA (by its own count) had produced roughly 500,000 documents to Defendants.  But

at a conference before this Court on October 15, 2012, counsel for FHFA represented that FHFA was in the

process of reviewing nearly three million potentially relevant documents.  *See* Tr. 10/15 Conference, at 62:5-

11.

---

[4] In light of concerns unique to the UBS Action – specifically, the compressed schedule for fact and expert discovery –
the UBS Defendants respectfully submit that FHFA's Proposal would be entirely unworkable in the UBS Action.
Specifically, FHFA's Proposal allows FHFA to refrain from making any disclosures until early next year at the earliest –
a matter of months before the parties would be obliged to exchange final expert reports. Accordingly, if the Court is not
inclined to adopt the Defendants' Proposal for the exchange of Assertions and Rebuttals, the UBS Defendants
respectfully submit that FHFA's Proposal is inherently unworkable and the Court should decline to enter any schedule
for the exchange of Assertions and Rebuttals in the UBS Action alone.  Rather, the Court should adopt UBS' Proposed
Expert Schedule (Ex 1 at ¶ 7-11), standing alone, and the parties would first exchange any reunderwriting results in
connection with their final expert reports.  Under UBS' Proposed Expert Schedule (which Defendants respectfully
submit that the Court should adopt in any event), the parties will endeavor to work collaboratively to ensure that the
loans within FHFA's Sample and all applicable origination guidelines are produced by December 17, 2012.  FHFA
would then have four months – until April 1, 2013 – to serve any re-underwriting expert reports.

In light of the above, the UBS Defendants respectfully request that the Court enter UBS' Proposed Scheduling Order, which adjusts the deadlines governing these actions by approximately five weeks – the period between October 22, 2012 (the deadline for the substantial completion of document discovery) and the end of November, 2012 (when FHFA expects to substantially complete its own document production). Last week, prior to the November 6 conference with the Court, FHFA indicated that it did not oppose UBS' Proposed Scheduling Order. At an in-person meet-and-confer held late last week, counsel for FHFA again reiterated that FHFA did not oppose UBS' Proposed Scheduling Order and observed that, because any summary judgment motion "would be [UBS'] motion," FHFA did not oppose adjusting the schedule governing summary judgment briefing. Yesterday, however, FHFA reversed course and informed the UBS Defendants that it now did, in fact, oppose UBS' Proposed Scheduling Order. FHFA informed the UBS Defendants late last night that it was willing to move the deposition start date to as late as January 28, 2013 (6 days from the current deadline), and the close of fact and expert discovery to as late as July 8, 2013 (3 days from the current deadline), but opposed all other adjustments. Given the extremely compressed discovery schedule in the UBS Action, the UBS Defendants respectfully submit that they will be substantially prejudiced by losing five weeks within which to prepare for party depositions, non-party depositions, and ultimately complete fact and expert discovery.

**III.    Limitations and Protocols Governing Depositions.**

Counsel for Defendants and Counsel for Plaintiff have reached agreement on a number of issues relating to depositions that will take place in these Actions. These agreed-upon issues included establishment of scheduling committees, the location of depositions, the handling of exhibits, and questionnaires to be used to expedite the depositions. The parties to the actions pending in the Southern District of New York have also agreed on presumptive time limits on depositions of third parties. [5] The agreed-upon procedures will be

---

[5] Unlike the SDNY Actions, document discovery is just beginning in the RBS Action pending in the District of Connecticut.   Only a handful of subpoenas have been served, and no documents have been produced by any non-party. In recognition of the different postures of the cases, the RBS Defendants requested FHFA to defer setting limits on non-party depositions or, alternatively, to recognize in any agreement applying presumptive limits on non-party depositions in the SDNY Actions to the RBS Action that there may be a need – if documents pertaining to the RBS Action are not produced in time for use in non-party depositions noticed in the SDNY Actions – for the parties to the RBS Action to take additional depositions of one or more non-parties as to the matters at issue in that case.   FHFA has refused. Accordingly, the RBS Defendants respectfully submit that coordination should not be expanded to cover non-party

set forth in a mutually agreed deposition protocol to be submitted to the Court for consideration before Thursday's hearing.

