November 14, 2012

**VIA ELECTRONIC MAIL**

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA Actions* (DLC) (S.D.N.Y)
      *FHFA v. Royal Bank of Scotland PLC, et al.*, 3:11-cv-01383 (AWT) (D. Conn.)

Dear Judge Cote:

      We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") regarding the deposition protocol to be entered in the above-referenced actions.

      Over the last ten days, counsel for FHFA repeatedly met and conferred with counsel for Defendants in the SDNY Actions and the RBS Action in an attempt to reach agreement on a deposition protocol and on the parameters to be imposed on non-party fact deposition discovery.  Although the parties appear to be close to reaching agreement on the general manner in which fact depositions will be noticed, scheduled and taken, and on the limits to be imposed on non-party fact deposition discovery, the parties continue to be at an impasse on the fact deposition limits for party witnesses.[1]  Specifically, FHFA cannot agree to the vast expansion of party fact discovery sought by Defendants.

      *First*, Defendants again seek to revisit and expand the 20-deposition limit that this Court has repeatedly endorsed.  *See, e.g.*, June 13, 2012 Tr. at 19:15-20:4 ("In my judgment, 20 depositions of the plaintiff is more than sufficient . . . So I'm going to enforce the 20 deposition limit.  In my judgment it's more than sufficient and under 26(b)(2)(c) it is an appropriate way of controlling the extraordinary cost and burden of this litigation and will not deprive the defendants of access to any information that is important to them in proving their claims."); *see also* May 15, 2012 Order at 5 ("The defendants as a group may take 20 depositions of FHFA and its constituent entities.  FHFA may take 20 depositions of each corporate family of defendants."); Oct. 15, 2012 Tr. at 80:6-7, 15-17, 23-25, 81:1 (reaffirming the 20-deposition limitation with respect to the RBS Action).  Defendants fail to articulate a compelling reason for the Court to reconsider its prior rulings.  FHFA, accordingly, requests that the Court again affirm the presumptive 20-deposition limit.

      *Second*, in a transparent attempt to end run around the Court's 20-deposition limit, Defendants have taken the position that this limitation should not apply to former

---

[1] The parties will meet and confer on the remaining provisions of the deposition protocol with the intention of reaching an agreed-upon joint proposal (or identifying any remaining narrow disagreements) prior to tomorrow's conference.

1

employees residing outside the Court's subpoena power. As Defendants well know, a substantial number of the former employees of FHFA and the GSEs reside in the Washington, D.C. area, outside the subpoena power of this Court. Further, the parties agreed months ago that any limitations on party depositions would include both current and former employees. *See* Jan. 11, 2012 Joint Report Regarding Certain Case Management Issues at 3 ("Although the parties have been unable to reach agreement on the number of depositions (or total deposition days) in the Cases, the parties agree that depositions of current and former employees, and officers and directors of a party, will count towards any numerical limit on party depositions."). To adopt the Defendants' proposal would thus not only countermand the 20-deposition limit set by the Court, but permit Defendants not to be bound by their prior submission.

*Third*, Defendants seek to expand fact deposition discovery in these cases by increasing the number of deposition days permitted for party witnesses. FHFA proposes that total questioning at each deposition of a party (including former employees) should presumptively last no longer than two days.[2] FHFA's proposal also provides that these presumptive limits may be extended upon making the necessary showing to this Court. Defendants propose not only that (i) party depositions should presumptively last *three* days, but (ii) may last up to *four* days for witnesses involved in 50 or more Securitizations, and (iii) may last up to *five* days for witnesses involved in 100 or more Securitizations. Given the many hundreds of depositions that will be taken in these cases, these excessive limits will invariably result in repetitive and unnecessary witness questioning by numerous counsel, impose extraordinary burdens on the witnesses and parties, and become unmanageable.[3]

*Fourth*, regarding Rule 30(b)(6) deposition testimony of parties, Defendants likewise assert that each of these depositions should last numerous days (four days each for Fannie Mae and Freddie Mac and two days for FHFA). For the reasons set forth above, FHFA respectfully submits that the presumptive length of Rule 30(b)(6) depositions of FHFA, Fannie Mae, and Freddie Mac should be no longer than one seven-hour day each. FHFA, likewise, seeks only a one day 30(b)(6) deposition of those Defendant entities that it chooses to depose. FHFA's presumptive time periods are more than adequate and may, of course, be extended by the Court based on an appropriate showing.

---

[2] Under the protocol, all 30(b)(6) deposition days and witness deposition days are presumed to be seven hours in length.

[3] As FHFA has previously explained, depositions exceeding two seven-hour days are simply unnecessary because "it is not the case that there is a strong or linear relationship between the number of cases or Securitizations of which the witness has knowledge and the likely length of his or her deposition." Plaintiff's June 7, 2012 Rule 26(f) Report at 8.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., FHFA v. Goldman, Sachs & Co., and FHFA v. Royal Bank of Scotland PLC, et al.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

/s/ Sascha N. Rand
Sascha N. Rand
(sascharand@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Goldman, Sachs & Co., FHFA v. Deutsche Bank AG, FHFA v. JPMorgan Chase & Co., and FHFA v. Royal Bank of Scotland PLC, et al.*

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
   FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company, FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*

cc: All Counsel of Record (via email)

4