November 14, 2012

**VIA ELECTRONIC MAIL**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:     FHFA Actions

Dear Judge Cote:

      We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") to request that the Court enter FHFA's proposed scheduling order governing re-underwriting and expert discovery in these cases. (Ex. 1.)

      FHFA's proposed order hews exactly to this Court's guidance at the November 6, 2012 hearing, respects the Court's existing trial deadlines, and meets Defendants more than halfway: it requires FHFA to disclose its initial factual findings ("FHFA's Findings") on a good-faith rolling basis, by securitization sample, at a rate of *at least* 2,000 files per month, while fact discovery is ongoing. Further, it fulfills the two key purposes identified by this Court: allowing Defendants (1) to evaluate FHFA's Findings, by securitization, and to respond with any counter-underwriting on a timely basis, and (2) to determine promptly whether, for any securitization, Defendants intend to rely upon any loan population other than FHFA's random sample, whether a competing random sample, a biased sample, prior due diligence samples, or otherwise.

      Yet despite two in-person meetings to confer about and resolve what should be minimal outstanding disputes, the parties remain at an impasse. Regrettably, instead of agreeing to a workable process that would facilitate the orderly and efficient development of these cases for summary judgment and trial, Defendants seek to take advantage of FHFA's willingness to provide the very type of re-underwriting disclosures that they requested.

      *First*, to allow for disclosures of initial re-underwriting Findings months before the close of fact discovery, it is critical that, as to each loan in FHFA's samples, FHFA and Defendants work together promptly to identify and confirm (1) the complete set of documents that comprise the loan file, and (2) the correct guidelines applicable to that loan. It is uncontested that the task of re-underwriting is complex, expensive, and laborious. To ensure that re-underwriting is done only once, the determination of the complete and correct loan files and guidelines must be made *before* FHFA re-underwrites the loans. (Ex. 1 ¶¶ 1-2.) If these files and guidelines are not fixed for the record before re-underwriting begins, an untimely introduction of competing or supplemental documents could require the need for constant reconsideration or that the re-underwriting itself be re-underwritten—or, indeed re-re-underwritten, as Defendants propose no limit to their ability to alter files and guidelines at any time—multiplying the already extraordinary burden necessary to complete the re-underwriting on the Court's schedule.

      *Second*, Defendants' insistence that FHFA may modify its Findings only for "good cause" (Ex. 2 (Defs.' Proposal) ¶ 3) is contrary to the Court's direction. At the hearing last week, the Court made clear that it expected Defendants to agree that FHFA could issue initial factual Findings—which do not constitute preliminary expert reports—without prejudice to its

ability to modify, supplement, or withdraw those Findings upon the submission of expert reports. (11/6/12 Hr'g Tr. at 44:8-45:3.) Indeed, FHFA must have the ability to update its Findings based on material and information collected in fact discovery and analysis conducted by its experts.

*Third*, Defendants' proposal that FHFA be limited to 30 days for its Findings, while Defendants themselves have at least 60 days to engage in the same analysis, ignores the detailed loan review that must be conducted by FHFA, and is further inconsistent with this Court's guidance. (*See* 11/ 6/12 Hr'g Tr. at 130:1-3 ("I'm just concerned about the 60 days there. If it was 14 or 21 days I'd be hearing you.").) Defendants have the ability to re-underwrite the loans identified in FHFA's samples starting at the same time as, and in parallel with, FHFA itself. If Defendants limit their review to rebuttal findings, that is a much narrower review and plainly requires much less time, as this Court anticipated in its guidance of the extra two to three weeks for Defendants to issue their rebuttals after FHFA submits its Findings.

*Fourth*, Defendants' proposal that FHFA begin its rolling disclosures on or before the date by which the parties identify all of the appropriate loan files and underwriting guidelines literally would provide FHFA with zero time to analyze the files and guidelines produced at the end of the identification period.[1] This is plainly infeasible.

*Fifth*, while this Court suggested that Defendants identify any alternative subpopulation of loans within 14 to 21 days after receiving FHFA's initial findings as to *each* securitization in a case (11/6/12 Hr'g Tr. at 128:9-129:2), Defendants propose that their identification be made 30 days after FHFA provides its last Findings for *all* of the securitizations in a case (Ex. 2 ¶ 4(ii)). Defendants thus seek to impose a "certificate-by-certificate" burden upon FHFA in issuing its Findings, while maintaining a nonreciprocal "case-by-case" burden in presenting their counter-disclosure. This is, to say the least, inconsistent with Defendants' firm rejection of a case-by-case approach just last week.

*Sixth*, Defendants improperly seek to reserve the ability to identify still other loan samples and populations at the *end of discovery*. There is no justification for this reservation, as it would substantially prejudice FHFA through the imposition of an asymmetric burden. FHFA will proceed with the substantial burdens of early disclosure in order to meet this Court's case management objectives and trial schedules. So too must Defendants.

*Finally*, UBS's separately proposed schedule is not acceptable because it would create additional delay. UBS does not need 60 days to respond to FHFA's final re-underwriting expert report in light of the early and rolling disclosures of FHFA's Findings. Further, UBS's request to extend expert depositions into August would push the dates for summary judgment motions in that case, leaving the Court with an unacceptably short amount of time to decide those critical motions before trial. (11/6/12 Hr'g Tr. at 10:1-10:4.)

For these reasons, the Court should enter FHFA's proposed order governing re-underwriting and expert discovery.

---

[1] *See* Ex. 2 ¶¶ 1, 7 (for *UBS* case, proposing that FHFA provide findings starting on the earlier of 30 days after the scheduling order is entered or *on* the date that all loan files and underwriting guidelines are identified); *id.* ¶¶ 1, 12 (for Tranche 2 cases, proposing the earlier of a month after the Court rules on pending *Daubert* motions or *on* the date that all files and guidelines are identified).).

Respectfully submitted,

| | |
|---|---|
| /s/ Philippe Z. Selendy<br>Philippe Z. Selendy<br>(philippeselendy@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br> SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.* | /s/ Richard A. Schirtzer<br>Richard A. Schirtzer<br>(richardschirtzer@quinnemanuel.com)<br>Adam Abensohn<br>(adamabensohn@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br> SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc.<br>and FHFA v. Nomura Holding America, Inc.* |
| /s/ Christine H. Chung<br>Christine H. Chung<br>(christinechung@quinnemanuel.com)<br>Sascha N. Rand<br>(sascharand@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br> SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.* | /s/ Manisha M. Sheth<br>Manisha M. Sheth<br>(manishasheth@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br> SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*<br><br>/s/ Kanchana Wangkeo Leung<br>Kanchana Wangkeo Leung<br>(kleung@kasowitz.com)<br>KASOWITZ, BENSON, TORRES &<br> FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.* |