November 14, 2012

**VIA ELECTRONIC MAIL**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

    Re:    FHFA Actions

Dear Judge Cote:

    We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") to submit a report regarding the status of discovery in the Actions since November 6, 2012, in the FHFA Actions, as a supplement to status reports previously submitted by FHFA on October 18, 2012 and November 5, 2012.

    This report provides an update on a number of discovery topics that the Court has been following. For the reasons that follow, with respect to the topics addressed in this letter, the only relief sought by FHFA at this time is for an order directing Defendants to complete any outstanding bilateral meet-and-confer sessions and provide FHFA with their final positions on their objections to FHFA's document requests by Monday, November 19, at noon. FHFA also respectfully requests that the Court deny Defendant UBS's request to adjourn dates in the schedule for briefing summary judgment motions, and any request by the same Defendant to adjourn the dates for starting depositions and ending discovery beyond January 28, 2013, and July 8, 2013, respectively.

**Schedule of Expert Loan Re-Underwriting Reports**

    FHFA and Defendants met and conferred, including in person, on Friday, November 9, and on Tuesday, November 13, regarding the schedule for re-underwriting expert reports. While progress was made in harmonizing aspects of the competing schedules, FHFA and Defendants remain at an impasse on key aspects of this schedule, including: (1) whether loan files and underwriting guidelines should be finalized before FHFA begins re-underwriting; (2) whether FHFA's updating of its preliminary re-underwriting findings should be conditioned on "good cause"; and (3) the time sought by Defendants to prepare any rebuttals of FHFA's findings and to identify sub-populations of loans upon which they intend to rely. FHFA addresses the areas of impasse in a separate letter to the Court submitted today.

**Deposition Protocol**

    FHFA informed the Court at last week's conference that it had provided Defendants with a proposed deposition protocol. Further, in person, meet-and-confer sessions were held last week and yesterday, and further drafts were exchanged. The parties remain at an impasse on (i) an expansion of the 20-deposition limit that this Court previously ordered; and (ii) the length of party depositions, both for individuals and under Rule 30(b)(6). FHFA addresses these issues in

Honorable Denise L. Cote
November 14, 2012

a separate letter to the Court submitted today. The parties believe that they are close to reaching agreement on most other provisions of the protocol (including limits on third-party discovery), and they intend to continue meeting and conferring about those provisions today, with the goal of submitting to the Court a protocol that summarizes their areas of agreement before tomorrow's conference. Alternatively, FHFA will be prepared to address any remaining disagreements at the conference.

**Discovery Schedule**

Defendants have proposed that the parties extend certain dates that the Court has set in prior scheduling orders. In the *UBS* matter, Defendants propose extending by five weeks the start of depositions, the end of discovery, and the briefing of summary judgment motions. Based on the Court's statement at last week's conference that it wishes to preserve the intervals in the summary judgment schedule to enable reasoned decisionmaking (11/6/14 Hrg. Tr. at 9:24-10:1.), FHFA opposes Defendants' attempt to adjourn the summary judgment date. FHFA does, however, consent to extend the start of depositions and the end of discovery by approximately a week each—to January 28, 2013 and July 8, 2013, respectively. For the Tranche 2 cases, FHFA believes that the end of expert discovery should be extended from December 6, 2013 to February 7, 2014, not to January 6, 2014. FHFA believes it is feasible to have the February 7, 2014 expert deposition close date fall slightly after the Court's current deadline of January 24, 2014 for filing summary judgment motions in the Tranche 2 cases. In the alternative, FHFA does not oppose an application by Defendants to adjourn the summary judgment filing date to February 7, 2014.

**Custodians and Time Frames for Originator Searches**
**Production of Information Regarding Litigations and Investigations**
**Remaining Defense Objections to FHFA's Requests for Production**

Beginning last Thursday morning, FHFA sought bilateral meet-and-confer sessions with each Defendant: (1) to finalize custodian lists and time frames of searches; (2) in light of the Court's guidance of November 6, 2012, to continue discussions regarding the production of information regarding litigations and investigations; and (3) to discuss Defendants' objections to case-specific requests for production served by FHFA (generally, FHFA's Fourth and Fifth Requests for Production), together with objections to prior FHFA requests for production that the parties had not resolved in earlier meet-and-confer sessions.

Most Defendants agreed to meet and confer either yesterday or today, but Bank of America, Merrill Lynch, Citigroup, and JP Morgan responded that they were unavailable until after the deadline for this submission. When FHFA requested to meet in advance of this submission, Bank of America, Merrill Lynch, and Citigroup stated that there was no need to do so because the issues specified by FHFA were not on the agenda for this week's Court conference. On Monday, Bank of America and Merrill Lynch agreed to meet and confer on Tuesday afternoon but then postponed and later cancelled, stating that counsel were occupied in other meet-and-confer sessions and that "[t]he issues you want to discuss are NOT on the docket for tomorrow's submission." (emphasis in original).

