November 14, 2012

**VIA ELECTRONIC MAIL**

Hon. Denise L. Cote
Daniel Patrick Moynihan United States
Courthouse
500 Pear Street, Room 1610
New York, NY  10007-1312

Re:    FHFA Actions, No. 11 Civ. 05201 (DLC) *et al.*

Dear Judge Cote:

      We write on behalf of Plaintiff FHFA in response to Defendants November 14, 2012 letter.  Again without contesting that the "Reviews" they seek are protected by the work product doctrine,[1] Defendants argue that by placing the Reviews "at issue," FHFA has waived the protection afforded by the doctrine.  The contention is without merit because, as FHFA has stated on multiple occasions, FHFAt does not intend to rely on the Reviews at trial (and also that it will produce the Reviews if its intention changes).  Independently, Defendants cannot demonstrate "substantial need" because FHFA has fulfilled prior representations to produce all of the factual information that enables Defendants to conduct their own analysis.

      As explained in the July 18, 2012 letter FHFA submitted when this issue was last raised (and which FHFA incorporates by reference), "at issue" waiver occurs where "a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (quotation marks omitted)).  Thus there are two conditions to the existence of "at issue" waiver, reliance and denial of access to material permitting rebuttal.  Defendants misconstrue the first requirement and they ignore the second.

      The first requirement is not met because FHFA is not relying on the Reviews to prove its case at trial.  The Reviews were done to bolster FHFA's good-faith basis to allege Defendants' systematic misrepresentations, but FHFA intends to rely on new analyses, including the expert re-underwriting now being extensively discussed, to prove their claims at trial.  This Court noted FHFA's prerogative to do so when Defendants first raised this issue in July:

> Whatever review the plaintiffs did at the time they were preparing their complaint would not limit their ability to present an argument at trial.  So in a way, it's sort of a wasted effort for you, even if you had access to this review, to spend much time on it because the plaintiffs would be entirely within their rights to do a completely new review of different loan files with completely different numbers and present that evidence at trial.

---

[1] "Reviews" is defined as "all documents" relating to forensic and loan-level reviews referenced in the Amended Complaints.

Ex. A. at 14-15.  Plaintiffs argue that Mr. Selendy's reference at last week's conference to using the Reviews as a "first cut" in determining what claims to bring proves reliance on the Reviews "in the case," thus satisfying a standard for finding "at issue" waiver purportedly established by *FHFA v. UBS Americas, Inc.*, No. 11-cv-5201, ECF No. 249.  The *UBS* Order, however, nowhere holds that any reliance whatsoever is sufficient.  Instead, the Court refused to find "at issue" waiver when there was no reliance on a privileged communication as an element of a claim or defense.  *Id.* at 3 (quoting *Erie*, 546 F.3d at 228).  Mr. Selendy's argument that the portions of the Amended Complaints referencing the Reviews gave Defendants notice of the misrepresentations alleged by FHFA did not alter FHFA's intention to prove its case by means other than the Reviews, and to produce the Reviews if that intention changes.

Independently, because FHFA has produced to Defendants the underlying loan files, loan identification numbers, and guidelines used during the re-underwriting process, they cannot meet the requirement of demonstrating that they cannot "obtain the[] substantial equivalent [of the materials] by other means."  Fed. R. Civ. P. 26(b)(3)(A)(ii); *see, e.g.*, *Gruss v. Zwirn*, 276 F.R.D. 115, 131 136 (S.D.N.Y. 2011) (noting that where defendants have already produced certain the underlying documents regarding an investigation, there was no need to produce the attorneys' notes and summaries of the investigation itself).

Specifically, in accordance with its representation during the parties' July 19, 2012 telephonic hearing (Ex. A at 20), FHFA has produced the information that enables Defendants to conduct their own analysis without infringing FHFA's work product.  On July 20, FHFA produced lists of loan numbers corresponding to the loan files that it forensically reviewed for the Amended Complaints, as well as those loan files themselves (Ex. B).  On Monday and Tuesday of this week, FHFA produced the vast majority of the roughly 500,000 loan numbers corresponding to the loan files FHFA conducted for its loan-level data review.  (Ex. C).  The remainder are being produced today.  Defendants thus have all of the information they need to conduct their own reviews, and thus cannot demonstrate any "substantial need" for FHFA to disclose its work product.  *See, e.g., MeadWestvaco Corp. v. Rexam, PLC*, 2011 WL 2938456, at *4-5 (E.D. Va. July 18, 2011) (no work product waiver where defendant "has produced the ... testing that it plans to rely on at trial" and "because [plaintiff] can utilize other means to obtain the information it seeks" such as "[plaintiff's] own testing").

The axiom that access to the underlying factual information negates any of claim of substantial need is indeed demonstrated by Defendants' own cases, in which the courts ordered a party to produce the *identity* of a confidential witness solely to allow the other side to *conduct their own investigation*.  *E.g.*, *Plumbers & Pipefitters Local Union v. Arbitron, Inc.*, 278 F.R.D. 335, 339 (S.D.N.Y. 2011) ("[K]nowing who the [confidential informants] are would help the defense to find and interview and/or depose them.").[2]

Defendants' request to access FHFA's work product should be denied.

---

[2]  *See also In re Am. Int'l Grp., Inc. 2008 Sec. Litig.*, 2012 WL 1134142, at * 4 (S.D.N.Y. Mar. 6, 2012) (concluding that "Defendants would face a significant hardship[] if they were forced to rely on their own efforts to identify the three [confidential witnesses] whose testimony Plaintiffs used in the Complaint"); *In re Bear Stearns Co., Inc. Sec., Deriv., & ERISA Litig.*, 2012 WL 259326, at * (S.D.N.Y. Jan. 27, 2012) ("Bear is still entitled to these witnesses' identities because of the undue hardship that withholding this information would impose on Bear.").

2

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc..*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., and FHFA v. Merrill Lynch & Co., Inc.*

    /s/ Michael Hanin
Marc E. Kasowitz (mkasowitz@kasowitz.com )
Hector Torres (htorres@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com)
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc.*

cc:   All Counsel of Record (via e-mail)