```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X   11 Civ. 5201 (DLC)
                                        :   11 Civ. 6188 (DLC)
                                        :   11 Civ. 6189 (DLC)
FEDERAL HOUSING FINANCE AGENCY,         :   11 Civ. 6190 (DLC)
                                        :   11 Civ. 6192 (DLC)
               Plaintiff,               :   11 Civ. 6193 (DLC)
                                        :   11 Civ. 6195 (DLC)
     -v-                                :   11 Civ. 6196 (DLC)
                                        :   11 Civ. 6198 (DLC)
                                        :   11 Civ. 6200 (DLC)
UBS AMERICAS INC., et al.,              :   11 Civ. 6201 (DLC)
               Defendants;              :   11 Civ. 6202 (DLC)
                                        :   11 Civ. 6203 (DLC)
                                        :   11 Civ. 6739 (DLC)
And other FHFA cases.                   :   11 Civ. 7010 (DLC)
                                        :   11 Civ. 7048 (DLC)
                                        :
----------------------------------------X       MEMORANDUM
```

DENISE COTE, District Judge:

Attached to this Memorandum are blackline comparisons of the Court's November 26 Expert Scheduling Order with the parties' respective submissions of November 19. These comparisons are provided as a courtesy to the parties and carry no controlling weight. Any issue related to the schedule or procedures for expert discovery in these cases is governed by the signed Order of November 26.

Dated:   New York, New York
         November 27, 2012

                              _____
                                       DENISE COTE
                              United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br><br> -v- <br><br> UBS AMERICAS, INC., et al. <br><br> Defendants; <br><br> And other FHFA cases. | 11 Civ. 5201 (DLC) <br> 11 Civ. 6188 (DLC) <br> 11 Civ. 6189 (DLC) <br> 11 Civ. 6190 (DLC) <br> 11 Civ. 6192 (DLC) <br> 11 Civ. 6193 (DLC) <br> 11 Civ. 6195 (DLC) <br> 11 Civ. 6196 (DLC) <br> 11 Civ. 6198 (DLC) <br> 11 Civ. 6200 (DLC) <br> 11 Civ. 6201 (DLC) <br> 11 Civ. 6202 (DLC) <br> 11 Civ. 6203 (DLC) <br> 11 Civ. 6739 (DLC) <br> 11 Civ. 7010 (DLC) <br> 11 Civ. 7048 (DLC) |

## ~~JOINT STIPULATION AND [PROPOSED]~~ EXPERT SCHEDULING ORDER

### [Defendants]

WHEREAS, the Court has required that expert scheduling be determined in a manner that does not disrupt the deadlines for trial previously set by the Court;

WHEREAS, the parties have presented alternative proposals to accomplish that objective;

WHEREAS, the Court orally established the parameters at a November 15, 2012 hearing and asked the parties to memorialize this ruling in writing;

WHEREAS, the ~~parties agree that all objections to~~ Court has considered the ~~expert schedule and~~ parties' proposed orders of November 19, 2012;

WHEREAS, certain procedures ~~herein are fully preserved;~~

1

~~IT IS NOW HEREBY STIPULATED AND ORDERED that~~governing the ~~following~~re-underwriting schedule shall govern expert discovery and expert reports ~~in the first instance~~ for the Tranche 1 and 2 cases only, subject to a review of efficacy of these procedures by the parties and this Court~~:~~;

IT IS NOW HEREBY ORDERED that the following schedule shall govern expert discovery and expert reports in the above-captioned actions:

I. Procedures Governing Re-underwriting Schedule as to Tranche 1 and 2 Cases

1. For each Securitization at issue, with respect to all loans in the samples identified by FHFA (the FHFA "Sample Loans"), the parties shall work together promptly on a good faith basis to identify all documents relating to the Sample Loans that comprise the loan origination files, whether in hard copy paper or electronic format, including from any electronic systems or database (the "Loan Files"), and all underwriting guidelines applicable to such loans, including Manuals, Reference Guides, matrices, and updates to such guidelines (the "Guidelines").

