LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD J. BENNETT
(202) 434-5083
ebennett@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 19, 2012

**VIA E-MAIL**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

  Re: <u>FHFA Actions, No. 11 Civ. 05201 (DLC), et al.</u>

Dear Judge Cote:

  In light of the Court's rulings on November 15, 2012, the parties have attempted to reach agreement on a Deposition Protocol. The parties have reached agreement on most terms. However, despite extensive discussions over the weekend, a few areas of disagreement remain.

  **First,** in an apparent effort to vastly expand the scope of discovery available to Plaintiff, FHFA for the first time yesterday proposed that it be able to take 30(b)(6) depositions of an indeterminate number of entities within a defendant family *that are not parties in these Actions.* Plaintiff's proposal is puzzling, not least because it stands in tension with its desire to limit the number of Rule 30(b)(6) topics each party may serve, discussed below. Defendants respectfully request that the Court limit party 30(b)(6) depositions to entities named as parties in the Actions.

  **Second,** the parties disagree on the appropriate length of Rule 30(b)(6) depositions of defendant parent corporations named in the Actions. Because parent corporations had only limited, if any, direct involvement in the securitizations at issue, Defendants respectfully submit that Rule 30(b)(6) deposition testimony of defendant parent corporations should presumptively be limited to a half day.

  **Third,** the parties disagree on the number of Rule 30(b)(6) topics a party may serve. Plaintiff initially proposed and agreed that 50 topics were appropriate; yesterday, for the first

WILLIAMS & CONNOLLY LLP

The Honorable Denise L. Cote
November 19, 2012
Page 2

time, it proposed parties be limited to 20 topics. While some common topics for examination certainly exist, the defendants in each of the 17 cases must be provided a reasonable opportunity to explore the GSEs' knowledge of and involvement with respect to the specific securitizations at issue in each case. If limited to 20 topics, Defendants will be hard pressed to "describe with reasonable particularity the matters on which examination is requested," thus undermining the effectiveness of the Rule 30(b)(6) process. Fed. R. Civ. P. 30(b)(6); *see S. Boston Mgmt. Corp. v. BP Products N. Am., Inc.*, No. 03 CV 6845, 2006 WL 162916, *1 (S.D.N.Y. Jan. 19, 2006) ("The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought."). Defendants respectfully request that the parties be allowed to serve up to 35 topics.

**Fourth,** the parties have agreed that depositions will be more efficient if witnesses complete a Background Questionnaire providing basic relevant information before being deposed. Defendants believe that it would be appropriate and very useful if each witness identified each securitization for which he or she had specific involvement. Given that these Actions involve more than 500 securitizations, this information is critical to enable all parties to utilize their extremely compressed deposition time. No party should be required to spend the limited deposition time identifying the securitizations with which a witness was involved.

For the foregoing reasons, we request that the Court adopt the Defendants' proposed Deposition Protocol.

Very respectfully submitted,

Edward Bennett