# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc.,<br><br>                    Plaintiff,<br><br>          -v-<br><br>UBS AMERICAS, INC., et al.<br><br>                    Defendants. | **Case No. 11 CIV. 5201 (DLC)**<br><br>**JOINT STIPULATION AND [PROPOSED] EXPERT SCHEDULING ORDER** |

Other Cases Brought By Plaintiff:

11 Civ. 6188 (DLC)
11 Civ. 6189 (DLC)
11 Civ. 6190 (DLC)
11 Civ. 6192 (DLC)
11 Civ. 6193 (DLC)
11 Civ. 6195 (DLC)
11 Civ. 6196 (DLC)
11 Civ. 6198 (DLC)
11 Civ. 6200 (DLC)
11 Civ. 6201 (DLC)
11 Civ. 6202 (DLC)
11 Civ. 6203 (DLC)
11 Civ. 6739 (DLC)
11 Civ. 7010 (DLC)
11 Civ. 7048 (DLC)

## JOINT STIPULATION AND [PROPOSED] EXPERT SCHEDULING ORDER

WHEREAS, the Court has required that expert scheduling be determined in a manner that does not disrupt the deadlines for trial previously set by the Court;

WHEREAS, the parties have presented alternative proposals to accomplish that objective~~, and have met and conferred in order to reach agreement upon a compromise resolution, described herein; and~~;

WHEREAS, ~~certain~~the Court orally established the parameters at a November 15, 2012 hearing and asked the parties to memorialize this ruling in writing;

WHEREAS, the parties agree that all objections to the expert schedule and procedures ~~governing the re-underwriting~~herein are fully preserved;

IT IS NOW HEREBY STIPULATED AND ORDERED that the following schedule shall ~~be adopted~~govern expert discovery and expert reports in the first instance for the Tranche 1 and 2 cases only, subject to a review of efficacy of these procedures by the parties and this Court~~;~~:

~~IT IS NOW HEREBY STIPULATED AND ORDERED that the following schedule shall govern expert discovery and expert reports in the above-captioned actions:~~

**I.    Procedures Governing Re-underwriting Schedule as to Tranche 1 and 2 Cases**

1.    For each Securitization at issue, with respect to all loans in the samples identified by FHFA (the FHFA "Sample Loans"), the parties shall work together promptly on a good faith basis to identify all documents relating to the Sample Loans that comprise the loan origination files, whether in hard copy paper or electronic format~~, including from any electronic systems or database~~ (the "Loan Files"), and all underwriting guidelines applicable to such loans, including Manuals, Reference Guides, matrices, and updates to such guidelines (the "Guidelines").

2. As to each FHFA Sample Loan where Loan File documents and Guidelines have been identified, <ins>if</ins> the parties <del>shall endeavor to reach agreement by stipulation</del><ins>stipulate</ins> that such Loan Files and Guidelines are, respectively, the best representation of the Loan File and Guidelines existing at the time of the loan's origination that the parties have been able to recreate as of the time of such agreement<del>.  Such a stipulation</del><ins>, then the provisions of paragraph 3 will govern the production of interim disclosures.  Any such agreement</ins> shall not preclude any party from asserting at trial that the Loan File and Guidelines, as stipulated, are different from the Loan File and Guidelines that existed at the time of the loan's origination, nor limit the reasons for or rebuttals to any such assertion.  <ins>If the parties do not agree, then FHFA shall not be required to make interim disclosures for that loan.  By December 17, 2012 for the Tranche 1 case and January 31, 2013 for the Tranche 2 cases, substantially all of the applicable guidelines and applicable loan file documents in the samples identified by FHFA shall be produced and shall be identified pursuant to paragraph 1 and any stipulations or impasses reached pursuant to paragraph 2.</ins>

3. Upon the identification and stipulation as to Loan Files and Guidelines applicable to <ins>any</ins> Sample Loan<del>s</del> pursuant to paragraphs 1 and 2 hereof, FHFA shall commence its factual re-underwriting review of such loan<del>s</del>.  For purposes of this Order, the re-underwriting review refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, and does not refer to assessments of <del>prudent underwriting or</del><ins>general</ins> industry practice.  Upon completion of its re-underwriting review for at least seventy-five (75) percent of the Sample Loans for any given Securitization, FHFA shall disclose its initial <del>factual findings resulting from</del><ins>results of</ins> such review ("<del>Findings</del>").  <del>If FHFA determines that such Sample Loans do not comply with the Guidelines,</del><ins>Disclosures").</ins>  FHFA's <del>Findings</del><ins>Disclosures</ins> shall be in the

