<u>Via Electronic Mail</u>

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

EDWARD J. BENNETT
(202) 434-5083
ebennett@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 7, 2012

The Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:   <u>FHFA v. Bank of America; FHFA v. Merrill Lynch</u>

Dear Judge Cote:

      On behalf of the Bank of America and Merrill Lynch Defendants, we write to request a conference with the Court at which we will seek the Court's assistance in compelling FHFA to produce certain targeted discovery relating to the GSEs' audits and operational reviews of originators that underwrote the mortgage loans at issue in these cases (the "Originators").[1] The information is directly relevant to the parties' claims and defenses, and FHFA makes no claim of undue burden.

      Per the Court's guidance at the November 6, 2012 Hearing, Defendants requested FHFA to produce limited, targeted discovery from the GSEs' single-family businesses. Because the Originators' underwriting practices are central to FHFA's allegations, Defendants' targeted requests included a request that FHFA produce audits and operational reviews of Originators whose practices are at issue, even if the audit or review was performed by the single-family side of the GSEs' businesses and was not shared with the PLS side. FHFA refused.

      The GSEs' audits and operational reviews of Originators provide critical evidence of the GSEs' knowledge concerning the Originators' mortgage loan origination and underwriting practices. Fannie Mae's operational reviews, for example, conducted by Single Family Counterparty Risk Management ("SF CPRM") [REDACTED]

---

[1] As alluded to in the first footnote of the letter submitted by Sullivan & Cromwell, there is among defense counsel in the various FHFA RMBS cases a diversity of opinion regarding Your Honor's preference in receiving two-page letters regarding discovery disputes. The undersigned defendants read L.R. 37.2 and Your Honor's comments at the recent conferences as inviting separate letters on discrete disputes. We are informed by FHFA's practice in this regard, and also by the hope that by presenting these issues separately but succinctly we aid the Court's consideration of them at the prayed-for conference.

[REDACTED]

This knowledge is directly relevant to at least three elements of the parties' claims or defenses: (1) FHFA's claim that it justifiably relied on Defendants' representations; (2) FHFA's notice of alleged deficiencies in Originators' origination and underwriting, thus triggering statutes of limitation; and (3) whether the Originators had, as FHFA alleges, systematically abandoned their underwriting guidelines.

With respect to reliance, it is black letter law that a fraud claimant must prove that its reliance was justifiable, which depends on, among other things, a claimant's own knowledge. *See, e.g., HSH Nordbank AG v. UBS AG*, 941 N.Y.S.2d 59, 66-67 (1st Dep't 2012); *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 460 (S.D.N.Y. 1988). FHFA's claim that the GSEs justifiably relied on Defendants' representations concerning Originators must be evaluated in light of the information the GSEs already possessed, including from their audits of Originators. [REDACTED]

With respect to statutes of limitation, documents showing that the GSEs knew or should have known about misstatements or omissions before September 8, 2007 are directly relevant to whether Plaintiff's claims are time-barred. For example, FHFA claims that Prospectus Supplements contained misstatements concerning LTV ratios. The GSEs, however, were aware before September 8, 2007 that there was "appraisal bias" in the valuations used by Originators whose valuations and conduct are at issue. [REDACTED]

[REDACTED] GSE knowledge of such information, whether shared with the PLS side of the business or not, is directly relevant.

FHFA does not contend that these operational reviews and audits are irrelevant. In fact, it concedes they are relevant and discoverable, and has agreed to produce any reviews that happen to be found on the PLS side of the GSEs' businesses. It refuses, however, to produce operational reviews and audits that may be found within other parts of the GSEs' businesses. FHFA's distinction between internal business units, however, ignores the well-settled law that knowledge is aggregated across individuals within an organization to determine the knowledge of that organization. *N.J. Carpenters Health Fund v. RALI Series 2006-QO1 Trust*, 2012 WL 1481519, at *2 (2d Cir. Apr. 30, 2012) (summary order); RESTATEMENT (THIRD) OF AGENCY § 5.03 (2006). Documents evidencing the GSEs' knowledge of an alleged misstatement are relevant, wherever that knowledge resided within the GSEs.

Significantly, FHFA has made no claim of undue burden in response to this targeted request. Nor could it. Producing all operational reviews or audits is considerably less burdensome than determining which were sent to the PLS side of the business and which were not, and withholding the latter.

Respectfully submitted,

*[signature]*

Edward J. Bennett

# EXHIBITS 1-5 REDACTED