<u>Via Electronic Mail</u>

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD J. BENNETT
(202) 434-5083
ebennett@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 13, 2012

The Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312


Re:     *FHFA Actions*, No. 1 Civ. 5201 (S.D.N.Y.) (DLC) *et al.*

Dear Judge Cote:

On behalf of Defendants, we write regarding FHFA's request to amend the Order Regarding Deposition Protocol ("Order") entered by the Court in the above-captioned actions on November 28, 2012.  By letter dated December 11, Plaintiff recognized that "the provision setting the 20-deposition limit per Defendant family does not contain the phrase excluding Individual Defendants" and sought Defendants' agreement that the 20-deposition limit per Defendant family should be amended to add such an exclusion.  Plaintiff's letter to the Court asserts that (i) contrary to FHFA's December 11 letter, "the Order still provides that Individual Defendants are not part of the 20-deposition limit," and (ii) the Order should be amended to exclude Individual Defendants from that limit.  We respectfully disagree on both counts.

*First*, from defendants' perspective, inclusion of the Individual Defendants within the 20-deposition per corporate family deposition limit was not an inadvertent oversight, but one element of the compromises reached during negotiations of the deposition protocol.  The drafting history makes this clear.   On November 12, Defendants proposed that "FHFA's limit of '20 depositions of each corporate family of defendants' does not include former employees residing outside the Court's subpoena power, *but does include any Individual Defendant in the Actions*."  Ex. 1 at 7 (emphasis added).  On November 14, Plaintiff counter-proposed that "FHFA's '20 depositions of each corporate family of defendants' includes depositions of any current or former employees, *but does not include any Individual Defendant in the Actions*."  Ex. 2 at 6 (emphasis added).  On November 17, Defendants sent Plaintiff a redlined markup of its November 14 proposal, which struck the italicized language in the preceding sentence.  Ex. 3 at 7.  On November 18, Plaintiff sent Defendants its final proposal, which acceded on this issue and provided, in relevant part, that "FHFA may take 20 depositions of each corporate family of defendants," a limitation that "applies to former and current employees of a party or a family of parties."  Ex. 4A (clean version) at 6; Ex. 4B (redlined version) at 6.  Notably, Plaintiff's November 18 proposal did not re-insert the modifier contained in its November 14 proposal that Defendants had struck, or any other language excluding the Individual Defendants from the 20-deposition limit, despite the fact that the protocol contained other explicit exclusions from that limit (*e.g.*, for 30(b)(6) depositions).  The next day, the parties jointly submitted the proposed

Order to the Court, including the language drafted by FHFA itself which nowhere excluded the Individual Defendants from the 20-deposition limit.  The Court, in turn, adopted the parties' proposed language in its Order.  The language excluding Individual Defendants from the 20-deposition limit was omitted by FHFA at Defendants' request, both in a draft and in the final presentation of the Order to the Court, and no language was presented to accomplish the objective FHFA now pursues.   Thus, the parties' joint submission was the result of the give-and-take of negotiation, during which both Plaintiff and Defendants made concessions in an effort to reach agreement.

*Second*, FHFA presents no reason to amend the deposition protocol proposed jointly by sophisticated counsel.  Contrary to FHFA's suggestion, the Court has never held that Individual Defendants must be excluded from the 20-deposition limit.  While Plaintiff cites the Court's "initial reaction" in May that "any individual named in a caption doesn't count against" the limit, the Court noted in the same discussion that "I have not worked through how the numbers would play out, so I think that's a very important thing for counsel to think about and discuss with each other.  *It may be that they should be included among the 20*."  May 14, 2012 Tr. at 32:4-11 (emphasis added).  The next month, the Court listed "whether or not the 20 depositions of a corporate family should include the individual defendants" as one of the "issues that the parties don't necessarily have agreement on or haven't made that agreement clear to me yet."  June 13, 2012 Tr. at 21:10-22.

*Third*, excluding Individual Defendants from the deposition limits would significantly increase the cost, burden, and time necessary to complete depositions in these Actions.  Under the Court's Order, FHFA is already entitled to take a total of 340 depositions of Defendants.  FHFA now argues that it be allowed to take more than 100 additional depositions of the Individual Defendants, bringing the total number of depositions FHFA could take to well over 450.   Such a request runs directly counter to the Court's efforts to streamline and make more efficient the discovery process.

*Fourth*, FHFA argues that the inclusion of Individual Defendants in the 20-deposition limit must have been inadvertent, because "FHFA has consistently and from the outset taken the position that Individual Defendants should not be included in any deposition limit on Defendant families."  At most, this assertion supports a finding that *FHFA* made a mistake when it accepted Defendants' proposal on this point and submitted it the Court as the parties' joint proposal.  As the drafting history shows, that mistake was not mutual.  As with any other aspect of the deposition protocol, if after taking several hundred depositions of Defendants FHFA can demonstrate good cause for taking more than 100 additional depositions, it remains free to petition the Court to amend the Order at that time.

Respectfully submitted,

/s/

Edward J. Bennett