December 17, 2012

<u>Via E-mail</u>

The Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

    Re:   <u>*FHFA Actions*</u>

Dear Judge Cote:

    I write on behalf of the Bank of America and Merrill Lynch Defendants to update the Court on Defendants' request that FHFA be compelled to produce mortgage fraud reports that the GSEs provided to their regulator, OFHEO. Defendants previously raised this issue with the Court in a December 7, 2012 letter from Ms. Shane on behalf of all Defendants. Following the hearing on Friday December 14, 2012, Defendants met and conferred further with FHFA over the weekend, but FHFA continues to refuse to produce these documents. The parties therefore remain at an impasse.

    Pursuant to federal regulation, the GSEs are required to notify OFHEO (now FHFA) if they identify mortgage fraud affecting the purchase or repurchase of mortgage backed securities. Specifically, 12 C.F.R. § 1731 provides that "[a]n Enterprise may not require the repurchase of or may not decline to purchase a mortgage, mortgage backed security, or similar financial instrument because of possible mortgage fraud without promptly reporting to the Director under § 1731.4." Possible mortgage fraud is defined by federal regulation as including but "not limited to, a material misstatement, misrepresentation, or omission in identification and employment documents, mortgagee or mortgagor identity, and appraisals that are fraudulent." 12 C.F.R. § 1731.2. In other words, the GSEs are required by federal law to report to the Director of OFHEO/FHFA the misstatements FHFA alleges occurred in these matters.

    Last week, FHFA represented to the Court—as it had previously to Defendants—that "these reports were not shared with PLS traders or their supervisors, nor with risk personnel having supervisory oversight over PLS traders." Ltr from Schirtzer to Hon. Judge Cote (Dec. 13, 2012). Like many of FHFA's initial representations about the so-called "wall" between the PLS and single-family businesses, however, FHFA's representation is demonstrably incorrect.[1] ■

■■■

---

[1] Likewise incorrect is FHFA's representation to this Court that the GSEs did not purchase mortgage loans with the same or similar characteristics as the loans that backed the Securitizations at issue in these cases. *See* Ltr from Klapper to Hon. Judge Cote (Dec. 17, 2012). ■

███████████ To the extent lenders self-reported identified fraud in mortgages, that directly contradicts FHFA's allegations of scienter in the fraud actions. The reports are also relevant to establish, *inter alia*, loss causation, and justifiable reliance, as well as the statute of limitations, due diligence, and reasonable care defenses. *See, e.g., Landesbank Baden-Wurttemberg v. Goldman Sachs & Co.*, 478 F. App'x 679, 682 (2d Cir. 2012); *In re Worldcom, Inc. Sec. Lit.*, 346 F.Supp.2d 628, 663 (S.D.N.Y. 2004); *Abrahami v. UPC Constr. Co.*, 224 A.D.2d 231, 234 (1st Dep't 1996).

FHFA does not claim undue burden in producing fraud reports. Nor could it. Federal regulation requires that the reports be maintained "for a period of five years from the date of submission." 12 C.F.R. §1731.4 (b). ███████████████████████████ Moreover, one would also expect the reports to be centrally located and readily producible. ███████████████████████████

During the meet-and-confer process and in conferences before the Court, FHFA's refrain has been to criticize Defendants for "cherry-picking" documents and not understanding the GSEs' procedures. This tactic has been employed most vocally in conjuring a supposed "wall" between the single family and PLS "sides" of the GSEs' businesses. Of course, the "wall" has not been established by any testimony of percipient witnesses, but through the representations of counsel (which, in this instance at least, have been shown by FHFA's own documents to be incorrect).[3] Moreover, the substantial focus on whether such information "migrated" across the wall is inappropriate at this stage in the litigation. The existence (and permeability) of any such wall presents a factual dispute – which cannot properly be resolved absent discovery and a fully developed record. Defendants should not be required, at every step of discovery, to repeatedly disprove FHFA's representations that relevant documents never crossed the "wall" to the PLS business units. Preventing discovery of these documents based on an asserted "wall" at the outset of discovery would significantly prejudice Defendants' ability to take discovery and prepare for trial, and in fact would prevent Defendants from examining the GSEs' compliance with policies concerning any such wall in the first place.

Defendants renew their request for the Court's assistance in compelling FHFA to produce these reports.

---

[2] ███████████████████████████████████████████████████████████████████████████████████████████████████████

Respectfully submitted,

*Edward J. Bennett* /BJS

Edward J. Bennett

# EXHIBITS 1-5 REDACTED