



January 2, 2013

Hon. Denise L. Cote,
    United States District Judge,
        United States Courthouse,
            500 Pearl St.,
                New York, New York 10007-1312.

**MEMO ENDORSED**

        Re:    FHFA Fraud Actions, No. 11 Civ. 6188, 11 Civ. 6192, 11 Civ. 6198, 11 Civ. 6202, 11 Civ. 6739, 11 Civ. 7010 (S.D.N.Y.) (DLC)

Your Honor:

        The undersigned defendants in the fraud actions ("Fraud Defendants") seek reconsideration of several recent discovery rulings because they were based on a legal error concerning the applicable standard of discoverability and relevance. At the December 17 conference, the Court stated in an oral opinion that its discovery rulings have been guided by the principle that "when discovery [is] only relevant to the issues related to fraud claims[,] that discovery will have to, in [the Court's] mind, meet a higher threshold of relevance [than the Securities Act claims] when it is burdensome to produce." (12/17/12 Tr. at 102:21-103:9.) Based in part on this holding, the Court denied or severely limited discovery of the following documents for which the Fraud Defendants seek reconsideration: (1) results of automated valuation models related to the mortgage loans at issue (the "Mortgage Loans"); (2) automated underwriting and costing models related to the Mortgage Loans; (3) due diligence and exception reports related to the Mortgage Loans or other loans; and (4) reports of mortgage fraud relating to the Fraud Defendants, or the Mortgage Loans or originators at issue.[1]

        Under the federal rules, there is a single standard of relevance: evidence is "relevant" if "it has any tendency to make a fact more or less probable" and that fact bears on the determination of a matter in issue. Fed. R. Evid. 401; *see also Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978). As set forth in defendants' December 7, 2012 letter to the Court, each of the requested categories of information bears directly upon justifiable reliance and other elements of fraud. Indeed, the Court acknowledged that these types of "requests become more relevant because of the fraud claims." (12/14/12 Tr. at 30:8-15.) While the Court expressed concern that the GSEs' PLS and non-PLS businesses may have applied different standards for their respective purchases of RMBS and whole loans (12/14/12 Tr. at 14:13-15:2), that issue arguably bears only on admissibility or weight, not discoverability. The GSEs' determinations that loan originators presented them with inaccurate debt-to-income ratios or inflated appraisals is relevant and discoverable, regardless of the standard applied in the ultimate decision concerning whether to purchase the loan. Even were that not the case, Defendants recently demonstrated that the GSEs purchased billions of dollars of non-

---

[1] Reconsideration is appropriate because the Fraud Defendants have not had an opportunity to address the application of a heightened standard of relevance to fraud-related discovery. *See Families for Freedom v. U.S. Customs & Border Protection*, No. 10 Civ. 2705 (SAS), 2011 U.S. Dist. LEXIS 113143, at *9–11 (S.D.N.Y. Sept. 30, 2011). The Fraud Defendants have submitted a two-page letter to ensure compliance with the Court's rules requiring such a submission, as well as a pre-motion conference, prior to the filing of a discovery motion. Given the importance of the issues raised in this letter, however, the Fraud Defendants request leave to submit a brief to address the issues more fully. Additionally, the Fraud Defendants reserve their rights with respect to the Court's prior discovery rulings and their right to seek additional deposition discovery and trial testimony that is particularly relevant to the fraud claims.

conforming subprime, Alt A and prime mortgage loans according to the same or similar underwriting standards employed by the Defendants.

The efficiency considerations embodied in Rule 1 cannot justify a heightened relevance standard for fraud discovery. Consistent with the Rules Enabling Act, 28 U.S.C. § 2072(b), the Supreme Court and Second Circuit have held in other contexts that courts may not use procedural rules to deprive litigants of substantive rights in the name of efficiency. *E.g., Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011); *Garber v. Randell*, 477 F.2d 711, 716 (2d Cir. 1973). The Second Circuit also has held that discovery limitations are reversible error where they "affect a party's substantial right" to develop its case. *LILCO v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985) (reversing summary judgment based on deposition limitations); *accord Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir. 1990) (reversing summary judgment based on limitations of discovery of "circumstantial evidence" going to element of plaintiff's case). Here, applying a higher relevance standard to discovery relating to the fraud claims prejudices the Fraud Defendants' substantive rights because, *inter alia*, the fraud claims are subject to different elements, standards of proof, and defenses than the Securities Act claims. Moreover, the fraud claims potentially expose defendants to the threat of significantly greater liability than FHFA's Securities Act claims because, for example, they do not cap underwriters' liability to the price at which the underwritten securities were offered to the public, and because plaintiff is seeking punitive damages on the fraud claims.

