## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

February 1, 2013

**BY EMAIL**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE:     *FHFA v. UBS, et al.*, No. 11-cv-5201 (DLC)

Dear Judge Cote:

On behalf of defendants in the above-referenced action (the "UBS Defendants"), we write to update the Court on the status of the parties' efforts to identify documents relating to the loan files in FHFA's proposed sample (the "Sample Loans") and any applicable underwriting guidelines, pursuant to this Court's Expert Scheduling Order dated November 26, 2012 (the "Order").[1]

**Summary of Status and Relief Sought**

Pursuant to Paragraph 2 of the Order, the parties have stipulated that 901 loan files constitute "the best representation of the Loan File existing at the time of the loan's origination that the parties have been able to recreate" as of January 31, 2013. As to 298 of those Sample Loans, which cover three Securitizations, the parties also have been able to identify loan origination guidelines that they agree constitute "the best representation of the applicable Guidelines that the parties have been able to recreate" as of the present. Accordingly, pursuant to Paragraph 3 of the Order, because the parties have stipulated as to both the loan files and applicable guidelines for at least 75% of the Sample Loans for each of these three Securitizations, FHFA shall commence immediately its re-underwriting review of the corresponding 298 Sample Loans, and the parties shall follow the processes stipulated to in Paragraphs 3, 5, and 6 of the Order.

———————————————————

[1]   Any capitalized terms used in this letter shall have the same meaning as defined in the Expert Scheduling Order.

Honorable Denise L. Cote
February 1, 2013
Page 2

As to all remaining Sample Loans, some of which have yet to be produced and/or identified, the parties have agreed to extend the December 17, 2012 deadline in Paragraph 10 of the Order to February 8, 2013. The UBS Defendants believe that, as of that date, FHFA's obligations set forth in Paragraph 4 of the Order shall be triggered for any Sample Loan or Guideline as to which the parties are unable to identify and/or stipulate pursuant to Paragraphs 1 and 2 of the Order. Specifically, pursuant to Paragraph 4, FHFA would have ten days (or until February 18, 2013) to inform the UBS Defendants whether it will replace the Sample Loan with another loan or retain the Sample Loan.

While FHFA has agreed to February 8 as the new deadline for the completion of the matching process, it has refused to agree that this date triggers its obligations under Paragraph 4 of the Order. Given the amount of time that has already passed since the original December 17, 2012 deadline, and the impending expert discovery deadlines (which are only months away under the current schedule),[2] the UBS Defendants respectfully request that the Court confirm that February 8 is the date by which the ten-day period set forth in Paragraph 4 begins to run.

Finally, as set forth in greater detail below, while the UBS Defendants have undertaken the burden to ensure that any applicable guidelines are matched to Sample Loans accurately (which includes examining the contents of the Sample Loan Files themselves), FHFA has insisted on a blunderbuss approach that has resulted in numerous errors and false matches, which has significantly impeded the parties' ability to complete the process prescribed by this Court.

## Loan Files and Guidelines

Consistent with the Order and the Court's instruction at the December 17, 2012 conference, the UBS Defendants have attempted to engage FHFA in a good faith meet and confer process regarding the identification of documents relating to the Sample Loans and potentially applicable underwriting guidelines for the 22 Securitizations at issue. Specifically, the parties have met and conferred ten times,[3] and throughout this process, beginning on December 13, 2012, the UBS Defendants have identified documents relating to the Sample Loans and potentially applicable

---

[2]   The UBS Defendants' January 28, 2013 request for an extension of these and other deadlines remains *sub judice*.

[3]   The parties met and conferred on December 13, 2012, December 18, 2012, December 28, 2012, January 4, 2013, January 8, 2013, January 15, 2013, January 24, 2013, January 29, 2013, January 30, 2013, and February 1, 2013.

Honorable Denise L. Cote
February 1, 2013
Page 3

guidelines on a rolling basis.[4]  As of January 30, 2013, the UBS Defendants
identified documents by Bates number or other identifying information for over
1,800 Sample Loans.  While FHFA also first provided information relating to the
identification of loan files on December 13, 2012, as of January 29, 2013, FHFA had
identified only 1,030 loan files by Bates number.  Only on January 30, 2013 and
January 31, 2013, did FHFA identify – for the first time – by either Bates number or
other identifying information, documents relating to an additional 1,140 Sample
Loans.  The UBS Defendants are reviewing this recently provided information and
will endeavor to respond to it by February 8, 2013.

        Although the parties have generally been able to stipulate with respect to the
best representation of the loan file that the parties have been able to recreate as of the
date of such agreement, the process of stipulating to guidelines has been more
difficult.  The UBS Defendants have consistently maintained that, to identify an
applicable guideline, the contents of a loan file must be opened and reviewed to
determine the applicable "rate lock" date and/or specific corresponding loan program
code (also called the loan program ID), a unique label that identifies the specific
applicable underwriting guideline.

        The UBS Defendants' review to date has confirmed the importance of
opening the loan file as part of identifying the applicable guideline.  For example,
many of the loan files for the Sample Loans originated by WMC contain loan
program codes that correspond to specific loan origination guidelines.  To date,
however, the parties have been unable to locate the "legend" that matches the loan
program code to the applicable underwriting guideline.  Without such a document,
the UBS Defendants cannot stipulate that the parties have the correct guidelines for
these WMC Sample Loans.

