# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 4, 2013

**BY EMAIL**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE:   <u>FHFA v. UBS, et al., No. 11-cv-5201 (DLC)</u>

Dear Judge Cote:

On behalf of defendants in the above-referenced action ("the UBS Defendants"), we are constrained to write briefly to address several of the inaccurate statements in FHFA's letter of February 1, 2013.

In an apparent effort to distract the Court from its own refusal to meet and confer in good faith to promptly identify relevant documents relating to the Sample Loans and any applicable guidelines – including its refusal to examine a single loan file to determine whether a guideline was actually applicable and its identification of guidelines from originators that are not even at issue in this action – FHFA contends that the UBS Defendants have "largely failed to participate in the process this Court set up." In contrast to the UBS Defendants, who identified all documents in their possession relating to loan files and any applicable guidelines on a rolling basis during December and January, over the course of 2 days – January 30 and 31 – FHFA, *for the first time*, identified documents relating to more than 1000 Sample Loans. Prior to that date, for hundreds of loans, the only identifying information FHFA had provided to the UBS Defendants was the sheer number of pages that FHFA had found for that file – without even identifying those pages so that the UBS Defendants could determine whether they pertained to the Sample Loan at issue. As the UBS Defendants repeatedly informed FHFA, the UBS Defendants could not stipulate to a Sample Loan based on FHFA's representation that it had found a mere page count and FHFA's refusal to provide any identifying information was contrary to the spirit of the Order. The UBS Defendants are reviewing the information belatedly provided by FHFA on January 30-31 and anticipate that they will be able to inform FHFA by February 8, 2013, whether they agree or decline to stipulate as to all remaining Sample Loans for which FHFA has provided information.

Honorable Denise L. Cote
February 4, 2013
Page 2

      FHFA's letter also mischaracterizes the UBS Defendants' conduct with respect to identifying applicable guidelines. Unlike FHFA, which refused to devote any resources to actually examining the contents of Sample Loan Files to determine whether a guideline was applicable, the UBS Defendants undertook the tremendous burden of reviewing these loan files to see if they could locate a match. During the course of the parties' many meet and confer sessions, the UBS Defendants repeatedly proposed to set up a schedule to walk through guideline information regarding certain of the Securitizations on a line-by-line basis to inform FHFA of the results of their review. Similarly, during these meet and confer sessions, the UBS Defendants repeatedly informed FHFA why certain of its guideline matches were incorrect. For example, a number of FHFA's purported matches failed to take into account the geographic location where the loan was originated or matched guidelines too far removed in time from the date the loan originated. Moreover, FHFA's claim that it purportedly "matched" guidelines for more than 2,000 of the Sample Loans ignores that, for many of these loans, FHFA did not identify the applicable guideline at all. Instead, FHFA merely provided a list of all guidelines it had found for a given originator without making any effort to determine whether it applied to the relevant Sample Loan.

      Finally, many of the guidelines that FHFA purported to "match" were produced by a defendant in a different FHFA action. Despite the UBS Defendants' repeated requests, FHFA refused to provide these documents to the UBS Defendants, based entirely on litigation gamesmanship rather than the spirit of cooperation encouraged by the Court. The UBS Defendants have now received access to these guidelines from the defendant in the different action and, as they represented to FHFA and the Court, expect to agree or decline to stipulate to all remaining guidelines identified by FHFA by February 8, 2013.

      For these reasons, as well as all those set forth in their February 1, 2013 letter to the Court, the UBS Defendants have diligently engaged in the process set forth in the Order and respectfully renew their request that the Court confirm that February 8 is the date by which the ten-day period set forth in Paragraph 4 of the Order begins to run.

                                                            Respectfully submitted,

                                                           Robert A. Fumerton

cc:     All counsel of record (by email)