February 1, 2013

**VIA EMAIL**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:   *FHFA v. JPMorgan Chase & Co., et al.*, No. 11 Civ. 6188 (DLC)

Dear Judge Cote:

      We write on behalf of the Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation ("FHFA"), and Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation and certain of the Individual Defendants ("JPMorgan," and together with FHFA, the "Parties") to report on the status of the Parties' efforts of to identify all documents that compose the Loan Files and Guidelines relating to the Sample Loans, pursuant to this Court's Expert Scheduling Order, dated November 26, 2012 (the "Order").[1]

      **A.**    **Summary Of Status**

      As of January 31, 2013, of the 10,300 Sample Loans initially designated in the above-captioned action (the "Action"), the Parties have identified documents that compose, in whole or in part, the Loan Files for 8,794 of the Sample Loans.[2] The Parties are endeavoring to obtain Loan Files for the remaining 1,506 Sample Loans from the third parties identified in Exhibit 1. One or both of the Parties have proposed Guidelines for approximately 9,920 of the Sample Loans. Having met and conferred about both the Loan Files and Guidelines relating to 1,600 of the Sample Loans, the Parties have been able to stipulate to 128 of them. A list of these stipulated Guidelines is attached as Exhibit 2. The Parties anticipate that this number will increase in the coming weeks.

---

   [1]  Any capitalized terms used in this letter shall have the same meaning as set forth in the Expert Scheduling Order.

   [2]  On January 26, 2013, FHFA identified an additional 1,300 Sample Loans in the Action, bringing the total number of Sample Loans to 11,600. As represented in its December 13, 2012 letter to the Court, FHFA supplemented its samples in the FHFA Actions to ensure that there would be at least 100 loans for each Supporting Loan Group. The Parties have yet to identify or otherwise discuss the Loan Files and Guidelines for these additional loans but plan to do so promptly.

Honorable Denise L. Cote                                                                                              February 1, 2013

### B.      Status of the Production of Loan Files

For 87 of the 103 securitizations at issue in this Action (the "Securitizations"), documents relating to at least 75 percent of FHFA's Sample Loans have been produced. A Securitization-by-Securitization summary reflecting the Parties' current understanding of the number of Sample Loans for which Loan Files have been produced is attached as Exhibit 3. Attached as Exhibit 4 is a chart reflecting for each Securitization the Parties' current understanding of the number of Sample Loans for which Loan Files are outstanding, the third parties that were subpoenaed for such Loan Files, and the status of the third party's production of such Loan Files. Of the additional 1,300 loans that were recently identified by FHFA as Sample Loans, at least 580 Loan Files have already been produced. FHFA will follow-up with third party subpoena recipients to prioritize the production of the remaining approximately 720 Loan Files, and will issue additional subpoenas if necessary.

### C.      The Parties' Meet-and-Confer Sessions

This Court has observed the importance of an "exchange of information and understanding of the underlying facts upon which [the Parties'] experts will opine and on which this case will be tried," Dec. 15, 2012 Hr'g Tr. at 13:2-4, and thus instructed the Parties to "proceed with the reunderwriting process" by first attempting to identify and reach agreement as to Loan Files and Guidelines. Nov. 19, 2012 Hr'g Tr. at 9:9-13. The Order specifically requires the Parties to "work together promptly on a good faith basis to identify all documents relating to the Sample Loans that comprise the loan origination files . . . and all underwriting guidelines applicable to such loans" and to "endeavor to reach agreement by stipulation that such Loan File and Guidelines are, respectively, the best representation of the Loan File and Guidelines existing at the time of the loan's origination that the parties have been able to recreate as of the time of such agreement." Order ¶¶ 1-2. On December 17, this Court ordered the Parties to meet and confer on a weekly basis regarding the Loan Files and Guidelines. Dec. 17, 2012 Hrg' Tr. at 44:16-45:5.

Pursuant to the Court's Order and its directives at the December 17 hearing, the Parties participated in their first meet-and-confer on December 19 and have since met and conferred one or more times every week, engaging in a total of thirteen meet-and-confer sessions to date.[3] During these discussions, the Parties have exchanged currently available information to assist each other with the identification of Loan Files. In an effort to identify and agree to the Guidelines in a timely manner, the Parties evenly divided the burden by agreeing that FHFA would make initial proposals on a rolling basis with regard to the Guidelines for the Sample Loans in 52 of the 103 Securitizations, JPMorgan would do the same with regard to the remaining 51 Securitizations, and the Parties would review and comment on each other's' proposals on a rolling basis. FHFA and JPMorgan have proposed Guidelines for approximately 5,860 and 5,500 of the Sample Loans, respectively. To assist each other in identifying Loan Files and Guidelines, the Parties have exchanged, among other information, an index reflecting the Loan Files each Party has produced and their corresponding Bates numbers, and an index reflecting the underwriting guidelines that each Party has produced. The Parties also have made supplemental productions

---

[3] These meet-and-confer sessions occurred on December 19, 2013, December 31, 2012, January 4, 2013, January 10, 2013, January 14, 2013, January 17, 2013, January 22, 2013, January 24, 2013, January 25, 2013, January 28, 2013, January 29, 2013, January 31, 2013 and February 1, 2013.

