# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Robert J. Kopecky
To Call Writer Directly:
(312) 862-2084
robert.kopecky@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

Via Electronic Mail

February 5, 2013

Honorable Denise L. Cote
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re: *FHFA v. Ally Financial, Inc., et al.*, No. 11-CV-7010

Dear Judge Cote:

On behalf of Ally Securities, LLC and Ally Financial, Inc., we write to request a conference with the court at which we will seek an order compelling FHFA to provide adequate responses to Interrogatory No. 1 of Defendants' First Set of Interrogatories by identifying Freddie Mac employees who played critical roles in the decision to purchase the securitizations at issue in this case.

Interrogatory No. 1 sought the identification of all persons who "participated in, were involved in, approved, or were responsible in any way for the GSE's valuation, analysis, evaluation, or purchase of, or reinvestment in each of the Certificates at issue in each of the above-captioned actions." FHFA objected to this interrogatory on the ground that it was vague, overbroad and unduly burdensome, but identified 42 representatives of Freddie Mac who "may have participated in some fashion in the valuation, analysis, evaluation or purchase of, or investment in, each of the [449] Certificates at issue." (Ex. A)

In correspondence and telephonic conferences held on January 8, January 10, and February 1, 2013,[1] counsel for Ally Securities sought to narrow the interrogatory by clarifying that it was seeking, with respect to each of the 13 securitizations for which Ally Securities is being sued, the identity of each individual who (1) read and relied on any offering documents FHFA contends were misleading, (2) evaluated or conducted due diligence with respect to the securitization, and (3) authorized the purchase of the Certificate by Freddie Mac. (Exs. B, C, D) FHFA has refused to provide this information. (Exs. E, F)

FHFA has offered three principal justifications for its continued refusal to answer the interrogatory as narrowed. First, FHFA claims it has fulfilled its obligation under Rule 33 with its prior answer and production of organizational charts and custodian lists identifying "all of

---

[1] At the conclusion of their telephone conference on February 1, 2013, the parties agreed that they had reached impasse.

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

# KIRKLAND & ELLIS LLP

Honorable Denise L. Cote
February 5, 2013
Page 2

Freddie Mac's PLS traders during the relevant period." (Ex. E)  Second, FHFA asserts that it has "no roster of personnel with specific responsibility for the Ally Securities transactions" and thus does not have the information "on a deal-by-deal basis readily available." (*Id.*)  Third, FHFA contends that its document production contains much, although not all, of the information sought by Ally Securities, and, because the "burden of locating that information would be the same for either party, " FHFA "declines to conduct a comprehensive document review in order to respond further." (*Id.*)

There is no basis for FHFA's contention that it has adequately responded by identifying 42 individuals at Freddie Mac who "may have" had some role in the purchase of one or more of the 449 securities at issue.  Ally Securities is entitled to know who *actually* participated in each of the deals for which it is being sued.  Although FHFA's recent correspondence asserts that it has "now confirmed" these 42 individuals did read offering documents, conduct due diligence or authorize purchases, it still does not identify which of them undertook which activities for the 13 Ally Securities transactions. (Ex. F)  Ally Securities cannot, without meaningful interrogatory answers, identify and depose the individuals at Freddie Mac who actually worked on its deals.

There is similarly no basis for FHFA's assertion it need not respond further because the information sought by Ally Securities is "overbroad" and "unduly burdensome." (*Id.*)  For example, an essential element of FHFA's fraud claim is reasonable reliance on the allegedly misleading documents.  At a minimum, the identity of the individuals who read the offering documents for the specific securities at issue and authorized their purchases is central to this claim.  FHFA cannot avoid providing this crucial information simply because it is not "readily available." (Ex. E)  Pursuing its fraud claim will necessarily require FHFA to identify the individuals who actually relied on the relevant documents.  If it cannot do so, it should dismiss its fraud claim now; if it can, it should identify these individuals.

Nor is there any basis for FHFA's most recent position — that the terms "due diligence" and "authorize" are too vague to answer meaningfully.  And while FHFA contends that it might be willing to identify individuals who conducted due diligence or authorized the purchase of specific securities according to its own definitions of those terms, it has not agreed to do so.

Finally, although referring to its document production made to all defendants, FHFA has disavowed reliance on Rule 33(d) in lieu of interrogatory answers. (Ex. F)  Nevertheless, FHFA has offered to identify securitization-specific trade tickets, which it asserts would identify the Freddie Mac trader who executed the purchase of each securitization, if Ally Securities will agree this fully satisfies FHFA's obligation.  Regardless, this offer does not provide the information requested by Ally Securities since FHFA's counsel has not represented that the traders who executed the transactions were the individuals who (1) read and relied on the offering documents, (2) performed any due diligence, or (3) authorized the purchases for each of the Ally Securities' transactions.  Under Rule 33, FHFA is required to provide this information to Ally Securities, and should be ordered to do so.

## KIRKLAND & ELLIS LLP

Honorable Denise L. Cote
February 5, 2013
Page 3

                                                  Respectfully submitted,

                                                  Robert J. Kopecky

RJK/bc