KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

|  | 1633 BROADWAY | ATLANTA |
|---|---|---|
|  | NEW YORK, NEW YORK 10019-6799 | HOUSTON |
|  |  | MIAMI |
| KANCHANA WANGKEO LEUNG | (212) 506-1700 | NEWARK |
| (212) 506-1805 |  | SAN FRANCISCO |
| KLEUNG@KASOWITZ.COM | FACSIMILE: (212) 506-1800 | SILICON VALLEY |

February 6, 2013

**By Email**
Hon. Denise L. Cote
United States District Court
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:   *FHFA v. Ally Financial Inc., et al.*, No. 11 Civ. 7010 (DLC)

Dear Judge Cote:

We write on behalf of plaintiff Federal Housing Finance Agency ("FHFA") in response to the letter of Ally Securities, LLC and Ally Financial Inc. (together, the "Ally"), dated February 5, 2013, seeking to compel FHFA to amend its responses and objections ("Response") to Defendants' Interrogatory No. 1 ("Interrogatory No. 1"). Ally's request should be denied.

FHFA has sufficiently responded to Interrogatory No. 1 by providing all of the information Ally seeks, subject to FHFA's objections regarding vagueness, overbreadth, and undue burden. (Ex. A).[1] Interrogatory No. 1 requests the identity of "all persons" who "participated in, were involved in, approved, or were responsible *in any way* for the GSEs' valuation, analysis, evaluation, or purchase of, or investment in each of the Certificates at issue …." (emphasis added). In its Response, FHFA identified specific individuals who, given their job functions, had or may have had involvement in each of the securitizations. Additionally, FHFA (1) supplemented its Response twice to add additional Freddie Mac individuals; (2) served detailed written responses to Defendants' Notice of Rule 30(b)(6) Deposition regarding the "individuals, positions, departments, committees or other groups at . . . Freddie Mac that had a role in each Securitization"; (3) produced Freddie Mac's organizational charts; and (4) provided a comprehensive custodian list of Freddie Mac employees and descriptions of their responsibilities during the relevant time period. While FHFA's written Response stated that these Freddie Mac individuals "may have" had a role in the purchase of the certificates, FHFA has since clarified in its recent correspondence with Ally that its Response did not comprise a theoretical list but included persons who had actual involvement in each of the transactions. (Ex. E).

---

[1] With respect to vagueness, terms such as "evaluation" and "due diligence" could encompass several job functions. We have repeatedly invited Ally to clarify which functions it believes those terms (as well as others) include, but it refused to do so. (Exs. G, C-F). With respect to overbreadth, it would be near impossible to identify "all persons" who touched the Securitizations "in any way" since, for example, a Freddie Mac employee could have reviewed offering materials during the relevant time period (at least six years ago) without documenting it. *Cf. Kiobel v. Royal Dutch Petroleum Co.*, 2009 U.S. Dist. LEXIS 55185, at *17 (S.D.N.Y. June 25, 2009) (striking "personal knowledge interrogatory"). (Ex. G). With respect to burden, Freddie Mac did not maintain or organize certain information on a deal-by-deal basis such that information would have to be reconstructed. While FHFA is willing to explore identifying a discrete set of documents, such as trade tickets, that might provide some of the information requested, FHFA is not willing to engage in a full-scale document review in order to supplement its Response. (Ex. G). *Cf. Cross v. Donahoe*, 2012 U.S. Dist. LEXIS 147754, at *17 n.6 (N.D.N.Y Oct. 12, 2012) (striking interrogatory seeking "any 'written or oral complaint or charge of any form of retaliation whether formal or informal, external or internal' by any USPS employee").

