# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

By E-Mail and Hand                                                   February 13, 2013

Hon. Denise L. Cote,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street, Room 1610,
                New York, New York 10007-1312.

        Re:   *FHFA Actions*, No. 11-cv-5201, *et al.* (S.D.N.Y.) (DLC)

Dear Judge Cote:

        On behalf of Defendants in the above-referenced actions, we write to request a conference at which Defendants will seek an Order compelling Plaintiff Federal Housing Finance Agency ("FHFA") to produce reviews and assessments that the GSEs conducted to measure the performance of third party firms, such as Clayton Holdings, Inc., that performed due diligence on pools of loans purchased by the GSEs. Such reviews were encompassed by document requests that Defendants served in June 2012, and were among the documents whose production Defendants moved to compel in their submission of December 12. The parties have met and conferred without success.

        The GSEs' reviews and assessments of third party due diligence providers are relevant because they will demonstrate that the GSEs concluded during the relevant period that they could rely on the work performed by those providers. Providers such as Clayton and others routinely conducted due diligence on pools of loans that the Defendants purchased and securitized, including loans at issue in these cases. In contrast to FHFA's current claims that 90% or more of the loans it has reviewed are "defective," third party due diligence providers found when they reviewed samples of the loans backing the securitizations at issue in this case ("Securitizations") that a high percentage of those loans either complied in all material respects with applicable underwriting guidelines or—as provided for in the guidelines—had compensating factors that caused the provider to conclude that the loan was consistent with the guidelines. Those firms also routinely found substantially lower defect rates in pools of loans issued by relevant originators than the rates FHFA has claimed existed among loans from the same originators backing the Securitizations. FHFA has recently disclosed its intent to obtain work papers from third party due diligence vendors, further demonstrating the relevance of the diligence providers' work on the relevant pools of loans. (*See* Letter to Court from Christine H. Chung and Kanchana Wangkeo Leung, dated Feb. 1, 2013; Feb. 7 Tr. at 84 ("[I]t's very important to get from the Claytons and the third-party diligence firms of the world their internal files on how they did the diligence.").) The GSEs' reviews or assessments of these diligence providers—which the GSEs themselves used when they purchased pools of comparable loans—will demonstrate the extent to which the GSEs found that these providers' work product was reliable, or that the GSEs were aware of material deficiencies in the diligence providers' work.

Hon. Denise L. Cote                                                                                              -2-

       FHFA cannot plausibly claim that production of these documents would be burdensome. FHFA already has agreed to produce comparable counterparty reviews of relevant originators, and the number of relevant diligence firms is far smaller than the number of such originators.

       Respectfully Submitted,

       Richard H. Klapper

cc: Counsel for All Parties