**FHFA's Reply to Goldman Sachs' Application re Due Diligence Loans**

February 13, 2013

**VIA ELECTRONIC MAIL**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. JPMorgan Chase & Co., et al.*, 11 Civ. 6188 (S.D.N.Y.) (DLC)
      *FHFA v. Goldman, Sachs & Co., et al.*, 11 Civ. 6198 (S.D.N.Y.) (DLC)
      *FHFA v. Ally Financial Inc., et al.*, 11 Civ. 7010 (S.D.N.Y.) (DLC)

Dear Judge Cote:

      We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") in further support of FHFA's application of February 1, 2013 that Defendants be required to provide sufficient information to enable subpoenaed third parties to provide loan files and other documents relating to loans that underwent due diligence, insofar as FHFA's application concerned the Goldman Sachs Defendants.  This letter is also submitted in opposition to the letter submitted to the Court by the Goldman Sachs Defendants yesterday ("Klapper Ltr."), in which they seek the denial of FHFA's application or in the alternative, that FHFA be ordered:  (i) to narrow its requests for information to loans that it actually plans to re-underwrite; (ii) to first compile information that FHFA can easily access; and (iii) to pay Goldman Sachs any costs associated with providing the requested information.

      FHFA concurs that there is impasse as to the proper party to cull and compile the requested information.  FHFA respectfully requests that its application be granted, such that Goldman Sachs is ordered to compile the information, without the cost being shifted to FHFA, as Goldman Sachs proposes.  The information requested is not beyond the scope of the information Defendants agreed to provide last October, as Goldman Sachs claims.  Defendants agreed to provide the information that would enable the parties to prioritize *collection* of loan files relating to diligenced loans.  *See* 10/15/12 Hrg. Tr. at 26:22-25.  Precisely as was the case when the parties sought the loan files relating to FHFA's samples, originators and servicers require the fields of information FHFA has identified (among other places, in Exhibit A to its letter of February 1, 2013 to the Court) in order to find and produce loan files.  Further, and contrary to a premise in Goldman Sachs' letter, providing information that will enable the collection of internal files maintained by due diligence firms will not increase the burden on Goldman Sachs, because Goldman Sachs has already agreed to identify the diligence firm that reviewed each loan number (something FHFA cannot do) and because Goldman Sachs will have to provide property addresses (in addition to other information) to locate loan files.[1]

      For the loans in FHFA's samples, FHFA undertook to gather the information necessary to enable collection of loan files.  Defendants should do so for the loans on which they intend to

---

[1]   The correspondence and work papers of the diligence firms relating to due diligence performed in connection with the Securitizations are of equal importance to loan files in assessing the quality of the diligence performed and the loan defects of which Defendants were put on notice.

rely in putting forward their diligence defense.  All Defendants with the sole exception of Goldman Sachs have indeed agreed that they will undertake to cull and provide the information for loans appearing on their lists.  The lists at issue range from identifying hundreds of loans to hundreds of thousands of loans.

Goldman Sachs' further request to have FHFA narrow its requests for information is premature and should be denied for that reason.  The burden that Goldman Sachs describes is due principally to Goldman Sachs' listing of 225,000 loans as loans upon which they intend to rely in establishing their defense.  As FHFA stated at last Thursday's conference, it will not—and cannot—proscribe Defendants' defense, but in FHFA's view, the scope of discovery necessarily is defined by Defendants' elections.  *See* 2/7/13 Hrg. Tr. at 83:18-24.

But in any event, Goldman Sachs is wrong to presume that FHFA has ruled out narrowing its requests.  FHFA has endeavored, in the short time that has passed since last Wednesday, when most Defendants agreed for the first time to compile any of the available requested information, to understand the different types and methods of diligence that are represented on the lists of diligenced loans that Defendants produced last fall.  FHFA cannot determine which of the loans listed by Defendants it may "plan[] to underwrite," (Klapper Ltr. at 2), or elect to analyze or assess using methods short of loan file review, without exchanging additional information about the forms of diligence that Goldman Sachs performed or commissioned.  Further, as Goldman Sachs acknowledges (Klapper Ltr. at 1-2), Defendants' willingness to share information about the loans or samples or subsets that they plan to re-underwrite or to re-evaluate in some other way could also affect the scope of FHFA's requests.  FHFA has not ruled out accepting Defendants' early identification of loan files that Defendants plan to underwrite as a potential means of narrowing the scope of its requests.  To the contrary, although the specific timing that Goldman Sachs proposed to FHFA was unacceptable, because it would have left FHFA with too little time to determine which loans to re-underwrite in response and then to complete the re-underwriting, FHFA wrote to Goldman Sachs on Monday evening to ask if it would be willing to share information now about the methodology it intends to use in selecting the loans that it will re-underwrite to establish its defense.  Goldman Sachs did not respond to FHFA, nor to an inquiry about whether Goldman Sachs was even willing to compile the information requested by FHFA for any loans sampled from the pools underlying the Securitizations and subjected to loan-file review by third-party due diligence firms.  Instead, Goldman Sachs wrote to the Court.

In sum, FHFA respectfully requests that the Court deny Goldman Sachs' application to have FHFA compile the information necessary to enable collection of loan files and other documents relating to loans that were diligenced by Defendants or at Defendants' behest, and that the Court also deny Goldman Sachs' application in the alternative to have FHFA bear the expense of Goldman Sachs compiling the information.  It is also FHFA's view that in principle the Defendants should compile the requested information for all loans upon which they are preserving the right to rely to support their due diligence defense.  Because, however, Goldman has wrongly presumed that FHFA will not consider narrowing its requests based on further information exchanged with Defendants, Goldman Sachs' request that FHFA be compelled to narrow its requests should be denied.

**FHFA's Reply to Goldman Sachs' Application re Due Diligence Loans**

Respectfully submitted,

| | |
|---|---|
| /s/ Christine H. Chung | /s/ Kanchana Wangkeo Leung |
| Christine H. Chung | Kanchana Wangkeo Leung |
| (christinechung@quinnemanuel.com) | (kleung@kasowitz.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP |
| 51 Madison Avenue, 22nd Floor | 1633 Broadway |
| New York, New York 10010 | New York, NY 10019 |
| *Attorneys for Plaintiff Federal Housing Finance Agency* | *Attorneys for Plaintiff Federal Housing Finance Agency* |

cc: All counsel of record (via e-mail)