## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 13, 2013

**BY EMAIL**
Hon. Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

RE:   FHFA Actions, 11-cv-5201 (DLC), et al.

Dear Judge Cote:

      On behalf of defendants in the above-referenced actions ("Defendants"), we write to update the Court on the status of the parties' meet-and-confer concerning FHFA's retention and production of documents from Freddie Mac ("Freddie"), and to request additional information related to Freddie's auto-deletion policies and potential alternative sources of relevant information.

      As Defendants informed the Court last week, in an action which this Court has characterized as "documentary" (5/14/12 Tr. at 26:20-27:4), where "the documents will tell the tale" (2/7/13 Tr. at 32:12), FHFA has produced a small number of Freddie emails for the 2005-2007 time period (the "Relevant Period"), during which Freddie purchased the Certificates at issue. Specifically, for the period pre-dating September 1, 2007, FHFA has produced only 14,500 emails from its 59 Freddie custodians; by comparison, FHFA has produced nearly 83,000 emails for its 28 Fannie Mae custodians over the same period. FHFA has thus produced almost six times as many Fannie Mae emails – despite the fact that there are twice as many Freddie custodians and twice as many Certificates purchased by Freddie. (Fumerton Dec. ¶¶ 16-17.) While the small number of Freddie emails appears to be due, in large part, to Freddie's admitted auto-deletion policies during the Relevant Period (*See* 2/6/13 Letter from P. Shane to Court; Fumerton Dec. ¶¶ 5-10), FHFA has refused to provide information that would allow Defendants to assess the adequacy of Freddie's production and alternative sources of potentially relevant information.

      After FHFA first informed Defendants of this issue in June 2012, FHFA assured the Court that it was "searching backup tapes," that "substantial amounts of e-mail covering relevant dates are being produced," and that Defendants would be receiving "the documents that were considered in connection with the PLS purchases, the purchases at issue in this litigation." (7/31/12 Tr. at 88:2-18, 110:6-9; Fumerton Dec. ¶¶ 13-14.) In addition, between June and November 2012, Defendants proposed additional custodians whom they had reason to believe possessed relevant information, including 60 individuals that FHFA refused to add to its custodian list (the "Proposed Custodians") (Fumerton Dec. Exhibit D.). As justification, counsel for FHFA, Richard Schirtzer, repeatedly claimed that responsive documents from the Proposed Custodians would be duplicative of those collected from FHFA's 59 existing Freddie custodians (the "Custodians") (*see, e.g.*, 7/31/12 Tr. at 89:25-90:7; *see also* Fumerton Dec. ¶¶ 13-14) and that "if there were documents that made their way over to PLS . . . those documents would be produced." (Fumerton Dec. ¶ 14.)

Hon. Denise L. Cote
February 13, 2013
Page 2

Defendants believe that FHFA's production is missing responsive emails from the Relevant Period, and that a substantial number of responsive emails were deleted pursuant to Freddie's auto-deletion policy. Pursuant to this Court's February 7 directive, Defendants met-and-conferred with FHFA on February 8, 2013. FHFA attributed the low number of Freddie emails to the application of search terms to Freddie documents that were collected and searched by FHFA. In response, Defendants requested that FHFA provide (i) the amount, location and type of electronically-stored information ("ESI") collected and/or available for each Custodian and Proposed Custodian employed by Freddie Mac at any time during the Relevant Period; and (ii) the dates of any litigation holds or other document preservation notices issued by Freddie Mac to the Custodians and/or the Proposed Custodians during the Relevant Period, along with the scope of any such notices. (*See* Fumerton Dec. ¶¶ 20-22.) Such information would enable Defendants to (i) assess FHFA's claim that its low production numbers result from the application of search terms, rather than from the auto-deletion policy; and (ii) identify potential sources of additional relevant information. Given that employees had the ability to manually archive email (*Id.* at ¶ 6) – coupled with the fact that many of the Proposed Custodians may have been subject to litigation or other document holds – the Proposed Custodians may very well have emails that were deleted from the Custodians' files (and thus not produced to Defendants).

Unfortunately, FHFA has declined to provide the requested information and has refused to engage with Defendants to negotiate the type of information it would be willing to provide. Instead, FHFA would only reiterate that it <u>collected</u> 1.9 million emails from its Freddie Custodians. Following the application of search terms to these 1.9 million emails, and following a further review of the unspecified documents yielded by application of the search terms, FHFA <u>produced</u> only some 28,000 emails covering the Relevant Period.[1]

Without such additional information – all of which is uniquely within FHFA's possession – Defendants can neither properly assess FHFA's explanation for the small number of Freddie emails, nor identify potential alternative sources to remedy the lack of emails. Such alternative sources may include access to the "hundred million pages of ... [Freddie] documents, emails, and the like" that counsel for FHFA has noted are in the possession of the Securities and Exchange Commission. (11/6/12 Tr. at 70:9-21.) Production of these materials would create no burden, would allow Defendants to assess additional potentially responsive material, and would allow Defendants to evaluate the extent to which additional sources of information remain necessary.

Accordingly, Defendants respectfully request that this Court enter the attached Proposed Order, which requires FHFA to (i) provide the information requested during the parties' February 8 meet-and-confer, and such further information reasonably necessary to evaluate FHFA's production of Freddie documents and any alternative sources of potentially relevant information; and (ii) produce to Defendants the materials produced to the SEC.[2] Defendants reserve the right to seek additional relief, including the right to take additional fact depositions of Freddie Mac personnel and the right to seek document productions made by Freddie Mac in other litigations.

---

[1] Given that Freddie admittedly overwrote its backup tapes prior to October 2007, Defendants believe that a majority of these 1.9 million emails are from after that date. FHFA, however, has refused to provide Defendants with a monthly or even annual breakdown of the data. (Fumerton Dec. at ¶¶ 23-25.) FHFA also refused to tell Defendants how much data was collected for Fannie Mae, which would provide a useful comparison.

[2] Alternatively, Defendants respectfully request that this Court revisit its November 9, 2012 Order requiring the Bank of America Defendants to withdraw their subpoena to the SEC and allow production of these materials from the SEC.

Hon. Denise L. Cote
February 13, 2013
Page 3

                                                  Respectfully submitted,

                                                  Robert A. Fumerton

Encl.

cc: All counsel of record (via email)