**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

February 13, 2013

**VIA ELECTRONIC MAIL**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA Actions, No. 11 Civ. 5201 (S.D.N.Y.) (DLC), et al.*

Dear Judge Cote:

We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") to oppose Defendants' motion to reopen a Rule 30(b)(6) deposition regarding Freddie Mac document preservation practices. As of October 2007, Freddie Mac's general practice of reusing e-mail backup tapes was changed and Freddie Mac began preserving all e-mails thereafter. Each available backup tape contains e-mails for approximately 30 days prior to the date of the backup tape. FHFA Depo. Tr. (Kehoe) at 162:5-9; 259:22-260:7 (Ex. A). In addition, Freddie Mac has over 5,100 e-mail backup tapes pre-dating October 2007. FHFA collected the agreed custodians' mailboxes from these backup tapes and from Freddie Mac's e-mail system, which permitted users to archive e-mails. In addition, e-mails (and documents) from shared network drives, private network drives and personal computer hard drives were collected for the agreed custodians. Ex. A at 156:12-22, 157:4-13, 161:25-162:11, 166:3-168:21. FHFA collected over 1.3 million pre-2008 e-mails from Freddie Mac custodians.[1] Based on that number, there is no good faith basis to believe that FHFA's pre-2008 e-mail collection is insufficient.[2] A smaller than expected production does not justify discovery into discovery. *See Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2009 WL 3463912, at *2 (E.D.N.Y. Oct. 21, 2009) (denying a motion to compel 30(b)(6) testimony on collection and production and finding that "'[u]nder ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not

---

[1]   FHFA had represented that it collected 1.9 million pre-2008 e-mails. It discovered a vendor error led to an overstatement; FHFA collected over 1.3 million pre-2008 e-mails.

[2]   Defendants wrongfully assert that Freddie Mac failed to preserve e-mail data for employees who left Freddie Mac before October 2008. Ex. F at 1 (citing Ex. A. at 154). Kehoe's testimony regarding practices in 2008, however, did not consider Freddie Mac's preservation of e-mails on backup tapes because counsel for UBS specifically instructed him to "put[] aside backup tapes for a moment." Ex. A at 149:19-21. FHFA's e-mail collection of Freddie Mac's backup tapes include e-mails for custodians who left Freddie Mac between September 2007 and October 2008.

in [its] possession, custody or control, should resolve the issue of failure of production ...."') (internal citation omitted) ; *see also In re Honeywell Intern., Inc. Sec. Lit.*, 230 F.R.D. 293, 302 (S.D.N.Y. 2003) (denying a motion to compel documents regarding collection and preservation).

Defendants previously deposed FHFA's Rule 30(b)(6) designee for Freddie Mac document preservation, Richard Kehoe, Director of Litigation Support. *See generally* FHFA Objs. to Def.'s 30(b)(6) Notice (agreeing, with limitations, to designate a witness for Topics 1, 2, 10 and 11) (Ex. B). Defendants ask the Court to reopen that deposition without offering any evidence that such a deposition would not be cumulative, duplicative or adduce testimony whose relevance outweighs the burden or a repeat deposition. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), 30(a)(2). Defendants do not claim that Kehoe failed to testify regarding Freddie Mac preservation practices. Rather, they seek leave to reopen the deposition to ask Kehoe preservation questions about each custodian (and non-custodians). Such testimony will be wholly cumulative. Kehoe testified that the e-mail preservation practices applied across the company. Ex. A at 66:25-67:6, 67:20-23, 154:16-23.

When defendants complained about Freddie Mac's preservation practices in the summer of 2012, the Court instructed Defendants to meet-and-confer with FHFA on a custodian-specific basis after FHFA completed its document production. 7/31/12 Hrg. Tr. at 109:18-110:12. FHFA offered to address individual custodians productions. *See, e.g.,* 2/8/13 e-mail from J. Corey to D. Woll at 1 (Ex. C); 2/6/13 Ltr. from J. Corey to P. Shane at 2 (Ex. D). Defendants can identify the number of e-mails per custodian, *see* 2/6/13 Ltr. from P. Shane to the Court (Ex. E), but they have yet to identify any specific concerns with respect to any specific custodian. Instead, they assert that an average number of e-mails per custodian evidences a deficiency for all custodians. *Id.* at 1. That "average" necessarily understates pre-2008 custodian e-mails because it includes Freddie Mac's custodians: who were hired after 2007 (Kieran Gifford), who left well before 2008 (Lori Geftic), whose involvement with the Securitizations was post-2008 (Courtney Sapp), and who had very little to do with PLS on a daily basis (Patty Cook). The bulk of the one million-plus e-mails did not contain the agreed search terms. Rather than engaging in custodian-specific discussions, Defendants seek discovery into every aspect of Freddie Mac's preservation, collection and production. On February 8, 2013, *as a preliminary step*, Defendants asked FHFA to prepare a chart showing the amount and location of pre-2008 electronically stored e-mail *and documents* for 85 *non-custodians*. FHFA would have to collect all electronic information for 85 non-custodians—most single-family-only—to create that chart. Defendants also asked FHFA to identify any specific litigation holds (and date ranges) that applied to all 59 custodians and the 85 non-custodians. The Court should deny such requests as transparent attempts to frustrate FHFA's efforts to move these cases to trial to obtain irrelevant single-family documents.

Finally, Defendants argued to the Court that Freddie Mac spoliated evidence. S*ee, e.g.*, 2/7/13 Hrg. Tr. at 29:18-22, 85:23-86:2. Defendants refuse to identify when they contend Freddie Mac's preservation obligations were triggered—a predicate of a spoliation claim—or any evidentiary basis for that accusation. *See Fujitsu Ltd. v. Fed. Ex. Corp.*, 247 F.3d 423, 436 (2d. Cir. 2001); *see also* Ex. C. The accusation, therefore, should be withdrawn. FHFA respectfully requests that the Court deny Defendants' motion to reopen the deposition of FHFA Rule 30(b)(6) designee Richard Kehoe. It is nothing more than an unnecessary exercise to obtain discovery into discovery.

Respectfully submitted,

/s/ Jon Corey

Jon Corey

cc: All counsel of record (via e-mail)