SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 15, 2013

**BY EMAIL**
Hon. Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

RE: FHFA Actions, 11-cv-5201 (DLC), et al.

Dear Judge Cote:

    On behalf of defendants in the above-referenced actions ("Defendants"), we write to respectfully request that the Court order FHFA to produce a witness for testimony on two topics identified in notices of Rule 30(b)(6) depositions served by Defendants seeking testimony on behalf of Fannie Mae and Freddie Mac. The parties most recently met and conferred on February 13, 2013, and are at an impasse as to the issues raised herein.

    Defendants served their Rule 30(b)(6) notices on January 11, 2013, seeking testimony from each of Fannie Mae and Freddie Mac on 25 enumerated topics. On February 1, 2013, FHFA served its objections and responses to the notices. In these objections and responses, FHFA refused to produce a witness to testify regarding Topics 2 and 8, which are the subject of this application.[1] Producing a designee to testify as to these Topics involves virtually no burden to FHFA.

    Topic 2 seeks testimony on "[t]he extent to which any [Fannie Mae or Freddie Mac] business unit, committee, employee or Agent involved in the review, analysis, recommendation, diligence or purchase of PLS was also involved with the review, analysis, recommendation, diligence, purchase or securitization of the Mortgage Loans [defined as any residential first or second lien mortgage loan], and the nature of such involvement." FHFA's only non-boilerplate objections to this topic are that it purportedly calls "solely for information relating to [the GSEs'] Single Family business" and is supposedly duplicative of Defendants prior Rule 30(b)(6) notice, which FHFA responded to with a narrative "discussing the information walls in place between the Single Family and PLS sides of [the GSEs'] business." (Ex. A at 7; Ex. B at 7.) Neither objection has merit.

---

[1] FHFA objected to all other topics propounded by Defendants, but in most instances agreed to produce witnesses to testify limited by the objections. (*See* attached Exhibits A and B.) During the meet-and-confer process it became evident that the existence and scope of the parties' disputes regarding those topics will be clear only after Defendants take the testimony of those witnesses, and Defendants reserve the right to seek the Court's intervention if the testimony proves inadequate. This current dispute, however, is ripe now, due to FHFA's refusal to produce any witness on Topics 2 and 8.

Hon. Denise L. Cote
February 15, 2013
Page 2

First, Topic 2 does not "solely" address the GSEs' Single Family business. To the contrary, it seeks testimony regarding the <u>overlap</u> between Single Family and PLS, and thus the extent to which knowledge held on the Single Family side of the GSEs' informed or influenced the operations of the PLS side. Counsel for FHFA has already conceded to this Court that information from Single Family that "made [its] way over to PLS or that pertain[s] to PLS" is discoverable in this action. (7/31/12 Tr. at 90:6-15.) With Topic 2, Defendants merely seek to explore the extent to which this admitted overlap existed and how it functioned. Second, the information sought by Topic 2 – including when and how Single Family and PLS had common access to information – does not duplicate the information FHFA provided in its narrative response to the Defendants' previous Rule 30(b)(6) notices, which FHFA itself says described "information walls" that purportedly <u>precluded</u> the sharing of certain information. (Ex. A at 7; Ex. B at 7.) Thus, FHFA's narrative leaves unanswered questions Topic 2 addresses. For example, it omits discussion of Freddie Mac's Portfolio Management & Pricing ("PM&P") department, headed by Bob Ryan, which, pursuant to its policy PM&P 101, had a substantial role in approving PLS purchases. (*See* Ex. C.) PM&P also had significant Single Family responsibilities. (*See* Ex. D at 27-28 & 36.)

FHFA has also refused to produce a witness knowledgeable about Topic 8, which seeks information on the GSEs' due diligence practices for their purchases of mortgages and their own issuance of RMBS. Again, FHFA objected on the grounds that the topic seeks information "related solely to [the GSEs'] Single Family business." (Ex. A at 15; Ex. B at 15.) The GSEs' own due diligence policies and procedures are, however, certainly relevant here, where – as the Court has recognized – the standard upon which Defendants' due diligence will be evaluated is "informed by industry practice" (12/17/12 Tr. at 84:11). Indeed, the GSEs not only modeled their diligence policies on perceived ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ but employed many of the same practices and procedures as Defendants. (*See* attached Exhibits E and F.) Rule 30(b)(6) testimony on this topic is thus not only relevant, but consistent with this Court's directive that FHFA "give the defendants access" to information regarding the GSEs' due diligence practices "in a meaningful way that is non-burdensome."[2] (*Id.* at 84:14-15.) There is virtually no burden on FHFA in producing Rule 30(b)(6) witnesses to testify regarding the GSEs' due diligence practices. At the hearing before this Court on February 14, 2013, counsel for FHFA represented that it had recently concluded a comprehensive "investigation" into the GSEs' due diligence policies. (2/14/13 Tr. at 63:23.) The information collected and compiled in that recent exercise should be readily available for use in preparing a Rule 30(b)(6) designee.

Defendants therefore respectfully request that this Court order FHFA to produce witnesses to testify on Topics 2 and 8 of the Rule 30(b)(6) notices directed to Fannie Mae and Freddie Mac.

---

[2] By seeking Rule 30(b)(6) testimony on this topic, Defendants do not waive their right to obtain documents from FHFA consistent with the Court's prior directive.

Hon. Denise L. Cote
February 15, 2013
Page 3

Respectfully submitted,

Robert A. Fumerton

cc: All counsel of record (via email)