**FHFA's Response to Defendants' Motion to Compel FHFA to Produce
a Witness to Testify Regarding 30(b)(6) Topic Nos. 2 and 8**

February 20, 2013

<u>VIA ELECTRONIC MAIL AND HAND DELIVERY</u>
The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:    <u>FHFA Actions</u> (DLC) (S.D.N.Y)

Dear Judge Cote:

We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") in response to Defendants' February 15, 2013 letter seeking an order compelling FHFA to produce a witness to testify regarding Topic Nos. 2 and 8 of Defendants' January 11, 2013 Rule 30(b)(6) Notices.

Topic No. 2 seeks testimony regarding: "The extent to which any business unit, committee, employee or Agent involved with review, analysis, recommendation, due diligence, or purchase of PLS was also involved with review, analysis, recommendation, due diligence, purchase or securitization of Mortgage Loans, and the nature of such involvement." Defendants' 1/11/13 Notices of Rule 30(b)(6) Deposition of FHFA at 5 (Exs. A, B). Topic No. 2 seeks the same information that FHFA provided for Topic No. 3 of Defendant's June 28, 2012 Notice.

| Topic No. 2: "The extent to which any business unit, committee, employee or Agent involved with review, analysis, recommendation, due diligence, or purchase of PLS was also involved with review, analysis, recommendation, due diligence, purchase or securitization of Mortgage Loans, and the nature of such involvement." Exs. A, B at 5. | Topic No. 3: "The organizational structure of Fannie Mae and Freddie Mac, including but not limited to the respective individuals, positions, departments, committees or other groups at [the GSEs] that *had a role in each Securitization . . .*, or that had a role in Your *purchase of mortgage loans or Your securitizations of mortgage loans*, . . . . As to each such individual, position, department, committee or other group, *the organizational relationships between and among them*. Ex. C. at 8-9 (emphasis added). |
|---|---|

In response to Topic No. 3, FHFA conducted research and interviews and provided over 15 pages of written explanation of roles and responsibilities of persons and committees who were involved with PLS, including those managerial personnel whose duties also involved the GSEs' single-family businesses if those personnel had access to PLS documents. *See* FHFA's Second Amended Objections and Responses to Defendants' June 28, 2012 Notice of Rule 30(b)(6) Deposition at 11-19 (Fannie Mae), 19-26 (Freddie Mac), 26-27 (FHFA/OFHEO) (Ex. D). FHFA's written response identified and explained the information barriers in place at the GSEs and identified those responsible for enforcing them. *See, e.g. id.* at 9-10; 25; 29-30; 32; 33-34. Dissatisfied with FHFA's written response, Defendants moved to compel FHFA to produce a witness to address Topic No. 3, among others. *See* Defendants' 7/30/12 Submission for 7/31/12 Hrg. at 5-6 (Ex. E). The Court denied that motion, "commended" FHFA's response, and found that it "was a much more reliable presentation of extremely complex matters, more reliable and more detailed than could have been received in any 30(b)(6) deposition under any time frame that could have been considered reasonable." 7/31/12 Tr. at 101:12-16.

**FHFA's Response to Defendants' Motion to Compel FHFA to Produce
a Witness to Testify Regarding 30(b)(6) Topic Nos. 2 and 8**

Defendants claim that Topic No. 2 seeks new "testimony regarding the overlap between Single Family and PLS." 2/15/13 Ltr. from R. Fumerton at 2. Defendants requested that exact information in their prior Topic No. 3, when it sought, "the organizational relationships between and among them." Ex. C at 9. They next seek testimony regarding information sharing. *Id.* at 2. The information wall policies identified in the written response address when information sharing is appropriate. *See, e.g.*, Fannie Mae Information Barrier Policy Version 1.00 (FHFA01790764) § X; Fannie Mae MBS Trading Firewall Policy (FHFA00000913-14, 19); Freddie Mac Information Wall Policy (FHFA00001062) § I. We respectfully request that Defendants not be permitted to avoid the Court's denial of Defendants' prior motion by now noticing an allegedly "new" topic to obtain duplicative and cumulative information. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 72 (D. Conn. 2010).[1]

Seeking a witness to testify regarding the "extent" of any involvement of employees, committees, business units or agents were "involved" in the GSEs' single-family business places an undue burden on FHFA. The topic is not reasonably particularized, but rather is overbroad and not linked to any organizational structure or policy and procedures. *See* Fed. R. Civ. P. 30(b)(6). Having prepared written responses on this topic that were " more reliable and more detailed than could have been received in any 30(b)(6) deposition under any time frame that could have been considered reasonable," 7/31/12 Tr. at 101:12-16, we ask that the Court deny this request by Defendants.

Topic No. 8 in the 1/11/13 Notices seeks testimony exclusively unrelated to PLS and the Securitizations at issue. It seeks testimony regarding the "nature and extent of due diligence conducted by [the GSEs] in connection with [GSE]-issued RMBS and [the GSEs'] purchase of Mortgage Loans . . . ." As FHFA explained in its February 6th and February 13th letters to the Court regarding single-family due diligence summaries and single-family due diligence policies, the due diligence conducted by the GSEs in their single-family business was neither the industry standard for PLS purchases nor analogous to the due diligence conducted by the Defendants in their sales of the securities at issue in these lawsuits. There can be no reasonable basis to conclude that such information is relevant herein. *See* Fed. R. Civ. P. 30(b)(6). Moreover, the topic, as written, is not limited to single-family due diligence, but also encompasses due diligence on manufactured housing and multi-family housing loans and securitizations—all of which have nothing to do with PLS. Finally, the burden of preparing a witness to testify regarding all aspects of due diligence conducted by the GSEs in connection with the purchase of single-family, multi-family, and manufactured housing whole loans far exceeds any conceivable relevance. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Hundreds of people at Fannie Mae and Freddie Mac are devoted to these areas that are unrelated to PLS in any way.

FHFA respectfully requests that the Court sustain FHFA's objections and deny the Motion.

---

[1] Defendants argue that FHFA's prior responses are inadequate because they contain no discussion of Freddie Mac's Portfolio Management & Pricing ("PM&P") department and policy, PM&P 101. *See* 2/15/13 Fumerton Ltr. at 2. FHFA will produce a witness to testify regarding that policy in response to narrowed Topic Nos. 3 and 4 in the 1/11/13 Notice.

**FHFA's Response to Defendants' Motion to Compel FHFA to Produce
a Witness to Testify Regarding 30(b)(6) Topic Nos. 2 and 8**

Respectfully submitted,

| | |
|---|---|
| /s/ Philippe Z. Selendy<br>Philippe Z. Selendy<br>(philippeselendy@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br>    SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, and FHFA v. Citigroup Inc., FHFA v. Goldman, Sachs & Co.* | /s/ Richard A. Schirtzer<br>Richard A. Schirtzer<br>(richardschirtzer@quinnemanuel.com)<br>Adam Abensohn<br>(adamabensohn@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br>    SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.* |
| /s/ Christine H. Chung<br>Christine H. Chung<br>(christinechung@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br>    SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.* | /s/ Manisha M. Sheth<br>Manisha M. Sheth<br>(manishasheth@quinnemanuel.com)<br>QUINN EMANUEL URQUHART &<br>    SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.* |
| | /s/ Kanchana Wangkeo Leung<br>Kanchana Wangkeo Leung<br>(kleung@kasowitz.com)<br>KASOWITZ, BENSON, TORRES &<br>    FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019<br><br>*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.* |

cc:  All Counsel of Record (via email)