# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br> v. <br><br> UBS AMERICAS, INC., et al., <br><br> Defendants. | **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION TO PLAINTIFF FHFA** <br><br> 11 Civ. 5201 (DLC) |

-------------------------------------------------------------- x

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br> v. <br><br> JPMORGAN CHASE & CO., et al., <br><br> Defendants. | 11 Civ. 6188 (DLC) |

-------------------------------------------------------------- x

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br> v. <br><br> HSBC NORTH AMERICA HOLDINGS, INC., et al., <br><br> Defendants. | 11 Civ. 6189 (DLC) |

-------------------------------------------------------------- x

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br> v. <br><br> BARCLAYS BANK PLC, et al., <br><br> Defendants. | 11 Civ. 6190 (DLC) |

-------------------------------------------------------------- x

Plaintiff, Federal Housing Finance Agency ("FHFA"), as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "GSEs"), responds as follows to Defendants' Notice of Rule 30(b)(6) Deposition to Plaintiff FHFA, served on January 11, 2013, and to each topic, definition, and instruction therein (the "Notice"). Terms used in these objections have the same definitions as in the operative complaint applicable in each of the above-captioned actions (the "Actions").

## GENERAL OBJECTIONS

1.      FHFA objects to the Notice and Topics contained in the Notice collectively, the "Topics") on the ground that they are overbroad and unduly burdensome. The Topics fail to describe with reasonable particularity the matters on which examination is requested and, on their face, call for vast, undefined categories of information, spanning an unreasonably long time period, that would potentially require numerous witnesses to address adequately. The Topics seek information well beyond the scope of Rule 30(b)(6) depositions as defined by the Court. *See* Transcript of Record at 22:18-25, *FHFA v. UBS Americas, Inc., et al.*, 11-cv-5201(DLC) (S.D.N.Y. Nov. 15, 2012) ("30(b)(6) witnesses are not fact witnesses. One shouldn't try to circumvent the limit on the number of fact witnesses by using a 30(b)(6) witness to do the work of what is traditionally fact witnesses. 30(b)(6) witnesses have a very important role in a case. Their testimony, of course, binds the entity that they represent. I think the 30(b)(6) witnesses should principally be talking about policy and procedure issues for the institution.").

2.      FHFA objects to the Notice and Topics on the ground and to the extent they are vague and ambiguous, seek information that is not relevant to the claim or defense of any party to the Actions, are not reasonably calculated to lead to the discovery of evidence admissible in the Actions, are unduly burdensome or seek information available from a more convenient

1

source, or are otherwise beyond the scope of permissible discovery in the Actions, including the extent to which they seek information solely relating to Freddie Mac's Single Family business.

3. FHFA objects to the Notice and Topics on the ground and to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure, the Southern District of New York ("S.D.N.Y.") Local Rules, or any other applicable law or rule. Subject to and without waiver of any Objections, FHFA will construe the Notice and Topics consistently with the applicable rules.

4. FHFA objects to the Notice and Topics on the ground and to the extent they seek information not known or reasonably available to FHFA.

5. FHFA objects to the Notice and Topics on the ground and to the extent they seek information that is available from a more convenient source, including documents produced by FHFA in response to Defendants' Requests for Production and FHFA's Second Amended Objections and Responses to Defendants' Notice of Rule 30(b)(6) Deposition, served on July 27, 2012.

6. FHFA objects to the Notice and Topics to the extent they seek the disclosure of information subject to the attorney-client privilege, the work product doctrine, bank examination privilege, or any other applicable privilege or immunity. FHFA does not waive or intend to waive, but rather preserves and intends to preserve, any applicable privilege or immunity.

7. FHFA objects to the Notice and Topics on the ground and to the extent they seek the disclosure of information relating to Mortgage Loans other than those in the collateral pools backing the particular Certificates that Freddie Mac purchased in the Securitizations (the "Freddie Mac Certificates").

8.	FHFA objects to the Notice and Topics on the ground and to the extent they seek the disclosure of information containing confidential commercial, business, financial, governmental, proprietary or competitively sensitive information, or documents that are subject to non-disclosure agreements or confidentiality undertakings.  FHFA will produce a witness or witnesses in response to the Notice subject to the Protective Order entered in the Actions on May 30, 2012, and the First Amended Protective Order, dated January 11, 2013, and only to the extent permitted under the terms of any applicable disclosure agreements or confidentiality undertakings.

