# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2628
DIRECT FAX
(917) 777-2628
EMAIL ADDRESS
JAY.KASNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 20, 2013

**BY EMAIL**
Hon. Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

RE:  FHFA Actions

Dear Judge Cote:

On behalf of defendants in the above-referenced actions (the "Defendants"), we write to respectfully request that the Court order FHFA to search the custodial files of the Freddie Mac ("Freddie") employees enumerated below. While this Court previously declined to order FHFA to search the files of 164 Fannie Mae and Freddie employees identified by Defendants (*see* 7/31/12 Tr. at 53:13-18), we write today pursuant to the opportunity to provide "a handful of additional custodians that defendants can justify should also be searched." (2/14/13 Tr. at 99:15-23.)[1]

As Your Honor recognized, "it is important that Defendants have the discovery they need from Freddie Mac." (2/14/13 Tr. at 97:7-8.) Due to Freddie's routine deletion of documents prior to October 2007 (*see* 2/6/13 Letter from P. Shane to Court; 2/13/13 Letter from R. Fumerton to Court), subsequent events have demonstrated that FHFA's assurances that "adding additional custodians in the same departments will not garner [Defendants] any additional documents" are likely incorrect. (7/31/12 Tr. at 90:5-8.) This assertion does not take account of the likelihood that some employees manually archived email, as Freddie's systems supported, and the likelihood that some of the litigation holds or other preservation notices applicable during the destruction period may have encompassed employees of interest. During a February 8, 2013 meet-and-confer, FHFA acknowledged that it had never looked into what ESI remained available for the additional custodians Defendants had proposed. That look is needed to determine whether, in fact, the ESI that remains would be duplicative of the production made to date. Defendants' requests for the volume of ESI preserved for custodians and the proposed additional custodians, and for the scope and dates of litigation holds or document preservation notices, both aimed to minimize additional custodians and to narrow the search for alternative ESI sources generally. Defendants respectfully submit that this information would aid the parties and the Court in assessing the sufficiency and reasonableness of alternative sources.

---

[1] At the February 14 conference, the Court questioned whether Defendants had previously requested that the Court compel FHFA to add Freddie Mac custodians. Defendants respectfully submit that they raised the adequacy of the Freddie Mac custodians designated by FHFA during the July 19, 2012 hearing (Tr. at 27:7-18). Defendants also respectfully submit that the request for additional custodians was made and rejected on July 31, 2012, as reflected in the above-cited transcript, subject to the Court's invitation that Defendants bring any further request to the Court's attention if FHFA's ESI production proved inadequate. Defendants had no way to determine the inadequacy of FHFA's custodian list prior to FHFA's representation last month that it was substantially complete with its document production, particularly in light of FHFA's representations to the Court that "substantial amounts of e-mail covering relevant dates are being produced." (7/31/12 Tr. at 110:6-9.) Promptly following the date FHFA first informed the UBS Defendants that it was substantially complete with its production (see Exhibit A, 1/25/13 Letter from A. Dunlap to R. Fumerton), Defendants brought to the Court's attention the severity of the underproduction of Freddie documents and the need for alternative sources of documents. *See Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 291 (S.D.N.Y. 2009).

Hon. Denise L. Cote
February 20, 2013
Page 2

At this time, Defendants have identified and prioritized the following individuals as likely to have relevant, responsive information, to the extent it has not been destroyed pursuant to Freddie Mac's auto-deletion policy:[2]

- Steve Keleher: Mr. Keleher was a Senior Risk Analyst in Freddie Mac's Credit Policy and Portfolio Management group. Mr. Keleher's primary job duties were to assess the credit risk of potential portfolio purchases, including for PLS, prior to purchase. Mr. Keleher was also in direct contact with several Defendants, including the UBS Defendants, regarding the very Securitizations at issue in this litigation and other relevant topics.

- David Kirk: Mr. Kirk was a Risk Director in Credit Policy and Portfolio Management. Based on the organizational charts and the few Freddie documents on which Mr. Kirk appears, Defendants believe that Mr. Kirk was involved in the pre-purchase credit analysis and/or approval of potential PLS purchases.

- Bob Ryan: Mr. Ryan was the head of Freddie's Portfolio Management and Pricing group. ███████████████████████████████████████████████████ Documents from Mr. Ryan are thus relevant to Freddie's credit analysis practices and procedures, and issues related to damages and loss-causation.

- Teresa Malisko: Ms. Malisko was a Senior Legal Analyst at Freddie. She was identified by FHFA in its Second Amended Objections and Responses to Defendants' Notice of 30(b)(6) Deposition, dated July 27, 2012, as involved in "anti-predatory lending reviews" in connection with PLS purchases. Ms. Malisko was also identified by FHFA in its First and Second Supplementation to Defendants' First Set of Interrogatories as involved with monitoring, analyzing or surveilling the risk of PLS. Ms. Malisko was also in direct contact with Defendants regarding the Securitizations at issue in this litigation.

- Richard Syron: Mr. Syron was Freddie's CEO between 2003 and 2008, and is therefore likely to have relevant information concerning, *inter alia*, Freddie's risk appetite and decision to pursue opportunities in the subprime market. Additionally, FHFA has previously resisted the addition of Mr. Syron to its custodian list because Don Bisenius and Patty Cook were named as Custodians and were "immediately below [Syron and] were also defendants in" the SEC action. (7/31/12 Tr. at 9612-25.) Given the paucity of emails from both Mr. Bisenius and Ms. Cook (*see* 2/14/13 Tr. at 72:5-73:21), Defendants believe Mr. Syron's files should be searched for relevant documents.

Given that fact discovery closes August 16 in the UBS action and depositions are already underway, Defendants therefore respectfully request that this Court order FHFA to search the custodial files of Mssrs. Keleher, Kirk, Ryan, and Syron and Ms. Malisko immediately.

Respectfully submitted,

Jay B. Kasner

cc: All Counsel

---

[2] Though Defendants prioritize these individuals, Defendants respectfully disagree with Your Honor's prior rulings limiting the scope of discovery to a "handful" of additional custodians.