February 20, 2013

<u>VIA ELECTRONIC MAIL</u>
The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>FHFA Actions</u>, No. 11-cv-5201, *et al.* (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write on behalf of Plaintiff FHFA in response to Defendants' February 13, 2013 application for an order compelling FHFA to produce reviews that the GSEs purportedly conducted to measure the performance of vendors that conducted due diligence on loan pools offered to the GSEs' single-family businesses.  (2/13/13 Ltr. from R. Klapper.)  Defendants' application is another duplicative request for irrelevant documents from the GSEs that expands their "targeted" single-family requests back to broad requests that have already been rejected.  FHFA respectfully requests that the Court deny the application.

**The GSEs' Reviews of Due Diligence Vendors Are Irrelevant.**  As FHFA explained in detail in its February 6 and 13 submissions, and at the conference on February 14, the due diligence for which the GSEs engaged third party vendors is not analogous to the re-underwriting that preceded the filing of the complaints (or is being undertaken now), *i.e.* comparing data and information in the loan file to outside documentation of income, occupancy, and the like.  Further, FHFA has already demonstrated to the Court that the "material exception" category used in the context of single-family reviews was used uniquely in the diligence firms' reporting for the GSEs to refer to entire categories of loans that were *not* originated in violation of underwriting guidelines.  This circumstance, together with the relatively minute number of loans reviewed by the Clayton-type firms for the GSEs, means that nothing about the diligence conducted by those firms for the GSEs helps to demonstrate either the industry standard for "due diligence" or that the diligence Clayton-type firms performed for the Defendants was "due."[1]

In support of the instant application, Defendants repeat arguments to which FHFA has already responded.  (*See* 2/13/13 Ltr. from R. Klapper at 1 (reviews of diligence firms relate to diligence performed for the GSEs that will undermine "FHFA's current claims" of 90% defect rates because the firms found "lower defect rates").)  Their sole new argument is that Defendants' request is comparable to FHFA's requests to diligence firms to produce working papers relating to the diligence performed for Defendants.  (*See id*.)  This argument is baseless.  FHFA seeks documents relating to the *due diligence conducted on the very loan pools underlying the*

---

[1] Contrary to Defendants' assertion at the February 14 conference (2/14/13 Tr. at 52:10-15), nothing in FHFA's argument relies on the definitions of "subprime" employed by the GSEs.  FHFA's point is that the loans and value of loans reviewed by the Clayton-type firms, of whatever type, for the GSEs' single-family businesses is dwarfed by the loans and value of loans reviewed by those firms for the Defendants.

1

*Securitizations at issue*, not diligence performed on pools that were *offered for purchase to the GSEs' single-family businesses*, using different protocols and for different purposes.

**Defendants' Application Should Be Denied Because Its Delay Has Prejudiced FHFA.**
Defendants first requested the production of the GSEs' reviews of third-party due diligence vendors in a December 3, 2012 letter to FHFA, as one of a series of requests for single-family documents showing defect, pull-through, and waiver rates. (*See* Ex. A (12/3/12 Ltr. from B. Harsch; Ex. B (12/12/12 Ltr. from R. Klapper) at 1.) During the December 17 conference, Defendants focused their request on single-family due diligence reports, rather than pursuing production of the GSEs' reviews or assessments of third-party vendors. (*See* 12/17/12 Tr. at 61:5-62:10.) The Court denied this request as overly broad and directed FHFA to determine whether the reports showing defect, pull-through, and waiver rates exist "on a database[.]" (*Id.* at 74:3-15). The production of so-called "due diligence summaries" is the topic that was argued at the February 14 conference, where FHFA confirmed these reports do not exist on a database. (2/14/13 Tr. at 58:17-23.)

Defendants revived their request for GSEs' single-family businesses' *reviews* of due diligence vendors almost two months after they made their December 3 request to FHFA and after the Court found their request for due diligence summaries to be overly broad. (Ex. C (1/23/13 Ltr. from P. Shane to FHFA) at 10). Defendants' delay has been prejudicial to FHFA, which among other things conducted dozens of interviews of single-family personnel, and sought documents and databases, in order to respond to questions raised by Defendants and the Court. Defendants should not be allowed to re-open issues that they chose not to pursue with their other single-family requests, as the splitting of requests has burdened FHFA.

**FHFA Has Complied with the Court's Order on this Issue.** The instant request, following this Court's denial as overly broad of a request for the summaries of the diligence conducted by those firms, improperly seeks discovery regarding the adequacy of FHFA's discovery. "[C]ounsel for the producing party is the judge of relevance in the first instance," and the party challenging the determinations of counsel acting in good faith bears the burden of demonstrating that "an adversary may be wrongfully withholding relevant information." *See Rozell v. Ross-Holst*, No. 05 Civ. 2936, 2006 WL 163143, at *4 (S.D.N.Y. Jan. 20, 2006). Even *in camera* review of documents is not a usual or customary means of testing the adequacy of a party's discovery. *See Collens v. City of New York*, No. 03 Civ. 4477, 2004 WL 1395228, at *2 (S.D.N.Y. June 22, 2004). Here Defendants are transparently fishing for information that might substantiate their claims of the relevance of due diligence performed by Clayton-type firms. Because defendants have advanced only rhetoric that falls short of carrying their burden of demonstrating wrongful withholding, their request should be denied.

**Production of Reviews of Vendors Would Be Unduly Burdensome.** Defendants assert that the GSEs' reviews of due diligence vendors can be located as easily as counterparty reviews of Originators that FHFA previously produced. (2/13/13 Ltr. From R. Klapper at 2.) This assertion is incorrect. FHFA has not located such reviews, nor even confirmed that they exist, because Defendants only re-raised this request recently. To investigate whether reviews exist and where they are maintained, FHFA would need to interview single-family employees; search the files of non-custodians; and investigate the contents of additional single-family repositories. The burden of doing so far outweighs the probative value of the documents.

For the foregoing reasons, FHFA respectfully requests that the Court deny Defendants' application.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, and FHFA v. Citigroup Inc., FHFA v. Goldman, Sachs & Co.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*

cc: All Counsel of Record (via email)