# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, NY 10004-2498

By E-Mail

November 15, 2013

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
           New York, New York 10007-1312.

         Re:    *FHFA Actions*, No. 11-cv-5201, *et al.* (S.D.N.Y.) (DLC)

Dear Judge Cote:

        I write with respect to the letters submitted today regarding Defendants' requests for discovery concerning due diligence and other loan-level reviews of the GSEs' bulk and flow purchases of Alt-A and subprime mortgage loans underwritten in whole or in part to originator guidelines, and pursuant to the Court's directive that "[a]ny request for document discovery at this stage of the litigation should be (a) targeted, (b) supported by a showing both that the request was timely made in 2012 and the dispute regarding the production of the material was promptly presented to the Court, (c) accompanied by an explanation of why the Court's denial of the specific request was in error, and finally (d) accompanied by an explanation of why it is timely to request that the Court revisit the ruling now." (June 28, 2013 Op. & Order at *25.)

        ***Targeted Discovery.*** Defendants' requests, as set forth in Exhibit A to Defendants' letters, are targeted because they request documents pertaining only to the GSEs' non-traditional mortgage loan businesses for loans comparable to the PLS collateral at issue in these Actions, and they specify particular sets of centralized documents and a small set of custodians known to possess relevant information. As was the case for Defendants, centralized due diligence or other deal files for bulk and flow purchases presumably exist at both GSEs. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (*See* November 15, 2013 Declaration of Bradley A. Harsch ("Harsch Decl.") ¶ 28.) FHFA already has collected and produced e-mail from Feigles and other relevant custodians, but has excluded from its production documents related solely to its Single-Family business. (*See id.*) Defendants are willing to meet and confer to the extent FHFA claims Defendants' requests are not targeted.

        ***Timeliness.*** Defendants timely requested these materials in their Second Requests for Production and promptly sought resolution of the disputed issues in letters to the Court of December 12, 2012 and February 4, 2013.

        ***Error in Prior Ruling.*** Defendants' accompanying letters set forth how the Court's prior rulings were based on unsupported and erroneous representations by FHFA's counsel about the nature of the GSEs' bulk and flow purchase programs, which led the Court to underestimate the relevance of the requested materials to the claims and defenses in these Actions, including FHFA's core allegation that the loans underlying the securitizations at issue in these Actions contain numerous material defects. The limited

Hon. Denise L. Cote                                                                                          -2-

materials FHFA has produced so far demonstrate that it relies in its re-underwriting results on purported "defects" that the GSEs themselves did not consider to be defects or did not consider material, and that the GSEs became aware in 2005-2007 of such "defects" in pools of loans comparable to PLS. The Court's prior rulings relied on statements by FHFA's counsel that record evidence and Defendants' investigation has disproved.

     ***Ripeness for Review.*** It is timely for the Court to revisit its rulings now. Defendants were only able to demonstrate the relevance of the requested materials to FHFA's core allegations upon FHFA's issuance of its first re-underwriting expert reports on October 25, 2013 in the Tranche 2 *Merrill Lynch* action, when FHFA identified for the first time specific alleged material defects on which it will rely to attempt to prove its core allegations. Publication of those reports was delayed by FHFA's failure to meet the Court's original schedule (*see, e.g.*, Letters of August 21 and 22, 2013, from M. Sheth to J. Cote, requesting adjournments of August 23, 2013 deadline to file re-underwriting reports in *Merrill* and *JP Morgan*), and the extensions FHFA sought for publication of its reports in *UBS* and *JPM*, which allowed FHFA to settle those cases without having disclosed a re-underwriting report. Defendants were not able to rely on FHFA's interim disclosures in Tranches 1 and 2 because those findings neither identified which defects FHFA considered material nor reflected compensating factors; FHFA was not bound to rely on those defects in its final re-underwriting reports; and the Expert Scheduling Order of November 26, 2012 ("ESO") provided that the interim findings "shall not be used for any purpose except as expressly provided for herein, including that they shall not be used as evidence, whether for purposes of discovery, examination, impeachment, expert disqualification or otherwise." ESO at ¶ 8. No rebuttal re-underwriting expert reports have been issued in Tranche 2, and no re-underwriting expert reports have been exchanged in Tranches 3 and 4. Party fact discovery does not conclude until December 6, 2013, and third party discovery does not conclude until March 28, 2014.

     Defendants were only able to confirm that FHFA's counsel had misstated the nature and extent of the GSEs' bulk and flow purchase programs following the deposition of Ronald Feigles on June 12–13, 2013 and interviews of former Fannie Mae employees in May, June and September 2013; FHFAs' disclosures of October 4, 2013 and November 6, 2013 concerning the GSEs' flow programs; and analysis comparing FHFA's October 25, 2013 re-underwriting reports to the results of the GSEs' loan-level reviews of bulk and flow purchases.

     In light of the Court's statements that additional discovery requests carry a "very significant burden" (May 1, 2013 Hr'g Tr. at 30:17–31:2), Defendants have made every effort to provide the Court with a well-supported application.

Hon. Denise L. Cote -3-

Respectfully Submitted,

Richard H. Klapper

cc: Counsel for All Parties