**FHFA's Response to Defendants' 11/15/2013 Request for Single Family Bulk Discovery**

December 6, 2013

**VIA ELECTRONIC MAIL AND ECF**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:     *FHFA Actions*

Dear Judge Cote:

We write on behalf of Plaintiff FHFA to oppose Defendants' November 15, 2013 request that the Court reconsider its prior denials of their requests for discovery of the GSEs' use of third-party due diligence firms on certain single family bulk purchases. The Court recently denied Defendants' attempt to obtain this discovery from Clayton Holdings LLC ("Clayton"), reiterating its prior rulings that the documents are not relevant to the materiality of the underwriting defects alleged in the Complaints or to Defendants' due diligence, knowledge, statute of limitations or loss causation defenses and finding that the request was "untimely" and "d[id] not meet the standards for further document production in the [Court's] opinion of 6/28/2013." *Merrill Lynch* Dkt. 569. Defendants' present requests seeking broad discovery of bulk purchases from the GSEs mirror the arguments in their November 15 letter requesting this discovery from Clayton. FHFA addressed these arguments in its November 22, 2013 submission.[1] In addition, for the reasons that follow, Defendants' request as set forth in Exhibit A to their November 15 bulk discovery submission is overly broad and unduly burdensome and should be denied.

**Defendants Ignore the Discovery Protocol that Has Governed Discovery for Over a Year.**
In July 2012, FHFA committed to producing "everything about originators that made it over to the PLS side and was considered in connection with the decisions to purchase or not purchase these particular securitizations." 7/31/2012 Hr'g Tr. at 88:13-18. The Court found this protocol sufficient to capture "a tying together of the single-family and PLS function within these organizations and substantial information sharing between the two sides of the businesses within these organizations." *Id.* at 100:20-101:1. At the same time, the Court rejected Defendants' requests for broad discovery of the Single Family businesses when there was no evidence that the documents sought had any relationship to the GSEs' PLS businesses. *Id.* at 102:4-11. Those "pure Single Family" documents are precisely what Defendants seek here and without any justification for doing so. FHFA has fulfilled its obligation to produce single family documents from the files of custodians with authority over PLS purchases. *See* Ex. 1 (Schirtzer Decl.) ¶¶ 3-9. There is no reason to revise or amend the existing protocol.

*First*, Defendants request that FHFA search for and produce documents from the files of ten new custodians[2] based on their single family responsibilities. *See* Ex. 2 (11/15/12 Ltr. from R. Klapper re: Bulk) at Ex. A. Defendants' eleventh-hour request for additional custodians is unsupportable, especially since Defendants have known of these proposed custodians for nearly a year. *See* Ex. 3. *Second*, Defendants seek to have FHFA re-review the pure Single Family documents it collected, but did not produce, from the files of four current custodians. *See* Ex. 2 at Ex. A. Because three of those custodians—Ray Romano, Enrico Dallavecchia and Pam Johnson—were involved with risk oversight, FHFA designated them "senior risk custodians"

---

[1] FHFA incorporates the arguments set forth in its November 22, 2013 submission by reference.
[2] Defendants request the following custodians: Mike Belo, Pamela Padgett, Robert Skinner, Rebecca Wagner, Kevin Brungardt, Laurel Davis, Hope Evans, Joseph Grimes, Leslie Peeler and Robert Vignato.

and produced all non-privileged single family documents from their files if those documents discussed (a) risk associated with an Originator, (b) an Originator's underwriting guidelines, or (c) an Originator's adherence to its underwriting guidelines. *See* Ex. 1 (Schirtzer Decl.) ¶¶ 4-6. The fourth—Ron Feigles—is a custodian because he conducted operational reviews of originators for Freddie Mac. FHFA has produced from his files documents relating to those reviews. Yet Defendants again seek to expand FHFA's production to include documents from his files related to bulk due diligence. The Court rejected this request last February when it considered Defendants' request for GSE policies governing third-party due diligence and reports provided by third-party due diligence vendors. 2/21/13 Hr'g Tr. at 47:3-49:21. Defendants provide no sustainable basis for overturning the Court's prior rejection of their requests for single family bulk discovery from the GSEs. *See* Ex. 4 (11/22/13 Ltr. from FHFA) at 2-3.[3]

