**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

By E-Mail

April 24, 2014

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
            New York, New York 10007-1312.

           Re:    <u>*FHFA v. Goldman Sachs & Co., et al.*, No. 11-cv-6198, (S.D.N.Y.) (DLC)</u>

Dear Judge Cote:

        I write on behalf of Goldman Sachs regarding the Court's April 16 Order, in which the Court granted a two-week extension to May 19 for Goldman Sachs to respond to FHFA's reunderwriting reports. The Court also ordered the parties to "discuss whether an extension beyond two weeks" for Goldman Sachs' responses will affect the current deadlines for filing summary judgment motions (May 30), completing expert discovery (July 25), and filing pretrial orders (September 2). The parties have met and conferred, and are at an impasse. Goldman Sachs believes these deadlines will not be affected by the extensions it requested in its April 9 letter: from May 5 to June 16 to respond to the *Expert Report of Richard W. Payne III Regarding the Underwriting of Mortgage Loans Underlying the Goldman Sachs Securitizations* ("Payne Report")—which FHFA has corrected three times and which was not final until March 14—and from May 5 to May 30 to respond to the *Expert Report of John A. Kilpatrick, Ph.D. Concerning Adherence of Appraisals to Appraisal Standards and Practice*—which FHFA supplemented on March 14.

        Goldman Sachs needs this additional time because FHFA has issued serial corrections to its reunderwriting reports, the last of which was made on March 14. Claiming it requires almost nine weeks to prepare to depose Goldman Sachs' reunderwriting expert, FHFA has agreed only to an additional one-week extension for Goldman Sachs to respond to the Payne Report. Goldman Sachs' proposed schedule would allow FHFA more than five weeks to prepare to depose Goldman Sachs' expert—a period FHFA itself proposed in the *Merrill* case, which involved almost twice the number of loans at issue here. Because FHFA caused the delays in the reunderwriting report schedule by failing to adhere to the Court-ordered deadlines, the three weeks over which the parties are at impasse should be allotted to Goldman Sachs to allow it more time to analyze FHFA's delayed "corrections," not to FHFA to prepare more fully for a deposition. Accordingly, Goldman Sachs respectfully asks that the Court enter the proposed order it submitted with its letter of April 9.

        These proposed deadlines allow more than five weeks and eight weeks from service of Goldman Sachs' reunderwriting and appraisal rebuttal reports, respectively, to the end of expert discovery. This is more than ample time for FHFA to prepare to depose Goldman Sachs' experts and complete those depositions, especially given that Goldman Sachs has not requested extensions of time to serve its other expert rebuttal reports. FHFA, however, has agreed only to a one-week extension of time to respond to the Payne Report, claiming that it needs nearly nine weeks (from May 26 to July 25) to prepare to depose Goldman Sachs'

**Goldman Sachs' Request for Extension of Reunderwriting Schedule**

reunderwriting expert, and thus any further extension would require an extension of the July 25 expert discovery cut-off.[1] FHFA's position should be rejected. Goldman Sachs' proposal would allow more than five weeks for FHFA to complete its deposition of Goldman Sachs' reunderwriting expert; FHFA does not need three weeks beyond that. FHFA has claimed it needs the additional three weeks because the *Goldman Sachs* case involves approximately 4,000 sample loans, but FHFA will not be able to depose Goldman Sachs' expert about 4,000 loans in a 7.5 hour deposition, and FHFA acknowledged during the meet-and-confer that it does not plan to do so.

Moreover, because Goldman Sachs' request for an extension arises solely from FHFA's failure to adhere to the Court-ordered schedule, FHFA—not Goldman Sachs—should bear any hardship resulting from such delays. If FHFA had wanted at least nine weeks to prepare to depose Goldman Sachs' reunderwriting expert, it should have ensured that it served complete expert reports in accordance with the Court's original schedule so that Goldman Sachs could rebut those reports according to that same schedule.

FHFA's current position contrasts sharply with its prior positions. In the *Merrill* case, FHFA agreed to an expert schedule in which Merrill would serve rebuttal reunderwriting reports on February 7 and expert discovery would end on March 12. *See* Ex. 1. FHFA's schedule in *Merrill* thus allowed less than five weeks for FHFA to prepare for expert depositions, even though the Merrill case involved more than 7,300 loans—almost twice as many as in the *Goldman Sachs* case. If FHFA can prepare to depose Merrill's expert concerning 7,300 loans in less than five weeks, it certainly can prepare to depose Goldman Sachs' expert about 4,000 loans in almost six weeks. Further, on at least two occasions in the *Goldman Sachs* and *UBS* cases, FHFA has proposed expert schedules with only seven weeks between service of rebuttal reunderwriting reports and the end of expert discovery. *See* Exs. 2, 3.

Even if entry of Goldman Sachs' proposed order would necessitate a short extension of the July 25 deadline for FHFA to depose Goldman Sachs' reunderwriting expert, such an extension would not jeopardize the September 2 date for submission of pretrial orders or the September 29 date for trial. Taking a single deposition in August rather than July will not affect those dates.

For the reasons stated above, Goldman Sachs requests that the Court enter the proposed order it submitted on April 9.

Respectfully Submitted,

*Richard H. Klapper/JBC*

Richard H. Klapper

cc: Counsel of Record

---

[1] FHFA did not claim during the meet-and-confer that Goldman Sachs' requested four- and six-week extensions would require a change in the dates for summary judgment motions, the pretrial order or trial.