**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Lawrence T. Gresser
212 957 7602
lgresser@cohengresser.com

6/16/2014

June 13, 2014

VIA ECF AND EMAIL

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007-1312



**MEMO ENDORSED**

Re: *FHFA Actions*, Nos. 11-cv-6189, et al. (S.D.N.Y.) (DLC)

Dear Judge Cote:

I write on behalf of Defendant Goldman, Sachs & Co. pursuant to the Court's June 5, 2014 Order directing the parties to advise the Court regarding whether any of the submissions in Defendants' June 3, 2014 opposition to FHFA's Motion for Partial Summary Judgment on Knowledge should be filed under seal or in redacted form.

The parties have met and conferred and agree that Exhibits 182, 335, 336, and 487 to the Declaration of Megan Bradley, dated June 3, 2014 (Dkt. No. 719) (the "Bradley Declaration"), contain non-public borrower information that cannot easily be redacted and that these exhibits should therefore be filed under seal. The parties also agree that Exhibits 70, 73, 152, 166, 198, 213, 215, 222, 223, 301, and 307 to the Bradley Declaration contain limited non-public borrower and/or compensation information that can be redacted and that these documents should be filed in redacted form. We respectfully request that the Court permit the filing of these exhibits as described herein.

Granted~
Denise Cote
6/16/14

However, the parties are at impasse regarding FHFA's position that all of the relevant expert reports should be filed under seal even if the materials do not contain non-public borrower information or other sensitive personal information. The parties are likewise at impasse regarding FHFA's contention that high-level descriptions of expert findings should be redacted from Defendants' publicly filed joint Local Rule 56.1 Counterstatement of Material Facts and Goldman Sachs' Memorandum of Law, even where these references do not contain sensitive information.

As the sole support for its position, FHFA relies on this Court's April 22, 2014 memorandum endorsement granting FHFA's application to quash subpoenas seeking reports filed by FHFA's reunderwriting and appraisal experts in other FHFA actions. *See* Dkt. No. 661,

Hon. Denise L. Cote
June 13, 2014
Page 2

No. 11 Civ. 6189. But the Court's April 22 ruling says nothing whatsoever about whether expert reports or opinions should be withheld from the public record in this action, and the Court's reasoning – which addressed the cross-case discovery and use of expert reports – in no way supports FHFA's position regarding the public's right of access to such materials in the context of a motion for summary judgment.

The Second Circuit has held that "documents may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (internal quotation marks omitted). FHFA has utterly failed to meet this burden: it has not identified any reasons why these expert reports should be withheld from public review, other than its unilateral election to designate them as "Highly Confidential" under this Court's Protective Order.

Goldman Sachs respectfully submits that Defendants' joint Local Rule 56.1 Counterstatement of Material Facts and Goldman Sachs' Memorandum of Law should be filed publicly, and that any appended expert reports or excerpts thereof should be filed publicly with non-public borrower information redacted.

Respectfully submitted,

Lawrence T. Gresser

cc:   Counsel of Record