UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br> v. <br><br> GOLDMAN, SACHS & CO., et al., <br><br> Defendants. | 11 Civ. 6198 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br> v. <br><br> ALLY FINANCIAL INC., et al., <br><br> Defendants. | 11 Civ. 7010 (DLC) |

**GOLDMAN SACHS' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
<u>OR PARTIAL SUMMARY JUDGMENT</u>**

SULLIVAN & CROMWELL LLP

Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino (tomainom@sullcrom.com)
Tracy Richelle High (hight@sullcrom.com)
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Defendants Goldman, Sachs & Co., GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., Goldman Sachs Real Estate Funding Corp., Howard S. Altarescu, Kevin Gasvoda, Michelle Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks and Mark Weiss*

June 20, 2014

Defendants Goldman, Sachs & Co., GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., Goldman Sachs Real Estate Funding Corp., Howard S. Altarescu, Kevin Gasvoda, Michelle Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks and Mark Weiss ("Goldman Sachs") respectfully submit this memorandum of law in support of their motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or partial summary judgment pursuant to Fed. R. Civ. P. 56.

## INTRODUCTION

The reasoning of the Supreme Court's recent decision in *CTS Corp*. v. *Waldburger*, No. 13-339, __ S. Ct. __, 2014 WL 2560466 (U.S. June 9, 2014),[1] requires the conclusion that Section 1367(b)(12) of the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4617(b)(12) ("HERA"), does not "extend" the statutes of repose limiting claims under the Securities Act of 1933 and under the Virginia and District of Columbia blue sky laws. Although pre-*CTS* decisions of this Court and the Second Circuit have held that the application of HERA made those claims timely, the Supreme Court's definitive analysis now requires dismissal of those claims by judgment on the pleadings or, in the alternative, summary judgment.

To avoid duplicative briefing, the Goldman Sachs Defendants incorporate by reference—and expressly adopt—the arguments set out in the Nomura Defendants' June 20, 2014 Memorandum of Law in Support of their Motion for Summary Judgment (the "Nomura Brief") addressing these issues and the *CTS* decision, and merely summarize here the key points for the Court's convenience (although we stand ready to provide supplemental or full briefing as

---

[1] All citations to *CTS* use Westlaw's pagination.

the Court may wish).[2]  Those arguments apply to all of the 43 Goldman Sachs Certificates at issue in the above-captioned actions.  To the extent that the Court believes it is bound by the Second Circuit's decision in *FHFA* v. *UBS Ams., Inc.*, 712 F.3d 136 (2d Cir. 2013), the Goldman Sachs Defendants join the Nomura Defendants in asking that the Court certify its decision for appeal under 28 U.S.C. § 1292(b).

## FACTUAL BACKGROUND

Between September 7, 2005, and October 29, 2007, Freddie Mac and Fannie Mae purchased from Goldman, Sachs & Co. a total of 43 Certificates.  GS AC ¶¶ 253-54; Ally AC ¶ 172.  FHFA filed this lawsuit against the Goldman Sachs Defendants on September 2, 2011, almost four years after FHFA's last purchase at issue, and well beyond expiration of the statutes of repose, alleging claims under Sections 11, 12(a)(2) and 15 of the Securities Act and under the Virginia and District of Columbia blue sky laws, among others.  GS AC ¶¶ 267-385 (citing 15 U.S.C. § 77k, 15 U.S.C. § 77l, 15 U.S.C. § 77o, Va. Code. § 13.1-522(A), Va. Code § 13.1-522(C), D.C. Code § 31.5605.05(a) and D.C. Code § 31.5605(c)); Ally AC ¶¶ 277-341.[3]  (For the Court's convenience, table 1 of the attached Local Rule 56.1 Statement of Material Facts ("GS SMF") is a chart listing the date the prospectus supplement was filed and the purchase date for each Certificate.)[4]

---

[2]  *CTS* was decided on June 9, 2014, one day before the deadline for summary judgment motions in the *Goldman Sachs* and *Ally* actions.  *See* Stipulation and Order Re Expert Schedule and Summary Judgment Schedule, ECF No. 711 (May 19, 2014).  The Goldman Sachs Defendants respectfully submit that efficiency and judicial economy are advanced by coordinating briefing on this issue, whether pursuant to Rule 12(c) or Rule 56, among the *FHFA* v. *Goldman Sachs*, *FHFA* v. *Nomura* and *FHFA* v. *HSBC* actions.

[3]  These arguments do not affect FHFA's common law claims against the Goldman Sachs Defendants.

[4]  Although this motion may be determined on the face of the pleadings alone, Goldman Sachs has submitted a Local Rule 56.1 Statement of Material Facts in conjunction with this

**ARGUMENT**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment "on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers* v. *M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). "Pursuant to Rule 12(h)(2), a Rule 12(c) motion may be used to raise the 'defense of failure to state a claim upon which relief can be granted.'" *George C. Frey Ready-Mixed Concrete, Inc.* v. *Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 n.2 (2d Cir. 1977). In deciding a Rule 12(c) motion, a court applies "the same standard as that applicable to a motion under Rule 12(b)(6)." *Burnette* v. *Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Summary judgment (and hence judgment on the pleadings) is proper when a plaintiff's claims are time-barred under applicable law. *See Buttry* v. *General Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995). *CTS* compels dismissal under either standard because the statutes of repose applicable to the federal and state law claims had expired by September 2011.

