# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

July 9, 2014

By E-Mail

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
           New York, New York 10007-1312.

        Re:    <u>*FHFA* v. *Goldman Sachs & Co., et al.*, No. 11-cv-6198, (S.D.N.Y.) (DLC)</u>

Dear Judge Cote:

     I write on behalf of Goldman Sachs with respect to the four Goldman Sachs privilege log entries whose sufficiency FHFA has challenged in its June 26, 2014 letter to the Court (the "June 26" letter).  Pursuant to this Court's March 18, 2014 order and the parties' agreement, I enclose for *in camera* review the documents corresponding to these privilege log entries and a supporting declaration with additional information ("Klapper Decl.").

### Applicable Legal Standards

     ***Attorney-Client Privilege.***  Although the attorney-client privilege does not cover facts alone, it does protect *communications* between lawyer and client, including communications that transmit non-privileged facts for the purpose of obtaining legal advice. *See Upjohn* v. *U.S.*, 449 U.S. 383, 390-91, 395-96 (1981)  ("[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice. . . . A fact is one thing and a communication concerning that fact is an entirely different thing."); *FHFA* v. *UBS Am., Inc.*, 11- cv-5201(DLC), 2013 WL 1700923, at *1 (S.D.N.Y. Apr. 16, 2013); 1 Attorney-Client Privilege in the United States § 5:1.  Absent limited exceptions not present here, such communications are privileged.[1]  See *UBS*, 2013 WL 1700923, at

---

[1] To the extent that the "facts" contained in the enclosed documents were communicated to non-lawyers or are reflected in non-privileged materials within the scope of discovery in these Actions, Goldman Sachs has produced those materials, which were identified through the parties' search protocols.  *See also* Weinstein's Federal Evidence,§ 503.14 ("[A] client may not be asked the question: 'What did you tell your attorney about the amount claimed as a business expense?' However, the client may be asked the question: Did you spend the amount claimed as a business expense for meals or for travel?'").

Hon. Denise L. Cote,                                                                                                                  -2-

*1. As this Court noted in its April 3, 2014 Order, documents created to assist counsel or other decision-makers "in evaluating a proposed course of conduct . . . and which are provided to counsel among others to assist counsel in giving their legal advice about the proposed decision are privileged."

     ***Work Product Protection***. Federal Rule of Civil Procedure 26(b)(3) protects from discovery "documents and tangible things that are prepared in anticipation of litigation . . . [for a] party or its representative." Work product protection may extend to e-mail correspondence, "nondescript spreadsheets" or other factual compilations, if created because of the prospect of litigation. *See U.S.* v. *Adlman,* 134 F.3d 1194, 1202 (2d Cir. 1998); *In re SLMCorp. Sec. Litig.,* 08-cv-1029, 2011 WL 611854, at *1 (S.D.N.Y. Feb. 15, 2011); *U.S.* v. *Hatfield,* 06-cr-0550 (JS), 2009 WL 3806300, at *7 (E.D.N.Y. Nov. 13, 2009).

### FHFA's Claims

     FHFA's June 26 letter asserts that Entries 613, 190 and 1140 are deficient because they "appear to be ordinary, non-privileged business documents." FHFA suggests that these entries include an "unidentified number of attachments described as 'relevant agreements.'" Each of these entries provides information regarding the content of the communication. Entry 613, for example, describes the document as a request for counsel's "legal advice concerning terms of transaction documents related to repurchase rights." Entry 190 describes the document as a request for legal advice "concerning repurchase strategy." Entry 1140 describes the document as a request for legal advice "concerning terms of funding schedule for premium recapture claims," rather than merely a description of "premium recapture terms" as suggested in FHFA's June 26 letter. Goldman Sachs' privilege log descriptions comply with the applicable rules and standards, and accurately disclosure that these documents are transmittals of information to counsel for the purpose of obtaining legal advice. FHFA's request for further information seeks to invade the privilege applicable to those communications to scrutinize the substance of the legal advice—an inquiry the law plainly forecloses. *See Upjohn,* 449 U.S. at 389-90.[2]

     Goldman Sachs had a sufficient basis for withholding each of the documents contested in FHFA's June 26 letter, which the relevant privilege log entries clearly articulate. Goldman Sachs has enclosed the relevant documents for *in camera* review. Furthermore, as noted in the accompanying declaration, while the non-privileged facts attached to the e-mails were withheld in the context of an attorney-client communication, virtually all of those attached documents have been or will be produced to FHFA. *See* Klapper Decl. ¶¶ 8, 9, 11.

---

[2]     FHFA's June 26 letter also challenges Entry 588 on Goldman Sachs' July 22, 2013 privilege log. FHFA did not provide Goldman Sachs with notice of its challenges prior to seeking relief from the Court. Upon further review in connection with this submission, Goldman Sachs has withdrawn its assertion of privilege as to this document and will produce it to FHFA. Furthermore, in the instance of FHFA's challenge to Entry 190 on Goldman Sachs' July 25, 2013 privilege log, Goldman Sachs has also withdrawn its assertion of privilege as to the attachments to the email, which have not previously been produced, and will accordingly produce those documents to FHFA.

Hon. Denise L. Cote,                                                                                                          -3-

                                         Respectfully Submitted,

                                         Richard H. Klapper