**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Lawrence T. Gresser
212 957 7602
ltgresser@cohengresser.com

July 30, 2014

VIA ECF AND EMAIL

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007-1312

   Re: *FHFA* v. *Goldman Sachs & Co., et al.*, No. 11-cv-6198 (S.D.N.Y.) (DLC);
      *FHFA* v. *Ally Financial, Inc. et al.*, No. 11-cv-7010 (S.D.N.Y.) (DLC)

Dear Judge Cote:

  I write on behalf of Defendant Goldman, Sachs & Co. ("Goldman Sachs") pursuant to the Court's July 22, 2014 Order directing the parties to advise the Court of whether any of the submissions in Goldman Sachs' July 18, 2014 opposition to FHFA's Motions for Partial Summary Judgment on Due Diligence and Reasonable Care Defenses should be filed under seal or in redacted form. The parties have met and conferred and agree that the documents identified herein should be filed in redacted form or under seal, as described in detail below. Pursuant to the Court's prior orders on these subjects, the parties propose to redact or file under seal documents that contain the following categories of information: (i) non-party borrower information; (ii) transcript excerpts from either an SEC inquiry or a Massachusetts Attorney General inquiry; (iii) personal compensation information; and (iv) quotes and conclusions from FHFA's expert reports.

  However, as discussed in more detail below, the parties are at an impasse regarding whether Goldman Sachs' reunderwriting expert report should be filed in redacted form or under seal in the *Goldman Sachs* action.

  **Opposition to FHFA's Motion for Summary Judgment on Due Diligence and Reasonable Care Defenses in the *Goldman Sachs* Action**: The parties agree that Exhibits 100-106, 125, 207, 226, 227, 265, 286, 340, 388, 405, 406, 414, 416, 438, 512, 530, 534, 535, 537, 567, 584, 590, 609, 614, and 627 to the Declaration of Maya Krugman, dated July 18, 2014 (the "Krugman Declaration I"), contain non-party borrower information that cannot easily be redacted, and these exhibits should therefore be filed under seal. Transcript excerpts from an SEC inquiry (Exhibits 153, 306, and 605 to the Krugman Declaration I) and a Massachusetts Attorney General inquiry (Exhibits 154, 307, and 362 to the Krugman Declaration I) should also

Hon. Denise L. Cote
July 30, 2014
Page 2

be filed under seal pursuant to the Court's June 30, 2014 Order (Dkt. No. 754). The parties also agree that Exhibits 92, 114, 133, 140, 182, 183, 190, 200, 203, 219, 223, 230, 233, 241, 242, 249, 250, 254, 261, 273, 421, 422, 436, 437, 444, 463, 478, 513, 524, 528, 532, 539, 589, and 610 to the Krugman Declaration I contain limited non-party borrower information or personal compensation information that can be redacted, and these exhibits should be filed in redacted form.

The parties are attempting to resolve one remaining dispute through further meet and confer negotiations. The dispute involves Exhibit 354 to the Krugman Declaration I, excerpts from the deposition of Ronald Feigles. The parties agree, however, that resolution of their dispute as to this single Exhibit should not delay the public filing of all other materials as described herein. Accordingly, the parties request that the Court permit them to make a supplemental submission to the Court addressing this Exhibit only by Monday, August 8, 2014.

The parties also agree that Goldman Sachs' Local Rule 56.1 Counterstatement of Material Facts and Replies to Plaintiff's Statements of Undisputed Material Facts contains non-party borrower information, quotes from testimony given in connection with an SEC inquiry or Massachusetts Attorney General inquiry, or conclusions from an FHFA expert report, all of which should be redacted.

As noted above, the parties are at an impasse regarding Exhibit 460 to the Krugman Declaration I, the Expert Report of Zoe Goss on reunderwriting submitted on behalf of the Goldman Sachs defendants. The Goss report responds to the expert reports by Richard Payne submitted on behalf of FHFA and includes quotes from that report. Goldman Sachs proposes that the Goss report should be filed publicly with borrower information and quotes from FHFA's expert report redacted; FHFA proposes that it be filed completely under seal, and takes the position that filing a redacted version of the document publicly would be inconsistent with the Court's June 16, 2014 Order, which FHFA believes applies here because "the parties dispute the extent of redactions of expert reports and references to expert report contents," and as such the parties should "renew their requests for public filing after the Court resolves the summary judgment motion." Dkt. No. 737.

Goldman Sachs submits that while the Court ruled that *FHFA*'s expert reports could be filed under seal and quotes from them redacted (with the right to renew a request for public filing after the Court resolves the summary judgment motions), it did not require the filing of *all* expert reports under seal, and that Goldman Sachs' proposal to file its expert report with appropriate redactions is entirely consistent with the Court's June 16 Order. *See* June 16, 2014 Order (Dkt. No. 737). Goldman Sachs respectfully submits that it should be permitted to file the Goss report as it would any other similar document submitted on the summary judgment motions before the Court: publicly, with all information that the Court has ruled to be confidential – including borrower information and FHFA's expert material – redacted.

Hon. Denise L. Cote
July 30, 2014
Page 3

**Opposition to FHFA's Motion for Summary Judgment on Due Diligence and Reasonable Care Defenses in the *Ally* Action**: The parties agree that Exhibits 79, 176-178, 180, 184, 185, 281, 283, 284, 285, and 286 to the Declaration of Maya Krugman, dated July 18, 2014 (the "Krugman Declaration II"), contain non-party borrower information that cannot easily be redacted, and these exhibits should therefore be filed under seal. Transcript excerpts from an SEC inquiry (Exhibits 108 and 201 to the Krugman Declaration II) and a Massachusetts Attorney General inquiry (Exhibits 106 and 160 to the Krugman Declaration II) should also be filed under seal pursuant to the Court's June 30, 2014 Order (Dkt. No. 754 in the *Goldman Sachs* Action). The parties also agree that Exhibits 7, 23, 32, 40, 43, 60, 80-82, 84, 96, 154-156, 179, 181-183, 187, 190, 205, 211, 215-218, 220, 224, 231, 235, 236, 246, 270, 279, 288, 289, and 322 to the Krugman Declaration II contain limited non-party borrower information that can be redacted, and these exhibits should be filed in redacted form.

The parties also agree that Goldman Sachs' Local Rule 56.1 Counterstatement of Material Facts and Replies to Plaintiff's Statements of Undisputed Material Facts contains non-party borrower information and should be filed in redacted form.

\*   \*   \*   \*   \*

We respectfully request that the Court permit Goldman Sachs to file the aforementioned submissions under seal or in redacted form as outlined above. We request that Goldman Sachs be permitted to file with the Court all of the undisputed documents in the form described above and make any supplemental filing of the single document potentially in dispute (Exhibit 354 to the Krugman Declaration I) after the parties' August 8, 2014 submission has been addressed by the Court. FHFA agrees with this procedure.

Because the documents with proposed redactions are too voluminous to send via e-mail, we will submit a DVD to the Court by hand tomorrow containing copies of the exhibits and Local Rule 56.1 Counterstatements with the proposed redactions highlighted.

Respectfully submitted,

*Lawrence T. Gresser* /NPTR

Lawrence T. Gresser

cc:   Counsel of Record