Cote, D.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>GOLDMAN, SACHS & CO., INC., *et al.*<br><br>Defendants. | STIPULATION AND [PROPOSED] AMENDED SUPPLEMENTAL PRETRIAL SCHEDULING ORDER<br><br>No. 11 Civ. 6198 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>ALLY FINANCIAL INC. f/k/a GMAC, LLC, *et al.*<br><br>Defendants. | DOCUMENT ELECTRONICALLY [FILED]<br><br>8/11/2014<br><br>No. 11 Civ. 7010 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>HSBC NORTH AMERICAN HOLDINGS, INC., *et al.*<br><br>Defendants. | No. 11 Civ. 6189 (DLC) |

WHEREAS, Plaintiff Federal Housing Finance Agency ("FHFA"), as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac" and, together with Fannie Mae, the "GSEs" and each a "GSE"), and Defendants Goldman, Sachs & Co.; GS Mortgage Securities Corp.; Goldman Sachs Mortgage Company; The Goldman Sachs Group, Inc.; Goldman Sachs Real Estate Funding Corp.; Howard S. Altarescu; Kevin Gasvoda; Michelle Gill; David J. Rosenblum; Jonathan S. Sobel; Daniel L. Sparks; and Mark Weiss, (the "Goldman Sachs Defendants") and Defendants HSBC North America Holdings Inc.; HSBC USA Inc.; HSBC Markets (USA) Inc.; HSBC Bank USA, N.A. HSI Asset Securitization Corporation; HSBC Securities (USA) Inc.; Neal Leonard; Gerald Mattia; Todd White; and Jon Voigtman, (the "HSBC Defendants," together with the Goldman Sachs Defendants, the "Defendants" and, together with FHFA, the "Parties," each of the Parties being a "Party") have met and conferred and believe that a schedule for the exchange of certain materials and a briefing schedule for certain pretrial motions will assist the parties in meeting the deadlines set forth in the Court's November 26, 2012, Revised Pretrial Scheduling Order and in the Court's oral ruling of August 14, 2013, in the above-captioned actions (the "Actions");

WHEREAS, trial in the actions respectively captioned 11 Civ. 6198 and 11 Civ. 7010 (the "*Goldman* Action") and the action captioned 11 Civ. 6189 (the "*HSBC* Action," and together with the *Goldman* Action, the "Actions") shall each begin on September 29, 2014;

WHEREAS, the Parties must submit a Joint Pretrial Order in each of Actions by September 2, 2014;

WHEREAS, the Parties must file any motions *in limine* by September 2, 2014, any oppositions to such motions by September 9, 2014, and any replies in support of such motions by September 16, 2014;

1

WHEREAS, the Parties stipulated to, and on May 20, 2014, with respect to the *Goldman* Action, and on June 27, 2014, with respect to the *HSBC* Action, the Court entered Supplemental Pretrial Scheduling Orders in each of the Actions that, among other things, set a schedule for *Daubert* motions (11 Civ. 6198, Dkt. 712; 11 Civ. 6189, Dkt. 800);

WHEREAS, the Parties agree that limited adjustments to the Supplemental Pretrial Scheduling Orders would aid the pretrial process;

WHEREAS, expert depositions are ongoing in the Actions;

WHEREAS, the Court directed the Parties to fully submit all *Daubert* styled motions to the Court by no later than September 11, 2014;

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. For *Daubert* motions:

    a. For experts whose depositions are completed on or before July 31, 2014:

        i. The Parties shall file any such motions on or before August 15, 2014;

        ii. The Parties shall file any opposition to such motion no later than 14 calendar days after that motion is filed; and

        iii. The Parties shall file any reply in support of such a motion no later than seven calendar days after the opposition to that motion is filed.

    b. For experts whose depositions are completed between August 1 and August 15, 2014, inclusive of those dates:

        i. The Parties shall file any such motions on or before August 22, 2014;

        ii. The Parties shall file any opposition to such a motion no later than 10 calendar days after that motion is filed; and

        iii. The Parties shall file any reply in support of such a motion no later than six calendar days after the opposition to that motion is filed.

