August 19, 2014

**VIA ECF**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA Actions*

Dear Judge Cote:

On behalf of Plaintiff Federal Housing Finance Agency ("FHFA"), we write to request that the Court reopen the schedule for filing dispositive motions in these consolidated actions to permit FHFA to file a partial motion for summary judgment on Defendants' statute of limitations defense to FHFA's securities law claims. Good cause exists for this request, because the Court's July 25, 2014 Opinion & Order granting FHFA's motion for partial summary judgment on knowledge issues (the "Knowledge Decision") demonstrates that Defendants cannot prevail on a statute of limitations defense. *See FHFA v. HSBC N. Am. Holdings Inc.*, --- F. Supp. 2d ---, 2014 WL 3702587 (S.D.N.Y. July 25, 2014).

The "limitations period" in this case "begins to run upon discovery of, or when 'a reasonably diligent plaintiff would have discovered, the facts constituting the violation.'" *FHFA v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 321 (S.D.N.Y. 2012) (quoting *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 651 (2010)), *aff'd*, 712 F.3d 136 (2d Cir. 2013). Under this constructive knowledge standard, a fact is "discovered" only when "a reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint." *UBS Ams., Inc.*, 858 F. Supp. 2d at 319 (quoting *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011)). Accordingly, "the relevant question in assessing the timeliness of [FHFA's] claims is not when the GSEs were put 'on notice' of the potential that the prospectuses included material misstatements or omissions, but rather when they, or a reasonably diligent plaintiff in their position, could have 'discovered' that this was so with sufficient particularity to plead a Securities Act claim that would survive a motion to dismiss." *UBS Ams., Inc.*, 858 F. Supp. 2d at 320.

In briefing the issue of knowledge, Defendants submitted only "evidence of the GSEs' general knowledge of Originator practices and the subprime market at large, including a pattern of early payment defaults in PLS purchased by the GSEs emerging in late summer 2006[,]" as well as evidence concerning "certain pre-purchase information about the Mortgage Loans underlying their PLS[.]" *HSBC N. Am. Holdings Inc.*, 2014 WL 3702587, at *22. This Court concluded that such evidence could not show the GSEs' actual knowledge of falsity because, among other things, "the GSEs were not permitted to conduct pre-purchase reviews of loan files for the Supporting Loan Groups underlying the Securities," "[t]he GSEs understood that the Defendants conducted pre-securitization due diligence before making their representations about the Mortgage Loans to the market," and "[t]he GSEs were entitled to rely on those representations, and all the evidence suggests that they did so." *Id.*

The Court also held, after reviewing all of Defendants' proffered evidence, that (1) "Defendants have found no evidence of [the GSEs'] suspicion concerning the Securities at issue," *id.* at *26; (2) "no evidence of [the GSEs'] similar beliefs [of falsity] about the Securities at issue," *id.*; and (3) "no reason the GSEs would have believed that Defendants were incapable of identifying defective loans and either eliminating them from the Supporting Loan Groups or taking their existence into account when composing their descriptions of the SLGs[,]" *id.* at *25; *see also id.* at *28 ("[the GSEs' business] practices show that the GSEs took affirmative steps to *prevent* the purchase of securities backed by defective loans) (original emphasis); *id.* at *30 ("Defendants have identified no evidence that the GSEs mistrusted the Defendants' representations because of their use of sampling").  Accordingly, the Knowledge Decision establishes that the evidence submitted by Defendants in briefing the issue of the GSEs' actual knowledge also cannot show that the GSEs had constructive knowledge of Defendants' misrepresentations so as to trigger a statute of limitations defense.

This holding applies with equal force to a 'reasonably diligent investor.'  In the context of these cases, Defendants' proffered evidence could create a dispute of material fact on limitations only if they could also show a link between general evidence of problems in the industry and the Certificates at issue.  As this Court held two years ago, while "reports, lawsuits and investigations regarding loan origination practices … may have signaled a potential for problems in the RMBS market generally[,] … [they are] relevant to plaintiff's claims only insofar as [they] negate[] any effort by defendants to maintain that they exercised due diligence or reasonable care to ensure that the loans included in the securitizations were as described." *UBS Ams., Inc.*, 858 F. Supp. 2d at 321.  Consequently, "[t]he downgrade of the securities' credit ratings and the results of the loan audit that FHFA undertook in response to that action are crucial to [] [FHFA's] claim[,]" because "they are the only facts that connect the originators' general practices to particular securities that the GSEs bought from defendants." *Id.*

Defendants cannot present any such evidence connecting general knowledge of originator practices or the subprime market to the Certificates before the limitations date of September 7, 2007—much less any evidence from which a reasonable jury could find that, prior to the downgrade of the Certificates from investment-grade to near-junk status, a diligent plaintiff could have *discovered* facts sufficient to plead a complaint.

As a result, Rule 56 practice on the limitations issue should be straightforward: Defendants would bear the burden of identifying in opposition any evidence—beyond that which they presented in briefing the knowledge issue—that they believe could present a genuine issue of material fact regarding why a reasonable plaintiff could have discovered the falsity of Defendants' representations before September 7, 2007.

Accordingly, FHFA respectfully requests that the Court: (1) permit FHFA to file a motion for summary judgment on the statute of limitations defense and (2) order the following expedited briefing schedule for that motion: opening brief due on August 25, 2014; consolidated opposition brief due on September 8, 2014; and reply due on September 19, 2014.[1]

---

[1] The HSBC and Nomura Defendants do not consent to FHFA's request.  As of this filing, the RBS and Goldman Sachs Defendants had not responded to FHFA's request for consent.

Respectfully submitted,

/s/  Philippe Z. Selendy_____  /s/  Kanchana Wangkeo Leung_____
Philippe Z. Selendy                              Kanchana Wangkeo Leung
QUINN EMANUEL URQUHART &                         KASOWITZ, BENSON, TORRES &
SULLIVAN, LLP                                    FRIEDMAN, LLP
51 Madison Avenue, 22nd Floor                    1633 Broadway
New York, NY 10010-1601                          New York, NY 10019
(212) 506-1700                                   (212) 506-1700

*Attorneys for Plaintiff Federal Housing Finance Agency,*
*as Conservator for Fannie Mae and Freddie Mac*

CC: Counsel of record (via ECF)