This protocol is being proposed in light of the Court's rulings denying Defendants the right to take the number of depositions that the Federal Rules of Civil Procedure permit them to take per case. Fed. R. Civ. P. 30(a)(2). Defendants reserve the right to challenge that ruling on all applicable grounds. In addition, the parties reserve all rights to seek modification of limits as provided by Rule 30 of the Federal Rules of Civil Procedure. This reservation is particularly important, given that party document production remains ongoing, and that the majority of non-party productions have not yet occurred. In the RBS Action, party document discovery is just beginning, and no non-party document production has occurred in that case. Defendants' agreement is also subject to their continuing objection to the insufficiency of the previously imposed limitation that Defendants, collectively, may take no more than 20 depositions of Fannie Mae, Freddie Mac, and FHFA/OFHEO employees, including application of that limitation to former employees and out-of-state witnesses.

Despite agreement on many issues, disagreement remains concerning presumptive limits on the length of 30(b)(6) depositions of parties as well as the length of party-employee depositions. Defendants address those issues below.

### A. 30(b)(6) Deposition Testimony of Parties.

The Court's June 14 Order did not instruct the parties to negotiate limits on the number and length of Rule 30(b)(6) depositions. Defendants believe this was appropriate, since the number and length of such depositions will depend in large part on the number of common and case-specific topics that are properly noticed and the number of witnesses that will have to be produced to address those topics. Nonetheless, Plaintiff has proposed that presumptive limits be set now and Defendants have made a good faith effort to reach agreement with Plaintiff on such limits.

---

depositions or, alternatively, that any expanded coordination order protect the RBS Defendants to take appropriate non-party depositions after they have received the documents needed to do so.

Plaintiff proposed that Defendants, as a group, and across 17 separate actions, be limited to one seven-hour day of 30(b)(6) deposition testimony from each Plaintiff entity (*i.e.*, Fannie Mae, Freddie Mac, and FHFA/OFHEO).  Defendants responded by offering Plaintiff two alternative proposals:

(a)      one day of testimony of each Plaintiff entity for which Defendants would coordinate questions pertaining to issues common across the Actions, followed by one-half day (3.5 hours) of questioning by each affiliated group of Defendants of each Plaintiff entity; or

(b)      four days of testimony of each Plaintiff entity.

Counsel for Plaintiffs declined both alternatives.

FHFA's position will unfairly prejudice the ability of the Defendants to prepare their defenses in the seventeen actions to which the presumptive limits will apply.   The circumstances of this litigation warrant Rule 30(b)(6) depositions lasting more than one day per GSE.

*First,* this litigation is exceedingly complex.  It involves seventeen separate lawsuits, millions of documents, and billions of dollars.  Defendants cannot "fairly examine" the GSEs' Rule 30(b)(6) witnesses in one seven-hour day; the Court "must allow additional time consistent with Rule 26(b)(2)."  Fed. R. Civ. P. 30(d)(2).

*Second,* the number of topics on which examination will be taken would render any one-day limit on Rule 30(b)(6) depositions impossible.  Plaintiff's draft protocol provides that Defendants may notice up to 50 topics for each GSE.  Plaintiff therefore anticipates that Defendants will have and are entitled to notice at least 50 issues to cover with each GSE.  But a one-day deposition would mean, by Plaintiff's own calculation, that Defendants would have approximately eight minutes per topic.  Eight minutes is barely time enough to introduce a Rule 30(b)(6) topic; much less "fairly examine the deponent."  Fed. R. Civ. P. 30(d)(1).

*Third,* while some common topics for examination certainly exist, the defendants in each of the 17 cases must be provided a reasonable opportunity to explore the Plaintiff entities' involvement with the specific securitizations at issue, including GSE's interactions with each group of defendants and the "actual knowledge" of any alleged misrepresentations related to each securitization.  Trans. 11/06/2012 Hearing, at 61:14–16.  To question the GSEs about their knowledge of 500 securitizations and their dealings with 17 defendant groups will take well more than the one day Plaintiff proposes.  *See Lopez v. San Francisco*

-8-

*Unified Sch. Dist.*, 2004 WL 6065998, at *3–4 (N.D. Cal. March 9, 2004) (holding that need to examine Rule 30(b)(6) witness about thirty-three separate construction projects justified extension of deposition); *Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 817853, at *4 (N.D. Ill. July 19, 2001) ("In this case, the Court finds that the factual complexity of [one Rule 30(b)(6) witness] discussing repair work performed on 56 barges and the need to refer to numerous accompanying documents justifies authorization to extend the time allowed for this deposition.").