Progress was made in the meet-and-confer sessions that were conducted. In FHFA's view, there is no issue relating to custodians and time frames that requires the Court's attention

Honorable Denise L. Cote
November 14, 2012

at this time.  Defendants are finalizing their custodian lists and time frames.[1]  There is also no issue that the Court need address at present relating to the production of information regarding investigations and litigations.  The parties discussed revising their lists of investigations and cases, in light of the Court's guidance at the last conference.  In a number of cases, the parties undertook to exchange new lists this week.  The parties also discussed whether to agree on the production of materials other than testimony from RMBS litigations.

On the topic of the remaining objections of the Defendants to FHFA's requests for production, FHFA's objective is to complete meet-and-confer sessions in the very near term so that any remaining disputes regarding the scope of party document discovery can be raised to the Court before Thanksgiving, and resolved.  In the meet-and-confer sessions this week, FHFA set forth its positions vis-à-vis the Defendants' objections, sought Defendants' additional views, and in many cases corresponded with Defendants after the meet-and-confer sessions to specify open issues and begin identifying potential areas of impasse.  The issues that remain under discussion, while not numerous, are also not minor, and include requests that Defendants produce documents bearing on the liability of successor entities; the control exercised by Section 15 Defendants upon entities alleged to bear primary liability; contractual and fee arrangements among Defendants in a single case and relating to the Securitizations; hedges, short-selling, or other positions taken by Defendants against RMBS or RMBS classes; and Defendants' business or strategic plans regarding RMBS, including plans to expand volume or market share.  To ensure that any remaining issues regarding objections to FHFA's document requests are promptly resolved, FHFA respectfully requests that the Court order Defendants to complete any outstanding meet-and-confer sessions and provide FHFA with their final positions on such document requests by Monday, November 19, at noon.  FHFA then will be able to notify the Court of any outstanding disputes before Thanksgiving.

**Loan Files:  Bates-Stamping and Manifests**

Before the last conference, FHFA reported that a stipulation had been reached regarding the parameters of production of loan files by parties, by parties acting as third parties, and by true third parties.  FHFA received the fully executed stipulation from Defendants' counsel last night and will forward it to the Court today.

**Defendants' Production of Loan Numbers for Loans on which Due Diligence Was Performed**

In our status report dated November 5, 2012, we stated that most Defendants had agreed to produce by November 7, 2012, a list of the loan identification numbers of the loans that were the subject of their due diligence efforts.  Productions have been made by UBS, Credit Suisse, Deutsche Bank, JP Morgan, Barclays, Morgan Stanley, Societe Generale, and Ally Securities.  HSBC, Goldman, Citi, and Nomura have undertaken to begin production this week, and some of First Horizon's loan identification numbers have been produced by Credit Suisse.  Bank of America and Merrill Lynch had provided an estimate of six to eight weeks during a meet-and-confer session on October 17, 2012.

---

[1] FHFA continues its review and production of documents, now mainly in the post-Securitization period.  Since the conference last week, FHFA produced over 140,000 documents from the post-Securitization time period.

Honorable Denise L. Cote
November 14, 2012

**FHFA Production of Loan Numbers For Loans Referenced in Complaints**

FHFA produced on Monday and Tuesday of this week nearly all of the loan identification numbers for the loans that were the subject of the loan-level analysis and forensic re-underwriting described in the Amended Complaints. FHFA expects to produce the remaining loan identification numbers—those relating to the re-underwriting performed on loans in the SVHE 2007-OPT1 and OOMLT 2007-4 Securitizations—before the conference.

**Agreements Regarding Requests to Third Parties**

On November 6, 2012, your Honor "so ordered" the stipulation pursuant to which the Defendants agreed to send letters to originators narrowing the scope of the subpoenas they served and requesting prioritization of the production of loan files in FHFA's samples and the applicable underwriting guidelines. On November 7, 2012, Defendants began sending the letters to subpoenaed originators, enclosing the "so ordered" stipulation. The letter gives originators 10 days from receipt of the letter to confirm that they will produce the requested loan files and underwriting guidelines by November 30, 2012. Other than one originator, ResMAE/Bridgefield, FHFA is not yet aware of any originator refusing to produce loan files and underwriting guidelines by November 30, 2012. Certain originators have raised concerns with respect to the privacy laws and additional requests for loan files, and FHFA and Defendants are coordinating to address these concerns. If the concerns cannot be resolved, or if FHFA or Defendants are notified of additional refusals to produce loan files or underwriting guidelines by November 30, 2012, the parties will promptly seek court intervention.