2. As to each FHFA Sample Loan where Loan File documents and Guidelines have been identified, ~~if~~ the parties ~~stipulate~~shall endeavor to reach agreement by stipulation that such Loan ~~Files~~File and Guidelines are, respectively, the best representation of the Loan File and Guidelines existing at the time of the loan's origination that the parties have been able to recreate as of the time of such agreement~~, then the provisions of paragraph 3 will govern the production of interim disclosures. Any such agreement~~. Such a stipulation shall not preclude any party from asserting at trial that the Loan File and Guidelines, as stipulated, are different from the Loan File and Guidelines that existed at the time of the loan's origination, nor limit the reasons for or rebuttals to any such assertion. ~~If the parties do not agree, then FHFA shall not be required to make interim disclosures for that loan. By December 17, 2012 for the Tranche 1 case~~

2

~~and January 31, 2013 for the Tranche 2 cases, substantially all of the applicable guidelines and applicable loan file documents in the samples identified by FHFA shall be produced and shall be identified pursuant to paragraph 1 and any stipulations or impasses reached pursuant to paragraph 2.~~

3. Upon the identification and stipulation as to Loan Files and Guidelines applicable to ~~any~~ Sample ~~Loan~~<u>Loans</u> pursuant to paragraphs 1 and 2 hereof, FHFA shall commence its factual re-underwriting review of such ~~loan~~<u>loans</u>. For purposes of this Order, the re-underwriting review refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, and does not refer to assessments of ~~general~~<u>prudent underwriting or</u> industry practice. Upon completion of its re-underwriting review for at least seventy-five (75) percent of the Sample Loans for any given Securitization, FHFA shall disclose its initial ~~results of~~<u>factual findings resulting from</u> such review ("~~Disclosures~~<u>Findings</u>"). <u>If FHFA determines that such Sample Loans do not comply with the Guidelines,</u> FHFA's ~~Disclosures~~<u>Findings</u> shall be in the form of a chart or worksheet that ~~includes an entry for each Sample Loan and states whether FHFA believes each loan complies with the Guidelines and, if not,~~ adequately categorizes the basis for such determination of non-compliance~~, including (where applicable) references to specific pages or bates numbers in the loan file or guideline that support FHFA's position~~; the parties shall endeavor in good faith to agree upon the format of such a chart or worksheet for ~~the Disclosures~~<u>FHFA's Findings</u> and <u>Defendants'</u> Rebuttal ~~Disclosures (~~<u>Findings (as</u> defined ~~below~~<u>in paragraph 6 hereof</u>) in order to allow a ready comparison of ~~Disclosures~~<u>Findings</u> against Rebuttal ~~Disclosures~~<u>Findings</u>. FHFA shall disclose its ~~Disclosures~~<u>Findings</u> by Securitization, on a rolling basis, at a rate of ~~2,000~~<u>at least two thousand</u> Loans per month ~~for the UBS and JPMorgan cases and 1,600 Loans per month for the Merrill~~

3

~~Lynch case~~, and shall endeavor to make such disclosures ~~at~~on a ~~rate of 500 loans per week for the UBS and JPMorgan cases and 400 loans per week for the Merrill Lynch case. In the event that any installment of FHFA's Disclosures exceeds the 400 or 500 Sample Loan per week pace (as applicable), or the 2,000 Sample Loan per month pace, then for that installment Defendants' time to respond to the Disclosures, as set forth in paragraphs 5 and 6 below, shall be extended so that responses for the excess amounts will not be due until a later date to be determined or agreed taking into account the volume of Disclosures then provided and anticipated to be provided. In the event that for any reason fewer than 75 percent of the Sample Loans have been made the subject of Disclosures by March 1, 2013 in the UBS case or July 5, 2013 in the JPMorgan and Merrill Lynch cases, then FHFA's expert report shall be due instead on March 1, 2013 in the UBS case or July 5, 2013 in the JPMorgan and Merrill Lynch cases, so as to afford Defendants time to address the report~~weekly basis.