3

form of a chart or worksheet that includes an entry for each Sample Loan and states whether FHFA believes each loan complies with the Guidelines and, if not, adequately categorizes the basis for such determination of non-compliance, including (where applicable) references to specific pages or bates numbers in the loan file or guideline that support FHFA's position; the parties shall endeavor in good faith to agree upon the format of such a chart or worksheet for the ~~Findings~~Disclosures and Rebuttal ~~Findings~~Disclosures (defined below) in order to allow a ready comparison of ~~Findings~~Disclosures against Rebuttal ~~Findings~~Disclosures.  FHFA shall disclose its ~~Findings~~Disclosures by Securitization, on a rolling basis, at a rate of ~~at least~~ two thousand Loans per month for the UBS and JPMorgan cases and 1,600 Loans per month for the Merrill Lynch case, and shall endeavor to make such disclosures ~~on~~at a ~~weekly basis~~rate of 500 loans per week for the UBS and JPMorgan cases and 400 loans per week for the Merrill Lynch case.  In the event that any installment of FHFA's Disclosures exceeds the 400 or 500 Sample Loan per week pace (as applicable), or the 2000 Sample Loan per month pace, then for that installment Defendants' time to respond to the Disclosures, as set forth in paragraphs 5 and 6 below, shall be extended so that responses for the excess amounts will not be due until a later date to be determined or agreed taking into account the volume of Disclosures then provided and anticipated to be provided.  In the event that for any reason fewer than 75 percent of the Sample Loans have been made the subject of Disclosures by March 1, 2013 in the UBS case or July 5, 2013 in the JPMorgan and Merrill Lynch cases, then FHFA's expert report shall be due instead on March 1, 2013 in the UBS case or July 5, 2013 in the JPMorgan and Merrill Lynch cases, so as to afford Defendants time to address the report.

    4.    For any FHFA Sample Loan as to which the parties are unable to identify and to stipulate pursuant to paragraphs 1 and 2 hereof, FHFA may elect either (a) ~~to replace the FHFA~~

4

~~Sample Loan with another loan~~within [10] days after an impasse is reached as to that Sample Loan pursuant to paragraph 2 hereof, identify by loan number a loan that will replace that Sample Loan (in which event the parties shall again endeavor to identify and to stipulate to applicable Loan Files and Guidelines pursuant to paragraphs 1 and 2 hereof for that replacement loan), or (b) to retain as part of the sample the FHFA Sample Loan, in which case FHFA need not disclose its ~~Findings~~Disclosures for that loan as set forth in paragraph 3 hereof, but shall disclose results for that Sample Loan in the re-underwriting expert reports on the schedule provided below.  No part of this paragraph or stipulation shall be construed as an agreement by Defendants not to challenge any supplementation of FHFA's sample and Defendants reserve all rights to challenge FHFA's sampling methodology based on any supplementation of the sample.

     5.     Within 21 days of the receipt of FHFA's ~~Findings~~Disclosures for a given Securitization, the Defendants to claims regarding such Securitization shall notify FHFA whether they intend to ~~make use of~~rely on the contents of the loan files for any alternative set of loans in such Securitization for purposes of re-underwriting or otherwise (an "Alternative Set~~"),~~") regarding that Securitization, and, if so, Defendants shall identify the loans in any such Alternative Set by loan number ~~such that FHFA may replicate Defendants' analysis.~~.  Further, no later than ~~the time~~21 days after receipt of FHFA's ~~disclosure of Findings~~Disclosures as to the Sample Loans for fifty (50) percent of the Securitizations for any case, Defendants shall notify FHFA whether they intend ~~to make use~~rely on the contents of loan files for any set of loans ~~drawn~~ on any basis other than by such Securitizations and, if so, Defendants shall identify ~~such basis and~~ any such Alternative Set by loan number ~~such that FHFA may replicate Defendants' analysis.  Notwithstanding the above,~~.  Defendants ~~in~~reserve the ~~Tranche 1 case must disclose all~~ right to supplement the Alternative Sets ~~that they intend to use for any purpose no later than~~

5

~~March 1, 2013, and Defendants in the Tranche 2 cases must disclose all Alternative Sets that they intend to use~~after FHFA completes its Disclosures for all of the Securitizations in a case and based on any ~~purpose no later than June 1, 2013.  Defendants shall be precluded from making use of any Alternative Set not identified as set forth herein, except for good cause shown.~~previously undisclosed defects asserted in FHFA's expert report(s).