A heightened relevance standard for fraud claims also is not justified by the Court's "expect[ation]" (which the Fraud Defendants dispute) that "any defendant faced with a fraud claim [will not] proceed to trial unless it believed it can defeat the strict liability claims." (12/17/12 Tr. at 103:9-12.) Under Rule 26(b)(1), discovery is relevant if it relates to *any* claim or defense in the case, regardless of what *other* claims may also be at issue. Now that the Court has sustained plaintiff's fraud claims at the motion to dismiss phase, the Fraud Defendants are entitled to discovery to defend against those claims under the single standard of relevance provided by Rule 26. The Fraud Defendants respectfully submit that there is no legal basis to depart from this standard based on expectations concerning hypothetical settlement dynamics.

No other reason exists to deny or severely limit this discovery. FHFA has failed to substantiate any undue burden imposed by these requests. Plaintiff's counsel may not "simply intone" that requests are burdensome; plaintiff must offer evidence demonstrating the nature of the burden. *See, e.g., In re Terrorist Attacks on Sept. 11, 2001*, 2012 U.S. Dist. LEXIS 6392, at *72 (S.D.N.Y. Jan. 17, 2012). With respect to burden, FHFA has offered nothing but the unsupported assertions of its counsel, who first invoked the "astronomical" burden involved and the supposed need to "manually go through the records" before admitting that he did not know whether the documents, in fact, reside in a centralized repository or could otherwise be easily located. (12/14/12 Tr. at 24:10-25:21.) It would be clear error for the court to base findings of burden on counsel's *ipse dixit*. Moreover, in cases where tens of billions of dollars are at issue, FHFA faces a high threshold in proving that any burden tips the balance away from discovery of these documents. Fed. R. Civ. P. 26(b)(2)(C)(iii) (citing "the amount in controversy" as one factor to be considered in determining whether the burden or expense of proposed discovery outweighs its likely benefit).

In sum, the Fraud Defendants respectfully request that the Court reconsider its prior decision on these discovery issues, and more generally, its application of a higher standard of relevance for the fraud claims.

2

*The rulings addressed in this letter were based on many factors. The parties were given a full opportunity to be heard. The application for second reconsideration is denied.*

*Denise Cote 1/4/13*

Respectfully,

/s/ Penny Shane
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954

*Attorneys for Defendants Deutsche Bank AG, Taunus Corporation, Deutsche Bank Securities Inc , DB Structured Products, Inc., Ace Securities Corp., and Mortgage IT Securities Corp.*

/s/ Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr.
(tomainom@sullcrom.com)
Tracy Richelle High (hight@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Defendants Goldman, Sachs & Co, GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., Goldman Sachs Real Estate Funding Corp.*

/s/ David Blatt
David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., Asset Backed Funding Corp., Banc of America Funding Corp., Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Capital Inc., First Franklin Financial Corp., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Government Securities, Inc., Merrill Lynch, and Pierce, Fenner & Smith Inc.*

/s/ James P. Rouhandeh
James P. Rouhandeh
(rouhandeh@davispolk.com)
Brian S. Weinstein
(brian.weinstein@davispolk.com)
Daniel J. Schwartz
(daniel.schwartz@davispolk.com)
Nicholas N. George
(nicholas.george@davispolk.com)
Jane M. Morril
(jane.morril@davispolk.com)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, and Saxon Asset Securities Company*

/s/ Matthew Solum
Matthew Solum (matthew.solum@kirkland.com)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022

Robert J. Kopecky
(robert.kopecky@kirkland.com)
Devon M. Largio (devon.largio@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654

Jeffrey S. Powell (jeffrey.powell@kirkland.com)
Patrick M. Bryan (patrick.bryan@kirkland.com)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC  20005

*Attorneys for Defendant Ally Securities, LLC*


/s/ Reginald R. Goeke
Reginald R. Goeke (rgoeke@mayerbrown.com)
Catherine A. Bernard
(cbernard@mayerbrown.com)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC  20006

Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants Ally Financial Inc. and GMAC Mortgage Group, Inc.*