        Similarly, certain of the WMC guidelines specify that only properties within
certain counties or zip codes in Florida and Illinois were eligible for certain loan
programs.  To date, the parties have not been able to locate the list of eligible zip
codes and counties referenced in these guidelines.  Again, without these documents,
the UBS Defendants cannot stipulate that the parties have the correct guidelines for
certain WMC Sample Loans.

        In contrast, FHFA has attempted to "match" guidelines using only
information available on the loan tapes without even examining the contents of the
loan file or, in some instances, carefully reviewing the guidelines themselves.  As a

---

[4]     The UBS Defendants provided information to FHFA regarding Loan Files and Guidelines on
        December 13, 2012, December 14, 2012, December 21, 2012, December 27, 2012, January 4,
        2013, January 13, 2013, and January 30, 2013.

Honorable Denise L. Cote
February 1, 2013
Page 4

result, a significant percentage of its purported guideline "matches" have been inaccurate. For example, FHFA initially identified several loan origination guidelines that, on their face, did not apply to certain geographic locations corresponding to the Sample Loans. In addition, for loans originated by Fremont Investment & Loan in 2005 and 2006, FHFA initially identified guidelines <u>from 2007</u>. Later, for some of these very same loans, FHFA "matched" guidelines from Freedom Mortgage – an entirely different company than Fremont Investment & Loan. Moreover, when faced with guidelines that are missing sections, FHFA has "matched" outdated versions of those guidelines despite the fact that both parties know such guidelines have been superseded.

Of course, given that many of the Sample Loans (none of which were originated or serviced by the UBS Defendants) were originated nearly eight years ago – and in several instances changed hands several times as various originator and/or servicing entities have become defunct – it is likely that the parties will not be able to locate a significant number of loan files for Sample Loans and/or applicable guidelines. Apparently recognizing this significant obstacle in attempting to prove its claims, FHFA proposed a stipulation that would modify the procedures set forth in the Order to permit FHFA to avoid identifying specific underwriting guidelines altogether. According to FHFA's proposal, if the parties could not find an applicable guideline, either party would be free to use "prudent and customary underwriting standards." As this Court recognized in Paragraph 6 of the Order, however, "the re-underwriting review [set forth in the Order] refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, and <u>does not refer to assessments of prudent underwriting or industry practice</u>." Indeed, whether the Loan Files complied with "prudent and customary underwriting standards" – as opposed to the loan originators' actual underwriting guidelines – is not at issue in this case and the UBS Defendants cannot agree to a proposal which would seek to absolve FHFA of its fundamental obligation to prove that the Sample Loans were not originated pursuant to the applicable guidelines.

## <u>FHFA's Obligations Under Paragraph 4 of the Order Should Be Enforced</u>

As discussed above, the parties have agreed that, by February 8, 2013, they will inform each other whether they stipulate or are unable to stipulate to any loan file and/or guideline relating to the Sample Loans that have been identified by either party. Pursuant to paragraph 4 of the Order, "for any FHFA Sample Loan as to which the parties are unable to identify and to stipulate pursuant to paragraphs 1 and 2 hereof, FHFA may elect either (a) within 10 days after an impasse is reached as to that Sample Loan, to replace the FHFA Sample Loan with another loan . . . or (b) to retain the FHFA Sample Loan, in which case FHFA need not disclose its Findings for that loan as set forth in paragraph 3 hereof."

Honorable Denise L. Cote
February 1, 2013
Page 5

Despite this unambiguous language in Paragraph 4 of the Order, FHFA has refused to commit to providing the UBS Defendants with its election by February 18, 2013 – 10 days after the proposed February 8 deadline for matching.  The UBS Defendants respectfully submit that, given the rapidly approaching discovery deadlines, including the deadline for FHFA's submission of its expert report on re-underwriting, the time for additional delay has come and gone.

**FHFA's New Proposal Made for the First Time this Morning**

Finally, at approximately 11:00 am this morning, during the parties' most recent meet and confer session, FHFA, for the first time, informed the UBS Defendants of a proposal that it planned to present to the Court today, which it embodied in an email three hours later:

> FHFA wants a commitment from UBS that it will provide Rebuttal Findings to FHFA's Findings in the manner and timeframe outlined in the November 26, 2012 Order in the event that FHFA voluntarily discloses its Findings for any Sample Loans to which the Parties have not stipulated to Loan Files and Guidelines.  A necessary part of this request is that Defendant be required to issue Rebuttals to such Findings that (1) meet the substance of the Findings; and (2) state if Defendant believes another Loan File or Guideline document should have been used in re-underwriting the loan (and, if so, identify any such document if it has been produced or is available as of the time of the finding).

(Email from Andrew Dunlap to Robert Fumerton dated February 1, 2013.)

Because the UBS Defendants only received this proposal hours ago, they have not had sufficient time to consider and evaluate it.  The UBS Defendants are open to exploring a potential agreement for interim disclosures as to all Sample Loans on which FHFA intends to rely (but for which the parties have been unable to stipulate), and has requested a meet-and-confer with FHFA on this issue.

Respectfully submitted,

Robert A. Fumerton

cc:   All counsel of record (by email)