Honorable Denise L. Cote                                                                February 1, 2013

of loan origination documents and underwriting guidelines, as necessary. In addition, the Parties have coordinated on the format of a spreadsheet entitled "Loan File and Underwriting Guidelines Matrix," the current version of which is attached as Exhibit 5, that the Parties have developed to compare each other's proposed identification of Loan Files and Guidelines, and to compile and track other useful loan-level data. The Parties will continue to update this Loan File and Underwriting Guidelines Matrix on a regular basis and use it to guide their meet-and-confer sessions, going forward, and to memorialize the Parties' proposals and agreements concerning the Loan Files and Guidelines relating to the Sample Loans. Consistent with the Order, the information reflected in the Loan File and Underwriting Guidelines Matrix may be supplemented, modified or amended, as necessary by either or both Parties, to account for new information.

### D.   Status of Identification of and Stipulation to Loan Files

Consistent with Paragraph 2 of the Order, the Parties have agreed to stipulate that a Loan File is the "best representation . . . existing at the time of the loan's origination that the parties have been able to recreate as of the time of such agreement," where the Parties could agree on the Bates-number range and total page count of the documents relating to the Loan File. This approach has allowed the Parties to reach agreement as to the composition of Loan Files for 1,216 of the 8,608 Sample Loans for which at least one of the Parties has been able to provide Bates numbers associated with loan origination documents.[4] As additional documents with Bates numbers are produced, the Parties will continue to follow this approach to stipulate to additional Loan Files.

### E.   Status of Identification of and Stipulation to Guidelines

The Parties agree that the prospectus supplements and the loan tapes may contain information such as the (i) originator, (ii) origination channel, (iii) product type, (iv) documentation program, (v) geographic location and (vi) note date that is likely to be relevant to determining the applicable Guidelines, and that such information should be considered in determining the applicable Guidelines. The Parties further agree that in circumstances where there are multiple versions of the Guidelines bearing different effective dates that are potentially applicable, the Guidelines that most closely conform to the above criteria, and most closely predate either the loan application date or the "rate lock" date, are likely to be (but may not always be) the most applicable. The Parties have further agreed to use the note date less 30 days as an approximation of the "rate lock" date in light of the fact that the note date, but not the rate lock date, is most often reflected on the loan tapes relating to the Securitizations. The Parties also agree that there may be information in the Loan Files that may bear on the applicable Guidelines.

Based on these general principles and currently available information, the Parties have reached agreement as to each other's initial proposals relating to applicable Guidelines as to approximately 472 Sample Loans. In instances where the Parties did not initially agree as to each

---

[4] As of January 29, 2013, the Parties identified the same Bates numbers and page counts for 4,073 of the Sample Loans. JPMorgan subsequently identified and produced additional documents relating to certain of these Sample Loans which altered the Bates ranges associated with those Loan Files. FHFA is processing these documents, and the Parties will continue their discussions to determine if they can agree to stipulate to any of these Loan Files.

Honorable Denise L. Cote                                                                February 1, 2013

other's initial proposals, they have discussed each other's proposed Guidelines on both a Securitization-by-Securitization and a loan-by-loan basis, as necessary, with each party offering the bases for its respective Guidelines proposals. This process of sharing information and follow-up discussion has yielded agreements. For example, during the first of these substantive discussions on January 22, the Parties discussed each other's Guidelines proposals for six of the Securitizations.[5] Notwithstanding the many differences between the Guidelines that each Party initially proposed, there were instances in which both FHFA and JPMorgan came to agree with the other's view.

     F.     Next Steps

The Parties have agreed to continue to exchange information and to meet and confer regarding the Loan Files and applicable Guidelines for the Sample Loans to which the Parties have yet to stipulate. The Parties anticipate concluding their discussions as to the remaining Sample Loans and reaching any additional stipulations as to Loan Files and Guidelines by February 28, 2013. As to any Sample Loan for which the Parties have been unable to stipulate to the Loan File and Guidelines by February 28, FHFA will make the election to replace or retain the Sampled Loan as specified in Paragraph 4 of the Order, subject to any future agreement between the Parties.

In the meantime, the Parties will proceed with reunderwriting the Sample Loans to which the Parties have stipulated to date, beginning with those reflected in Exhibit 2, as well as those to which the Parties may stipulate on a rolling basis, going forward and will provide the disclosures referenced in Paragraph 3, 5, and 6 of the Order, including Findings, Rebuttal Findings and disclosures of Alternative Sets and Plaintiff's Alternative Sets. The Parties have exchanged a template for a chart/spreadsheet to reflect FHFA's Findings and Defendants' Rebuttal Findings, as referenced in Paragraph 3 of the Order, and endeavor to reach agreement on the format of such chart/spreadsheet by February 15, 2013.

Thank you for Your Honor's consideration of this joint status report. The Parties are available at the Court's convenience for a status conference should the Court so desire.

Respectfully submitted,

---

[5] The six Securitizations are WMALT 2005-9, WMALT 2005-10, GPMF 2006-AR3, LBMLT 2006-WL2, JPMAC 2007-CH5, and JPMAC 2006-CW1.

Honorable Denise L. Cote                                                                                              February 1, 2013

| | |
|---|---|
| /s/ Manisha M. Sheth<br>Philippe Z. Selendy<br>Manisha M. Sheth | /s/ Penny Shane<br>Penny Shane |
| QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010 | SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004 |
| *Attorney for Plaintiff Federal Housing Finance Agency* | *Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation and certain of the Individual Defendants* |