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

     In addition, FHFA has repeatedly explained to Ally (and other defendants) the burden of responding to Interrogatory No. 1 on a securitization-by-securitization basis. Freddie Mac did not divide its trading desks into counterparty-specific or deal-specific teams. There was no assignment system or tracking system for Freddie Mac traders or others. Instead, incoming deals were allocated to individuals with capacity as new transactions came in. FHFA therefore cannot provide the comprehensive information that Ally seeks on a deal-by-deal basis without undertaking a substantial document review. FHFA has declined to do so because discovery is not meant to "unduly shift the burden of analyzing evidence from the requesting party to the responding party," *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 44 (S.D.N.Y. 2010), *adopted in* 271 F.R.D. 55 (S.D.N.Y. 2010). That is precisely what Ally seeks to do here.

     Ally's only stated justification for seeking to require FHFA to break down its Response on a deal-by-deal basis is that it needs the information "to identify and depose the individuals at Freddie Mac who actually worked on its deals." (Ally Ltr. at 2). However, the burden of responding to Interrogatory No. 1at the deal-level—even as purportedly narrowed[2]—outweighs the stated benefit. Ally has more than sufficient information to identify deponents. FHFA has provided the names of relevant Freddie Mac employees, their dates of employment, detailed descriptions of their roles and responsibilities, and produced organizational charts, as well as the custodians' documents. Furthermore, FHFA has offered to locate trade tickets because they would indicate which traders had executed the purchase of specific certificates. (Ex. B, E). Ally refused that offer. (Ex. B, F). While Ally posits that the identities of those who read offering materials are central to FHFA's fraud claims, the lack of a deal-specific response does not impact Ally's ability to challenge reasonable reliance.[3] Ally is free to question all witnesses regarding the nature and extent of their reliance on defendants' misstatements. Ally's claim that it is "entitled to know" additional information (Ally Ltr. at 2) is therefore beside the point because its desire for discovery must be balanced against FHFA's burden of obtaining it. *See* Fed. R. Civ. P. 26(b)(2)(C). While Ally may emphasize that it is seeking information with respect to only 13 securitizations, Interrogatory No. 1 was propounded by all defendants and any supplementation FHFA provides to Ally will likely be demanded by all defendants. Here, since the "reliance element … [is] only going to be at stake [in] the common law fraud" claims (11/6/2012 Tr. at 62:4-6), and "discovery [on those claims] will have to . . . meet a higher threshold of relevance when it is burdensome to produce" (12/17/2012 Tr. at 103:7-9), the balance weighs heavily in favor of FHFA especially since the parties are "to avoid diverting [their] energies" from the "core tasks" of reunderwriting and proving materiality. (11/6/2012 Tr. at 63:2-4).

     For all of these reasons, FHFA respectfully requests that the Court deny Ally's application.

---

[2] Ally subsequently "narrowed" Interrogatory No. 1, seeking the identity of those individuals who, on a deal-by-deal basis, (1) read and relied on the offering materials, (2) conducted due diligence on the securitizations, and (3) authorized their purchase. (Ex. B). Even that "narrowed" request suffers from the same concerns addressed herein.

[3] Ally's demand that FHFA must "dismiss its fraud claim" is specious. Not only has this Court already found FHFA's fraud claim to be sufficiently pled, but Ally did not even challenge the sufficiency of FHFA's reliance allegations in its motions to dismiss. *See* Docket Nos. 141 & 149. Its belated attempt to do so now should be rejected. Moreover, FHFA was not required to plead reliance by any particular Freddie Mac employee. *See Terra Sec. Asa Konkursbo v. Citigroup, Inc.*, 740 F. Supp. 2d 441, 454 (S.D.N.Y. 2010) ("Rule 9(b) does not require Plaintiffs to identify individual municipal employees who relied on the alleged misrepresentations"); *see also Mayatextil, S.A. v. Liztex U.S.A., Inc.*, 1993 U.S. Dist. LEXIS 1959, at *11 (S.D.N.Y. Feb. 23, 1993) (although plaintiff's complaint did "not identify the particular employee or employees who received the [misleading material], the fact remains that . . . commissions were authorized by [plaintiff] in reliance upon fraudulent documents submitted by defendants").

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Respectfully,

*[signature]*

Kanchana Wangkeo Leung

Encls.

cc: Counsel of Record (via email)