9.	FHFA objects to the time period specified for the Topics on the ground it is overly broad, unduly burdensome, oppressive and is not reasonably calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the scope of permissible discovery in the Actions.  Unless otherwise noted, FHFA will limit the relevant time period to the period beginning 60 days prior to the first Securitization and ending upon the commencement of the Actions.

10.	FHFA objects to the term "guidelines" as vague and ambiguous.

11.	FHFA objects to the Notice and Topics on the ground and to the extent the Definitions provided therein are inconsistent with or more expansive than the definitions set forth in S.D.N.Y. Local Rule 26.3(c)(3).

12.	FHFA objects to the Definition of "Agent" in Definition No. 6 to the extent that it purports to include OFHEO, the Federal Housing Finance Board, counsel, and agents acting on behalf of FHFA and its predecessors, Fannie Mae, or Freddie Mac.  OFHEO, which regulated the GSEs, was succeeded by FHFA, which was created on July 30, 2008, and is a party to this action solely in its role as conservator to the GSEs.  OFHEO is not a party to this action and has

never served as conservator to the GSEs, and any information held in its capacity as a regulatory agency is not relevant to this action and is subject to applicable privileges. FHFA further objects to this Definition to the extent it includes entities that collected information or performed activities "the results of which were ultimately provided to Freddie Mac" and does not exclude entities that were not commissioned by Freddie Mac.

13. FHFA objects to the Definition of "RMBS" in Definition No. 12 as overly broad and unduly burdensome to the extent it includes options, credit default swaps, derivatives (including synthetic investments) backed by or referencing Mortgage Loans, individually or collectively, or other synthetic structures not at issue in the Actions.

14. FHFA objects to the Definition of "Counterparties" in Definition No. 22 on the ground that it is overly broad, vague, and ambiguous.

15. FHFA objects to the Definition of "Housing Goals" in Definition No. 24 on the ground that it is overly broad, vague, and ambiguous.

16. FHFA objects to the Definition of "Charter" in Definition No. 25 on the ground that it is overly broad, vague, and ambiguous.

17. FHFA's review is ongoing and FHFA reserves the right to supplement or modify its Objections to the Notice and Topics at any time.  FHFA reserves the right to amend, revise, correct or supplement these objections and to object to further discovery in the Actions.  FHFA's response reflects only the current state of its knowledge or information regarding the Topics Defendants have listed.

18. FHFA responds to the Notice and Topics without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery request.

19. FHFA objects to the time and place for the deposition specified in the Notice, which was set unilaterally by noticing counsel. FHFA will, consistent with S.D.N.Y. Local Rule 26.4(a) and the Order Regarding Deposition Protocol in these Actions, make a good-faith effort to have all former employees and non-party deponents appear for depositions in New York City or Washington, D.C. FHFA will follow the process set forth in the Order Regarding Deposition Protocol, previously agreed to by all parties, and adopted by the Court, to schedule the time and place of any deposition.

## SPECIFIC RESPONSES AND OBJECTIONS

**TOPIC NO. 1:**

Freddie Mac's review, analysis, recommendation, due diligence, and purchase of PLS, including the factors considered in connection with any such activity; the identities and extent of involvement of all business units, committees, employees and Agents involved with any such activity, and the extent of the approval authority of each; the applicable policies, procedures and guidelines related to any such activity; and the periodically generated documents and reports related to any such activity.

**RESPONSE TO TOPIC NO. 1:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 1 on the ground that it is overly broad, unduly burdensome, and oppressive. FHFA further objects to Topic No. 1 on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the scope of permissible discovery in the Actions. FHFA further objects to Topic No. 1 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested. FHFA further objects to Topic No. 1 on the ground that it is vague and ambiguous, including the terms "factors" and "approval authority." FHFA further objects to Topic No. 1 on the ground that it is compound. FHFA further objects to Topic No. 1 to the extent the information sought is available from a more convenient source, including documents