**Defendants' Renewed Request Is Overly Broad and Unduly Burdensome.** Defendants' argument that their renewed request for single family bulk due diligence discovery is "targeted" because it pertains "only to the GSEs' non-traditional mortgage loan businesses," Ex. 5 (11/15/13 Ltr. from R. Klapper re: Standard) at 1, is illusory. Defendants' current requests are substantially broader than their previous requests for documents showing "the GSEs' pull-through, defect and waiver rates," Ex. 6 (12/12/12 Ltr. from R. Klapper) at 1; summary due diligence reports prepared by third-parties, Ex. 7 (2/4/13 Ltr. from R. Klapper); and the GSEs' bulk due diligence policies, Ex. 8 (2/13/13 Ltr. from R. Klapper). To comply with Defendants' requests, FHFA would have to collect and review documents related to the 59 single family bulk transactions listed in Exhibit A to Defendants' November 15 bulk letter (none of which are related to the Securitizations); interview the ten newly requested custodians (many of whom are former employees); and re-review the documents of four existing custodians that FHFA already determined are non-responsive. Those efforts would be unduly burdensome, especially in light of the discovery FHFA has already provided and the limited time remaining for fact discovery.

**FHFA's Re-Underwriting Expert Report Is Not a Basis for Re-Consideration.** Defendants have known since FHFA filed the Complaints that FHFA would prove through re-underwriting that the Mortgage Loans did not comply with the underwriting guidelines described in the offering materials. *See, e.g.*, *FHFA v. Merrill Lynch & Co., Inc., et al.*, Compl. ¶¶ 74-82 (Sept. 2, 2011) (Dkt. 61). All defects alleged in the re-underwriting expert report are instances in which the Loans materially deviated from applicable guidelines. Defendants argue the GSEs' bulk due diligence documents will illustrate "conditions that the GSEs themselves did not consider defects at all, or considered were immaterial for many loans they reviewed." Ex. 2 (11/15/12 Ltr. from R. Klapper re: Bulk) at 2. Defendants again misconstrue the issue that will be before the jury. The question of materiality turns on what an investor would consider material when investing in PLS. *See Rombach v. Chang*, 355 F.3d 164, 172 n.7 (2d Cir. 2004). The GSEs' bulk channel employees were not acting as PLS investors when they conducted due diligence on single family bulk purchases. Thus, as the Court has correctly acknowledged, "there is no reason to think that the types of (often nonpublic) information a Single Family employee would consider material in deciding whether to purchase a whole loan is illuminating in determining what a PLS trader would consider material in deciding whether to buy a security backed by a pool of loans." *FHFA v. UBS Americas, Inc.*, 2013 WL 3284118, at *23 (S.D.N.Y. June 28, 2013).

---

[3] Defendants provide no basis for reconsideration because they advance the same arguments; rely primarily on documents produced in 2012; and invoke legal authority cited in prior submissions. Ex. 4 at 1-3. The breadth of Defendants' renewed request is particularly inappropriate given how late it comes.

Hon. Denise L. Cote
December 6, 2013

For the foregoing reasons and the reasons set forth in its November 22, 2013 submission, and as set forth in this Court's November 26 order relating to Clayton, FHFA respectfully requests that the Court deny Defendants' November 15 application for broad discovery from the GSEs of due diligence conducted on their single family bulk purchases.

Respectfully submitted,

| | |
|---|---|
| */s/ Richard A. Schirtzer* | */s/ Kanchana Wangkeo Leung* |
| Richard A. Schirtzer | Kanchana Wangkeo Leung |
| (richardschirtzer@quinnemanuel.com) | (kleung@kasowitz.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| 856 S. Figueroa Street, 10th Floor | 1633 Broadway |
| Los Angeles, California 90017 | New York, New York 10019 |
| *Attorney for Plaintiff Federal Housing Finance Agency* | *Attorney for Plaintiff Federal Housing Finance Agency* |