As set forth more fully in the Nomura Brief, the Supreme Court's reasoning in *CTS* dictates that the so-called HERA extender provision applies only to statutes of limitations and not statutes of repose:

- The text of HERA's extender provision reveals Congress' clear intent to alter only statutes of limitation, not statutes of repose:
  - Like CERCLA, the statute at issue in *CTS*, HERA mentions only statutes of limitations and omits any reference to statutes of repose, a factor the Supreme Court found "instructive" in determining that CERCLA did not apply to the latter. *CTS* at *8; Nomura Br. at 10-11.

---

motion to expedite determination of this motion, in the event that the Court converts the motion to one for summary judgment.

- o Like CERCLA, HERA postpones only the date that a claim "accrues." The Supreme Court in *CTS* concluded that the "accrual" concept embodied in CERCLA's reference to the time period during which civil actions "may be brought" is a concept associated only with statutes of limitations and does not pertain to statutes of repose, indicating that the legislature did not intend CERCLA to apply to statutes of repose. *CTS* at *10; Nomura Br. at 11-13.

- o Like CERCLA, HERA refers in the singular to "the period" it extends, rather than to multiple periods. The Supreme Court found this drafting choice to be further evidence that the legislature intended to extend only statutes of limitation and not any separate period provided in statutes of repose. *CTS* at *9; Nomura Br. at 13-14.

- The textual analysis in *CTS* relied heavily on the Supreme Court's conclusion that the distinction between statutes of limitations and statutes of repose was "understood by some courts and scholars before 1986," when the CERCLA extender statute was enacted. *CTS* at *8. This already-"understood" distinction in 1986 was crystal clear by the time of HERA's passage 22 years later in 2008. Nomura Br. at 14-16.

- *CTS*'s mandate that the statutory text determines the scope of extender provisions also dictates that the text of HERA, which mentions only contract and tort claims under state law, is thus not applicable to federal claims or statutory claims. Nomura Br. at 22-24.

  - o Even if HERA is interpreted to apply to federal statutes, it does not repeal by implication the absolute three-year statute of repose in Section 13. Nomura Br. at 19-21.

- The structure and purpose of HERA further confirm that it applies only to statutes of limitations:

  - o After *CTS*, there is no presumption in favor of preemption based on any general "remedial" purpose behind the provision. Nomura Br. at 16-17.

  - o Because HERA preempts areas of traditional state authority, the scope of preemption must be given a narrow interpretation. Nomura Br. at 17-19.

Because FHFA's federal securities and state blue sky claims were brought on September 2, 2011, more than three years after the dates that all of the Goldman Sachs securitizations were issued and purchased by the GSEs, *see* GS SMF at ¶ 1 table 1, they are barred by the applicable two- and three-year federal and state statutes of repose. *See* 15 U.S.C. §

77m (three-year statute of repose); Va. Code Ann. § 13.1-522(D) (two-year statute of repose); D.C. Code. § 31-5606.05(f) (three-year statute of repose); Nomura Br. at 6-7.

Goldman Sachs and Fannie Mae entered into a tolling agreement dated June 5, 2009, which references seven of the Certificates.  *See* GS AC ¶¶ 279, 301, 317, 370, 385, 395, 405.  Under the Court's prior decision, which applies HERA to statutes of repose, *see FHFA* v. *UBS Ams., Inc.*, 858 F. Supp. 2d 306, 338 (S.D.N.Y. 2013), *aff'd*, 712 F.3d 136 (2d Cir. 2013), FHFA's claims were timely without reference to this tolling agreement.  If this Court agrees that the Supreme Court's reasoning in *CTS* requires a holding that HERA cannot "extend" statutes of repose, the effect, if any, of the tolling agreement on periods of repose will present questions of law and fact beyond the issues presented in the *Nomura* motion.  The Goldman Sachs Defendants are ready to address those issues either after the Court reaches a decision on whether *CTS* requires a holding that HERA does not extend statutes of repose, or at such other time as the Court may direct.  Finally, the Goldman Sachs Defendants join the Nomura Defendants in asking that if the Court feels bound by the Second Circuit's decision in *UBS*, it certify this issue for prompt appellate reconsideration under 12 U.S.C. § 1292(b).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Goldman Sachs' Motion.

Dated: June 20, 2014  Respectfully Submitted,
New York, New York

SULLIVAN & CROMWELL LLP

By: */s/ Richard H. Klapper*
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino (tomainom@sullcrom.com)
Tracy Richelle High (hight@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorneys for Defendants Goldman, Sachs & Co., GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., Goldman Sachs Real Estate Funding Corp., Howard S. Altarescu, Kevin Gasvoda, Michelle Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks and Mark Weiss*