    c.    For experts whose depositions are completed between August 16 and August 21, inclusive:

        i.    The Parties shall file any such motions on or before August 27, 2014

        ii.    The Parties shall file any opposition to such a motion no later than 10 calendar days after that motion is filed, or September 5; and

        iii.    The Parties shall file any reply in support of such a motion no later than six calendar days after the opposition to that motion is filed, or September 11, 2014.

    d.    For experts whose depositions are completed between August 22 and August 29, inclusive:

        i.    The Parties shall file any such motions on or before September 2, 2014

        ii.    The Parties shall file any opposition to such a motion on the earlier of 10 calendar days after that motion is filed, or September 8; and

        iii.    The Parties shall file any reply in support of such a motion on the earlier of six calendar days after the opposition to that motion is filed, or September 11, 2014.

2.    "Daubert" motion as referenced in this proposed order means any motion seeking to exclude any part of an expert's opinions or testimony as inadmissible under Federal Rules of Evidence 702-703, the principles of *Daubert* and its progeny, or any other ground (including irrelevance or prejudice (FRE 401-403)), provided however, that "Daubert" motion as referenced in this proposed order does not include a motion *in limine* (a) on a ground other than one that may be asserted as a basis to exclude the opinion or testimony of an expert witness under Federal Rules of Evidence 702-703 and/or the principles of *Daubert* and its progeny, and (b) directed at excluding as

inadmissible a category or subject matter of evidence that is broader than the opinions or testimony of a particular expert (i.e., seeking to exclude as inadmissible a category or subject matter of evidence without regard to the specific documents or fact or expert witnesses through which such evidence could be presented). If a Party intends to file such a motion *in limine* of broader application, and the ruling on that motion could apply to the opinions or testimony of one or more experts, then the Party must disclose that intention, as well the nature of and grounds for the motion *in limine* (a) in the *Daubert* motions (if any) with respect to such experts, or (b) if no *Daubert* motion is being filed with respect to any such expert, then by a separate notice served by the deadline by which *Daubert* motions related to that expert must be filed. Such motions *in limine* of broader application need not filed until the deadline for filing motions *in limine*.

3. If, upon review of such disclosure, any of the Parties believe a motion should have been brought on the "Daubert" schedule, that Party may immediately seek relief from the Court.

*So ordered.*

*Denise Cote*
*Aug. 11, 2014*

4

Dated: August 8, 2014
New York, New York

STIPULATED AND AGREED.

By: /s/ *[signature]*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Sascha N. Rand
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency*

By: /s/ *[signature]*
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
Christopher P. Johnson
1633 Broadway
New York, New York 10019

*Attorneys for Plaintiff Federal Housing Finance Agency*

By: /s/ Richard H. Klapper
SULLIVAN AND CROMWELL LLP
Richard H. Klapper
Bradley A. Harsch
125 Broad Street
New York, New York 10004

*Attorneys for Defendants Goldman, Sachs & Co., GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., and Goldman Sachs Real Estate Funding Corp., Howard S. Altarescu, Kevin Gasvoda, Michelle Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks, and Mark Weiss*

By: /s/ *[signature]*
BOIES, SCHILLER & FLEXNER LLP
Andrew Z. Michaelson
575 Lexington Avenue
New York, New York 10022

MAYER BROWN LLP
John M. Conlon
1675 Broadway
New York, New York 10019

*Attorneys for Defendants HSBC North America Holdings Inc., HSBC USA Inc., HSBC Markets (USA) Inc., HSBC Bank USA, N.A., HSI Asset Securitization Corporation, HSBC Securities (USA) Inc., Neal Leonard, Gerard Mattia, Todd White, and Jon Voigtman*

5

**SO ORDERED**, at New York, New York

_____, 2014:

_____
Denise L. Cote
United States District Judge