While taking the position that Defendants, collectively, should take only one seven-hour 30(b)(6) deposition of each Plaintiff entity, FHFA proposed that Plaintiff take a 30(b)(6) deposition of each corporate *entity* involved in the Actions – in other words, *in excess of 100* 30(b)(6) depositions of Defendants.  FHFA's position is untenable, for at least two reasons:

*First*, under FHFA's proposal, there is an utter lack of parity between the parties.  Under the Court's prior limitation on individual party deposition, FHFA is permitted to take 340 individual depositions while Defendants, collectively, are limited to 20.  Under FHFA's current 30(b)(6) proposal, that lack of parity will grow even more pronounced– with FHFA taking 440 depositions (not including depositions of dozens of individual defendants) and Defendants, as a group, taking only 23 depositions.

*Second*, FHFA's proposal for 100 additional depositions on top of the hundreds it currently is authorized to take would impose an undue burden, particularly given the lack of justification for a *separate* 30(b)(6) deposition for each corporate *entity* named in the 17 Actions.  Absent a compelling rationale for the need to examine a representative of each named entity, this Court should not impose such a substantial burden on Defendants.

In attempting to balance the goal of efficiency with the need to pursue fair and appropriate discovery, Defendants request that the Court order as follows with respect to 30(b)(6) depositions:

- FHFA may take *up to two seven-hour days* of 30(b)(6) deposition testimony for *each affiliated group* of Defendants; and

- Defendants, as a group, may take *up to two seven-hour days* of 30(b)(6) deposition testimony of FHFA/OFHEO, and *up to four seven-hour days* of 30(b)(6) deposition testimony each of Fannie Mae and Freddie Mac.

Defendants would be willing to discuss departures from these limits, under the appropriate circumstances, and depending on Plaintiff's flexibility concerning 30(b)(6) depositions of the Plaintiff entities.

## B.   Length of Party Employee Depositions.

Plaintiff's position is that total questioning at each deposition of a party's current or former employee shall presumptively last no more than *two* days.  Defendants, in turn, proposed that (1) the presumptive limit should be *three* days, (2) depositions of witnesses with specific involvement in 50 or more securitizations shall presumptively last no more than four seven-hour days, and (3) depositions of witnesses with specific involvement in 100 or more securitizations shall presumptively last no more than five seven-hour days, exclusive of breaks.  Under Defendants' proposal, specific involvement in a Securitization will be determined by the witness's answers to a Deposition Questionnaire or by documents reflecting the witness's specific involvement in a Securitization.

In defending these cases, Defendants certainly intend to examine FHFA's witnesses with respect to matters generally applicable to these cases and also to examine them with respect to each of the Securitizations and Certificates at issue.  Many of FHFA's witnesses have knowledge concerning multiple securitizations.  To fairly examine these witnesses about deal-specific issues will take a substantial amount of time.  *See Baker v. PPL Corp.*, 2011 WL 1811106, at *3 (M.D. Pa. May 12, 2011); *Adelphia Recovery Trust*, 2009 WL 1794992, at *2 (M.D. Pa. June 23, 2009) (complexity of underlying material cause for expanding deposition time).

Defendants' proposal seeks to accommodate the realities of these cases.  Plaintiff's proposal, on the other hand, seeks to deprive Defendants of the ability to adequately examine Plaintiff's witnesses and to deprive them of the ability to prepare their defenses to these cases.  For example, Plaintiff's proposal would provide the Defendants in each of the 17 cases to which the Deposition Protocol applies with less than one hour to examine each of Plaintiff's witnesses, and less than 17 hours total across all of the 20 Plaintiff witnesses this Court has permitted.  Respectfully, the Court should reject Plaintiff's unfair proposal and afford the Defendants a fair opportunity to examine witnesses as is reflected in Defendants' proposal.