To enable third-party originators to locate loan files and underwriting guidelines for the loans in FHFA's samples, FHFA and Defendants deemed it necessary to disclose certain loan information from the loan tapes to the originators. FHFA established an FTP site to disclose non-confidential loan tape information to originators, and that site went live on November 7, 2012. Certain originators required additional loan information, such as property addresses, to locate loan files and underwriting guidelines. FHFA and Defendants established a procedure for the protected disclosure of this additional loan information on an as-needed basis to an originator that is reasonably believed to have possession, custody, or control of the loan file. FHFA and Defendants stipulated to the procedure for disclosing the loan tape information in a "Joint Stipulation and [Proposed] Order Regarding the Provision of Loan Tape Information to Non-Parties." The parties are currently collecting signatures on the Stipulation and intend to submit it to the Court for approval.

As FHFA previously had done with the originator subpoenas, FHFA informed Defendants on October 26, 2012, that their broad subpoenas to credit rating agencies and due diligence firms for documents unrelated to the Securitizations and Mortgage Loans at issue in these cases are slowing the production of relevant documents. With limited exceptions, rating agencies or diligence firms have not yet produced documents in these cases. The rating agencies have objected that it is too burdensome to produce files related to all the securitizations at issue in the cases, and the diligence firms have required the loan numbers of Defendants' due diligence samples to search for documents, which Defendants have only recently started to provide. FHFA therefore requested that Defendants send a letter to rating agencies and diligence firms, similar to the letter sent to originators, asking these third parties to prioritize the production of documents

**Honorable Denise L. Cote**
**November 14, 2012**

relating to the securitizations and mortgage loans at issue. The parties have agreed to a form of letter to the rating agencies, which FHFA understands will be sent this week. Defendants continue to maintain that diligence firms should equally produce documents unrelated to the securitizations and mortgage loans at issue. The parties are making a final attempt to agree on a form of a letter to diligence firms.

For the Court's convenience, and in response to statements made by the Court at the last conference regarding the diligence with which the parties should monitor the rate at which loan file production is occurring, FHFA attaches as Exhibit A a chart depicting, for each case, the percentage of loan files in FHFA's samples that have been produced to date, by any source, per securitization. Exhibit B depicts, for each case, the percentage of loan files for loans in the supporting loan group that have been produced, by any source, per securitization. A caveat is that the figures in these charts are drawn from the best available information, which means that they may under-report production, including for the reason that very recent productions will not yet be reflected. The charts nonetheless provide a useful measure of the rate at which files are being produced, per securitization and per case.

**Daily Meet-and-Confer Sessions Regarding Third-Party Productions**

The parties continue to meet on a daily basis (except in exigent circumstances) regarding third-party production issues.

\* \* \*

In sum, FHFA does not seek the Court's intervention on any discovery dispute at this time, other than the disputes addressed in separate letters and relating to the schedule of expert loan re-underwriting reports and the deposition protocol, and to request that the Court order Defendants to complete any outstanding meet-and-confer sessions and provide FHFA with their final positions on their objections to FHFA's document requests by Monday, November 19, at noon. FHFA also respectfully requests that the Court deny any request to adjourn dates in the schedule for briefing summary judgment motions in the *UBS* action, and any request in the same case to adjourn the dates for starting depositions and ending discovery beyond January 28, 2013, and July 8, 2013, respectively.

It is FHFA's intention to raise promptly any impasse on Defendants' objections to FHFA's document requests, any disputes with originators about their willingness to produce loan files or underwriting guidelines on a priority basis, any failure to reach agreement with Defendants on the form of a letter to be sent to subpoenaed due diligence firms, and any other dispute among the parties or with non-parties that puts at risk the parties' ability to comply with the discovery schedule currently in place.

**Honorable Denise L. Cote**
**November 14, 2012**

Respectfully submitted,

/s/  Philippe Z.  Selendy
Philippe Z.  Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v.  UBS Americas, Inc., FHFA v.  JPMorgan Chase & Co., FHFA v.  Deutsche Bank AG, FHFA v.  Citigroup Inc., and FHFA v.  Goldman, Sachs & Co.*

/s/  Christine H.  Chung
Christine H.  Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v.  First Horizon National Corp., FHFA v.  Bank of America Corp., and FHFA v.  Credit Suisse Holdings (USA), Inc.*

/s/  Richard A.  Schirtzer
Richard A.  Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v.  HSBC North America Holdings, Inc. and FHFA v.  Nomura Holding America, Inc.*

/s/  Manisha M.  Sheth
Manisha M.  Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v.  UBS Americas, Inc., FHFA v.  JPMorgan Chase & Co., FHFA v.  Barclays Bank PLC, FHFA v.  Citigroup Inc., and FHFA v.  Merrill Lynch & Co., Inc.*

**Honorable Denise L. Cote**
**November 14, 2012**

/s/ Michael Hanin
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Hector Torres (htorres@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com)
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN, LLP
1633 Broadway
New York, New York 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*