4. For any FHFA Sample Loan as to which the parties are unable to identify and to stipulate pursuant to paragraphs 1 and 2 hereof, FHFA may elect either (a) within 10 days after an ~~impasse~~impass is reached as to that Sample Loan ~~pursuant~~, to ~~paragraph 2 hereof, identify by loan number a loan that will~~ replace ~~that~~the FHFA Sample Loan with another loan (in which event the parties shall again endeavor to identify and to stipulate to applicable Loan Files and Guidelines pursuant to paragraphs 1 and 2 hereof ~~for that replacement loan~~), or (b) to retain ~~as part of the sample~~ the FHFA Sample Loan, in which case FHFA need not disclose its ~~Disclosures~~Findings for that loan as set forth in paragraph 3 hereof~~, but shall disclose results for that Sample Loan in the re-underwriting expert reports on the schedule provided below. No part of this paragraph or stipulation shall be construed as an agreement by Defendants not to~~

4

~~challenge any supplementation of FHFA's sample and Defendants reserve all rights to challenge FHFA's sampling methodology based on any supplementation of the sample.~~

5. Within 21 days of the receipt of FHFA's ~~Disclosures~~Findings for a given Securitization, the Defendants to claims regarding such Securitization shall notify FHFA whether they intend to ~~rely on the contents of the loan files for~~make use of any alternative set of loans in such Securitization for purposes of re-underwriting or otherwise (an "Alternative Set~~") regarding that Securitization,~~"), and, if so, Defendants shall identify ~~the loans in any~~ such Alternative Set by loan number<u>, such that FHFA may replicate Defendants' analysis</u>.  Further, no later than 21 days after ~~Defendants receive~~ FHFA's ~~Disclosures~~disclosure of Findings as to the Sample Loans for fifty (50) percent of the Securitizations for any case, Defendants shall notify FHFA whether they intend to ~~rely on the contents of loan files for~~make use of any set of loans drawn on any basis other than by such Securitizations and, if so, Defendants shall identify ~~any~~such basis and such Alternative Set by loan number<u> such that FHFA may replicate Defendants' analysis</u>.  Within 45 days of the receipt of Defendants' identification of any Alternative Sets drawn on any basis other than by such Securitizations, FHFA shall identify any other set of loans of which it intends to make use. ~~Defendants reserve the right to supplement the Alternative Sets after FHFA completes its Disclosures for all of the Securitizations in a case and based on any previously undisclosed defects asserted in FHFA's expert report(s).~~ <u>("Plaintiff's Alternative Set").  The parties shall be precluded from making use of any Alternative Set not identified as set forth herein, except for good cause shown.</u>

6. Within 28 days of the receipt of FHFA's ~~Disclosures~~Findings for a given Securitization, the Defendants to claims regarding such Securitization shall disclose ~~their rebuttals to FHFA's Disclosures~~rebuttal findings ("Rebuttal Findings"), based upon Defendants'

5

re-underwriting review, as to the ~~same~~ Sample Loans ~~("Rebuttal Disclosures") as described in~~re-underwritten by FHFA. Consistent with paragraph 3 ~~herein.~~, the re-underwriting review refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, and does not refer to assessments of prudent underwriting or industry practice.

    7.    FHFA may modify any of its ~~Disclosures~~Findings without prejudice for any reason if that modification is made reasonably promptly~~, i.e.,~~ (within 28 days ~~after the respective Disclosures,~~ of receipt of Defendants' Rebuttal Findings) or is made at any other time for good cause. Defendants may modify any of their respective Rebuttal ~~Disclosures~~Findings without prejudice for any reason if that modification is made reasonably promptly~~, i.e., within 28 days after the respective Rebuttal Disclosures,~~ or is made at any other time for good cause. Good cause ~~consists of~~includes (a) a party's determination of an inadvertent error in its ~~Disclosures~~Findings or Rebuttal ~~Disclosures~~Findings, or (b) the discovery of additional documents that may constitute, in whole or in part, the Loan File or applicable Guidelines underlying those ~~Disclosures~~Findings or Rebuttal ~~Disclosures~~Findings. In the event that the parties disagree about what constitutes good cause, such dispute shall be presented to the Court for resolution. There is a presumption that good cause cannot be shown where such additional documents impact more than ten (10) percent of the FHFA Sample Loans for any given Securitization ~~and were not obtained through non-party discovery;~~. If Loan Files or Guidelines for more than ten percent of the FHFA Sample Loans for a given Securitization are modified pursuant to this paragraph 7, then the party tendering the additional documents shall bear the costs of the other party in repeating the re-~~-~~underwriting of the ~~loans over and above the ten (10) percent.~~loan. Any modification of ~~Disclosures~~Findings or Rebuttal ~~Disclosures~~Findings shall be without prejudice to the opposing party to modify its ~~Disclosures~~Findings or Rebuttal