 6. Within 28 days of the receipt of FHFA's ~~Findings~~Disclosures for a given Securitization, the Defendants to claims regarding such Securitization shall disclose ~~rebuttal findings~~their rebuttals to FHFA's Disclosures as to the same Sample Loans ("Rebuttal ~~Findings") re-underwritten by FHFA, based upon Defendants' re-underwriting review~~Disclosures") as described in paragraph 3 herein.

 7. FHFA may modify any of its ~~Findings~~Disclosures without prejudice for any reason if that modification is made reasonably promptly, i.e., within 28 days after the respective Disclosures, or is made at any other time for good cause.  Defendants may modify any of their respective Rebuttal ~~Findings~~Disclosures without prejudice for any reason if that modification is made reasonably promptly, i.e., within 28 days after the respective Rebuttal Disclosures, or is made at any other time for good cause.  Good cause ~~includes~~consists of (a) a party's determination of an inadvertent error in its ~~Findings~~Disclosures or Rebuttal ~~Findings~~Disclosures, or (b) the discovery of additional documents that may constitute, in whole or in part, the Loan File or applicable Guidelines underlying those ~~Findings~~Disclosures or Rebuttal ~~Findings~~Disclosures.  In the event that the parties disagree about what constitutes good cause, such dispute shall be presented to the Court for resolution.  There is a presumption that good cause cannot be shown where such additional documents impact more than ten (10) percent of the FHFA Sample Loans for any given Securitization~~.  If Loan Files or Guidelines are modified~~

6

pursuant to this paragraph 7,; the party tendering the additional documents shall bear the costs of the other party in repeating the re-underwriting of the loan.loans over and above the ten (10) percent.  Any modification of FindingsDisclosures or Rebuttal FindingsDisclosures shall be without prejudice to the opposing party to modify its FindingsDisclosures or Rebuttal FindingsDisclosures, as applicable, in response to such modification., and the same time limits set forth in paragraphs 5 and 6 above for Defendants to identify any Alternate Sets of Loans and to produce Rebuttal Disclosures shall apply starting from the date of any modifications.

       8.      Neither FHFA's FindingsDisclosures nor Defendants' Rebuttal FindingsDisclosures shall constitute expert reports or expert testimony pursuant to Federal Rule of Civil Procedure 26, or contention interrogatory responses pursuant to Federal Rule of Civil Procedure 33.  Such FindingsDisclosures and Rebuttal FindingsDisclosures shall have no preclusive effect and shall not be used for any purpose except as expressly provided for herein, including that they shall not be used as evidence, whether for purposes of discovery, examination, impeachment, expert disqualification, or otherwise.  The issuance of such FindingsDisclosures and Rebuttal FindingsDisclosures shall not bar either party from offering evidence or expert opinions based on sources other than the Loan Files or Guidelines, including expert opinions bearing on such Findings.  If an expert adopts any Findings or Rebuttal Findings for purposes of a report or testimony, such Findings will be treated as any other expert testimonyDisclosures.  If an expert considers or adopts any Disclosures or Rebuttal Disclosures, in whole or in part, in connection with its report or testimony, the expert can be examined on such Disclosures.  Except through the modification procedure in paragraph 7 above, FHFA and its expert(s) may not assert any previously undisclosed defects resulting from re-underwriting for which disclosure was required pursuant to paragraphs 3 and 4 above. Where defects are added

for good cause, FHFA's witnesses, including its expert(s), may be examined at deposition and at trial about the addition and the reasons, if any, for the prior non-disclosure.

      9.      FHFA's ~~Findings~~Disclosures and Defendants' Rebuttal ~~Findings~~Disclosures shall be treated as Confidential pursuant to the Protective Order entered in these actions.