5

produced by FHFA in response to Defendants' Requests for Production and FHFA's Second Amended Objections and Responses to Defendants' Notice of Rule 30(b)(6) Deposition, served on July 27, 2012.  FHFA further objects to Topic No. 1 on the ground and to the extent it seeks information beyond the policies and procedures of Freddie Mac.  *See*  Transcript of Record at 22:18-25, *FHFA v. UBS Americas, Inc., et al.*, 11-cv-5201(DLC) (S.D.N.Y. Nov. 15, 2012) ("30(b)(6) witnesses are not fact witnesses.  One shouldn't try to circumvent the limit on the number of fact witnesses by using a 30(b)(6) witness to do the work of what is traditionally fact witnesses. 30(b)(6) witnesses have a very important role in a case.  Their testimony, of course, binds the entity that they represent.  I think the 30(b)(6) witnesses should principally be talking about policy and procedure issues for the institution.").  FHFA further objects to Topic No. 1 to the extent that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine, bank examination privilege, or any other applicable privilege or immunity.  FHFA further objects to the time period on the ground that it is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, FHFA will not produce a witness in response to Topic No. 1 as propounded.  FHFA will, however, produce a witness or witnesses to testify regarding Topic Nos. 3, 4, and 9, subject to the objections to those Topics, as narrowed and agreed to by FHFA herein.

**TOPIC NO. 2:**

The extent to which any business unit, committee, employee or Agent involved with review, analysis, recommendation, due diligence, or purchase of PLS was also involved with review, analysis, recommendation, due diligence, purchase or securitization of Mortgage Loans, and the nature of such involvement.

**RESPONSE TO TOPIC NO. 2:**

 FHFA incorporates by reference its General Objections as if fully set forth herein.

 FHFA objects to Topic No. 2 on the ground that it is overly broad, unduly burdensome, and oppressive. FHFA further object to Topic No. 2 on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the scope of permissible discovery in the Actions, including the extent to which it seeks information solely relating to Freddie Mac's Single Family business. FHFA objects to Topic No. 2 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested. FHFA further objects to Topic No. 2 on the ground that it is vague and ambiguous. FHFA further objects to Topic No. 2 on the ground that the information sought in Topic No. 2 is duplicative of the information sought in Topics addressed in detail in FHFA's Second Amended Objections and Responses to Defendants' Notice of Rule 30(b)(6) Deposition, served on July 27, 2012, including specifically Topic No. 3. *See, e.g.*, FHFA's Second Amended Objections and Responses to Defendants' Notice of Rule 30(b)(6) Deposition at pp. 9- 10; 25; 30; 32; 34 (discussing the information walls in place between the Single Family and PLS sides of Freddie Mac's business); Transcript of Record at 101:12-16, *FHFA v. UBS Americas, Inc., et al.*, 11-cv-5201(DLC) (S.D.N.Y. July 31, 2012) ("I find that FHFA's production of a written response was to be commended. It was a much more reliable presentation of extremely complex matters, more reliable and more detailed than could have been received in any 30(b)(6) deposition under any time frame that could have been considered reasonable."). FHFA further objects to Topic No. 2 to the extent that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine, bank examination privilege, or any other

7

applicable privilege or immunity.  FHFA further objects to the time period on the ground that it is overly broad and unduly burdensome.

FHFA will not produce a witness to testify regarding this Topic.

**TOPIC NO. 3:**

The extent to which loan-to-value ratios, owner-occupancy percentages, adherence to underwriting guidelines, or any representations in any Offering Materials were considered by Freddie Mac in determining whether to purchase any PLS, including the identities and extent of involvement of all business units, committees, employees and Agents involved in the consideration of any such information; the policies, procedures, and guidelines relating to the consideration of any such information; and the periodically generated documents and reports related to any consideration of such information.

**RESPONSE TO TOPIC NO. 3:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 3 on the ground that it is overly broad, unduly burdensome, and oppressive.  FHFA further objects to Topic No. 3 on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the scope of permissible discovery in the Actions.  FHFA further objects to Topic No. 3 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested.  FHFA further objects to Topic No. 3 on the ground that it is vague and ambiguous.  FHFA further objects to Topic No. 3 on the ground that it is compound.  FHFA further objects to Topic No. 3 to the extent the information sought is available from a more convenient source, including documents produced by FHFA in response to defendants' requests for production.  FHFA further objects to Topic No. 3 on the ground and to the extent it seeks information beyond the policies and procedures of Freddie Mac.  *See* Transcript of Record at 22:18-25, *FHFA v. UBS Americas, Inc., et al.*, 11-cv-5201(DLC) (S.D.N.Y. Nov. 15, 2012) ("30(b)(6) witnesses are not fact witnesses.  One shouldn't try to circumvent the limit on the

8

by the attorney-client privilege, work product doctrine, bank examination privilege, or any other applicable privilege or immunity. FHFA further objects to the time period on the ground that it is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, FHFA will produce a witness to testify only to the extent that this Topic seeks information regarding the policies and procedures relating to the use of economic data, if any, in Freddie Mac models for determining whether to purchase, retain or sell PLS. *See supra* Response to Topic No. 5.