Dated:  November 14, 2012                         Respectfully submitted:


/s/ Penny Shane_____ .         /s/ Thomas C. Rice_____ .
Penny Shane (shanep@sullcrom.com)                 Thomas C. Rice (trice@stblaw.com)
Sharon L. Nelles (nelless@sullcrom.com)           David J. Woll (dwoll@stblaw com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)         Alan C. Turner (aturner@stblaw.com)
SULLIVAN & CROMWELL LLP                            SIMPSON THACHER & BARTLETT LLP
125 Broad Street                                  425 Lexington Avenue
New York, NY  10004                               New York, NY  10017-3954

*Attorneys for Defendants JPMorgan Chase & Co.,*  *Attorneys for Defendants Deutsche Bank AG,*
*JPMorgan Chase Bank, N.A., J.P. Morgan*          *Taunus Corporation, Deutsche Bank Securities Inc ,*
*Mortgage Acquisition Corporation, J.P. Morgan*   *DB Structured Products, Inc., Ace Securities Corp.,*
*Securities LLC, J.P. Morgan Acceptance*          *Mortgage IT Securities Corp.*
*Corporation I, Bear Stearns & Co., Inc., EMC*
*Mortgage LLC, Structured Asset Mortgage*
*Investments II Inc., Bear Stearns Asset Backed*
*Securities I LLC, WaMu Asset Acceptance*
*Corporation, WaMu Capital Corporation,*
*Washington Mutual Mortgage Securities*
*Corporation, Long Beach Securities Corporation*
*and certain of the Individual Defendants*


/s/ David H. Braff_____ .      /s/ Richard W. Clary_____ .
David H. Braff (braffd@sullcrom.com)              Richard W. Clary (rclary@cravath.com)
Brian T. Frawley (frawleyb@sullcrom.com)          Richard J. Stark (rstark@cravath.com)
Jeffrey T. Scott (scottj@sullcrom.com)            Michael T. Reynolds (mreynolds@cravath.com)
Joshua Fritsch (fritschj@sullcrom.com)            CRAVATH, SWAINE & MOORE LLP
SULLIVAN & CROMWELL LLP                            Worldwide Plaza
125 Broad Street                                  825 Eighth Avenue
New York, NY  10004                               New York, NY  10019

*Attorneys for Barclays Capital Inc., Barclays Bank*  *Attorneys for Credit Suisse Securities (USA) LLC,*
*PLC, Securitized Asset Backed Receivables LLC,*      *Credit Suisse Holdings (USA), Inc., Credit Suisse*
*Paul Menefee, John Carroll, and Michael Wade*        *(USA), Inc., DLJ Mortgage Capital, Inc., Credit*
                                                      *Suisse First Boston Mortgage Securities*
                                                      *Corporation, Asset Backed Securities Corporation,*
                                                      *Credit Suisse First Boston Mortgage Acceptance*
                                                      *Corporation, Andrew A. Kimura, Jeffrey A. Altabef,*
                                                      *Eveleyn Echevarria, Michael A. Marriott, Zev*
                                                      *Kindler, John P. Graham, Thomas E. Siegler,*
                                                      *Thomas Zingalli, Carlos Onis, Steven L. Kantor,*
                                                      *Joseph M. Donovan, Juliana Johnson, and Greg*
                                                      *Richter*

/s/ Richard H. Klapper                                        .
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Tracy Richelle High (hight@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Goldman, Sachs & Co, GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., Goldman Sachs Real Estate Funding Corp., Peter C. Aberg, Howard S. Altarescu, Robert J. Christie, Kevin Gasvoda,  Michelle Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks, Mark Weiss*

/s/ Jay B. Kasner                                        .
Jay B. Kasner (jay.kasner@skadden.com)
Thomas J. Nolan (thomas.nolan@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants UBS Americas Inc., UBS Real Estate Securities Inc., UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc., David Martin, Per Dyrvik, Hugh Corcoran and Peter Slagowitz*

/s/ Thomas C. Rice                                        .
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017

*Attorneys for Defendant RBS Securities Inc.*

/s/ John M. Conlon                                        .Mark
S. Hanchet (mhanchet@mayerbrown.com)
John M. Conlon (jconlon@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America Holdings Inc., HSBC USA Inc., HSBC Markets (USA) Inc., HSBC Bank USA, NA., HSI Asset Securitization Corporation*