6

~~Disclosures~~Findings, as applicable, in response to such modification~~, and the same time limits set forth in paragraphs 5 and 6 above for Defendants to identify any Alternate Sets of Loans and to produce Rebuttal Disclosures shall apply starting from the date of any modifications.~~.

8. Neither FHFA's ~~Disclosures~~Findings nor Defendants' Rebuttal ~~Disclosures~~Findings shall constitute expert reports or expert testimony pursuant to Federal Rule of Civil Procedure 26, or contention interrogatory responses pursuant to Federal Rule of Civil Procedure 33. Such ~~Disclosures~~Findings and Rebuttal ~~Disclosures shall have no preclusive effect and~~Findings shall not be used for any purpose except as expressly provided for herein, including that they shall not be used as evidence, whether for purposes of discovery, examination, impeachment, expert disqualification, or otherwise. The issuance of such ~~Disclosures~~Findings and Rebuttal ~~Disclosures~~Findings shall not bar either party from offering evidence or expert opinions based on sources other than the Loan Files or Guidelines, including expert opinions bearing on such ~~Disclosures~~Findings. If an expert ~~considers or~~ adopts any ~~Disclosures~~Findings or Rebuttal ~~Disclosures, in whole or in part, in connection with its~~Findings for purposes of a report or testimony, ~~the~~such Findings or Rebuttal Findings will be treated as any other expert ~~can be examined on such Disclosures~~testimony. Except through the modification procedure ~~in paragraph 7~~described above, ~~FHFA and~~no party or its expert(s) may ~~not~~ assert any previously undisclosed ~~defects~~defect resulting from re-underwriting for which disclosure was required ~~pursuant to paragraphs 3 and 4 above. Where defects are added for~~. Without good cause~~, FHFA's witnesses, including its~~ shown, no party may offer evidence or expert~~(s), may be examined at deposition and at trial about the addition and the reasons, if any, for the prior non-disclosure~~ opinion that makes use of any set of loans that is governed by, but was not disclosed pursuant to, the schedule set forth in this Order.

9. FHFA's ~~Disclosures~~Findings and Defendants' Rebuttal ~~Disclosures~~Findings shall be treated as Confidential pursuant to the Protective Order entered in these actions.

~~FHFA shall begin disclosing its Disclosures for the Tranche 1 case within two months of the entry of this Order and shall begin disclosing its Disclosures for the Tranche 2 cases within two months of this Court's approval of an appropriate sampling methodology for the non-Tranche 1 cases.~~

## II. Expert Schedule

### Tranche 1 (UBS)

10. By December 17, 2012, substantially all of the applicable guidelines and applicable loan file documents in the sample identified by FHFA shall be produced and shall be identified and stipulated pursuant to paragraph 1.

11. The parties shall serve their re-underwriting expert reports by ~~April 1~~May 3, 2013.

12. The parties shall serve any rebuttal re-underwriting expert reports and any additional expert reports on any issue for which they bear the burden of proof by June ~~1~~4, 2013.

13. The parties shall serve any rebuttal non-~~reunderwriting~~re-underwriting expert reports and any expert report on any issues for which they do not have the burden of proof by July ~~1~~12, 2013.

14. The parties shall complete depositions of expert witnesses no later than August ~~9~~16, 2013.

### Tranche 2 (JPMorgan, Merrill Lynch)

15. By January 31, 2013, substantially all of the applicable guidelines and applicable loan file documents in the samples identified by FHFA shall be produced and shall be identified and stipulated pursuant to paragraph 1.

16. The parties shall serve their re-underwriting expert reports by August 5, 2013.

17. The parties shall serve any rebuttal re-underwriting expert reports by October ~~25, 2013 in the JPMorgan case and by November 7, 2013 in the Merrill Lynch case~~7, 2013.