      10.     FHFA shall begin disclosing its ~~Findings~~Disclosures for the Tranche 1 case within two months of the entry of this Order and shall begin disclosing its ~~Findings~~Disclosures for the Tranche 2 cases within two months of this Court's approval of an appropriate sampling methodology for the non-Tranche 1 cases.

## II. Expert Schedule

### Tranche 1 (UBS)

~~By December 17, 2012, substantially all of the applicable guidelines and applicable loan file documents in the sample identified by FHFA shall be produced and shall be identified and stipulated pursuant to paragraph 1.~~

11. The parties shall serve their re-underwriting expert reports and their expert reports on any issue for which they bear the burden of proof by ~~May~~April 1, 2013.

12. The parties shall serve any rebuttal re-underwriting expert reports and any additional expert reports on any issue for which they bear the burden of proof by June ~~17~~1, 2013.

13. The parties shall serve any rebuttal non-reunderwriting expert reports and any expert report on any issues for which they do not have the burden of proof by July 1, 2013.14. The parties shall complete depositions of expert witnesses no later than ~~July 19~~August 9, 2013.

### Tranche 2 (JPMorgan, Merrill Lynch)

8

~~By January 31, 2013, substantially all of the applicable guidelines and applicable loan file documents in the samples identified by FHFA shall be produced and shall be identified and stipulated pursuant to paragraph 1.~~

15. The parties shall serve their re-underwriting expert reports by August 5, 2013.

16. The parties shall serve any rebuttal re-underwriting expert reports by October ~~7, 2013~~ <u>25, 2013 in the JPMorgan case and by November 7, 2013 in the Merrill Lynch case</u>.

17. The parties shall serve their non-re-underwriting expert reports on any issue for which they bear the burden of proof by October ~~17~~<u>25</u>, 2013.

18. The parties shall serve any rebuttal non-re-underwriting expert reports <u>or reports on issues for which they do not bear the burden of proof</u> by December ~~16~~<u>2</u>, 2013.

19. Expert discovery shall end on, and the parties shall complete depositions of expert witnesses no later than, ~~February 7~~<u>January 6</u>, 2014.

### Tranches 3-4 (All Other Cases)

20. By January 31, 2013, FHFA and Defendants in the Tranche 3 and Tranche 4 cases shall advise the Court of ~~whether the parties believe it shall be effective to extend the provisions of this Stipulation and Order to such Tranches, or of any disagreements regarding the efficacy of such approach.  By that same date, the same parties will advise the Court of proposed dates for~~<u>proposed schedules for the exchange of re-underwriting reports and</u> expert discovery in the Tranche 3 and Tranche 4 cases.

Dated: November 19, 2012

New York, New York

STIPULATED AND AGREED:

_____
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 100 10
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.*

_____
Marc E. Kasowitz (mkasowitz@kasowitz.com )
Hector Torres (htorres@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com )
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
    FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company, FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*

_____
Christine H. Chung
(christinechung@quinnemanuel.com)
Sascha N. Rand
(sascharand@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

_____
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

_____
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

_____
~~Robert F. Serio (RSerio@gibsondunn.com)~~
~~Aric H. Wu (AWu@gibsondunn.com)~~
~~GIBSON, DUNN & CRUTCHER LLP~~
~~200 Park Avenue~~
~~New York, NY 10166~~

*~~Attorneys for Citigroup Global Markets, Inc., Deutsche Bank Securities Inc., RBS Securities Inc. and UBS Securities LLC~~*


_____
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG, Taunus Corporation, Deutsche Bank Securities Inc , DB Structured Products, Inc., Ace Securities Corp., Mortgage IT Securities Corp.*

_____
~~Richard A. Spehr (rspehr~~Mark S. Hanchet
(mhanchet@mayerbrown.com)
John M. Conlon (jconlon@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America Holdings Inc., HSBC USA Inc., HSBC Markets (USA) Inc., HSBC Bank USA, NA., HSI Asset Securitization Corporation*
*, and HSBC Securities (USA) Inc.*


_____
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants UBS Americas Inc., UBS Real Estate Securities Inc., UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc., David Martin, Per Dyrvik, Hugh Corcoran and Peter Slagowitz*