**TOPIC NO. 8:**

The nature and extent of due diligence conducted by Freddie Mac in connection with Freddie Mac-issued RMBS and Freddie Mac's purchase of Mortgage Loans, including the identities and extent of involvement of all business units, committees, employees and Agents involved with any such due diligence; the policies, procedures, and guidelines relating to any such due diligence; and the periodically generated documents and reports related to any such due diligence.

**RESPONSE TO TOPIC NO. 8:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 8 on the ground that it is overly broad, unduly burdensome and oppressive. FHFA further objects to Topic No. 8 on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the scope of permissible discovery in the Actions, including the extent to which it seeks information wholly unrelated to Freddie Mac's PLS business, including information related solely to Freddie Mac's Single Family business. FHFA further objects to Topic No. 8 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested. FHFA further objects to Topic No. 8 to the extent that this Topic seeks information beyond the policies and procedures of Freddie Mac. *See* Transcript of Record at 22:18-25, *FHFA v. UBS Americas, Inc., et al.*, 11-cv-5201(DLC) (S.D.N.Y. Nov. 15, 2012) ("30(b)(6)

15

witnesses are not fact witnesses.  One shouldn't try to circumvent the limit on the number of fact witnesses by using a 30(b)(6) witness to do the work of what is traditionally fact witnesses.  30(b)(6) witnesses have a very important role in a case.  Their testimony, of course, binds the entity that they represent.  I think the 30(b)(6) witnesses should principally be talking about policy and procedure issues for the institution.").  FHFA further objects to Topic No. 8 to the extent the information sought is available from a more convenient source, including documents produced by FHFA in response to Defendants' Requests for Production and FHFA's Second Amended Objections and Responses to Defendants' Notice of Rule 30(b)(6) Deposition, served on July 27, 2012.  FHFA further objects to Topic No. 8 on the ground that it is vague and ambiguous.  FHFA further objects to Topic No. 8 on the ground that it is compound.  FHFA further objects to Topic No. 8 to the extent that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine, bank examination privilege, or any other applicable privilege or immunity.  FHFA further objects to the time period on the ground that it is overly broad and unduly burdensome.

FHFA will not produce a witness to testify regarding this Topic.

**TOPIC NO. 9:**

The manner and extent to which Housing Goals, Charter, and regulatory requirements (collectively, the "regulatory requirements") were considered by Freddie Mac in connection with the purchase of any PLS, including the nature of any such regulatory requirements; the identities and extent of involvement of all business units, committees, employees and Agents involved with evaluating, complying with, fulfilling, or communicating with government agencies regarding any such regulatory requirements; the policies, procedures, or guidelines relating to any such regulatory requirements; the periodically generated documents or reports related to any such regulatory requirements; and the manner in which the purchase of PLS fulfilled any such regulatory requirements.

Dated: February 1, 2013
      New York, New York

| | |
|---|---|
| /s/ Philippe Z. Selendy | /s/ Marc E. Kasowitz |
| Philippe Z. Selendy (philippeselendy@quinnemanuel.com) QUINN EMANUEL URQUHART   SULLIVAN, LLP 51 Madison Avenue, 22nd Floor New York, New York 10010 (212) 849-7000 *Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.* | Marc E. Kasowitz (mkasowitz@kasowitz.com) Hector Torres (htorres@kasowitz.com) Christopher P. Johnson (cjohnson@kasowitz. com) Michael Hanin (mhanin@kasowitz.com ) Kanchana Wangkeo Leung (kleung@kasowitz. com) KASOWITZ, BENSON, TORRES &   FRIEDMAN LLP 1633 Broadway New York, New York 10019 *Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.* |
| /s/ Christine H. Chung | /s/ Manisha M. Sheth |
| Christine H. Chung (christinechung@quinnemanuel.com) QUINN EMANUEL URQUHART &   SULLIVAN, LLP 51 Madison Avenue, 22nd Floor New York, New York 10010 *Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.* | Manisha M. Sheth (manishasheth@quinnemanuel. com) QUINN EMANUEL URQUHART &   SULLIVAN, LLP 51 Madison Avenue, 22nd Floor New York, New York 10010 *Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.* |

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*