/s/ James P. Rouhandeh                                        .
James P. Rouhandeh
Brian S. Weinstein
Daniel J. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, Saxon Asset Securities Company, Gail P. McDonnell, Howard Hubler, David R. Warren, and Steven S. Stern*

/s/ Vernon Broderick                                        .
Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick (vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY  10153

*Attorneys for General Electric Company, General Electric Capital Services, Inc., GE Mortgage Holding, LLC, GE-WMC Securities, LLC*

/s/ Brad S. Karp                                    .
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup Mortgage
Loan Trust Inc., Citigroup Global Markets Realty
Corp., Citigroup Global Markets Inc., Susan Mills,
Randall Costa, Scott Freidenrich, Richard A.
Isenberg, Mark I. Tsesarsky, Peter Patricola, Jeffrey
Perlowitz and Evelyn Echevarria*

/s/ Bruce Clark                                    .
Bruce Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants First Horizon National
Corporation, First Tennessee Bank National
Association, FTN Financial Securities Corporation,
First Horizon Asset Securities, Inc., Gerald L.
Baker, Peter F. Makowiecki, Charles G. Burkett,
and Thomas J. Wageman*

/s/ Bruce Clark                                    .
Bruce Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants Nomura Securities
International, Inc., Nomura Holding America Inc.,
Nomura Asset Acceptance Corporation, Nomura
Home Equity Loan, Inc., Nomura Credit & Capital,
Inc., David Findlay, John McCarthy, John P.
Graham, Nathan Gorin, and N. Dante LaRocca*

/s/ Jay B. Kasner                                    .
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman
(george.zimmerman@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP
Four Times Square
New York, NY  10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Americas Securities,
LLC, SG Mortgage Finance Corp., and SG
Mortgage Securities, LLC, Arnaud Denis, Abner
Figueroa, Tony Tusi, and Orlando Figueroa*

-13-

/s/ David Blatt . .

 

 

 

  .

David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
*Attorneys for Bank of America Corporation;*
*Bank of America, N.A.; Asset Backed Funding*
*Corp.; Banc of America Funding Corp.; Merrill*
*Lynch & Co., Inc., Merrill Lynch Mortgage*
*Lending, Inc., Merrill Lynch Mortgage Capital*
*Inc., First Franklin Financial Corp., Merrill*
*Lynch Mortgage Investors, Inc., Merrill Lynch*
*Government Securities, Inc., Merrill Lynch,*
*Pierce, Fenner & Smith Inc.*

/s/ Matthew Solum

Matthew Solum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Robert J. Kopecky
Devon M. Largio
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Jeffrey S. Powell
Patrick M. Bryan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
(202) 879-5000

*Attorneys for Ally Securities, LLC*

/s/ Reginald R. Goeke

Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

Reginald R. Goeke (rgoeke@mayerbrown.com)
Catherine A. Bernard (cbernard@mayerbrown.com)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006

*Attorneys for Ally Financial Inc. and GMAC*
*Mortgage Group, Inc.*

/s/ Pamela Rogers Chepiga .

Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Josephine A. Cheatham
(allie.cheatham@allenovery.com)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

*Attorneys for Samuel L. Molinaro, Jr.*

/s/ Sandra D. Hauser

Sandra D. Hauser
(sandra.hauser@ snrdenton.com)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins*

/s/ Daniel C. Zinman

Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281

*Attorneys for George C. Carp, Robert Caruso,
George E. Ellison, Adam D. Glassner, Daniel B.
Goodwin, Juliana Johnson, Michael J. Kula,
William L. Maxwell, Mark I. Ryan, and Antoine
Schetritt; Matthew Whalen; Brian Sullivan;
Michael McGovern; Donald Puglisi; Paul Park,
and Donald Han*

/s/ Joel C. Haims

Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael
Nierenberg*

/s/ Ronald D. Lefton
Richard A. Edlin (edlinr@gtlaw.com)
Ronald D. Lefton (leftonr@gtlaw.com)
Candace Camarata (camaratac@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue,
New York, NY 10166
Phone: 212-801-9200

*Attorneys for Defendant Jeffrey Mayer*

/s/ Dani R. James

Dani R. James (djames@kramerlevin.com)
Jade A. Burns (jburns@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL
LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jeffrey L. Verschleiser*

-15-