18. The parties shall serve their non-re-underwriting expert reports on any issue for which they bear the burden of proof by October 25, 2013.

19. The parties shall serve any rebuttal non-re-underwriting expert reports ~~or reports on issues for which they do not bear the burden of proof~~ by December 2, 2013.

20. Expert discovery shall end on, and the parties shall complete depositions of expert witnesses no later than, January 6, 2014.

### Tranches 3-4 (All Other Cases)

21. By January 31, 2013, FHFA and Defendants in the Tranche 3 and Tranche 4 cases shall advise the Court of ~~proposed schedules for the exchange of re-underwriting reports, if any, and~~whether the parties believe it shall be effective to extend the provisions of this Order to such Tranches, or of any disagreements regarding the efficacy of such approach. By that same date, the same parties will advise the Court of proposed dates for expert discovery in the Tranche 3 and Tranche 4 cases.

SO ORDERED:

Dated: ~~November 19, 2012~~
New York, New York

~~STIPULATED AND AGREED:~~


_____November 26, 2012_____

_____
DENISE COTE
United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br><br> -v- <br><br> UBS AMERICAS, INC., et al. <br><br> Defendants; <br><br> And other FHFA cases. | 11 Civ. 5201 (DLC) <br> 11 Civ. 6188 (DLC) <br> 11 Civ. 6189 (DLC) <br> 11 Civ. 6190 (DLC) <br> 11 Civ. 6192 (DLC) <br> 11 Civ. 6193 (DLC) <br> 11 Civ. 6195 (DLC) <br> 11 Civ. 6196 (DLC) <br> 11 Civ. 6198 (DLC) <br> 11 Civ. 6200 (DLC) <br> 11 Civ. 6201 (DLC) <br> 11 Civ. 6202 (DLC) <br> 11 Civ. 6203 (DLC) <br> 11 Civ. 6739 (DLC) <br> 11 Civ. 7010 (DLC) <br> 11 Civ. 7048 (DLC) |

### ~~JOINT STIPULATION AND [PROPOSED]~~ EXPERT SCHEDULING ORDER [Plaintiff]

WHEREAS, the Court has required that expert scheduling be determined in a manner that does not disrupt the deadlines for trial previously set by the Court;

WHEREAS, the parties have presented alternative proposals to accomplish that objective;

WHEREAS, the Court orally established the parameters at a November 15, 2012 hearing and asked the parties to memorialize this ruling in writing;

<u>WHEREAS, the Court has considered the parties' proposed orders of November 19, 2012;</u>

WHEREAS, certain procedures governing the re-underwriting schedule shall govern expert discovery and expert reports for the Tranche 1 and 2 cases only, subject to a review of efficacy of these procedures by the parties and this Court;

1

IT IS NOW HEREBY ORDERED that the following schedule shall govern expert discovery and expert reports in the above-captioned actions:

I.   **Procedures Governing Re-underwriting Schedule as to Tranche 1 and 2 Cases**

1. For each Securitization at issue, with respect to all loans in the samples identified by FHFA (the FHFA "Sample Loans"), the parties shall work together promptly on a good faith basis to identify all documents relating to the Sample Loans that comprise the loan origination files ~~(the "Loan Files"),~~ whether in hard copy paper or electronic format, including from any electronic systems or database~~,~~ (the "Loan Files"), and all underwriting guidelines ~~(the "Guidelines")~~ applicable to such loans, including Manuals, Reference Guides, matrices, and updates to such guidelines~~.~~ (the "Guidelines").

2. As to each FHFA Sample Loan where Loan File documents and Guidelines have been identified, the parties shall endeavor to reach agreement by stipulation that such Loan File and Guidelines are, respectively, the best representation of the Loan File and Guidelines existing at the time of the loan's origination that the parties have been able to recreate as of the time of such agreement. Such a stipulation shall not preclude any party from asserting at trial that the Loan File and Guidelines, as stipulated, are different from the Loan File and Guidelines that existed at the time of the loan's origination, nor limit the reasons for or rebuttals to any such assertion.