_____
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup Mortgage Loan Trust Inc., Citigroup Global Markets Realty Corp., Citigroup Global Markets Inc., Susan Mills, Randall Costa, Scott Freidenrich, Richard A. Isenberg, Mark I. Tsesarsky, Peter Patricola, Jeffrey Perlowitz and Evelyn Echevarria*

———————————————
James P. Rouhandeh (rouhandeh@davispolk.com)
Brian S. Weinstein (brian.weinstein@davispolk.com)
Daniel J. Schwartz (daniel.schwartz@davispolk.com)
Nicholas N. George (nicholas.george@davispolk.com)
Jane M. Morril (jane.morril@davispolk.com)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, Saxon Asset Securities Company, Gail P. McDonnell, Howard Hubler, David R. Warren, and Steven S. Stern*

———————————————
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Attorneys for Defendants First Horizon National Corporation, First Tennessee Bank National Association, FTN Financial Securities Corporation, First Horizon Asset Securities, Inc., Gerald L. Baker, Peter F. Makowiecki, Charles G. Burkett, and Thomas J. Wageman*

———————————————
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation and certain of the Individual Defendants*

———————————————
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Barclays Capital Inc., Barclays Bank PLC, Securitized Asset Backed Receivables LLC, Paul Menefee, John Carroll, and Michael Wade*

| | |
|---|---|
| _____<br>David Blatt (dblatt@wc.com)<br>John McNichols (jmcnichols@wc.com)<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC  20005<br><br>*Attorneys for Bank of America Corporation; Bank of America, N.A.; Asset Backed Funding Corp.; Banc of America Funding Corp.; Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Capital Inc., First Franklin Financial Corp., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Government Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Inc.* | _____<br>Richard W. Clary (rclary@cravath.com)<br>Michael T. Reynolds (mreynolds@cravath.com)<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY  10019<br><br>*Attorneys for Credit Suisse Securities (USA) LLC, Credit Suisse Holdings (USA), Inc., Credit Suisse (USA), Inc., DLJ Mortgage Capital, Inc., Credit Suisse First Boston Mortgage Securities Corporation, Asset Backed Securities Corporation, Credit Suisse First Boston Mortgage Acceptance Corporation, Andrew A. Kimura, Jeffrey A. Altabef, Eveleyn Echevarria, Michael A. Marriott, Zev Kindler, John P. Graham, Thomas E. Siegler, Thomas Zingalli, Carlos Onis, Steven L. Kantor, Joseph M. Donovan, Juliana Johnson, and Greg Richter* |
| _____<br>Richard H. Klapper (klapperr@sullcrom.com)<br>Theodore Edelman (edelmant@sullcrom.com)<br>Michael T. Tomaino, Jr. (tomainom@sullcrom.com)<br>Tracy Richelle High (hight@sullcrom.com)<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY  10004<br><br>*Attorneys for Goldman, Sachs & Co, GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., Goldman Sachs Real Estate Funding Corp., Peter C. Aberg, Howard S. Altarescu, Robert J. Christie, Kevin Gasvoda, Michelle Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks, and Mark Weiss* | _____<br>Bruce E. Clark (clarkb@sullcrom.com)<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY  10004<br><br>Amanda F. Davidoff (davidoffa@sullcrom.com)<br>SULLIVAN & CROMWELL LLP<br>1701 Pennsylvania Avenue, N.W.<br>Washington, DC  20006<br><br>*Attorneys for Defendants Nomura Securities International, Inc., Nomura Holding America Inc., Nomura Asset Acceptance Corporation, Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc., David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and N. Dante Larocca* |

| | |
|---|---|
| _____ | _____ |
| Jay B. Kasner (jay.kasner@skadden.com) | Greg A. Danilow (greg.danilow@weil.com) |
| Scott Musoff (scott.musoff@skadden.com) | Vernon Broderick (vernon.broderick@weil.com) |
| George Zimmerman (george.zimmerman@skadden.com) | WEIL, GOTSHAL, & MANGES LLP |
| Robert A. Fumerton (robert.fumerton@skadden.com) | 767 Fifth Avenue, 25th Fl. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, NY  10153 |
| Four Times Square | |
| New York, NY  10036 | *Attorneys for General Electric Company, General Electric Capital Services, Inc., GE Mortgage Holding, LLC, GE-WMC Securities, LLC* |