3. Upon the identification and stipulation as to Loan Files and Guidelines applicable to Sample Loans pursuant to paragraphs 1 and 2 hereof, FHFA shall commence its factual re-underwriting review of such loans. For purposes of this Order, the re-underwriting review refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, and does not refer to assessments of prudent underwriting or industry practice.

Upon completion of its re-underwriting review for at least seventy-five (75) percent of the Sample Loans for any given Securitization, FHFA shall disclose its initial factual findings resulting from such review ("Findings"). If FHFA determines that such Sample Loans do not comply with the Guidelines, FHFA's Findings shall be in the form of a chart or worksheet that adequately categorizes the basis for such determination of non-compliance; the parties shall endeavor in good faith to agree upon the format of such a chart or worksheet for FHFA's Findings and Defendants' Rebuttal Findings (as defined in paragraph 6 hereof) in order to allow a ready comparison of Findings against Rebuttal Findings. FHFA shall disclose its Findings by Securitization, on a rolling basis, at a rate of at least two thousand Loans per month, and shall endeavor to make such disclosures on a weekly basis.

4. For any FHFA Sample Loan as to which the parties are unable to identify and to stipulate pursuant to paragraphs 1 and 2 hereof, FHFA may elect either (a) _within 10 days after an impass is reached as to that Sample Loan,_ to replace the FHFA Sample Loan with another loan (in which event the parties shall again endeavor to identify and to stipulate to applicable Loan Files and Guidelines pursuant to paragraphs 1 and 2 hereof), or (b) to retain the FHFA Sample Loan, in which case FHFA need not disclose its Findings for that loan as set forth in paragraph 3 hereof.

5. Within 21 days of the receipt of FHFA's Findings for a given Securitization, the Defendants to claims regarding such Securitization shall notify FHFA whether they intend to make use of any alternative set of loans in such Securitization for purposes of re-underwriting or otherwise (an "Alternative Set"), and, if so, Defendants shall identify such Alternative Set by loan number such that FHFA may replicate Defendants' analysis. Further, no later than ~~the time of~~_21 days after_ FHFA's disclosure of Findings as to the Sample Loans for fifty (50) percent of

3

the Securitizations for any case, Defendants shall notify FHFA whether they intend to make use of any set of loans drawn on any basis other than by such Securitizations and, if so, Defendants shall identify such basis and such Alternative Set by loan number such that FHFA may replicate Defendants' analysis. Within 45 days of the receipt of Defendants' identification of any Alternative Sets drawn on any basis other than by such Securitizations, FHFA shall identify any other set of loans of which it intends to make use. ~~Notwithstanding the above, Defendants in the Tranche 1 case must disclose all Alternative Sets that they intend to use for any purpose no later than March 1, 2013, and Defendants in the Tranche 2 cases must disclose all Alternative Sets that they intend to use for any purpose no later than June 1, 2013. Defendants~~ ("Plaintiff's Alternative Set"). The parties shall be precluded from making use of any Alternative Set not identified as set forth herein, except for good cause shown.

    6.    Within 28 days of the receipt of FHFA's Findings for a given Securitization, the Defendants to claims regarding such Securitization shall disclose rebuttal findings ("Rebuttal Findings"), based upon Defendants' re-underwriting review, as to the Sample Loans re-underwritten by FHFA. Consistent with paragraph 3, the re-underwriting review refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, and does not refer to assessments of prudent underwriting or industry practice.

    7.    FHFA may modify any of its Findings without prejudice for any reason if that modification is made reasonably promptly (within 28 days of receipt of Defendants' Rebuttal Findings) or is made at any other time for good cause. Defendants may modify any of their respective Rebuttal Findings without prejudice for any reason if that modification is made reasonably promptly or is made at any other time for good cause. Good cause includes (a) a party's determination of an inadvertent error in its Findings or Rebuttal Findings, or (b) the

discovery of additional documents that may constitute, in whole or in part, the Loan File or applicable Guidelines underlying those Findings or Rebuttal Findings. In the event that the parties disagree about what constitutes good cause, such dispute shall be presented to the Court for resolution. There is a presumption that good cause cannot be shown where such additional documents impact more than ten (10) percent of the FHFA Sample Loans for any given Securitization. If Loan Files or Guidelines for more than ten percent of the FHFA Sample Loans for a given Securitization are modified pursuant to this paragraph 7, then the party tendering the additional documents shall bear the costs of the other party in repeating the re-underwriting of the loan. Any modification of Findings or Rebuttal Findings shall be without prejudice to the opposing party to modify its Findings or Rebuttal Findings, as applicable, in response to such modification.