*Attorneys for SG Americas, Inc., SG Americas Securities Holdings, LLC, SG Americas Securities, LLC, SG Mortgage Finance Corp., and SG Mortgage Securities, LLC, Arnaud Denis, Abner Figueroa, Tony Tusi, and Orlando Figueroa*

_____

Sandra D. Hauser
(sandra.hauser@ snrdenton.com)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins, Craig Davis, Megan Davidson and Marangal Domingo*

| | |
|---|---|
| _____ | _____ |
| ~~Richard A. Spehr (rspehr~~ | Thomas C. Rice (trice@stblaw.com) |
| _____ | David J. Woll (dwoll@stblaw.com) |
| <span style="color:red">Reginald R. Goeke (rgoeke</span>@mayerbrown.com) | Alan Turner (aturner@stblaw.com) |
| <span style="color:red">Catherine A. Bernard</span> | SIMPSON THACHER & BARTLETT LLP |
| <span style="color:red">(cbernard@mayerbrown.com)</span> | 425 Lexington Avenue |
| <span style="color:red">MAYER BROWN LLP</span> | New York, NY  10017 |
| <span style="color:red">1999 K Street, NW</span> | |
| <span style="color:red">Washington, DC  20006</span> | *Attorneys for Defendant RBS Securities Inc.* |

Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Ally Financial Inc.~~, GMAC Mortgage Group, Inc., Residential Capital LLC,~~*

14

~~GMAC-RFC Holding Company, LLC, Residential Funding Company, LLC, Ally Securities, LLC, Residential Asset Mortgage Products, Inc., Residential Asset Securities Corporation, and Residential Accredit Loans, Inc.~~ and GMAC Mortgage Group, Inc.

_____   _____
Daniel C. Zinman (dzinman@rkollp.com)   Dani R. James (djames@kramerlevin.com)
Neil S. Binder (nbinder@rkollp.com)   Jade A. Burns (jburns@kramerlevin.com)
RICHARDS KIBBE & ORBE LLP   KRAMER LEVIN NAFTALIS & FRANKEL LLP
One World Financial Center   1177 Avenue of the Americas
New York, NY 10281   New York, New York 10036

*Attorneys for George C. Carp, Robert Caruso, George E. Ellison, Adam D. Glassner, Daniel B. Goodwin, Juliana Johnson, Michael J. Kula, William L. Maxwell, Mark I. Ryan, and Antoine Schetritt; Matthew Whalen; Brian Sullivan; Michael McGovern; Donald Puglisi; Paul Park, and Donald Han*

*Attorneys for Defendant Jeffrey L. Verschleiser*

_____   _____
Matthew Solum (matthew.solum@kirkland.com)   Pamela Rogers Chepiga (pamela.chepiga@allenovery.com)
KIRKLAND & ELLIS LLP   Josephine A. Cheatham
601 Lexington Avenue   (allie.cheatham@allenovery.com)
New York, NY 10022   ALLEN & OVERY LLP
   1221 Avenue of the Americas
Robert J. Kopecky   New York, NY 10020
(robert.kopecky@kirkland.com)
Devon M. Largio (devon.largio@kirkland.com)   *Attorneys for Samuel L. Molinaro, Jr.*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

Jeffrey S. Powell
(jeffrey.powell@kirkland.com)
Patrick M. Bryan (patrick.bryan@kirkland.com)
KIRKLAND & ELLIS LLP

15

<u>655 Fifteenth Street, NW</u>
<u>Washington, DC 20005</u>

<u>*Attorneys for Ally Securities, LLC*</u>

_____
Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael Nierenberg*

_____
~~Pamela Rogers Chepiga~~
~~(pamela.chepiga@allenovery.com)~~
~~Josephine A. Cheatham~~
~~(allie.cheatham@allenovery.com)~~
~~ALLEN & OVERY LLP~~
~~1221 Avenue of the Americas~~
~~New York, NY 10020~~

~~*Attorneys for Samuel L. Molinaro, Jr.*~~

SO ORDERED.

Dated: _____, 2012

Hon. Denise L. Cote

United States District Judge

17