8. Neither FHFA's Findings nor Defendants' Rebuttal Findings shall constitute expert reports or expert testimony pursuant to Federal Rule of Civil Procedure 26, or contention interrogatory responses pursuant to Federal Rule of Civil Procedure 33. Such Findings and Rebuttal Findings ~~shall have no preclusive effect and~~ shall not be used for any purpose except as expressly provided for herein, including that they shall not be used as evidence, whether for purposes of discovery, examination, impeachment, expert disqualification, or otherwise. The issuance of such Findings and Rebuttal Findings shall not bar either party from offering evidence or expert opinions based on sources other than the Loan Files or Guidelines, including expert opinions bearing on such Findings. If an expert adopts any Findings or Rebuttal Findings for purposes of a report or testimony, such Findings ~~will be treated as any other expert testimony~~<u>or Rebuttal Findings will be treated as any other expert testimony. Except through the modification procedure described above, no party or its expert(s) may assert any previously undisclosed defect</u>

5

resulting from re-underwriting for which disclosure was required. Without good cause shown, no party may offer evidence or expert opinion that makes use of any set of loans that is governed by, but was not disclosed pursuant to, the schedule set forth in this Order.

9. FHFA's Findings and Defendants' Rebuttal Findings shall be treated as Confidential pursuant to the Protective Order entered in these actions.

~~FHFA shall begin disclosing its Findings for the Tranche 1 case within two months of the entry of this Order and shall begin disclosing its Findings for the Tranche 2 cases within two months of this Court's approval of an appropriate sampling methodology for the non-Tranche 1 cases.~~

## II. Expert Schedule

### Tranche 1 (UBS)

10. By December 17, 2012, substantially all of the applicable guidelines and applicable loan file documents in the sample identified by FHFA shall be produced and shall be identified and stipulated pursuant to paragraph 1.

11. The parties shall serve their re-underwriting expert reports by May 3, 2013.

12. The parties shall serve any rebuttal re-underwriting expert reports and ~~their~~any additional expert reports on any issue for which they bear the burden of proof by ~~May 1~~June 4, 2013.

~~The parties shall serve any rebuttal expert reports by June 17, 2013.~~

13. The parties shall serve any rebuttal non-re-underwriting expert reports and any expert report on any issues for which they do not have the burden of proof by July 12, 2013.

14. The parties shall complete depositions of expert witnesses no later than ~~July 19~~August 16, 2013.

6

### Tranche 2 (JPMorgan, Merrill Lynch)

15. By January 31, 2013, substantially all of the applicable guidelines and applicable loan file documents in the samples identified by FHFA shall be produced and shall be identified and stipulated pursuant to paragraph 1.

16. The parties shall serve their re-underwriting expert reports by August 5, 2013.

17. The parties shall serve any rebuttal re-underwriting expert reports by October 7, 2013.

18. The parties shall serve their non-re-underwriting expert reports on any issue for which they bear the burden of proof by October ~~17~~25, 2013.

19. The parties shall serve any rebuttal non-re-underwriting expert reports by December ~~16~~2, 2013.

20. Expert discovery shall end on, and the parties shall complete depositions of expert witnesses no later than, ~~February 7~~January 6, 2014.

### Tranches 3-4 (All Other Cases)

21. By January 31, 2013, FHFA and Defendants in the Tranche 3 and Tranche 4 cases shall advise the Court of whether the parties believe it shall be effective to extend the provisions of this ~~Stipulation and~~ Order to such Tranches, or of any disagreements regarding the efficacy of such approach. By that same date, the same parties will advise the Court of proposed dates for expert discovery in the Tranche 3 and Tranche 4 cases.

SO ORDERED:

Dated:      ~~November 19, 2012~~
New York, New York

~~STIPULATED AND AGREED:~~
_____

_____
DENISE COTE
United States District Judge

7